UNITED STATESE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 1:22-cv-22171-JEM**

MICHAEL FITZGERALD, and YELANY DE
VARONA,

      Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

      Defendants.

_____/

## <u>AMENDED ORDER ON MOTION TO DISMISS AMENDED COMPLAINT</u>

**THIS CAUSE** came before this Court upon Defendants R. McNae and W. McNae's

Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion"), (ECF No. 39). This Court has

reviewed the Motion; Plaintiffs' Response, (ECF No. 43); Defendants' Reply, (ECF No. 44); and

pertinent portions of the record and is otherwise fully advised in the premises. After careful

consideration, and for the reasons set forth herein, the Motion, (ECF No. 39), is **GRANTED IN**

**PART** and **DENIED IN PART**.

### I.    BRIEF FACTUAL BACKGROUND

This civil suit is the result of an alleged misconduct of Defendants who entered into a

nondisclosure agreement with Plaintiff Fitzgerald. Plaintiff Fitzgerald worked for SoftwareONE

which required him to travel to other countries to work on and maintain business relations with

other companies, like Microsoft (Am. Compl. ¶ 11, ECF No. 27). Defendant W. McNae, an

employee of Microsoft, worked with Plaintiff on various projects beginning in 2018 (*Id.* ¶ 12).

They considered each other friends. (*Id.*). In July of 2019, Fitzgerald traveled to Washington for a business meeting where he met W. McNae's wife, Defendant R. McNae. (See *id.* ¶ 13).

In October of 2019, Fitzgerald planned a trip to Miami, Florida and invited and paid for R. McNae and W. McNae to come with their kids (*Id.* ¶ 18). During this trip, an incident arose which led to Defendants alleging Fitzgerald of sexually assaulting R. McNae. (*Id.* ¶ 58).

On July 15, 2020, R. McNae, W. McNae, and Fitzgerald entered into a Confidential Settlement Agreement (the "Agreement") after the McNae's contended that Fitzgerald caused physical and mental injury to them as a result of Fitzgerald's alleged sexual conduct towards R. McNae (*See* Am. Compl. Ex. A, ECF No. 27–1).

The Agreement signed by Fitzgerald and both defendants had numerous terms. (*See id.* ¶¶ 63–69). The McNae's and Fitzgerald were required to keep the terms and conditions of the Agreement confidential (Am. Compl. Ex. A. ¶ 16); the McNae's were to have no contact with Fitzgerald's employer (*Id.* ¶ 4B); the McNae's were not supposed to speak or write about Fitzgerald, his nationality, his country of citizenship, his location of residence, his employer, his job function, his job title, his profession, or reference dates, locations or other persons present at any of the events related to the underlying dispute (*Id.* ¶ 4A); the McNae's were not to refer to Fitzgerald indirectly (*See id.*); lastly, the McNae's and Fitzgerald also agreed not to disparage each other by written or oral word, gesture, or any other means, nor would they make disparaging or negative comments about each other, to any person or entity. (*Id.* ¶ 17).

The Agreement also shows that Fitzgerald paid settlement funds amounting to $97,000 to R. McNae and $10,000 to W. McNae. (*Id.* ¶ 3A). Further, Fitzgerald and the McNae's each mutually released all claims against one another. (*See id.* ¶¶ 3, 13). The contract also included a clause that it was in no way an admission of liability on either side. (*See id.* ¶ 2).

After Fitzgerald, R. McNae, and W. McNae signed the Agreement on June 15, 2020, Plaintiffs now allege that Defendants breached the agreement. (Am. Compl. ¶ 70). Plaintiffs allege R. McNae reached out to various individuals at SoftwareONE disclosing that she entered into an NDA with Fitzgerald, why she entered into the Confidential Settlement Agreement with Fitzgerald, and that she was a victim of sexual assault by Fitzgerald. (*See id.* ¶ 92). This occurred through numerous letters on multiple occasions including December 29, 2021; March 31, 2022; May 5, 2022; May 9, 2022; July 7, 2022; and July 15, 2022. (*Id.*). R. McNae also sent a letter to Microsoft on June 10, 2022, where she referred to Fitzgerald. (*See id.* ¶ 177).

On July 11, 2022, R. McNae posted a statement on her Instagram account in which she did not mention Fitzgerald's name but mentioned details about a man's personal life and mentioned the NDA. (*See id.* ¶ 249). On July 15, 2022, R. McNae then posted the incident report she filed with the San Francisco Police department on her Instagram account. (*Id.* ¶ 273). The picture of the report shows "the victim reported she had been sodomized and raped by Michael Fitzgerald." (*Id.*). R. McNae took to Instagram again on October 10, 2022, and posted that she had been raped and provided details of the night. (*Id.* ¶ 297). R. McNae did not mention Fitzgerald by name but did reference him and the event. (*See id.*). On January 1, 2022, R. McNae posted a blog on Medium.com that included a copy of the July 8 letter W. McNae sent to Microsoft. (*Id.* ¶ 321).

W. McNae had reached out to employers within Microsoft stating the "CIO of a one of the largest global revenue billing partners" had raped his wife. (*Id.* ¶ 345). On another occasion, he wrote a letter to a different employee of Microsoft stating that Mike Fitzgerald abused his work relationship in order to assault his wife. (*Id.* ¶ 369). Again, on May 2, 2022, he wrote to Microsoft alleging "this man is a sexual predator that began grooming and exploiting my wife … at a work event." (*Id.* ¶ 393). Lastly, on July 13, 20022, W. McNae sent a letter to Microsoft recounting an

event that occurred between the CIO of SoftwareONE and his wife, R. McNae. (*See id.* ¶ 417). W. McNae also contacted Workers within SoftwareONE on July 15, 2022, where he wrote about Fitzgerald. (*Id.* ¶ 442).

Each email correspondence and internet post that the Plaintiffs claim is a breach of contract, they also claim constitutes libel per se. (*See* Defs.' Mot. to Dismiss pp. 11–14, ECF No. 39).

Based on the alleged misconduct, Plaintiffs filed their Amended Complaint, (ECF No. 27), alleging Breach of Contract (Counts I and II), Libel Per se against R. McNae (Counts III–XII), Libel Per se against W. McNae (Counts XIII–XVII), Intentional Infliction of Emotional Distress ("IIED") against both Defendants (Count XVIII), Loss of Consortium (Count XX), Malicious Prosecution Against R. McNae (Count XXI), and a claim for contractual punitive damages.

Plaintiffs claim this Court has subject matter jurisdiction because Fitzgerald is a UK resident, de Varona is domiciled in Miami Dade County, Florida, and Defendants are domiciled in Washington state. (Am. Compl. ¶¶ 2–5). Fitzgerald's domicile is discussed in the sworn declaration. (*See* Pls.' Resp. Ex. A ¶¶ 9–13, No. 43–1). It states that he was domiciled in Miami Dade County, Florida at the time this action commenced but that he then moved to York, England after these wrongs were committed against him. (*Id.*). York, England is now the place he returns to when he is away. (*Id.* ¶ 12). Plaintiffs also allege that they meet the jurisdictional minimum. (Am. Compl. ¶ 6).

## II.   LEGAL STANDARD

When pursuing a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), a movant may challenge subject matter jurisdiction facially or factually. *Knezevich v. Carter*, 805 F. App'x. 717, 721 (11th Cir. 2020) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). When considering a facial attack, as we have here, courts take the allegations in the

complaint as true in determining whether the plaintiff sufficiently alleged a basis for subject matter jurisdiction. *Id.* at 722.

In order to survive a Federal Rule of Civil procedure 12(b)(6) motion, "a complaint must contain sufficient factual matter accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint does not need detailed factual allegations, a complaint requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's allegations "must be enough to raise a right to relief above the speculative level." *Id.* In reviewing a motion to dismiss, this Court accepts all factual allegations as true and views ambiguities in the light most favorable to the plaintiff. *Barrakuda Limited v. Zazaby Jewels, Inc.*, 19-23004, 2021 WL 2454467, at *2 (S.D. Fla. May 14, 2021) (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005).

## III.   DISCUSSION

Defendants first argue that the Amended Complaint should be dismissed in its entirety for lack of subject matter jurisdiction because the parties are not diverse and that they do not meet the minimum amount in controversy jurisdictional requirement. (Defs.' Mot. to Dismiss pp. 7–8). They also argue that even if this Court were to find it has subject matter jurisdiction, Counts III–XXI should be dismissed as a matter of law with prejudice for failure to state a claim. (*Id.* p. 19). Specifically, Defendants allege Counts III–XVII for libel per se are barred by the independent tort doctrine, (*Id.* p. 9); Count XVIII for IIED fails because they did not sufficiently allege that the conduct was extremely outrageous, (*Id.* p. 15); Count XX for Loss of Consortium is barred because there is no independent tort, (*Id.* p. 18); Count XXI for Malicious Prosecution fails to sufficiently allege the first element (*Id.* 16–17); and any claim for contractual punitive damages is barred since

there is no independent tort (*Id.* 18–19). Plaintiffs respond in opposition stating that these counts are an independent tort and that the conduct for the IIED was sufficiently outrageous, (ECF No. 43). Plaintiffs also withdrew Count XXI for Malicious Prosecution in their Response. (*See* Pls.' Resp. p. 20 n. 5, ECF No. 43).

## A. Diversity Jurisdiction

In order for a federal court to assert diversity jurisdiction pursuant to 28 U.S.C. §1332, there must be complete diversity between all plaintiffs and all defendants where the amount in controversy exceeds $75,000. *Lincoln prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). If sufficient facts are not alleged the court should dismiss the complaint without prejudice and grant leave to amend. *See Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008).

### 1. Domicile

The plaintiff claiming diversity jurisdiction must allege the citizenship of each party. *Travagilo v. Am. Express Co.*, 735 F.3d 1254, 1257 (11th Cir. 2013). In the context of diversity jurisdiction, a party's citizenship is its domicile. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th. Cir. 2002). A person's domicile is the place of its "true, fixed, and permanent home and principal establishment, and to which he has intention of returning to." *Id.* at 157–58.

Here, the Amended Complaint provides that de Varona is domiciled in Miami Dade-County, R. McNae is domiciled in Washington state, and W. McNae is domiciled in Washington state. (Am. Compl. ¶¶ 3–5). While the Amended Complaint only states that Fitzgerald is an individual of United Kingdom nationality (*Id.* ¶ 2), Fitzgerald's sworn declaration, attached to the Response, states that at the time of the lawsuit, he was domiciled in Miami Dade County, Florida, but because of the wrongs committed against him he has returned to York, England. (Pls.' Resp. Ex. A ¶¶ 9–11); *see Webster v. Royal Caribbean Cruises*, Ltd., 124 F. Supp. 2d 1317, 1320 (S.D.

6

Fla. 2000) (holding the whole record may be looked to for the purpose of curing a defective averment of citizenship where jurisdiction in a federal court is asserted to depend upon diversity of citizenship). He states that York, England is "the place of my true, fixed and permanent home" and "is my domicile." (Pls.' Resp. Ex. A ¶¶ 11-12). Therefore, Plaintiffs have sufficiently alleged the domicile of each party and have shown that all parties are diverse.

### 2. *Amount in Controversy*

As for meeting the amount in controversy, Defendants contend that Plaintiffs' claims are based on indeterminate damages and because they do not allege a dollar amount, they fail to meet the minimum required amount in controversy. (Defs.' Mot. to Dismiss p. 8). Plaintiffs only allege that their complaint exceeds the jurisdictional minimum of $75,000. (Am. Compl. ¶ 6); *see Greenpoint Mortg. Funding Inc. v. Colosi*, No. 07-22072, 2008 WL 11408585, at *1 (where a party does not specify any amount in damages aside from asserting the damages exceed $75,000, the party is seeking indeterminate damages).

Therefore, "where jurisdiction is based on a claim for indeterminate damages, the legal certainty test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors LLC.*, 329 F.3d at 807 (11th Cir. 2003). A conclusory allegation that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet burden the plaintiff has. *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007).

Although Plaintiffs only allege that the complaint exceeds the jurisdictional minimum of $75,000 and do not specify a specific dollar amount that they are seeking (Am. Compl. ¶ 6), the Agreement is attached to the complaint as Exhibit A. (*See* Am. Compl. ¶ 62); *see Ritter v. Short*

*Hills Aviation Servs.*, No.19-62691, 2020 WL 13567933, at *2 (holding in determining if the jurisdictional minimum is plead sufficiently the court can turn to documents attached to the complaint).

The Agreement shows that Fitzgerald paid $96,000 to R. McNae and $10,000 to W. McNae. (Am. Compl. Ex. A ¶ 3A). *See Hudspeth v. Gov't Emp. Ins. Co.*, No. 16-cv-1960, 2016 WL 8221940, at *3 (M.D. Fla Dec. 27, 2016) (finding an insurance policy that specifies a coverage amount attached to the complaint and settlement demands that are beyond the complaint can be looked at to determine if the amount in controversy has been met); *Green v. Lexington Ins. Co.*, No. 07-7140, 2009 WL 2488195 (E.D. La. Aug. 11, 2009) (holding where the original settlement was for $10,381.42, "the alleged breach of the written settlement agreement is in effect a state-based contract claim with clear evidence that the amount in dispute . . . would not exceed $75,000"). Therefore, turning to the Agreement, this Court finds that the claim against R. McNae meets the amount in controversy.

As for the claim against W. McNae, who was paid only $10,000, it falls short of the minimum amount required. This Court finds that the claim against W. McNae cannot be aggerated with the claim against R. McNae to meet the jurisdictional amount in controversy. A plaintiff's claims against multiple defendants can only be aggregated if they are jointly liable. *See State Farm Mut. Auto. Ins. Co. v. A&J Medical Center, Inc.*, 20 F. Supp. 3d 1363, 1367 (S.D. Fla. 2014); *see also Liberty Mut. Ins. Co. v. Com. Grp., Inc.*, No. 18-CV-80015, 2018 WL 8264632, at *3 (S.D. Fla. June 22, 2018) (finding plaintiffs could not aggregate claims because it is immaterial that the claims are transactionally related or that they arise from a common origin or document; the court would need to engage in a separate analysis of each defendant based upon the particular terms of the relevant liability policies). To this end, Defendants are not jointly liable because this Court

would have to look to each individual Defendant to see if they each had breached provisions of the contract. Therefore, the claim against W. McNae cannot be aggregated with the claim against R. McNae.

Further, because Fitzgerald has met the amount in controversy against R. McNae, De Varona's claim can be added to his. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 546 (2005) (holding if at least one named plaintiff met the amount-in-controversy requirement, § 1367 authorized supplemental jurisdiction over claims of other plaintiffs in the same case or controversy, even if those claims were for less than the jurisdictional amount).

Accordingly, as it relates to subject matter jurisdiction, the Motion is GRANTED IN PART and DENIED IN PART. This Court has subject matter jurisdiction based on diversity over R. McNae but not W. McNae.

### B. Counts III–XVII and XIX: Tort Claims

Defendants argue that Plaintiff's tort claims should be dismissed as a matter of law because they are barred by the independent tort doctrine. (Defs.' Mot. to Dismiss p. 9). This Court agrees.

Plaintiffs allege Defendants committed libel per se when R. McNae wrote to Fitzgerald's employers (Am. Compl. ¶¶ 153, 177, 225). They also claim R. McNae committed libel per se when she shared on Instagram a police report accusing Fitzgerald of rape (*Id.* ¶ 273), made a post referencing Fitzgerald in an event where she says she was raped (*Id.* ¶ 297), and when R. McNae posted copy of one of the letters R. McNae sent to Microsoft on a blog. (*Id.* ¶ 321). Plaintiffs then claim W. McNae committed libel per se when he wrote to his own employers at Microsoft. (*Id.* ¶¶ 345, 369, 393, 417, 442). These statements consist of W. McNae both directly and indirectly mentioning Fitzgerald and accusing him of sexual assault at a work event. (*See id.*). Under the Agreement, Defendants are not to contact Fitzgerald's employer, are not to mention Fitzgerald

directly or indirectly when talking or writing about their life events, share information about the confidential settlement agreement, and they are not to disparage him. (*See* Am. Compl. Ex. A ¶¶ 4, 16). Therefore, this Court finds that each tort claims comstitutes conduct that arises under obligations and provisions already set forth in the contract. *See Azure, LLC. v. Figueras Seating U.S.A., Inc.*, No. 12-cv-23670, 2013 WL 12093811, at *6 (S.D. Fla. July 18, 2013) (holding in order for Plaintiffs to bring a tort claim concurrently with a contract claim, Plaintiffs must plead a tortious action committed separate and apart from the breach of contract).

Moreover, Defendants correctly contend in their Motion that the same statements the Plaintiffs claim to be a breach of contract also constitute libel per se and tortious interference. (Defs.' Mot. to Dismiss pp. 11–14). This demonstrates that the tort claims are practically factual replications of their breach of contract claims and are thus barred by the independent tort doctrine. *See Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153, 2011 WL 4434891 at *8 (S.D. Fla. Sept. 23, 2011) (holding where one allegation was "for all intent purposes the same as the allegation . . . in the breach of contract claim it is barred by the independent tort doctrine").

Further, it is clear that the parties entered into the Agreement after the Defendants alleged Fitzgerald committed sexual assault. The purpose of this NDA was to settle any disputes surrounding the sexual assault and have it remain confidential. (*See* Am. Compl. Ex. A). Therefore, this Court finds the alleged libel per se, where Defendants disclosed to multiple people and on platforms that Fitzgerald committed sexual assault against R. McNae, is inseparable from the reason they entered into the Agreement in the first place. *See Plain Bay Sales, LLC. v. Gallaher*, No. 18-cv-8058, slip op. at 16 (S.D. Fla. Feb. 10, 2022) (finding where the tort is inseparable from the essence of the contract it is barred by the independent tort doctrine); *see also Sun life Assurance Co. v. Imperial Holdings, Inc.*, 904 F.3d 1197, 1223 (11th Cir. 2018) (holding misrepresentations

relating to the breaching party's performance of a contract do not give rise to any independent

cause of action in tort, where the misrepresentations are interwoven and indistinct from the heart

of the contractual agreement).

Accordingly, the Motion to Dismiss is GRANTED as to Counts III–XVII and XIX.

**C.  Count XVIII: Intentional Infliction of Emotional Distress (IIED)**

Defendants argue that Plaintiffs' claim for IIED fails as a matter of law because they do

not sufficiently allege conduct that is extremely outrageous. (*See* Defs.' Mot. to Dismiss p. 15).

"Liability has been found only where the conduct has been so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

and utterly intolerable in a civilized community." *Metropolitan Life Ins. Co. v. McCarson*, 467 So.

2d 277, 278 (Fla. 1985). Taking the Plaintiffs' allegations in the Amended Complaint as true,

Defendants falsely accused Fitzgerald of sexual assault on multiple occasions to multiple people

and on multiple platforms. (*See* Am. Compl. ¶¶ 129, 153, 177, 201, 225, 249, 273, 297, 321, 345,

369, 393, 417, 442). While this is offensive, it is not what this Court considers extremely

outrageous. *See Newman v. AXA Equitable Life Ins. Co.*, No. 10-21311, 2013 WL 12340056, at

*7 (S.D. Fla. May 22, 2013) (facing false accusations of fraud and other criminal conduct was not

sufficiently outrageous); *See Bernath v. Seavey*, No. 2:15-cv-358, 2017 WL 3268481, at *5 (M.D.

Fla. May 18, 2017) (finding false and malicious statements are not considered outrageous for IIED

purposes). Accordingly, dismissal of Count XVIII is GRANTED.

**D.  Count XX Loss of Consortium**

Defendants argue that de Varona's claim for Loss of Consortium fails as a matter of law

because it is derivative of the failed torts claims. (*See* Defs.' Mot. to Dismiss p. 18). Under Florida

law, a loss of consortium claim is a derivative claim and "is dependent upon the existence of an

actionable tort causing harm to the Plaintiff's spouse." *Vernon*, 912 F. Supp. at 1565 (S.D. Fla. 1996). Because Fitzgerald does not have an actionable tort claim against Defendants, for the reasons stated above, this Court finds de Varona's loss of consortium claim fails as a matter of law. *See id.* (finding the plaintiff's husband's claim for loss of consortium failed as a matter of law because all tort claims were dismissed).

Accordingly, the Motion to Dismiss is GRANTED as to Count XX.

### E.  Count XXI Malicious Prosecution

In their Response, Plaintiffs withdrew their claim for malicious prosecution without prejudice to raising it at a later date. (*See* Pls.' Resp. p. 20 n. 5). A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) with the court's leave. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). Accordingly, since withdrawal of a claim in a Response is not proper, this Court will consider a leave to amend if Plaintiffs seek to do so.

Nevertheless, even if Plaintiffs do not move for a leave to amend, this Court finds Count XXI for malicious prosecution fails as a matter of law. In order to state a cause of action for malicious prosecution, six elements must be alleged:

> (1) The commencement or continuance of a civil or criminal proceeding; (2) The defendant commenced or caused the commencement of the proceedings; (3) The bona fide termination of the civil or criminal proceedings in favor of the plaintiff; (4) Lack of probable cause for the proceedings; (5) The defendant acted with malice; and (6) Damage to the plaintiff.

*Miami herald Publ'n Co. v. Fere*, 636 F. Supp. 970, 977 (S.D. Fla. 1985) (citations omitted). All six elements must be alleged in order to maintain the action. *Id.* (*citing Kalt v. Dollar Rent-a-Car*, 442 So. 2d 1301, 1032 n.2 (Fla. 3d DCA 1982)). This Court finds Plaintiffs have not alleged the first element that a criminal proceeding was in fact commenced. The Defendants correctly

highlight that while Plaintiffs allege that R. McNae initiated three criminal proceedings, this is a conclusory allegation that is contradicted by the underlying facts. (Defs.' Mot. to Dismiss p. 17). In the Amended Complaint, Plaintiffs allege that R. McNae filed three police reports, but no charges had been brought against Fitzgerald. (Am. Compl. ¶¶ 71-76); *Miami herald Publ'n Co.*, 636 F. Supp. at 978 (citations omitted) ("Criminal prosecutions are commenced with the filing of an information or indictment based upon a charge decision made by a state attorney or grand jury, or at least an arrest pursuant to a summons or arrest warrant issued by a committing magistrate."); *see also Martinez v. Brinks, Inc.*, 410 F. Supp. 2d 1202, 1205 (S.D. Fla. 2004) (finding a defendant is not considered to have instigated a criminal proceeding "if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the office . . . ."). Therefore, since the Defendants have only filed police reports and no arrests have been made, Plaintiffs fail to show Defendants instigated criminal proceedings.

Accordingly, as there is no opposition to the dismissal of Count XXI and because it fails as a matter of law, dismissal is GRANTED.

### F. Claim for Contractual Punitive Damages

Lastly, Defendants move to dismiss Plaintiffs' claim for punitive damages for breach of contract because Plaintiffs have not pled an independent tort. (Defs.' Mot. to Dismiss pp. 18–19). This Court agrees with Defendants. A party to a contract is only entitled to recover punitive damages if it proves a tort independent from the acts that breach the contract. *See Jgt, Inc. v. Ashbritt Inc.*, No. 11-60320, 2011 WL 13217137, at *2 (S.D. Fla. Aug. 25, 2011). Here, because this Court has found that the claims for libel per se are barred by the independent tort doctrine, there is no independent tort present here. Thus, Plaintiffs' claim for punitive damages is barred and dismissal of contractual punitive damages is GRANTED.

## IV.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that:

1.     Defendants' Motion to Dismiss, (ECF No. 39) is **DENIED** as it relates to lack of subject matter jurisdiction over Defendant R. McNae.

2.     Defendants' Motion to Dismiss, (ECF No. 39), is **GRANTED** without prejudice as it relates to lack of subject matter jurisdiction over Defendant W. McNae.

3.     Defendants' Motion to Dismiss, (ECF No. 39), is **GRANTED** without prejudice as it relates to Counts III–XVII for Libel Per Se, Count XVIII for IIED, Count XIX for Tortious Interference, Count XX for Loss of Consortium, Count XXI for Malicious Prosecution, and the claim for contractual punitive damages.

4.     The Clerk is directed to **VACATE** this Court's Order Granting in Part and Denying in Part Motion to Dismiss, (ECF No. 83).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23 day of October, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record