**Max Meyers**

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, April 27, 2020 10:03 AM
**To:** Max Meyers
**Subject:** RE: Fitzgerald/McNae:  Status


Max:

Thank you for the amount.  I will discuss with my client.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton


The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, April 27, 2020 12:23 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

Morning Peter,

The number is 2x the counseling amount or $113,600. Ms. McNae feels the counseling could easily take longer as a result of the NDA requirement, but will stick with the figure previously proposed. If you client agrees, send a proposed settlement agreement.

MCNAE 000029

Thank you,

*Max Meyers*

Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, April 27, 2020 5:55 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Status

Max:

Have you discussed an amount with your clients regarding non-disclosure?  We would like to get this wrapped up.  If you tell me an amount that we agree with, I can do the initial drafting of the agreement if that helps.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000030

## Max Meyers

**From:**      Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:**      Tuesday, April 28, 2020 1:45 PM
**To:**        Max Meyers
**Subject:**   RE: Fitzgerald/McNae:  Status

**Importance:**     High

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

Hope all is well with you.

I spoke with Mr. Fitzgerald.  He is prepared to pay $100,000 total, of which $3,000 has already been paid previously to the McNaes – or $97,000 additional – subject to the following installment schedule:

$  1,500.00 on or before May 5, 2020
$10,000.00 on or before May 31, 2020
$25,500.00 on or before July 31, 2020
$30,000.00 on or before December 31, 2020
$30,000.00 on or before May 31, 2020
-------------------------------------------------------------
$97,000.00  Total Additional Funds

Mutual Confidentiality/Non-Disclosure is a required term, subject to compliance with government order.   There will be a 10 business day cure period upon notice of default for non-payment of an installment.  Your clients will have a Florida consent judgment for the full amount of the $97,000 less any amounts paid, to be held in trust by you, which shall be returned to my client upon satisfaction of the last installment payment.  If either of your clients breach confidentiality/non-disclosure, then the consent judgment shall be void, your client shall return any installment payments they had received to date, including the $3,000 already paid, and your clients agree to an additional joint and several liquidated damage $250,000 for breaching confidentiality.

If this is acceptable to your clients, I can send you a first draft of the agreement for your review.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131

MCNAE 000031

**Telephone:** 305-567-5576

www.assoulineberlowe.com

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, April 27, 2020 12:23 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

Morning Peter,

The number is 2x the counseling amount or $113,600. Ms. McNae feels the counseling could easily take longer as a result of the NDA requirement, but will stick with the figure previously proposed. If you client agrees, send a proposed settlement agreement.

Thank you,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, April 27, 2020 5:55 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Status

Max:

Have you discussed an amount with your clients regarding non-disclosure?  We would like to get this wrapped up.  If you tell me an amount that we agree with, I can do the initial drafting of the agreement if that helps.

Sincerely,

**Peter E. Berlowe, Esq.**

MCNAE 000032

**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000033

## Max Meyers

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, May 4, 2020 6:51 AM
**To:** Max Meyers
**Subject:** RE: Fitzgerald/McNae:  Status


**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

In response to your settlement email below, we will need to make the following changes:

1. The $110,000, less $3,000.00 already paid, is agreeable.  I believe $1,500 is on autopay for this week, so if that happens, the total will be less that as well.
2. If it is going to be a lump sum, we need to make the pay by date June 15, 2020, as Mr. Fitzgerald will have to liquidate and transfer some assets out of a retirement account.
3. The liquidated damages if either of the McNae's breaches cannot be $5,000.  The can't get nearly double the previously agreed amount, and then they can just turn around and breach for a *de minimus* $5,000 damage.  The liquidated damage needs to be far closer to the damage they would be causing Mr. Fitzgerald if they breach.  Moreover, this should not matter to them if they don't intend to breach.  $250,000 liquidated damage if the McNae's breach is the lowest Mr. Fitzgerald will consider, and it must be joint and several.  If one breaches, they both breach.  Liquidated damage to be enforced by later suit for damages if necessary.  The McNaes do not need to return the settlement funds received if they breach.  If the McNaes generate income off their breach of the agreement, all funds earned of their breach of the agreement shall be property of Mr. Fitzgerald, and subject to a damages claim to be enforced by later suit for damages in addition to the liquidated damages.
4. The McNaes must remove the internet posts they have put on the internet about this incident, directly or indirectly, with or without reference to Mr. Fitzgerald by name.
5. If Mr. Fitzgerald breaches the confidentiality/non-disclosure, then the confidentiality/non-disclosure will be void and dissolved as to the McNaes is agreeable, so long it is upon notice with fifteen (15) business days to seek injunctive relief if Mr. Fitzgerald feels he made no such disclosure, or if such disclosure was pursuant to law or court order.
6. An agreed statement that all parties can state to people already involved. "The matter has been resolved and I cannot speak any more about it" or something similar is agreeable to Mr. Fitzgerald.
7. Mr. and Ms. McNae, as well as Mr. Fitzgerald, may continue discuss the matter with their respective mental health professionals, but will advise the professionals of NDA and that counselor must follow NDA as well. Same will apply to legal or tax counsel.


Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131

1

MCNAE 000034

**Telephone: 305-567-5576**

www.assoulineberlowe.com

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, April 29, 2020 6:06 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Peter,

I spoke with Ronda and Will. While the offer is a good first step there are some issues that won't work.

The McNae's will accept $110,000 to resolve the matter. The settlement language will deem the proceeds as $105,000 to Ronda for physical injuries and emotional injuries stemming therefrom, and $5,000 to Mr. McNae for the NDA.  A credit will be given for the $3,000 previously paid to the McNaes. The additional 107,000 will be payable by May 31, 2020. This is so the incident can be put behind them in total now instead of remaining open waiting for installment payments. The more complete the break from thinking about the issue the better.

The McNae's will agree to Mutual Confidentiality/Non-Disclosure, subject to compliance with government order. There will be a 10 business day cure period upon notice of default for non-payment of an installment. A Florida consent judgment for the full amount of the $110,000 less any amounts paid, to be held in trust by me, which shall be returned to your client upon satisfaction of the last installment payment.  If Mr. Fitzgerald breaches the confidentiality/non-disclosure, then the confidentiality/non-disclosure will be void and dissolved as to the McNaes. If either of the McNaes breach confidentiality/non-disclosure, then the consent judgment shall be void, and the McNaes  agree to joint and several liquidated damage $5,000 for breaching confidentiality.

There will also need to be an agreed statement that all parties can state to people already involved. I suggest "The matter has been resolved and I cannot speak any more about it" or something similar. Mr. McNae will likely be required to answer something to his employer eventually if they follow up on matter. Ronda will also be allowed to continue discuss the matter with her mental health counselor, but will advise the counselor of NDA and that counselor must follow NDA as well. Same will apply to legal or tax counsel.

If this is acceptable to your client, please send a first draft of the agreement for your review.

The breach penalties proposed were too excessive and I can never recommend anything like it. Breach penalties need to be very reasonable without repayment of the settlement funds as I have outlined above in my proposal.

Sincerely,

MCNAE 000035

*Max Meyers*

Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, April 28, 2020 1:45 PM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Status
**Importance:** High

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

Hope all is well with you.

I spoke with Mr. Fitzgerald.  He is prepared to pay $100,000 total, of which $3,000 has already been paid previously to the McNaes – or $97,000 additional – subject to the following installment schedule:

$  1,500.00 on or before May 5, 2020
$10,000.00 on or before May 31, 2020
$25,500.00 on or before July 31, 2020
$30,000.00 on or before December 31, 2020
$30,000.00 on or before May 31, 2020
-------------------------------------------------------------
$97,000.00  Total Additional Funds

Mutual Confidentiality/Non-Disclosure is a required term, subject to compliance with government order.   There will be a 10 business day cure period upon notice of default for non-payment of an installment.  Your clients will have a Florida consent judgment for the full amount of the $97,000 less any amounts paid, to be held in trust by you, which shall be returned to my client upon satisfaction of the last installment payment.  If either of your clients breach confidentiality/non-disclosure, then the consent judgment shall be void, your client shall return any installment payments they had received to date, including the $3,000 already paid, and your clients agree to an additional joint and several liquidated damage $250,000 for breaching confidentiality.

If this is acceptable to your clients, I can send you a first draft of the agreement for your review.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



MCNAE 000036

**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

www.assoulineberlowe.com

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, April 27, 2020 12:23 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

Morning Peter,

The number is 2x the counseling amount or $113,600. Ms. McNae feels the counseling could easily take longer as a result of the NDA requirement, but will stick with the figure previously proposed. If you client agrees, send a proposed settlement agreement.

Thank you,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, April 27, 2020 5:55 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Status

Max:

Have you discussed an amount with your clients regarding non-disclosure?  We would like to get this wrapped up.  If you tell me an amount that we agree with, I can do the initial drafting of the agreement if that helps.

MCNAE 000037

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton


The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000038

## Max Meyers

| | |
|---|---|
| **From:** | Max Meyers |
| **Sent:** | Wednesday, April 29, 2020 3:06 PM |
| **To:** | Peter E. Berlowe |
| **Subject:** | RE: Fitzgerald/McNae:  Status |

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Peter,

I spoke with Ronda and Will. While the offer is a good first step there are some issues that won't work.

The McNae's will accept $110,000 to resolve the matter. The settlement language will deem the proceeds as $105,000 to Ronda for physical injuries and emotional injuries stemming therefrom, and $5,000 to Mr. McNae for the NDA.  A credit will be given for the $3,000 previously paid to the McNaes. The additional 107,000 will be payable by May 31, 2020. This is so the incident can be put behind them in total now instead of remaining open waiting for installment payments. The more complete the break from thinking about the issue the better.

The McNae's will agree to Mutual Confidentiality/Non-Disclosure, subject to compliance with government order. There will be a 10 business day cure period upon notice of default for non-payment of an installment. A Florida consent judgment for the full amount of the $110,000 less any amounts paid, to be held in trust by me, which shall be returned to your client upon satisfaction of the last installment payment.  If Mr. Fitzgerald breaches the confidentiality/non-disclosure, then the confidentiality/non-disclosure will be void and dissolved as to the McNaes. If either of the McNaes breach confidentiality/non-disclosure, then the consent judgment shall be void, and the McNaes  agree to joint and several liquidated damage $5,000 for breaching confidentiality.

There will also need to be an agreed statement that all parties can state to people already involved. I suggest "The matter has been resolved and I cannot speak any more about it" or something similar. Mr. McNae will likely be required to answer something to his employer eventually if they follow up on matter. Ronda will also be allowed to continue discuss the matter with her mental health counselor, but will advise the counselor of NDA and that counselor must follow NDA as well. Same will apply to legal or tax counsel.

If this is acceptable to your client, please send a first draft of the agreement for your review.

The breach penalties proposed were too excessive and I can never recommend anything like it. Breach penalties need to be very reasonable without repayment of the settlement funds as I have outlined above in my proposal.

Sincerely,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

MCNAE 000039

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, April 28, 2020 1:45 PM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Status
**Importance:** High


**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

Hope all is well with you.

I spoke with Mr. Fitzgerald.  He is prepared to pay $100,000 total, of which $3,000 has already been paid previously to the McNaes – or $97,000 additional – subject to the following installment schedule:

$  1,500.00 on or before May 5, 2020
$10,000.00 on or before May 31, 2020
$25,500.00 on or before July 31, 2020
$30,000.00 on or before December 31, 2020
$30,000.00 on or before May 31, 2020
------------------------------------------------------------
$97,000.00  Total Additional Funds

Mutual Confidentiality/Non-Disclosure is a required term, subject to compliance with government order.   There will be a 10 business day cure period upon notice of default for non-payment of an installment.  Your clients will have a Florida consent judgment for the full amount of the $97,000 less any amounts paid, to be held in trust by you, which shall be returned to my client upon satisfaction of the last installment payment.  If either of your clients breach confidentiality/non-disclosure, then the consent judgment shall be void, your client shall return any installment payments they had received to date, including the $3,000 already paid, and your clients agree to an additional joint and several liquidated damage $250,000 for breaching confidentiality.

If this is acceptable to your clients, I can send you a first draft of the agreement for your review.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

MCNAE 000040

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, April 27, 2020 12:23 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

Morning Peter,

The number is 2x the counseling amount or $113,600. Ms. McNae feels the counseling could easily take longer as a result of the NDA requirement, but will stick with the figure previously proposed. If you client agrees, send a proposed settlement agreement.

Thank you,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, April 27, 2020 5:55 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Status

Max:

Have you discussed an amount with your clients regarding non-disclosure?  We would like to get this wrapped up.  If you tell me an amount that we agree with, I can do the initial drafting of the agreement if that helps.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**

MCNAE 000041

Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000042

## Max Meyers

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Wednesday, May 6, 2020 3:43 PM
**To:** Max Meyers
**Subject:** RE: Fitzgerald/McNae:  Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

Liquidated Damages provisions are specifically not penalties.  If they are a penalty, they are unenforceable.  Liquidated damages are intended to be a fair measure of the damages likely to be caused by a breach of the agreement.  Here, the damages to Mr. Fitzgerald of Ms. McNae violating the non-disclosure would cost Mr. Fitzgerald far more than $250,000.00, and was really intended to avoid having to put on evidence of actual damages in a suit for breach of the agreement.  If that is going to be what your client prefers, we do not have to have any liquidated damages provision, and my client will prove up his damages and your clients will be far worse off if they breach. If they are agreeable to an open ended damage as a result of their breach, we can live with that.

My client is agreeable to your client speaking generically about a life event, but she cannot refer to my client's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present (for instance, Ms. McNae can't name 6 people at an event, plus and unnamed person, so that the six people will know who the unnamed person is by process of elimination).  Let me know if your clients can live with this.

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000043

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, May 6, 2020 6:19 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Peter,

It appears we will not be able to reach agreement if Mr. Fitzgerald insists on a very large liquidated damages clause.

The McNae's are willing raise the liquidated damages clause regarding the NDA to $10,000, 10% of the total settlement is a common penalty clause for an NDA. Additionally, the McNae's will maintain the ability to speak generically about life event without naming names, location, or exact date of incidents. They will not be removing their internet posts about incident unless Mr. Fitzgerald is named specifically. This is their best and final offer regarding these terms.

Otherwise, no deal and they will pursue other means of resolving the matter.

Regards,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, May 4, 2020 6:51 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

In response to your settlement email below, we will need to make the following changes:

1. The $110,000, less $3,000.00 already paid, is agreeable.  I believe $1,500 is on autopay for this week, so if that happens, the total will be less that as well.
2. If it is going to be a lump sum, we need to make the pay by date June 15, 2020, as Mr. Fitzgerald will have to liquidate and transfer some assets out of a retirement account.
3. The liquidated damages if either of the McNae's breaches cannot be $5,000.  The can't get nearly double the previously agreed amount, and then they can just turn around and breach for a *de minimus* $5,000 damage.  The liquidated damage needs to be far closer to the damage they would be causing Mr. Fitzgerald if they breach.  Moreover, this should not matter to them if they don't intend to breach.  $250,000 liquidated damage if the McNae's breach is the lowest Mr. Fitzgerald will consider, and it must be joint and several.  If one breaches,

MCNAE 000044

they both breach.  Liquidated damage to be enforced by later suit for damages if necessary.  The McNaes do not need to return the settlement funds received if they breach.  If the McNaes generate income off their breach of the agreement, all funds earned of their breach of the agreement shall be property of Mr. Fitzgerald, and subject to a damages claim to be enforced by later suit for damages in addition to the liquidated damages.

4.  The McNaes must remove the internet posts they have put on the internet about this incident, directly or indirectly, with or without reference to Mr. Fitzgerald by name.

5.  If Mr. Fitzgerald breaches the confidentiality/non-disclosure, then the confidentiality/non-disclosure will be void and dissolved as to the McNaes is agreeable, so long it is upon notice with fifteen (15) business days to seek injunctive relief if Mr. Fitzgerald feels he made no such disclosure, or if such disclosure was pursuant to law or court order.

6.  An agreed statement that all parties can state to people already involved. "The matter has been resolved and I cannot speak any more about it" or something similar is agreeable to Mr. Fitzgerald.

7.  Mr. and Ms. McNae, as well as Mr. Fitzgerald, may continue discuss the matter with their respective mental health professionals, but will advise the professionals of NDA and that counselor must follow NDA as well. Same will apply to legal or tax counsel.


Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton


The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, April 29, 2020 6:06 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Peter,

MCNAE 000045

I spoke with Ronda and Will. While the offer is a good first step there are some issues that won't work.

The McNae's will accept $110,000 to resolve the matter. The settlement language will deem the proceeds as $105,000 to Ronda for physical injuries and emotional injuries stemming therefrom, and $5,000 to Mr. McNae for the NDA. A credit will be given for the $3,000 previously paid to the McNaes. The additional 107,000 will be payable by May 31, 2020. This is so the incident can be put behind them in total now instead of remaining open waiting for installment payments. The more complete the break from thinking about the issue the better.

The McNae's will agree to Mutual Confidentiality/Non-Disclosure, subject to compliance with government order. There will be a 10 business day cure period upon notice of default for non-payment of an installment. A Florida consent judgment for the full amount of the $110,000 less any amounts paid, to be held in trust by me, which shall be returned to your client upon satisfaction of the last installment payment. If Mr. Fitzgerald breaches the confidentiality/non-disclosure, then the confidentiality/non-disclosure will be void and dissolved as to the McNaes. If either of the McNaes breach confidentiality/non-disclosure, then the consent judgment shall be void, and the McNaes agree to joint and several liquidated damage $5,000 for breaching confidentiality.

There will also need to be an agreed statement that all parties can state to people already involved. I suggest "The matter has been resolved and I cannot speak any more about it" or something similar. Mr. McNae will likely be required to answer something to his employer eventually if they follow up on matter. Ronda will also be allowed to continue discuss the matter with her mental health counselor, but will advise the counselor of NDA and that counselor must follow NDA as well. Same will apply to legal or tax counsel.

If this is acceptable to your client, please send a first draft of the agreement for your review.

The breach penalties proposed were too excessive and I can never recommend anything like it. Breach penalties need to be very reasonable without repayment of the settlement funds as I have outlined above in my proposal.

Sincerely,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, April 28, 2020 1:45 PM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Status
**Importance:** High

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

Hope all is well with you.

MCNAE 000046

I spoke with Mr. Fitzgerald.  He is prepared to pay $100,000 total, of which $3,000 has already been paid previously to the McNaes – or $97,000 additional – subject to the following installment schedule:

$  1,500.00 on or before May 5, 2020
$10,000.00 on or before May 31, 2020
$25,500.00 on or before July 31, 2020
$30,000.00 on or before December 31, 2020
$30,000.00 on or before May 31, 2020
-------------------------------------------------------------
$97,000.00  Total Additional Funds

Mutual Confidentiality/Non-Disclosure is a required term, subject to compliance with government order.   There will be a 10 business day cure period upon notice of default for non-payment of an installment.  Your clients will have a Florida consent judgment for the full amount of the $97,000 less any amounts paid, to be held in trust by you, which shall be returned to my client upon satisfaction of the last installment payment.  If either of your clients breach confidentiality/non-disclosure, then the consent judgment shall be void, your client shall return any installment payments they had received to date, including the $3,000 already paid, and your clients agree to an additional joint and several liquidated damage $250,000 for breaching confidentiality.

If this is acceptable to your clients, I can send you a first draft of the agreement for your review.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, April 27, 2020 12:23 PM

MCNAE 000047

**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

Morning Peter,

The number is 2x the counseling amount or $113,600. Ms. McNae feels the counseling could easily take longer as a result of the NDA requirement, but will stick with the figure previously proposed. If you client agrees, send a proposed settlement agreement.

Thank you,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, April 27, 2020 5:55 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Status

Max:

Have you discussed an amount with your clients regarding non-disclosure?  We would like to get this wrapped up.  If you tell me an amount that we agree with, I can do the initial drafting of the agreement if that helps.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

MCNAE 000048

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000049

## Max Meyers

| | |
|---|---|
| **From:** | Peter E. Berlowe <PEB@AssoulineBerlowe.com> |
| **Sent:** | Wednesday, May 13, 2020 10:28 AM |
| **To:** | Max Meyers |
| **Subject:** | RE: Fitzgerald/McNae:  Status |

Max:

This is good to hear.  I will try and get to this today.  I have three federal evidentiary hearings (by Zoom, which I have never done) over the next 10 days, so my time is tight.

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, May 13, 2020 1:10 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

Hi Peter,

Yes, I literally was just starting to write you.

The McNae's are agreeable to removing the liquidated damages clause.

MCNAE 000050

They agree to the NDA limits but reserve final acceptance of the settlement until the final settlement agreement language is worked out. Mrs. McNae wants to be very clear that she is allowed to share her story for personal and educational purposes with the understanding she cannot refer to your client's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present.

It appears we have the outline of an agreement. Please send over the draft settlement agreement for review if you have it ready.

Thank you,

Max

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Wednesday, May 13, 2020 10:00 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** FW: Fitzgerald/McNae: Status

Max:

Any follow up to the email below?

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

MCNAE 000051

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Peter E. Berlowe
**Sent:** Wednesday, May 6, 2020 6:43 PM
**To:** 'Max Meyers' <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

Liquidated Damages provisions are specifically not penalties.  If they are a penalty, they are unenforceable.  Liquidated damages are intended to be a fair measure of the damages likely to be caused by a breach of the agreement.  Here, the damages to Mr. Fitzgerald of Ms. McNae violating the non-disclosure would cost Mr. Fitzgerald far more than $250,000.00, and was really intended to avoid having to put on evidence of actual damages in a suit for breach of the agreement.  If that is going to be what your client prefers, we do not have to have any liquidated damages provision, and my client will prove up his damages and your clients will be far worse off if they breach. If they are agreeable to an open ended damage as a result of their breach, we can live with that.

My client is agreeable to your client speaking generically about a life event, but she cannot refer to my client's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present (for instance, Ms. McNae can't name 6 people at an event, plus and unnamed person, so that the six people will know who the unnamed person is by process of elimination).  Let me know if your clients can live with this.

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this

MCNAE 000052

communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, May 6, 2020 6:19 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Peter,

It appears we will not be able to reach agreement if Mr. Fitzgerald insists on a very large liquidated damages clause.

The McNae's are willing raise the liquidated damages clause regarding the NDA to $10,000, 10% of the total settlement is a common penalty clause for an NDA. Additionally, the McNae's will maintain the ability to speak generically about life event without naming names, location, or exact date of incidents. They will not be removing their internet posts about incident unless Mr. Fitzgerald is named specifically. This is their best and final offer regarding these terms.

Otherwise, no deal and they will pursue other means of resolving the matter.

Regards,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, May 4, 2020 6:51 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

In response to your settlement email below, we will need to make the following changes:

1. The $110,000, less $3,000.00 already paid, is agreeable.  I believe $1,500 is on autopay for this week, so if that happens, the total will be less that as well.
2. If it is going to be a lump sum, we need to make the pay by date June 15, 2020, as Mr. Fitzgerald will have to liquidate and transfer some assets out of a retirement account.
3. The liquidated damages if either of the McNae's breaches cannot be $5,000.  The can't get nearly double the previously agreed amount, and then they can just turn around and breach for a *de minimus* $5,000 damage.  The liquidated damage needs to be far closer to the damage they would be causing Mr. Fitzgerald if they

4

MCNAE 000053

breach.  Moreover, this should not matter to them if they don't intend to breach.  $250,000 liquidated damage if the McNae's breach is the lowest Mr. Fitzgerald will consider, and it must be joint and several.  If one breaches, they both breach.  Liquidated damage to be enforced by later suit for damages if necessary.  The McNaes do not need to return the settlement funds received if they breach.  If the McNaes generate income off their breach of the agreement, all funds earned of their breach of the agreement shall be property of Mr. Fitzgerald, and subject to a damages claim to be enforced by later suit for damages in addition to the liquidated damages.

4.  The McNaes must remove the internet posts they have put on the internet about this incident, directly or indirectly, with or without reference to Mr. Fitzgerald by name.

5.  If Mr. Fitzgerald breaches the confidentiality/non-disclosure, then the confidentiality/non-disclosure will be void and dissolved as to the McNaes is agreeable, so long it is upon notice with fifteen (15) business days to seek injunctive relief if Mr. Fitzgerald feels he made no such disclosure, or if such disclosure was pursuant to law or court order.

6.  An agreed statement that all parties can state to people already involved. "The matter has been resolved and I cannot speak any more about it" or something similar is agreeable to Mr. Fitzgerald.

7.  Mr. and Ms. McNae, as well as Mr. Fitzgerald, may continue discuss the matter with their respective mental health professionals, but will advise the professionals of NDA and that counselor must follow NDA as well. Same will apply to legal or tax counsel.


Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton


The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, April 29, 2020 6:06 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

MCNAE 000054

Peter,

I spoke with Ronda and Will. While the offer is a good first step there are some issues that won't work.

The McNae's will accept $110,000 to resolve the matter. The settlement language will deem the proceeds as $105,000 to Ronda for physical injuries and emotional injuries stemming therefrom, and $5,000 to Mr. McNae for the NDA.  A credit will be given for the $3,000 previously paid to the McNaes. The additional 107,000 will be payable by May 31, 2020. This is so the incident can be put behind them in total now instead of remaining open waiting for installment payments. The more complete the break from thinking about the issue the better.

The McNae's will agree to Mutual Confidentiality/Non-Disclosure, subject to compliance with government order. There will be a 10 business day cure period upon notice of default for non-payment of an installment. A Florida consent judgment for the full amount of the $110,000 less any amounts paid, to be held in trust by me, which shall be returned to your client upon satisfaction of the last installment payment.  If Mr. Fitzgerald breaches the confidentiality/non-disclosure, then the confidentiality/non-disclosure will be void and dissolved as to the McNaes. If either of the McNaes breach confidentiality/non-disclosure, then the consent judgment shall be void, and the McNaes  agree to joint and several liquidated damage $5,000 for breaching confidentiality.

There will also need to be an agreed statement that all parties can state to people already involved. I suggest "The matter has been resolved and I cannot speak any more about it" or something similar. Mr. McNae will likely be required to answer something to his employer eventually if they follow up on matter. Ronda will also be allowed to continue discuss the matter with her mental health counselor, but will advise the counselor of NDA and that counselor must follow NDA as well. Same will apply to legal or tax counsel.

If this is acceptable to your client, please send a first draft of the agreement for your review.

The breach penalties proposed were too excessive and I can never recommend anything like it. Breach penalties need to be very reasonable without repayment of the settlement funds as I have outlined above in my proposal.

Sincerely,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, April 28, 2020 1:45 PM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Status
**Importance:** High

**PRIVELEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION**

Max:

MCNAE 000055

Hope all is well with you.

I spoke with Mr. Fitzgerald.  He is prepared to pay $100,000 total, of which $3,000 has already been paid previously to the McNaes – or $97,000 additional – subject to the following installment schedule:

$  1,500.00 on or before May 5, 2020
$10,000.00 on or before May 31, 2020
$25,500.00 on or before July 31, 2020
$30,000.00 on or before December 31, 2020
$30,000.00 on or before May 31, 2020
-------------------------------------------------------------
$97,000.00  Total Additional Funds

Mutual Confidentiality/Non-Disclosure is a required term, subject to compliance with government order.   There will be a 10 business day cure period upon notice of default for non-payment of an installment.  Your clients will have a Florida consent judgment for the full amount of the $97,000 less any amounts paid, to be held in trust by you, which shall be returned to my client upon satisfaction of the last installment payment.  If either of your clients breach confidentiality/non-disclosure, then the consent judgment shall be void, your client shall return any installment payments they had received to date, including the $3,000 already paid, and your clients agree to an additional joint and several liquidated damage $250,000 for breaching confidentiality.

If this is acceptable to your clients, I can send you a first draft of the agreement for your review.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000056

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, April 27, 2020 12:23 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Status

Morning Peter,

The number is 2x the counseling amount or $113,600. Ms. McNae feels the counseling could easily take longer as a result of the NDA requirement, but will stick with the figure previously proposed. If you client agrees, send a proposed settlement agreement.

Thank you,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, April 27, 2020 5:55 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Status

Max:

Have you discussed an amount with your clients regarding non-disclosure?  We would like to get this wrapped up.  If you tell me an amount that we agree with, I can do the initial drafting of the agreement if that helps.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

MCNAE 000057

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000058

**Max Meyers**

| | |
|---|---|
| **From:** | Peter E. Berlowe <PEB@AssoulineBerlowe.com> |
| **Sent:** | Tuesday, May 26, 2020 11:32 AM |
| **To:** | Max Meyers |
| **Subject:** | Fitzgerald/McNae:  Draft Settlement Agreement |
| **Attachments:** | 00292115.DOCX |

Max:

Attached please find a first draft of the settlement agreement based upon our email discussions.  Please let me know if you have any proposed edits.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000059

## Confidential Settlement Agreement

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement" or the "Agreement") is made and entered this _____ day of June 2020, by and among MICHAEL J. FITZGERALD ("Fitzgerald"), RONDA MCNAE ("Ronda") and WILL MCNAE ("Will") with Ronda and Will collectively referred to as the "McNaes," and Fitzgerald, Ronda, and Will collectively referred to as the "Parties";

### RECITALS

**WHEREAS,** Ronda and Will are a married couple;

**WHEREAS**, Fitzgerald is a single male;

**WHEREAS,** Ronda and Fitzgerald engaged in extra-marital relations in Miami-Dade County, Florida that the McNaes contend were detrimental to the marriage of Ronda and Will;

**WHEREAS**, the McNaes contend that Fitzgerald caused physical and mental anguish to them as a result of the extra-marital relations between Ronda and Fitzgerald;

**WHEREAS**, for purposes of avoiding the time and costly expenses associated with litigation, and in the interest of economic expediency, the Parties desire to reach a settlement of all claims between themselves; and,

**WHEREAS,** the parties wish to resolve all disputes between and among them;

**NOW THEREFORE** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them.

1.     **RECITALS.**  The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

2.     **NO ADMISSION OF LIABILITY.**The Parties agree to amicably settle all disputes between and among them.  The Parties understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, including any claims for punitive damages, without an admission of liability or any wrongdoing by any of the Parties, any such liability or wrongdoing being expressly denied by each of the Parties.

3.     **CONSIDERATION.**  In consideration of the execution of this Agreement and the promises herein contained, the Parties agree to the following:

A.     Payment of Settlement Funds.     On or before June 15, 2020, Fitzgerald agrees to remit payment in the amount of One-Hundred Seven Thousand Dollars and

Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___

MCNAE 000060

00/100 cents ($107,000.00) to the McNaes (the "Settlement Funds"). The Settlement Funds shall be remitted by wire to the Max Meyers Law PLLC Trust Account with the following wiring instructions:

[INSERT MAX MEYERS LAW PLLC TRUST ACCOUNT WIRE INTRUCTIONS HERE (ABA ROUTING # AND ACCOUNT #)]

**4.     NON-MONETARY TERMS.**  The Parties agree to the following non-monetary terms:

A.     The McNaes shall remove any prior or current internet posts that reference Fitzgerald by name. The McNaes may speak or write generically about their life events, but in speaking or writing about their life events, the McNaes cannot refer to Fitzgerald's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present. For instance, Ronda cannot name six people at an event, plus and unnamed person, so that the six people will know who the unnamed person is by process of elimination. Thus, it shall be a breach of this Agreement for the McNaes to indirectly refer to Fitzgerald in a way the McNaes could not do directly.

B.     The McNaes shall not contact Fitzgerald's employer. If Mr. Fitzgerald's employer contacts either of the McNaes, the McNaes shall respond, "the matter has been resolved and I cannot speak any more about it," or words to that effect.

C.     Notwithstanding the confidentiality provision in Section 16, below, the Parties may continue discuss the matter with their respective mental health professionals, but will advise the mental health professionals of this existence of this Agreement and those mental health professionals must follow this Agreement, as well.

D.     The Parties agree to minimize contact upon execution of this Agreement, and they agree to limit such contact as to be only such contact necessary to enforce the terms of this Agreement, with such contact preferably being by the Parties' respective attorneys.

**5.     REPRESENTATIONS AND WARRANTIES.**  In making and executing this Agreement, the Parties represent, warrant and agree as follows:

A.     The Parties have had an opportunity to seek independent legal advice with respect to their rights and asserted rights arising out of the matters in controversy and with respect to the advisability of executing this Agreement.

B.     The Parties have made such investigation of all matters pertaining to this Agreement as they deem necessary, and do not rely on any statement, promise or representation by the other Parties hereto with respect to this matter.

**6.     NO CHALLENGE TO SETTLEMENT.**  The Parties agree that they will take no action, including, but not limited to the institution of a lawsuit or administrative claim, to challenge any provision of this Agreement or regarding the original matter in controversy.

Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___

MCNAE 000061

7.     **NO ADMISSION.**  Neither the negotiation nor the execution of this Agreement, nor any of its provisions, are to be construed as an admission by any of the Parties hereto, nor by their respective attorneys, or trustee regarding the truth of any matter alleged relating to the matter of controversy.

8.     **INTEGRATION.**     This Agreement constitutes a single, integrated written contract expressing the entire Agreement between the parties.  There are no other Agreements, written or oral, expressed or implied, between the parties, except as set forth in this Agreement.

9.     **SEVERABILITY.**    Should any part, term or provision of this Agreement be decided by the courts to be illegal, unenforceable or in conflict with any state or federal law or any other applicable law, the validity and enforceability of the remaining portions of this Agreement shall not be affected thereby.

10.    **DOCUMENT PREPARATION.**    If it becomes necessary for any reason to construe this Agreement as permitted by the Rules of Evidence of the State of Florida, this Agreement will be construed as being jointly prepared and written. The Parties agree that the terms and conditions contained herein have been negotiated, renegotiated and considered several times by the parties. The fact that one party or the other prepared the actual final draft of this Agreement shall not be construed as having created any ambiguity.  Should it become reasonably necessary for the parties to prepare additional documents to carry out the intent of this Agreement, each Party agrees to cooperate in the preparation, execution and delivery of same.

11.    **BINDING EFFECT.**  This Agreement shall be binding upon and inure to the benefit of the parties, and their respective successors, heirs, personal representatives and assigns.

12.    **NO WAIVER.**     No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

13.    **MUTUAL GENERAL RELEASE.**  The Parties agree that they each on their own behalf and on the behalf of any heirs, assigns, beneficiaries, past or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, trustees, and any other person or entity bearing a legal relationship as a predecessor or successor in interest and anyone claiming any rights derived from any of them, forever release, discharge, and hold each other and each other's past, present or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, and any entity bearing a legal relationship as predecessor or successor in interest, harmless of, and from, any all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, or claims arising in tort, or of whatever nature, in law or in equity, arising out of, or related to, the direct claims asserted and any other claims that could be asserted, any counterclaims, any third-party claims, and any claims to attorneys' fees and cost, whether or not the claim was raised, or could have been raised. The Parties agree that this Release is not intended as an admission of any wrongdoing or liability on the part of any Party, and that this Release is not admissible as evidence in any proceeding as an admission of liability.  The Parties warrant that they have not made any assignment of any right, claim, or cause of action covered by this Release

Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___

MCNAE 000062

to any other person, corporation or other legal entity.

**14.    GOVERNING LAW.**   This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principals of Florida law.  The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Miami-Dade County, Florida.

**15.    EXECUTION.**   This Agreement may be made effective by means of facsimile signatures executed on several identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**16.    CONFIDENTIALITY.**    The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys and accountants; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately be communicated to counsel for the opposing party telephonically.  The McNaes further acknowledge and agree that this provision is a material inducement to the Fitzgerald's agreement to pay the Settlement Funds.  Therefore, the McNaes agree and acknowledge that any violation of this section or disclosure of any of the terms of the Settlement Agreement beyond the exceptions identified above in this section shall constitute a material breach of this Agreement.

**17.    NON-DISPARAGEMENT.**        The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

**18.    NO FURTHER OBLIGATIONS.**  The Parties agree that, aside from the obligations set forth in this Agreement, no party owes any other party any monies or benefits.

**19.    BINDING NATURE OF AGREEMENT.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit and/or detriment of each party and to their respective heirs, administrators, representatives, executors, successors and assigns.

**20.    MODIFICATION OF AGREEMENT.**   This Agreement may be amended, revoked, changed, or modified only upon written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**21.    SELECTIVE ENFORCEMENT.**   The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___

MCNAE 000063

**22.    ENTIRE AGREEMENT.**    This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

**23.    ATTORNEYS' FEES.**    In connection with any litigation arising out of this Agreement or in any way related to this Agreement, the prevailing party shall be entitled to recover all costs incurred including, but not limited to, its reasonable attorneys' fees at any level (trial, appeal, bankruptcy, administrative), including fees spent in litigation over entitlement or amount of such fees.

**24.    HEADINGS.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**25.    COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed in two or more counterparts, each of which may be considered an original, and all of which together shall constitute one and the same document.  Facsimile or scanned copies of signature pages shall be treated as original signature pages.

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the Effective Date.


_____        _____
        Will McNae                    Date                    Ronda McNae                        Date



_____
        Michael Fitzgerald        Date
Allan D. Lederman, Trustee

Will's Initials:___      Ronda's Initials:___      Fitzgerald's Initials:___

MCNAE 000064

**Max Meyers**

| | |
|---|---|
| **From:** | Max Meyers |
| **Sent:** | Wednesday, June 3, 2020 4:59 PM |
| **To:** | Peter E. Berlowe |
| **Subject:** | RE: Fitzgerald/McNae:  Draft Settlement Agreement |
| **Attachments:** | Settlement Agreement - Draft #2.DOCX |

Hi Peter:

Attached is the settlement agreement with some revisions. The changes were made mostly for tax purposes.

Thank you,

Max

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, May 26, 2020 11:32 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Draft Settlement Agreement

Max:

Attached please find a first draft of the settlement agreement based upon our email discussions.  Please let me know if you have any proposed edits.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131

MCNAE 000065

**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000066

## Confidential Settlement Agreement

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement" or the "Agreement") is made and entered this _____ day of June 2020, by and among MICHAEL J. FITZGERALD ("Fitzgerald"), RONDA MCNAE ("Ronda") and WILL MCNAE ("Will") with Ronda and Will collectively referred to as the "McNaes," and Fitzgerald, Ronda, and Will collectively referred to as the "Parties";

## RECITALS

**WHEREAS,** Ronda and Will are a married couple;

**WHEREAS**, Fitzgerald is a single male;

**WHEREAS, Ronda and Fitzgerald engaged in extra-marital relations in Miami-Dade County, Florida that the McNaes contend were detrimental to the marriage of Ronda and Will;**

**WHEREAS**, the McNaes contend that Fitzgerald caused physical injury and mental injury anguish to them as a result of Fitzgerald's sexual conduct towards Rondathe extra-marital relations between Ronda and Fitzgerald;

**WHEREAS**, for purposes of avoiding the time and costly expenses associated with litigation, and in the interest of economic expediency, the Parties desire to reach a settlement of all claims between themselves; and,

**WHEREAS,** the parties wish to resolve all disputes between and among them;

**NOW THEREFORE** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them.

**1.     RECITALS.**  The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

**2.     NO ADMISSION OF LIABILITY.**The Parties agree to amicably settle all disputes between and among them.  The Parties understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, including any claims for punitive damages, without an admission of liability or any wrongdoing by any of the Parties, any such liability or wrongdoing being expressly denied by each of the Parties.

**3.     CONSIDERATION.**  In consideration of the execution of this Agreement and the promises herein contained, the Parties agree to the following:

A.     Payment of Settlement Funds.          On  or  before  June  15,  2020,

**Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___**

#

MCNAE 000067

Fitzgerald agrees to remit payment in the amount of Ninety-Seven~~One Hundred Seven~~ Thousand Dollars and 00/100 cents ($~~109~~7,000.00) to ~~the~~ Ronda McNae~~s~~ and remit payment in the amount of Ten Thousand Dollars and 00/100 cents to Will McNae(the "Settlement Funds"). The settlement funds to Ronda McNae are paid in consideration of the physical and mental injuries she claims, and the settlement funds to Will McNae are in consideration of his loss of consortium claims due to the physical and mental injuries suffered by his wife Ronda. The Settlement Funds shall be remitted by wire to the Max Meyers Law PLLC Trust Account with the following wiring instructions:

[INSERT MAX MEYERS LAW PLLC TRUST ACCOUNT WIRE INTRUCTIONS HERE (ABA ROUTING # AND ACCOUNT #)]

**4.** **NON-MONETARY TERMS.**  The Parties agree to the following non-monetary terms:

A.     The McNaes shall remove any prior or current internet posts that reference Fitzgerald by name.  The McNaes may speak or write generically about their life events, but in speaking or writing about their life events, the McNaes cannot refer to Fitzgerald's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present.  For instance, Ronda cannot name six people at an event, plus and unnamed person, so that the six people will know who the unnamed person is by process of elimination.  Thus, it shall be a breach of this Agreement for the McNaes to indirectly refer to Fitzgerald in a way the McNaes could not do directly.

B.     The McNaes shall not contact Fitzgerald's employer.  If Mr. Fitzgerald's employer contacts either of the McNaes, the McNaes shall respond, "the matter has been resolved and I cannot speak any more about it," or words to that effect.

C.     Notwithstanding the confidentiality provision in Section 16, below, the Parties may continue discuss the matter with their respective mental health professionals, but will advise the mental health professionals of this existence of this Agreement and those mental health professionals must follow this Agreement, as well.

D.     The Parties agree to minimize contact upon execution of this Agreement, and they agree to limit such contact as to be only such contact necessary to enforce the terms of this Agreement, with such contact preferably being by the Parties' respective attorneys.

**5.** **REPRESENTATIONS AND WARRANTIES.** In making and executing this Agreement, the Parties represent, warrant and agree as follows:

A.     The Parties have had an opportunity to seek independent legal advice with respect to their rights and asserted rights arising out of the matters in controversy and with respect to the advisability of executing this Agreement.

B.     The Parties have made such investigation of all matters pertaining to this Agreement as they deem necessary, and do not rely on any statement, promise or representation by the other Parties hereto with respect to this matter.

Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___

MCNAE 000068

**6.     NO CHALLENGE TO SETTLEMENT.**   The Parties agree that they will take no action, including, but not limited to the institution of a lawsuit or administrative claim, to challenge any provision of this Agreement or regarding the original matter in controversy.

**7.     NO ADMISSION.**   Neither the negotiation nor the execution of this Agreement, nor any of its provisions, are to be construed as an admission by any of the Parties hereto, nor by their respective attorneys, or trustee regarding the truth of any matter alleged relating to the matter of controversy.

**8.     INTEGRATION.**     This Agreement constitutes a single, integrated written contract expressing the entire Agreement between the parties.   There are no other Agreements, written or oral, expressed or implied, between the parties, except as set forth in this Agreement.

**9.     SEVERABILITY.**   Should any part, term or provision of this Agreement be decided by the courts to be illegal, unenforceable or in conflict with any state or federal law or any other applicable law, the validity and enforceability of the remaining portions of this Agreement shall not be affected thereby.

**10.    DOCUMENT PREPARATION.**   If it becomes necessary for any reason to construe this Agreement as permitted by the Rules of Evidence of the State of Florida, this Agreement will be construed as being jointly prepared and written. The Parties agree that the terms and conditions contained herein have been negotiated, renegotiated and considered several times by the parties. The fact that one party or the other prepared the actual final draft of this Agreement shall not be construed as having created any ambiguity.   Should it become reasonably necessary for the parties to prepare additional documents to carry out the intent of this Agreement, each Party agrees to cooperate in the preparation, execution and delivery of same.

**11.    BINDING EFFECT.**   This Agreement shall be binding upon and inure to the benefit of the parties, and their respective successors, heirs, personal representatives and assigns.

**12.    NO WAIVER.**     No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

**13.    MUTUAL GENERAL RELEASE.**   The Parties agree that they each on their own behalf and on the behalf of any heirs, assigns, beneficiaries, past or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, trustees, and any other person or entity bearing a legal relationship as a predecessor or successor in interest and anyone claiming any rights derived from any of them, forever release, discharge, and hold each other and each other's past, present or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, and any entity bearing a legal relationship as predecessor or successor in interest, harmless of, and from, any all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, or claims arising in tort, or of whatever nature, in law or in equity, arising out of, or related to, the direct claims asserted and any other claims that could be asserted, any

Will's Initials:___   Ronda's Initials:___   Fitzgerald's Initials:___

MCNAE 000069

counterclaims, any third-party claims, and any claims to attorneys' fees and cost, whether or not the claim was raised, or could have been raised. The Parties agree that this Release is not intended as an admission of any wrongdoing or liability on the part of any Party, and that this Release is not admissible as evidence in any proceeding as an admission of liability.  The Parties warrant that they have not made any assignment of any right, claim, or cause of action covered by this Release to any other person, corporation or other legal entity.

14.     **GOVERNING LAW.**   This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principals of Florida law.  The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Miami-Dade County, Florida.

15.     **EXECUTION.**   This Agreement may be made effective by means of facsimile signatures executed on several identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16.     **CONFIDENTIALITY.**     The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys and accountants; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately be communicated to counsel for the opposing party telephonically.  The McNaes further acknowledge and agree that this provision is a material inducement to the Fitzgerald's agreement to pay the Settlement Funds.  Therefore, the McNaes agree and acknowledge that any violation of this section or disclosure of any of the terms of the Settlement Agreement beyond the exceptions identified above in this section shall constitute a material breach of this Agreement.

17.     **NON-DISPARAGEMENT.**        The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

18.     **NO FURTHER OBLIGATIONS.**  The Parties agree that, aside from the obligations set forth in this Agreement, no party owes any other party any monies or benefits.

19.     **BINDING NATURE OF AGREEMENT.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit and/or detriment of each party and to their respective heirs, administrators, representatives, executors, successors and assigns.

20.     **MODIFICATION OF AGREEMENT.**   This Agreement may be amended, revoked, changed, or modified only upon written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___

MCNAE 000070

**21.     SELECTIVE ENFORCEMENT.**   The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

**22.     ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

**23.     ATTORNEYS' FEES.**        In connection with any litigation arising out of this Agreement or in any way related to this Agreement, the prevailing party shall be entitled to recover all costs incurred including, but not limited to, its reasonable attorneys' fees at any level (trial, appeal, bankruptcy, administrative), including fees spent in litigation over entitlement or amount of such fees.

**24.     HEADINGS.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**25.     COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed in two or more counterparts, each of which may be considered an original, and all of which together shall constitute one and the same document.  Facsimile or scanned copies of signature pages shall be treated as original signature pages.

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the Effective Date.


_____                    _____
Will McNae                          Date                    Ronda McNae                          Date




_____
Michael Fitzgerald         Date
Allan D. Lederman, Trustee

**Will's Initials:____     Ronda's Initials:____     Fitzgerald's Initials:____**

#                                                                MCNAE 000071

**Max Meyers**

| | |
|---|---|
| **From:** | Peter E. Berlowe <PEB@AssoulineBerlowe.com> |
| **Sent:** | Friday, June 5, 2020 11:58 AM |
| **To:** | Max Meyers |
| **Subject:** | RE: Fitzgerald/McNae:  Draft Settlement Agreement |
| **Attachments:** | 00292908.DOCX |

**Importance:**      High

Max:

I accepted most of your edits and changes, but made a few more in the attached draft. I still need you to add in the wiring instructions for your trust account.  What I did was accept your changes where I could, and my new additions should show up in light blue.

I am recovering from emergency gallbladder removal surgery, so I may be a little slow to respond.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, June 3, 2020 7:59 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

1

MCNAE 000072

Hi Peter:

Attached is the settlement agreement with some revisions. The changes were made mostly for tax purposes.

Thank you,

Max

*Max Meyers*

Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, May 26, 2020 11:32 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Draft Settlement Agreement

Max:

Attached please find a first draft of the settlement agreement based upon our email discussions.  Please let me know if you have any proposed edits.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are

MCNAE 000073

hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000074

## **Confidential Settlement Agreement**

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement" or the "Agreement") is made and entered this _____ day of June 2020, by and among MICHAEL J. FITZGERALD ("Fitzgerald"), RONDA MCNAE ("Ronda") and WILL MCNAE ("Will") with Ronda and Will collectively referred to as the "McNaes," and Fitzgerald, Ronda, and Will collectively referred to as the "Parties";

### **RECITALS**

**WHEREAS,** Ronda and Will are a married couple;

**WHEREAS**, Fitzgerald is a single male;

**WHEREAS**, the McNaes contend that Fitzgerald caused physical injury and mental injury to them in Miami-Dade County, Florida as a result of Fitzgerald's alleged sexual conduct towards Ronda;

**WHEREAS**, for purposes of avoiding the time and costly expenses associated with litigation, and in the interest of economic expediency, the Parties desire to reach a settlement of all claims between and among themselves; and,

**WHEREAS,** the parties wish to resolve all disputes between and among them;

**NOW THEREFORE** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them.

1.      **RECITALS.**  The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

2.      **NO ADMISSION OF LIABILITY.**The Parties agree to amicably settle all disputes between and among them.  The Parties understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, including any claims for punitive damages, without an admission of liability or any wrongdoing by any of the Parties, any such liability or wrongdoing being expressly denied by each of the Parties.

3.      **CONSIDERATION.**  In consideration of the execution of this Agreement and the promises herein contained, the Parties agree to the following:

A.      <u>Payment of Settlement Funds.</u>      On or before June 15, 2020, Fitzgerald agrees to remit payment in the amount of Ninety-Seven Thousand Dollars and 00/100 cents ($97,000.00) to  Ronda McNae and remit payment in the amount of Ten Thousand Dollars and 00/100 cents to Will McNae (collectively the "Settlement Funds"). The Ssettlement fFunds to

Will's Initials:___    Ronda's Initials:___    Fitzgerald's Initials:___

MCNAE 000075

Ronda McNae are paid in consideration of the physical and mental injuries she claims, and the settlement funds to Will McNae are in consideration of his loss of consortium claims due to the physical and mental injuries suffered by his wife Ronda. The Settlement Funds shall be remitted by wire to the Max Meyers Law PLLC Trust Account with the following wiring instructions:

[INSERT MAX MEYERS LAW PLLC TRUST ACCOUNT WIRE INTRUCTIONS HERE (ABA ROUTING # AND ACCOUNT #)]

**4.      NON-MONETARY TERMS.**  The Parties agree to the following non-monetary terms:

A.      The McNaes shall remove any prior or current internet posts that reference Fitzgerald by name.  The McNaes may speak or write generically about their life events, but in speaking or writing about their life events, the McNaes cannot refer to Fitzgerald's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present.  For instance, Ronda cannot name six people at an event, plus unnamed person, so that the six people will know who the unnamed person is by process of elimination.  Thus, it shall be a breach of this Agreement for the McNaes to indirectly refer to Fitzgerald in a way the McNaes could not do directly.

B.      The McNaes shall not contact Fitzgerald's employer.  If Mr. Fitzgerald's employer contacts either of the McNaes, the McNaes shall respond, "the matter has been resolved and I cannot speak any more about it," or words to that effect.

C.      Notwithstanding the confidentiality provision in Section 16, below, the Parties may continue discuss the matter with their respective mental health professionals, but will advise the mental health professionals of this existence of this Agreement and those mental health professionals must follow this Agreement, as well.

D.      The Parties agree to minimize contact upon execution of this Agreement, and they agree to limit such contact as to be only such contact necessary to enforce the terms of this Agreement, with such contact preferably being by the Parties' respective attorneys.

**5.      REPRESENTATIONS AND WARRANTIES.** In making and executing this Agreement, the Parties represent, warrant and agree as follows:

A.      The Parties have had an opportunity to seek independent legal advice with respect to their rights and asserted rights arising out of the matters in controversy and with respect to the advisability of executing this Agreement.

B.      The Parties have made such investigation of all matters pertaining to this Agreement as they deem necessary, and do not rely on any statement, promise or representation by the other Parties hereto with respect to this matter.

**6.      NO CHALLENGE TO SETTLEMENT.**  The Parties agree that they will take no action, including, but not limited to the institution of a lawsuit or administrative claim, to

Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___

#                                                                                    MCNAE 000076

challenge any provision of this Agreement or regarding the original matter in controversy.

**7.     NO ADMISSION.**  Neither the negotiation nor the execution of this Agreement, nor any of its provisions, are to be construed as an admission by any of the Parties hereto, nor by their respective attorneys, or trustee regarding the truth of any matter alleged relating to the matter of controversy.

**8.     INTEGRATION.**   This Agreement constitutes a single, integrated written contract expressing the entire Agreement between the parties.  There are no other Agreements, written or oral, expressed or implied, between the parties, except as set forth in this Agreement.

**9.     SEVERABILITY.**   Should any part, term or provision of this Agreement be decided by the courts to be illegal, unenforceable or in conflict with any state or federal law or any other applicable law, the validity and enforceability of the remaining portions of this Agreement shall not be affected thereby.

**10.     DOCUMENT PREPARATION.**   If it becomes necessary for any reason to construe this Agreement as permitted by the Rules of Evidence of the State of Florida, this Agreement will be construed as being jointly prepared and written. The Parties agree that the terms and conditions contained herein have been negotiated, renegotiated and considered several times by the parties. The fact that one party or the other prepared the actual final draft of this Agreement shall not be construed as having created any ambiguity.  Should it become reasonably necessary for the parties to prepare additional documents to carry out the intent of this Agreement, each Party agrees to cooperate in the preparation, execution and delivery of same.

**11.     BINDING EFFECT.**  This Agreement shall be binding upon and inure to the benefit of the parties, and their respective successors, heirs, personal representatives and assigns.

**12.     NO WAIVER.**    No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

**13.     MUTUAL GENERAL RELEASE.**  The Parties agree that they each on their own behalf and on the behalf of any heirs, assigns, beneficiaries, past or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, trustees, and any other person or entity bearing a legal relationship as a predecessor or successor in interest and anyone claiming any rights derived from any of them, forever release, discharge, and hold each other and each other's past, present or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, and any entity bearing a legal relationship as predecessor or successor in interest, harmless of, and from, any all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, or claims arising in tort, or of whatever nature, in law or in equity, arising out of, or related to, the direct claims asserted and any other claims that could be asserted, any counterclaims, any third-party claims, and any claims to attorneys' fees and cost, whether or not the claim was raised, or could have been raised. The Parties agree that this Release is not intended as an admission of any wrongdoing or liability on the part of any Party, and that this Release is not

Page **3** of **5**

Will's Initials:___     Ronda's Initials:___     Fitzgerald's Initials:___

MCNAE 000077

admissible as evidence in any proceeding as an admission of liability.  The Parties warrant that they have not made any assignment of any right, claim, or cause of action covered by this Release to any other person, corporation or other legal entity.

**14.    GOVERNING LAW.**   This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principals of Florida law.  The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Miami-Dade County, Florida.

**15.    EXECUTION.**   This Agreement may be made effective by means of facsimile signatures executed on several identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**16.    CONFIDENTIALITY.**      The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys and accountants; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately be communicated to counsel for the opposing party telephonically.  The McNaes further acknowledge and agree that this provision is a material inducement to the Fitzgerald's agreement to pay the Settlement Funds.  Therefore, the McNaes agree and acknowledge that any violation of this section or disclosure of any of the terms of the Settlement Agreement beyond the exceptions identified above in this section shall constitute a material breach of this Agreement.

**17.    NON-DISPARAGEMENT.**      The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

**18.    NO FURTHER OBLIGATIONS.**  The Parties agree that, aside from the obligations set forth in this Agreement, no party owes any other party any monies or benefits.

**19.    BINDING NATURE OF AGREEMENT.**  This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit and/or detriment of each party and to their respective heirs, administrators, representatives, executors, successors and assigns.

**20.    MODIFICATION OF AGREEMENT.**   This Agreement may be amended, revoked, changed, or modified only upon written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**21.    SELECTIVE ENFORCEMENT.**   The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be

Will's Initials:___    Ronda's Initials:___    Fitzgerald's Initials:___

MCNAE 000078

construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

**22.     ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

**23.     ATTORNEYS' FEES.**      In connection with any litigation arising out of this Agreement or in any way related to this Agreement, the prevailing party shall be entitled to recover all costs incurred including, but not limited to, its reasonable attorneys' fees at any level (trial, appeal, bankruptcy, administrative), including fees spent in litigation over entitlement or amount of such fees.

**24.     HEADINGS.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**25.     COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed in two or more counterparts, each of which may be considered an original, and all of which together shall constitute one and the same document.  Facsimile or scanned copies of signature pages shall be treated as original signature pages.

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the Effective Date.


_____          _____
        Will McNae                     Date             Ronda McNae                     Date


_____
        Michael Fitzgerald        Date
Allan D. Lederman, Trustee

**Will's Initials:___    Ronda's Initials:___    Fitzgerald's Initials:___**

#

MCNAE 000079

**Max Meyers**

| | |
|---|---|
| **From:** | Peter E. Berlowe <PEB@AssoulineBerlowe.com> |
| **Sent:** | Monday, June 15, 2020 12:02 PM |
| **To:** | Max Meyers |
| **Subject:** | RE: Fitzgerald/McNae:  Draft Settlement Agreement |

Max, we should change the pay date to June 18th, given that today is the 15th, and I don't know Mr. Fitzgerald's schedule.

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, June 15, 2020 2:05 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Hi Peter,

The McNae's have accepted your final changes. I accept track changes and inserted my trust account information. I did put Ronda first on signature and initials lines, since her claim is primary. I will have the McNae's sign this final version.

Thank you,

*Max Meyers*
Max Meyers Law PLLC

MCNAE 000080

11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Friday, June 5, 2020 11:58 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement
**Importance:** High

Max:

I accepted most of your edits and changes, but made a few more in the attached draft. I still need you to add in the wiring instructions for your trust account.  What I did was accept your changes where I could, and my new additions should show up in light blue.

I am recovering from emergency gallbladder removal surgery, so I may be a little slow to respond.

Sincerely,

Peter E. Berlowe, Esq.
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, June 3, 2020 7:59 PM

MCNAE 000081

**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Hi Peter:

Attached is the settlement agreement with some revisions. The changes were made mostly for tax purposes.

Thank you,

Max

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, May 26, 2020 11:32 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Draft Settlement Agreement

Max:

Attached please find a first draft of the settlement agreement based upon our email discussions.  Please let me know if you have any proposed edits.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

MCNAE 000082

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000083

## Max Meyers

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, June 15, 2020 1:37 PM
**To:** Max Meyers
**Subject:** RE: Fitzgerald/McNae:  Draft Settlement Agreement

Max, it will have to be June 19th.  I just spoke to my client. The money must be transferred from Switzerland to the U.S., and then from his U.S. account to your trust account.  We are pretty sure that will be on June 18th, but to be safe, we are requesting June 19th.

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, June 15, 2020 4:24 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Ok that's fine.

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454

MCNAE 000084

425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, June 15, 2020 12:02 PM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Max, we should change the pay date to June 18th, given that today is the 15th, and I don't know Mr. Fitzgerald's schedule.

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, June 15, 2020 2:05 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Hi Peter,

The McNae's have accepted your final changes. I accept track changes and inserted my trust account information. I did put Ronda first on signature and initials lines, since her claim is primary. I will have the McNae's sign this final version.

Thank you,

*Max Meyers*

MCNAE 000085

Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Friday, June 5, 2020 11:58 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement
**Importance:** High

Max:

I accepted most of your edits and changes, but made a few more in the attached draft. I still need you to add in the wiring instructions for your trust account.  What I did was accept your changes where I could, and my new additions should show up in light blue.

I am recovering from emergency gallbladder removal surgery, so I may be a little slow to respond.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000086

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, June 3, 2020 7:59 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Hi Peter:

Attached is the settlement agreement with some revisions. The changes were made mostly for tax purposes.

Thank you,

Max

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, May 26, 2020 11:32 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Draft Settlement Agreement

Max:

Attached please find a first draft of the settlement agreement based upon our email discussions.  Please let me know if you have any proposed edits.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

MCNAE 000087

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000088

## Max Meyers

| | |
|---|---|
| **From:** | Max Meyers |
| **Sent:** | Monday, June 15, 2020 11:05 AM |
| **To:** | Peter E. Berlowe |
| **Subject:** | RE: Fitzgerald/McNae:  Draft Settlement Agreement |
| **Attachments:** | Settlement Agreement - Draft #4.DOCX |

Hi Peter,

The McNae's have accepted your final changes. I accept track changes and inserted my trust account information. I did put Ronda first on signature and initials lines, since her claim is primary. I will have the McNae's sign this final version.

Thank you,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Friday, June 5, 2020 11:58 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement
**Importance:** High

Max:

I accepted most of your edits and changes, but made a few more in the attached draft. I still need you to add in the wiring instructions for your trust account.  What I did was accept your changes where I could, and my new additions should show up in light blue.

I am recovering from emergency gallbladder removal surgery, so I may be a little slow to respond.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower

1

MCNAE 000089

100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, June 3, 2020 7:59 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Hi Peter:

Attached is the settlement agreement with some revisions. The changes were made mostly for tax purposes.

Thank you,

Max

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, May 26, 2020 11:32 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Draft Settlement Agreement

Max:

Attached please find a first draft of the settlement agreement based upon our email discussions.  Please let me know if you have any proposed edits.

Sincerely,

MCNAE 000090

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law, Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication. Thank you.

MCNAE 000091

## Confidential Settlement Agreement

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement" or the "Agreement") is made and entered this _____ day of June 2020, by and among MICHAEL J. FITZGERALD ("Fitzgerald"), RONDA MCNAE ("Ronda") and WILL MCNAE ("Will") with Ronda and Will collectively referred to as the "McNaes," and Fitzgerald, Ronda, and Will collectively referred to as the "Parties";

### RECITALS

**WHEREAS,** Ronda and Will are a married couple;

**WHEREAS**, Fitzgerald is a single male;

**WHEREAS**, the McNaes contend that Fitzgerald caused physical injury and mental injury to them in Miami-Dade County, Florida as a result of Fitzgerald's alleged sexual conduct towards Ronda;

**WHEREAS**, for purposes of avoiding the time and costly expenses associated with litigation, and in the interest of economic expediency, the Parties desire to reach a settlement of all claims between and among themselves; and,

**WHEREAS,** the parties wish to resolve all disputes between and among them;

**NOW THEREFORE** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them.

1. **RECITALS.** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

2. **NO ADMISSION OF LIABILITY.** The Parties agree to amicably settle all disputes between and among them. The Parties understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, including any claims for punitive damages, without an admission of liability or any wrongdoing by any of the Parties, any such liability or wrongdoing being expressly denied by each of the Parties.

3. **CONSIDERATION.** In consideration of the execution of this Agreement and the promises herein contained, the Parties agree to the following:

   A. <u>Payment of Settlement Funds.</u> On or before June 15, 2020, Fitzgerald agrees to remit payment in the amount of Ninety-Seven Thousand Dollars and 00/100 cents ($97,000.00) to Ronda McNae and remit payment in the amount of Ten Thousand Dollars and 00/100 cents to Will McNae (collectively the "Settlement Funds"). The Settlement Funds to

**Ronda's Initials:___     Will's Initials:___     Fitzgerald's Initials:___**

MCNAE 000092

Ronda McNae are paid in consideration of the physical and mental injuries she claims, and the settlement funds to Will McNae are in consideration of his loss of consortium claims due to the physical and mental injuries suffered by his wife Ronda. The Settlement Funds shall be remitted by wire to the Max Meyers Law PLLC Trust Account with the following wiring instructions:

      MAX MEYERS LAW PLLC IOLTA TRUST ACCOUNT WIRE INTRUCTIONS.
      Banner Bank - ABA Routing #323371076 and Account #5000365818

**4.**     **NON-MONETARY TERMS.** The Parties agree to the following non-monetary terms:

    A.     The McNaes shall remove any prior or current internet posts that reference Fitzgerald by name. The McNaes may speak or write generically about their life events, but in speaking or writing about their life events, the McNaes cannot refer to Fitzgerald's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present. For instance, Ronda cannot name six people at an event, plus unnamed person, so that the six people will know who the unnamed person is by process of elimination. Thus, it shall be a breach of this Agreement for the McNaes to indirectly refer to Fitzgerald in a way the McNaes could not do directly.

    B.     The McNaes shall not contact Fitzgerald's employer. If Mr. Fitzgerald's employer contacts either of the McNaes, the McNaes shall respond, "the matter has been resolved and I cannot speak any more about it," or words to that effect.

    C.     Notwithstanding the confidentiality provision in Section 16, below, the Parties may continue discuss the matter with their respective mental health professionals, but will advise the mental health professionals of this existence of this Agreement and those mental health professionals must follow this Agreement, as well.

    D.     The Parties agree to minimize contact upon execution of this Agreement, and they agree to limit such contact as to be only such contact necessary to enforce the terms of this Agreement, with such contact preferably being by the Parties' respective attorneys.

**5.**     **REPRESENTATIONS AND WARRANTIES.** In making and executing this Agreement, the Parties represent, warrant and agree as follows:

    A.     The Parties have had an opportunity to seek independent legal advice with respect to their rights and asserted rights arising out of the matters in controversy and with respect to the advisability of executing this Agreement.

    B.     The Parties have made such investigation of all matters pertaining to this Agreement as they deem necessary, and do not rely on any statement, promise or representation by the other Parties hereto with respect to this matter.

**6.**     **NO CHALLENGE TO SETTLEMENT.** The Parties agree that they will take no action, including, but not limited to the institution of a lawsuit or administrative claim, to

Ronda's Initials:___      Will's Initials:___      Fitzgerald's Initials:___

MCNAE 000093

challenge any provision of this Agreement or regarding the original matter in controversy.

      **7.**    **NO ADMISSION.**  Neither the negotiation nor the execution of this Agreement, nor any of its provisions, are to be construed as an admission by any of the Parties hereto, nor by their respective attorneys, or trustee regarding the truth of any matter alleged relating to the matter of controversy.

      **8.**    **INTEGRATION.**   This Agreement constitutes a single, integrated written contract expressing the entire Agreement between the parties.  There are no other Agreements, written or oral, expressed or implied, between the parties, except as set forth in this Agreement.

      **9.**    **SEVERABILITY.**   Should any part, term or provision of this Agreement be decided by the courts to be illegal, unenforceable or in conflict with any state or federal law or any other applicable law, the validity and enforceability of the remaining portions of this Agreement shall not be affected thereby.

      **10.**    **DOCUMENT PREPARATION.**   If it becomes necessary for any reason to construe this Agreement as permitted by the Rules of Evidence of the State of Florida, this Agreement will be construed as being jointly prepared and written. The Parties agree that the terms and conditions contained herein have been negotiated, renegotiated and considered several times by the parties. The fact that one party or the other prepared the actual final draft of this Agreement shall not be construed as having created any ambiguity.  Should it become reasonably necessary for the parties to prepare additional documents to carry out the intent of this Agreement, each Party agrees to cooperate in the preparation, execution and delivery of same.

      **11.**    **BINDING EFFECT.**  This Agreement shall be binding upon and inure to the benefit of the parties, and their respective successors, heirs, personal representatives and assigns.

      **12.**    **NO WAIVER.**   No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

      **13.**    **MUTUAL GENERAL RELEASE.**  The Parties agree that they each on their own behalf and on the behalf of any heirs, assigns, beneficiaries, past or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, trustees, and any other person or entity bearing a legal relationship as a predecessor or successor in interest and anyone claiming any rights derived from any of them, forever release, discharge, and hold each other and each other's past, present or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, and any entity bearing a legal relationship as predecessor or successor in interest, harmless of, and from, any all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, or claims arising in tort, or of whatever nature, in law or in equity, arising out of, or related to, the direct claims asserted and any other claims that could be asserted, any counterclaims, any third-party claims, and any claims to attorneys' fees and cost, whether or not the claim was raised, or could have been raised. The Parties agree that this Release is not intended as an admission of any wrongdoing or liability on the part of any Party, and that this Release is not

Ronda's Initials:___     Will's Initials:___     Fitzgerald's Initials:___

MCNAE 000094

admissible as evidence in any proceeding as an admission of liability.  The Parties warrant that they have not made any assignment of any right, claim, or cause of action covered by this Release to any other person, corporation or other legal entity.

**14.    GOVERNING LAW.**   This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principals of Florida law.  The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Miami-Dade County, Florida.

**15.    EXECUTION.**  This Agreement may be made effective by means of facsimile signatures executed on several identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**16.    CONFIDENTIALITY.**      The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys and accountants; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately be communicated to counsel for the opposing party telephonically.  The McNaes further acknowledge and agree that this provision is a material inducement to the Fitzgerald's agreement to pay the Settlement Funds.  Therefore, the McNaes agree and acknowledge that any violation of this section or disclosure of any of the terms of the Settlement Agreement beyond the exceptions identified above in this section shall constitute a material breach of this Agreement.

**17.    NON-DISPARAGEMENT.**      The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

**18.    NO FURTHER OBLIGATIONS.**  The Parties agree that, aside from the obligations set forth in this Agreement, no party owes any other party any monies or benefits.

**19.    BINDING NATURE OF AGREEMENT.**  This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit and/or detriment of each party and to their respective heirs, administrators, representatives, executors, successors and assigns.

**20.    MODIFICATION OF AGREEMENT.**   This Agreement may be amended, revoked, changed, or modified only upon written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**21.    SELECTIVE ENFORCEMENT.**   The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be

Ronda's Initials:___     Will's Initials:___     Fitzgerald's Initials:___

MCNAE 000095

construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

22.　**ENTIRE AGREEMENT.**　This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

23.　**ATTORNEYS' FEES.**　　In connection with any litigation arising out of this Agreement or in any way related to this Agreement, the prevailing party shall be entitled to recover all costs incurred including, but not limited to, its reasonable attorneys' fees at any level (trial, appeal, bankruptcy, administrative), including fees spent in litigation over entitlement or amount of such fees.

24.　**HEADINGS.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

25.　**COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed in two or more counterparts, each of which may be considered an original, and all of which together shall constitute one and the same document.  Facsimile or scanned copies of signature pages shall be treated as original signature pages.

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the Effective Date.


_____　　_____
　　　Ronda McNae　　　　　Date　　　　　Will McNae　　　　　Date



_____
　　　Michael Fitzgerald　　　Date
Allan D. Lederman, Trustee

**Ronda's Initials:___　　Will's Initials:___　　Fitzgerald's Initials:___**

MCNAE 000096

## Max Meyers

| | |
|---|---|
| **From:** | Max Meyers |
| **Sent:** | Monday, June 15, 2020 3:50 PM |
| **To:** | Peter E. Berlowe |
| **Subject:** | RE: Fitzgerald/McNae:  Draft Settlement Agreement |
| **Attachments:** | Settlement Agreement - Final - signed by McNae's - 6.15.20.pdf |

Peter,

Attached is the signed settlement agreement from the McNae's.

Thank you,

Max

*Max Meyers*

Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, June 15, 2020 1:37 PM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Max, it will have to be June 19th.  I just spoke to my client. The money must be transferred from Switzerland to the U.S., and then from his U.S. account to your trust account.  We are pretty sure that will be on June 18th, but to be safe, we are requesting June 19th.

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

MCNAE 000097

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, June 15, 2020 4:24 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Ok that's fine.

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, June 15, 2020 12:02 PM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Max, we should change the pay date to June 18th, given that today is the 15th, and I don't know Mr. Fitzgerald's schedule.

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

www.assoulineberlowe.com

MCNAE 000098

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, June 15, 2020 2:05 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Hi Peter,

The McNae's have accepted your final changes. I accept track changes and inserted my trust account information. I did put Ronda first on signature and initials lines, since her claim is primary. I will have the McNae's sign this final version.

Thank you,

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Friday, June 5, 2020 11:58 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement
**Importance:** High

Max:

I accepted most of your edits and changes, but made a few more in the attached draft. I still need you to add in the wiring instructions for your trust account.  What I did was accept your changes where I could, and my new additions should show up in light blue.

I am recovering from emergency gallbladder removal surgery, so I may be a little slow to respond.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**

3

MCNAE 000099

**ASSOULINE & BERLOWE**
THE BUSINESS LAW FIRM

**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

---

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Wednesday, June 3, 2020 7:59 PM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Fitzgerald/McNae: Draft Settlement Agreement

Hi Peter:

Attached is the settlement agreement with some revisions. The changes were made mostly for tax purposes.

Thank you,

Max

*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, May 26, 2020 11:32 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Draft Settlement Agreement

4

MCNAE 000100

Max:

Attached please find a first draft of the settlement agreement based upon our email discussions.  Please let me know if you have any proposed edits.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000101

## Confidential Settlement Agreement

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement" or the "Agreement") is made and entered this <u>15th</u> day of June 2020, by and among MICHAEL J. FITZGERALD ("Fitzgerald"), RONDA MCNAE ("Ronda") and WILL MCNAE ("Will") with Ronda and Will collectively referred to as the "McNaes," and Fitzgerald, Ronda, and Will collectively referred to as the "Parties";

### RECITALS

**WHEREAS,** Ronda and Will are a married couple;

**WHEREAS**, Fitzgerald is a single male;

**WHEREAS**, the McNaes contend that Fitzgerald caused physical injury and mental injury to them in Miami-Dade County, Florida as a result of Fitzgerald's alleged sexual conduct towards Ronda;

**WHEREAS**, for purposes of avoiding the time and costly expenses associated with litigation, and in the interest of economic expediency, the Parties desire to reach a settlement of all claims between and among themselves; and,

**WHEREAS,** the parties wish to resolve all disputes between and among them;

**NOW THEREFORE** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them.

1. **RECITALS.** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

2. **NO ADMISSION OF LIABILITY.** The Parties agree to amicably settle all disputes between and among them. The Parties understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, including any claims for punitive damages, without an admission of liability or any wrongdoing by any of the Parties, any such liability or wrongdoing being expressly denied by each of the Parties.

3. **CONSIDERATION.** In consideration of the execution of this Agreement and the promises herein contained, the Parties agree to the following:

A. <u>Payment of Settlement Funds.</u>     On or before June 19, 2020, Fitzgerald agrees to remit payment in the amount of Ninety-Seven Thousand Dollars and 00/100 cents ($97,000.00) to Ronda McNae and remit payment in the amount of Ten Thousand Dollars and 00/100 cents to Will McNae (collectively the "Settlement Funds"). The Settlement Funds to

Page 1 of 5

Ronda's Initials: _____ Will's Initials: _____ Fitzgerald's Initials: ___

MCNAE 000102

Ronda McNae are paid in consideration of the physical and mental injuries she claims, and the settlement funds to Will McNae are in consideration of his loss of consortium claims due to the physical and mental injuries suffered by his wife Ronda. The Settlement Funds shall be remitted by wire to the Max Meyers Law PLLC Trust Account with the following wiring instructions:

> MAX MEYERS LAW PLLC IOLTA TRUST ACCOUNT WIRE INTRUCTIONS.
> Banner Bank - ABA Routing #323371076 and Account #5000365818

    **4.**    **NON-MONETARY TERMS.** The Parties agree to the following non-monetary terms:

        **A.**    The McNaes shall remove any prior or current internet posts that reference Fitzgerald by name. The McNaes may speak or write generically about their life events, but in speaking or writing about their life events, the McNaes cannot refer to Fitzgerald's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present. For instance, Ronda cannot name six people at an event, plus and unnamed person, so that the six people will know who the unnamed person is by process of elimination. Thus, it shall be a breach of this Agreement for the McNaes to indirectly refer to Fitzgerald in a way the McNaes could not do directly.

        **B.**    The McNaes shall not contact Fitzgerald's employer. If Mr. Fitzgerald's employer contacts either of the McNaes, the McNaes shall respond, "the matter has been resolved and I cannot speak any more about it," or words to that effect.

        **C.**    Notwithstanding the confidentiality provision in Section 16, below, the Parties may continue discuss the matter with their respective mental health professionals, but will advise the mental health professionals of this existence of this Agreement and those mental health professionals must follow this Agreement, as well.

        **D.**    The Parties agree to minimize contact upon execution of this Agreement, and they agree to limit such contact as to be only such contact necessary to enforce the terms of this Agreement, with such contact preferably being by the Parties' respective attorneys.

    **5.**    **REPRESENTATIONS AND WARRANTIES.** In making and executing this Agreement, the Parties represent, warrant and agree as follows:

        **A.**    The Parties have had an opportunity to seek independent legal advice with respect to their rights and asserted rights arising out of the matters in controversy and with respect to the advisability of executing this Agreement.

        **B.**    The Parties have made such investigation of all matters pertaining to this Agreement as they deem necessary, and do not rely on any statement, promise or representation by the other Parties hereto with respect to this matter.

    **6.**    **NO CHALLENGE TO SETTLEMENT.** The Parties agree that they will take no action, including, but not limited to the institution of a lawsuit or administrative claim, to



Ronda's Initials: _____     Will's Initials: _____     Fitzgerald's Initials: ___

MCNAE 000103

challenge any provision of this Agreement or regarding the original matter in controversy.

**7.    NO ADMISSION.**  Neither the negotiation nor the execution of this Agreement, nor any of its provisions, are to be construed as an admission by any of the Parties hereto, nor by their respective attorneys, or trustee regarding the truth of any matter alleged relating to the matter of controversy.

**8.    INTEGRATION.**    This Agreement constitutes a single, integrated written contract expressing the entire Agreement between the parties.  There are no other Agreements, written or oral, expressed or implied, between the parties, except as set forth in this Agreement.

**9.    SEVERABILITY.**    Should any part, term or provision of this Agreement be decided by the courts to be illegal, unenforceable or in conflict with any state or federal law or any other applicable law, the validity and enforceability of the remaining portions of this Agreement shall not be affected thereby.

**10.    DOCUMENT PREPARATION.**    If it becomes necessary for any reason to construe this Agreement as permitted by the Rules of Evidence of the State of Florida, this Agreement will be construed as being jointly prepared and written. The Parties agree that the terms and conditions contained herein have been negotiated, renegotiated and considered several times by the parties. The fact that one party or the other prepared the actual final draft of this Agreement shall not be construed as having created any ambiguity.  Should it become reasonably necessary for the parties to prepare additional documents to carry out the intent of this Agreement, each Party agrees to cooperate in the preparation, execution and delivery of same.

**11.    BINDING EFFECT.**  This Agreement shall be binding upon and inure to the benefit of the parties, and their respective successors, heirs, personal representatives and assigns.

**12.    NO WAIVER.**    No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

**13.    MUTUAL GENERAL RELEASE.**  The Parties agree that they each on their own behalf and on the behalf of any heirs, assigns, beneficiaries, past or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, trustees, and any other person or entity bearing a legal relationship as a predecessor or successor in interest and anyone claiming any rights derived from any of them, forever release, discharge, and hold each other and each other's past, present or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, and any entity bearing a legal relationship as predecessor or successor in interest, harmless of, and from, any all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, or claims arising in tort, or of whatever nature, in law or in equity, arising out of, or related to, the direct claims asserted and any other claims that could be asserted, any counterclaims, any third-party claims, and any claims to attorneys' fees and cost, whether or not the claim was raised, or could have been raised. The Parties agree that this Release is not intended as an admission of any wrongdoing or liability on the part of any Party, and that this Release is not



Ronda's Initials:_____   Will's Initials:_____   Fitzgerald's Initials:___

MCNAE 000104

admissible as evidence in any proceeding as an admission of liability. The Parties warrant that they have not made any assignment of any right, claim, or cause of action covered by this Release to any other person, corporation or other legal entity.

**14.    GOVERNING LAW.**   This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principals of Florida law. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Miami-Dade County, Florida.

**15.    EXECUTION.**   This Agreement may be made effective by means of facsimile signatures executed on several identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**16.    CONFIDENTIALITY.**      The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys and accountants; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately be communicated to counsel for the opposing party telephonically. The McNaes further acknowledge and agree that this provision is a material inducement to the Fitzgerald's agreement to pay the Settlement Funds. Therefore, the McNaes agree and acknowledge that any violation of this section or disclosure of any of the terms of the Settlement Agreement beyond the exceptions identified above in this section shall constitute a material breach of this Agreement.

**17.    NON-DISPARAGEMENT.**        The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

**18.    NO FURTHER OBLIGATIONS.**  The Parties agree that, aside from the obligations set forth in this Agreement, no party owes any other party any monies or benefits.

**19.    BINDING NATURE OF AGREEMENT.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit and/or detriment of each party and to their respective heirs, administrators, representatives, executors, successors and assigns.

**20.    MODIFICATION OF AGREEMENT.**    This Agreement may be amended, revoked, changed, or modified only upon written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**21.    SELECTIVE ENFORCEMENT.**   The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be



Ronda's Initials: ____   Will's Initials: ____   Fitzgerald's Initials:___

construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

**22.    ENTIRE AGREEMENT.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

**23.    ATTORNEYS' FEES.**    In connection with any litigation arising out of this Agreement or in any way related to this Agreement, the prevailing party shall be entitled to recover all costs incurred including, but not limited to, its reasonable attorneys' fees at any level (trial, appeal, bankruptcy, administrative), including fees spent in litigation over entitlement or amount of such fees.

**24.    HEADINGS.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**25.    COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed in two or more counterparts, each of which may be considered an original, and all of which together shall constitute one and the same document.  Facsimile or scanned copies of signature pages shall be treated as original signature pages.

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the Effective Date.

_____  6-15-2020        _____  6-15-2020
Ronda McNae          Date                    Will McNae          Date

_____
Michael Fitzgerald      Date
Allan D. Lederman, Trustee

Ronda's Initials:_____  Will's Initials:_WM_  Fitzgerald's Initials:_____

MCNAE 000106

**Max Meyers**

| | |
|---|---|
| **From:** | Peter E. Berlowe <PEB@AssoulineBerlowe.com> |
| **Sent:** | Tuesday, June 16, 2020 11:58 AM |
| **To:** | Max Meyers |
| **Subject:** | Fitzgerald/McNae:  Fully Executed Settlement Agreement |
| **Attachments:** | Fully Executed Settlement Agreement - Final - Executed by All Parties (00293814xA4579).pdf |

| | |
|---|---|
| **Importance:** | High |


Max:

Attached please find the fully executed settlement agreement, executed by all parties.  The settlement funds should hit your trust account by June 19th.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

Miami · Ft. Lauderdale · Boca Raton


The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000107

### Confidential Settlement Agreement

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement" or the "Agreement") is made and entered this  15th  day of June 2020, by and among MICHAEL J. FITZGERALD ("Fitzgerald"), RONDA MCNAE ("Ronda") and WILL MCNAE ("Will") with Ronda and Will collectively referred to as the "McNaes," and Fitzgerald, Ronda, and Will collectively referred to as the "Parties";

### RECITALS

**WHEREAS,** Ronda and Will are a married couple;

**WHEREAS,** Fitzgerald is a single male;

**WHEREAS,** the McNaes contend that Fitzgerald caused physical injury and mental injury to them in Miami-Dade County, Florida as a result of Fitzgerald's alleged sexual conduct towards Ronda;

**WHEREAS,** for purposes of avoiding the time and costly expenses associated with litigation, and in the interest of economic expediency, the Parties desire to reach a settlement of all claims between and among themselves; and,

**WHEREAS,** the parties wish to resolve all disputes between and among them;

**NOW THEREFORE** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them.

1.      **RECITALS.**  The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

2.      **NO ADMISSION OF LIABILITY.** The Parties agree to amicably settle all disputes between and among them.  The Parties understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, including any claims for punitive damages, without an admission of liability or any wrongdoing by any of the Parties, any such liability or wrongdoing being expressly denied by each of the Parties.

3.      **CONSIDERATION.**  In consideration of the execution of this Agreement and the promises herein contained, the Parties agree to the following:

A.      Payment of Settlement Funds.        On or before June 19, 2020, Fitzgerald agrees to remit payment in the amount of Ninety-Seven Thousand Dollars and 00/100 cents ($97,000.00) to Ronda McNae and remit payment in the amount of Ten Thousand Dollars and 00/100 cents to Will McNae (collectively the "Settlement Funds"). The Settlement Funds to

Ronda's Initials: _____  Will's Initials: _____  Fitzgerald's Initials: _____

MCNAE 000108

Ronda McNae are paid in consideration of the physical and mental injuries she claims, and the settlement funds to Will McNae are in consideration of his loss of consortium claims due to the physical and mental injuries suffered by his wife Ronda. The Settlement Funds shall be remitted by wire to the Max Meyers Law PLLC Trust Account with the following wiring instructions:

> MAX MEYERS LAW PLLC IOLTA TRUST ACCOUNT WIRE INTRUCTIONS.
> Banner Bank - ABA Routing #323371076 and Account #5000365818

**4.     NON-MONETARY TERMS.** The Parties agree to the following non-monetary terms:

A.     The McNaes shall remove any prior or current internet posts that reference Fitzgerald by name. The McNaes may speak or write generically about their life events, but in speaking or writing about their life events, the McNaes cannot refer to Fitzgerald's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present. For instance, Ronda cannot name six people at an event, plus and unnamed person, so that the six people will know who the unnamed person is by process of elimination. Thus, it shall be a breach of this Agreement for the McNaes to indirectly refer to Fitzgerald in a way the McNaes could not do directly.

B.     The McNaes shall not contact Fitzgerald's employer. If Mr. Fitzgerald's employer contacts either of the McNaes, the McNaes shall respond, "the matter has been resolved and I cannot speak any more about it," or words to that effect.

C.     Notwithstanding the confidentiality provision in Section 16, below, the Parties may continue discuss the matter with their respective mental health professionals, but will advise the mental health professionals of this existence of this Agreement and those mental health professionals must follow this Agreement, as well.

D.     The Parties agree to minimize contact upon execution of this Agreement, and they agree to limit such contact as to be only such contact necessary to enforce the terms of this Agreement, with such contact preferably being by the Parties' respective attorneys.

**5.     REPRESENTATIONS AND WARRANTIES.** In making and executing this Agreement, the Parties represent, warrant and agree as follows:

A.     The Parties have had an opportunity to seek independent legal advice with respect to their rights and asserted rights arising out of the matters in controversy and with respect to the advisability of executing this Agreement.

B.     The Parties have made such investigation of all matters pertaining to this Agreement as they deem necessary, and do not rely on any statement, promise or representation by the other Parties hereto with respect to this matter.

**6.     NO CHALLENGE TO SETTLEMENT.** The Parties agree that they will take no action, including, but not limited to the institution of a lawsuit or administrative claim, to

Ronda's Initials: _____   Will's Initials: _____   Fitzgerald's Initials: _____

MCNAE 000109

challenge any provision of this Agreement or regarding the original matter in controversy.

**7.    NO ADMISSION.**  Neither the negotiation nor the execution of this Agreement, nor any of its provisions, are to be construed as an admission by any of the Parties hereto, nor by their respective attorneys, or trustee regarding the truth of any matter alleged relating to the matter of controversy.

**8.    INTEGRATION.**    This Agreement constitutes a single, integrated written contract expressing the entire Agreement between the parties.  There are no other Agreements, written or oral, expressed or implied, between the parties, except as set forth in this Agreement.

**9.    SEVERABILITY.**    Should any part, term or provision of this Agreement be decided by the courts to be illegal, unenforceable or in conflict with any state or federal law or any other applicable law, the validity and enforceability of the remaining portions of this Agreement shall not be affected thereby.

**10.    DOCUMENT PREPARATION.**    If it becomes necessary for any reason to construe this Agreement as permitted by the Rules of Evidence of the State of Florida, this Agreement will be construed as being jointly prepared and written. The Parties agree that the terms and conditions contained herein have been negotiated, renegotiated and considered several times by the parties. The fact that one party or the other prepared the actual final draft of this Agreement shall not be construed as having created any ambiguity.  Should it become reasonably necessary for the parties to prepare additional documents to carry out the intent of this Agreement, each Party agrees to cooperate in the preparation, execution and delivery of same.

**11.    BINDING EFFECT.**  This Agreement shall be binding upon and inure to the benefit of the parties, and their respective successors, heirs, personal representatives and assigns.

**12.    NO WAIVER.**    No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

**13.    MUTUAL GENERAL RELEASE.** The Parties agree that they each on their own behalf and on the behalf of any heirs, assigns, beneficiaries, past or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, trustees, and any other person or entity bearing a legal relationship as a predecessor or successor in interest and anyone claiming any rights derived from any of them, forever release, discharge, and hold each other and each other's past, present or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, and any entity bearing a legal relationship as predecessor or successor in interest, harmless of, and from, any all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, or claims arising in tort, or of whatever nature, in law or in equity, arising out of, or related to, the direct claims asserted and any other claims that could be asserted, any counterclaims, any third-party claims, and any claims to attorneys' fees and cost, whether or not the claim was raised, or could have been raised. The Parties agree that this Release is not intended as an admission of any wrongdoing or liability on the part of any Party, and that this Release is not

Ronda's Initials: _____   Will's Initials: _____   Fitzgerald's Initials: _____

MCNAE 000110

admissible as evidence in any proceeding as an admission of liability. The Parties warrant that they have not made any assignment of any right, claim, or cause of action covered by this Release to any other person, corporation or other legal entity.

**14.     GOVERNING LAW.**   This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principals of Florida law. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Miami-Dade County, Florida.

**15.     EXECUTION.**   This Agreement may be made effective by means of facsimile signatures executed on several identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**16.     CONFIDENTIALITY.**      The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys and accountants; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately be communicated to counsel for the opposing party telephonically. The McNaes further acknowledge and agree that this provision is a material inducement to the Fitzgerald's agreement to pay the Settlement Funds. Therefore, the McNaes agree and acknowledge that any violation of this section or disclosure of any of the terms of the Settlement Agreement beyond the exceptions identified above in this section shall constitute a material breach of this Agreement.

**17.     NON-DISPARAGEMENT.**         The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

**18.     NO FURTHER OBLIGATIONS.** The Parties agree that, aside from the obligations set forth in this Agreement, no party owes any other party any monies or benefits.

**19.     BINDING NATURE OF AGREEMENT.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit and/or detriment of each party and to their respective heirs, administrators, representatives, executors, successors and assigns.

**20.     MODIFICATION OF AGREEMENT.**   This Agreement may be amended, revoked, changed, or modified only upon written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**21.     SELECTIVE ENFORCEMENT.**   The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be

Ronda's Initials: _____  Will's Initials: _____  Fitzgerald's Initials: _____

MCNAE 000111

construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

**22.    ENTIRE AGREEMENT.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

**23.    ATTORNEYS' FEES.**    In connection with any litigation arising out of this Agreement or in any way related to this Agreement, the prevailing party shall be entitled to recover all costs incurred including, but not limited to, its reasonable attorneys' fees at any level (trial, appeal, bankruptcy, administrative), including fees spent in litigation over entitlement or amount of such fees.

**24.    HEADINGS.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**25.    COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed in two or more counterparts, each of which may be considered an original, and all of which together shall constitute one and the same document.  Facsimile or scanned copies of signature pages shall be treated as original signature pages.

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the Effective Date.

| | | | |
|---|---|---|---|
| Ronda McNae | 6-15-2020 | Will McNae | 6-15-2020 |
| | Date | | Date |

Michael Fitzgerald          6-16-2020
                             Date
Allan D. Lederman, Trustee

Page 5 of 5

**Ronda's Initials:** _____   **Will's Initials:** __WM__   **Fitzgerald's Initials:** _____

MCNAE 000112

## Max Meyers

| | |
|---|---|
| **From:** | Max Meyers |
| **Sent:** | Tuesday, June 16, 2020 4:11 PM |
| **To:** | Peter E. Berlowe |
| **Subject:** | RE: Fitzgerald/McNae:  Fully Executed Settlement Agreement |

Ok thanks.


*Max Meyers*
Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Tuesday, June 16, 2020 11:58 AM
**To:** Max Meyers <max@maxmeyerslaw.com>
**Subject:** Fitzgerald/McNae: Fully Executed Settlement Agreement
**Importance:** High

Max:

Attached please find the fully executed settlement agreement, executed by all parties.  The settlement funds should hit your trust account by June 19th.

Sincerely,

**Peter E. Berlowe, Esq.**
**Business and Intellectual Property Litigation**



**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
**Telephone: 305-567-5576**

**www.assoulineberlowe.com**

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, Bankruptcy, Trusts & Estates, Probate and Guardianship

MCNAE 000113

Miami · Ft. Lauderdale · Boca Raton

The information contained in this email message is intended only for use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone (305-567-5576), and destroy the original message. This communication is an attorney-client and work-product privileged communication.  Thank you.

MCNAE 000114