**Confidential Settlement Agreement**



Will's Initials:___   Ronda's Initials:____   Fitzgerald's Initials:___

CONFIDENTIAL EQUIP 000018



Page **2** of **5**

**Will's Initials:**\_\_\_    **Ronda's Initials:**\_\_\_\_    **Fitzgerald's Initials:**\_\_\_



**Will's Initials:**\_\_\_     **Ronda's Initials:**\_\_\_\_     **Fitzgerald's Initials:**\_\_\_
CONFIDENTIAL                    EQUIP 000020



Page **4** of **5**

**Will's Initials:**\_\_\_   **Ronda's Initials:**\_\_\_   **Fitzgerald's Initials:**\_\_\_

CONFIDENTIAL                    EQUIP 000021

███████████████████████████████

_____     _____
   Will McNae          Date         Ronda McNae         Date


_____
   Michael Fitzgerald   Date
Allan D. Lederman, Trustee

Page **5** of **5**

**Will's Initials:**___     **Ronda's Initials:**___     **Fitzgerald's Initials:**___
CONFIDENTIAL                                        EQUIP 000022

**Date : 5/4/2020 1:25:34 PM**
**From : "Tami Wakasugi" t.wakasugi@me.com**
**To : "Ronda Herd-McNae" rondamcnae@gmail.com**
**Subject : Re: Latest Settlement offer**

Is Max Meyers your attorney?  And what he sent you is what "the guy"'s attorney sent to him?

Tami
425-922-2949
t.wakasugi@me.com

On May 4, 2020, at 10:16 AM, Ronda McNae <rondamcnae@gmail.com> wrote:

**From:** Max Meyers <max@maxmeyerslaw.com>
**Sent:** Monday, May 4, 2020 9:19 AM
**To:** rondamcnae@gmail.com; Will McNae
**Subject:** Latest Settlement offer

Hi Ronda & Will,

Last Wednesday we made a counter offer at $110,000, with a 5,000 penalty for breach of NDA, with ability to continue speak with mental health counselor, account and attorney as needed. Below is there response. They are insisting on the large penalty for breach of the NDA and no talking about it at all even without reference to him in any way. Take a look and we can discuss.

In response to your settlement email below, we will need to make the following changes:

1. The $110,000, less $3,000.00 already paid, is agreeable.  I believe $1,500 is on autopay for this week, so if that happens, the total will be less that as well.
2. If it is going to be a lump sum, we need to make the pay by date June 15, 2020, as Mr. Fitzgerald will have to liquidate and transfer some assets out of a retirement account.
3. The liquidated damages if either of the McNae's breaches cannot be $5,000.  The can't get nearly double the previously agreed amount, and then they can just turn around and breach for a *de minimus* $5,000 damage.  The liquidated damage needs to be far closer to the damage they would be causing Mr. Fitzgerald if they breach.  Moreover, this should not matter to them if they don't intend to breach.  $250,000 liquidated damage if the McNae's breach is the lowest Mr. Fitzgerald will consider, and it must be joint and several.  If one breaches, they both breach.  Liquidated damage to be enforced by later suit for damages if necessary.  The McNaes do not need to return the settlement funds received if they breach.  If the McNaes generate income off their breach of the agreement, all funds earned of their breach of the agreement shall be property of Mr. Fitzgerald, and subject to a damages claim to be enforced by later suit for damages in addition to the liquidated damages.
4. The McNaes must remove the internet posts they have put on the internet about this incident, directly or indirectly, with or without reference to Mr. Fitzgerald by name.
5. If Mr. Fitzgerald breaches the confidentiality/non-disclosure, then the confidentiality/non-disclosure will be void and dissolved as to the McNaes is agreeable, so long it is upon notice

MCNAE 003503

      with fifteen (15) business days to seek injunctive relief if Mr. Fitzgerald feels he made no such disclosure, or if such disclosure was pursuant to law or court order.

6. An agreed statement that all parties can state to people already involved. "The matter has been resolved and I cannot speak any more about it" or something similar is agreeable to Mr. Fitzgerald.
7. Mr. and Ms. McNae, as well as Mr. Fitzgerald, may continue discuss the matter with their respective mental health professionals, but will advise the professionals of NDA and that counselor must follow NDA as well. Same will apply to legal or tax counsel.

*Max Meyers*

Max Meyers Law PLLC
11714 N. Creek Pwy. N., Suite 125
Bothell, WA 98011
425.485.2454
425.485.2467 fax
mailto:max@maxmeyerslaw.com
www.MaxMeyersLaw.com
www.MaxPowerLaw.com

**CONFIDENTIALITY NOTICE**

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you have received this email message in error, please notify the sender via email or telephone at (425) 242-5595 and do not read the contents. If there is an attachment to this email, you are not authorized to open the attachment or read the contents unless you are the intended recipient. No waiver of the attorney client privilege or work-product privilege is intended if this email is sent to an unintended or unauthorized. All Max Meyers Law PLLC attorneys are licensed to practice law in Washington and do not intend to give legal advice to anyone with legal matters not involving Washington law or federal law.

MCNAE 003504