IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MICHAEL J. FITZGERALD,     CASE NO: 2023-025855-CA-01

    Plaintiff,

v.

WILLIAM MCNAE,

    Defendant.

_____ /

# DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY MOTION FOR RECONSIDERATION OF FEBRUARY 25, 2024 ORDER DENYING MOTION FOR STAY

Defendant, William McNae ("McNae") through his counsel, hereby files this Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion for Rehearing of the February 24, 2024 Order Denying Motion to Stay, and states as follows:

## I.   INTRODUCTION

In this action, Plaintiff, Michael Fitzgerald ("Fitzgerald"), alleges Defendant William McNae breached a confidentiality provision of the parties' Settlement Agreement.

The claims raised in this case were previously asserted by Fitzgerald against William McNae in a still-ongoing federal action. *Fitzgerald v. McNae*, Case No. 22-cv-22171 (S.D. Fla.) (the "Federal Action"). To avoid the potential for inconsistent rulings over the same subject matter, Defendant McNae moved to stay this case pending a resolution of the Federal Action.

1

On February 25, 2024, the Court denied that motion to stay and directed McNae to respond to Fitzgerald's state court complaint. A copy of the Court's order is attached as **Exhibit A.**

As detailed below, dismissal is appropriate because McNae is a Washington resident who is not subject to personal jurisdiction before this Court. McNae did not breach any portion of the Settlement Agreement in this or any state, and he did not engage in any conduct in Florida or otherwise direct his actions to this state. And while the Confidential Settlement Agreement includes a forum selection clause – that clause is not enough to confer personal jurisdiction over McNae without additional minimum contacts with Florida.

Since McNae lacks sufficient minimum contacts, dismissal is an appropriate remedy based on this Court's lack of personal jurisdiction. Alternatively, and should the Court disagree, McNae requests that the Court reconsider its previous denial of McNae's request to stay this proceeding, based on the ongoing and related Federal Action.

## II. STATEMENT OF FACTS

**A. Fitzgerald's Previously Filed Federal Action.**

Fitzgerald commenced a federal court action in July 2022, by filing a one-count breach of contract complaint against Ronda McNae, William McNae's wife. The complaint alleged breaches of the same Confidential Settlement Agreement that is at issue here.

In December 2022, Fitzgerald filed an amended complaint in the Federal Action that added William McNae as a defendant. The amended complaint alleged the same breaches of the Settlement Agreement as the Amended Complaint filed in this Court.

On January 27, 2023, Defendant McNae (together with his wife, Ronda McNae) moved to dismiss the Federal Action. In their motion, Defendants argued that (1) the federal amended complaint failed to allege sufficient facts to support diversity jurisdiction, and (2) Plaintiff's tort claims were barred by the independent tort doctrine. *Id.* at D.E. 39.

On August 2, 2023 (and as clarified in an Amended Order dated October 24, 2023), the federal court dismissed all tort claims asserted by Fitzgerald as barred by the independent tort doctrine and held it did not have jurisdiction over William McNae. A single count for breach of the Settlement Agreement against Ronda McNae remains pending in the Federal Action. A final judgment has not been entered against William McNae in that case.

**B. Fitzgerald Pursues Near Identical Relief in this Court.**

In this parallel state action, Fitzgerald's Amended Complaint alleges that McNae is a resident of Washington state, who breached several provisions of the Confidential Settlement Agreement by contacting SoftwareONE (Fitzgerald's then-employer) on July 15, 2022 and by contacting Microsoft (Defendant's employer who used to do business with SoftwareONE) on April 12, 2022; April 20, 2022; May 2, 2022 and July 13, 2022. *Am Compl, ¶ 16*. Fitzgerald also alleges that McNae breached the Confidential Settlement Agreement by contacting others about the agreement and by "working in

3

concert with his wife, Ronda McNae, to commit her breaches of the Confidential Settlement Agreement and her lies to Fitzgerald." *See Am. Compl, ¶ 16 and 22(g).*

In support of personal jurisdiction, Fitzgerald alleges:

> This Court has personal jurisdiction over Defendant pursuant to Florida Statute §48.193 because he has breached a contract in this state by failing to perform acts required by the Confidential Settlement Agreement to be performed in this state. Furthermore, this Court has jurisdiction over Defendant pursuant to Florida Statute §685.102 because the Confidential Settlement Agreement has a Florida choice of law provision and Defendant has therefore agreed to submit to the jurisdiction of the courts of this state.

*Am. Compl, ¶ 5.*

### III. ARGUMENT AND ANALYSIS

**A. The Court Lacks Personal Jurisdiction Over McNae**

"A defendant from a foreign jurisdiction may contest jurisdiction by filing a motion to dismiss." *Law Offices of Sybil Shainwald v. Barro*, 817 So.2d 873, 876 (Fla. 5th DCA 2002). Here, the Amended Complaint confirms that McNae "is domiciled in Washington State." *Am. Compl, ¶ 2, 3.*

Florida courts use a two-step analysis to determine whether personal jurisdiction can be properly exercised over a non-resident defendant. *Kingsland Estates, Ltd. v. Davis*, 170 So. 3d 825, 828 (Fla. 3d DCA 2015)(*citing Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). First, the allegations in the complaint must bring the action within Florida's long-arm statute. *Venetian Salami Co.*, 554 So. 2d at

4

502. If they do, then the court must determine whether sufficient "minimum contacts" exist between Florida and the non-resident defendant to satisfy constitutional minimum due process. *Id.* Importantly, the due process analysis is "a more restrictive requirement" than the "broad grant of jurisdiction under the long-arm statute, and precedent from the United States Supreme Court governs the due process analysis. *Marina Dodge, Inc. v. Quinn*, 134 So. 3d 1103 (Fla. 4th DCA 2014)(*citing Caiazzo v. American Royal Arts Corp.*, 73 So. 3d 245, 250-251).

The plaintiff bears the initial burden of alleging sufficient facts to establish long-arm jurisdiction, and if this burden is satisfied, it shifts to the defendant to produce evidence to refute the allegations. *See QSR, Inc. v. Concord Food Festival Inc.,* 766 So. 2d 271, 274 (Fla. 4th DCA 2000). If such evidence is provided, the burden shifts again, requiring the plaintiff to prove the basis by which it alleged personal jurisdiction should be exercised. *See Venetian Salami*, 554 So. 2d at 502- 503.

Here, Fitzgerald cannot meet his initial burden and pleads no facts under which the Court might exercise long-arm jurisdiction over McNae. In his Amended Complaint, Fitzgerald alleges only that McNae "breached a contract in this state by failing to perform acts required by the Confidential Settlement Agreement to be performed in this state." *Am. Compl, ¶ 5*. But Fitzgerald does not allege what those acts were. The Confidential Settlement Agreement did not require McNae to do *anything* in Florida. McNae was not required to make or receive payment in this state, nor was McNae's agreement to avoid communicating exclusive to Florida. In fact, no party was required to perform any act in Florida, and Fitzgerald does not allege how the alleged breach occurred in Florida, rather than in Washington, where McNae resides. *See, e.g. Koslow*

5

*v. Sanders*, 4 So. 3d 37, 39 (Fla. 2d DCA 2009)("if a contract involves performance, the breach occurs where the defaulting party fails to perform an act that it has agreed to do."). Tellingly, Fitzgerald does not allege, nor could he in good faith, that McNae contacted Fitzgerald's employers in this state. And Fitzgerald was not damaged in Florida, as he resides in England. *See Am. Compl,* ¶ 2.

In his supporting affidavit, attached as **Exhibit B**, McNae confirms that he since the time the Confidential Settlement Agreement was executed in June 2020, he has not knowingly telephoned or emailed anyone in Florida regarding Mr. Fitzgerald, aside from his communications with representatives of the Miami Beach Police Department. *McNae Affidavit,* ¶ 3. And those communications cannot establish minimum contacts with Florida. Any communications Mr. McNae had with police are exempt under Section 16 of the Agreement and do not support Fitzgerald's breach of contract claim. *See Stonepeak Partners, LP v. Tall Tower Cap., LLC,* 231 So. 3d 548, 552 (Fla. 2d DCA 2017)(noting that specific jurisdiction "requires a causal connection between the defendant's activities in Florida and the plaintiff's cause of action, a requirement known as 'connexity;" and that "[t]he long-arm statute is to be strictly construed in favor of the nonresident defendant.")

And while the Confidential Settlement Agreement includes a forum selection clause – that clause cannot establish personal jurisdiction without additional evidence establishing minimum contacts with Florida. The Florida Supreme Court has long recognized "that a forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant." *McRae v. J.D./M.D., Inc.,* 511 So. 2d 540, 542 (Fla. 1987); *see*

6

*also Consol. Energy, Inc. v. Strumor*, 920 So. 2d 829, 832 (Fla. 4th DCA 2006)("mere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a non-resident defendant.")

In *Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Mgmt.*, 811 So. 2d 809 (Fla. 3d DCA 2002), the Third DCA noted that there must be an independent basis for Florida to exercise jurisdiction, aside from just a forum selection clause. The Court explained that "[t]he legislature has set forth in our long arm statute the policy of this State concerning when Florida courts can exercise in personam jurisdiction over non-resident defendants," and that "[c]onspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement." *Id*. at 811.

Here, the complaint lacks facts under which the Court might exercise personal jurisdiction over McNae. Because there are no allegations or evidence that McNae committed any breach of the Agreement in this state, or that McNae directed any conduct toward this state, the Court lacks personal jurisdiction and dismissal is required[1].

---

[1] To the extent Fitzgerald argues that McNae waived his right to challenge personal jurisdiction by moving to stay this proceeding, that argument has no merit. *See, e.g. Permenter v. Feurtado*, 541 So. 2d 1331, 1332 (Fla. 3d DCA 1989)("[w]e deny the motion to dismiss and hold that by his motion to stay proceedings below pending appeal, the defendant did not seek the type of affirmative relief necessary to waive a claim of lack of personal jurisdiction."); *Faller v. Faller,* 51 So. 3d 1235, 1236 (Fla. 2d DCA 2011)(finding that personal jurisdiction defense is only waived if defendant seeks "affirmative relief" from the trial court, which is defined as "relief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery…")

**B. Alternatively, Reconsideration of the February 24, 2024 Order Denying McNae's Motion for Stay is Appropriate.**

As for reconsideration, a trial court has the inherent discretionary power to reconsider any order entered before rendition of a final judgment. *See LoBello v. State Farm Fla. Ins.,* 152 So. 3d 595 (Fla. 2d DCA 2014) ("We begin our discussion of this case by noting that the circuit court had the right to change its interlocutory rulings on the various motions for summary judgment that the parties had presented to it. It is well established that a trial court may reconsider and modify interlocutory orders at any time until final judgment is entered."); *Bettez v. Miami*, 510 So. 2d 1242, 1243 (Fla. 3d DCA 1987)(trial court had authority to reverse and change its prior order denying summary judgment to defendant); *Arnold v. Massebeau*, 493 So. 2d 91, 92 (Fla. 5th DCA 1986); *Hollywood v. Cordasco,* 575 So. 2d 301, 302 (Fla. 4th DCA 1991); *Panama City Gen. P'ship v. Godfrey Panama City Inv., LLC*, 109 So. 3d 291, 292 (Fla. 1st DCA 2013) (construing motion for rehearing as motion for reconsideration and explaining general ability of trial court to reconsider matters it could not otherwise rehear.)

Respectfully, the trial court erred in denying McNae's motion to stay this action, given the related federal court proceeding. That McNae was dismissed from that proceeding via a non-final order has no bearing on whether a stay was required. In the recent case of *Roche v. Cyrulnik*, 337 So. 3d 86 (Fla. 3d DCA 2021), the Third DCA granted a petition for writ certiorari and reversed a similar order denying a motion to stay proceedings pending disposition of a related federal action. There, the court noted that "[g]enerally, when a state lawsuit is filed that involves the same nucleus of facts as a previously filed federal lawsuit, principles of comity and the desire to avoid inconsistent results ***require the stay*** of the subsequently filed state action until the prior

8

filed federal action has been adjudicated." *Id*. at 88, citing *OPKO Health, Inc. v. Lipsius*, 279 So. 3d 787, 791 (Fla. 3d DCA 2019) ("Although a trial court has broad discretion to order or refuse a stay of an action pending before it, it is nonetheless an abuse of discretion to refuse to stay a subsequent filed state court action in favor of a previously filed federal action which involves the same parties and the same or substantially similar issues. This rule is based on principles of comity.")

The Third DCA also noted that for this general rule to apply, "the causes of action asserted in the two cases need not be identical … nor must the two actions have identical parties." *Roche,* 337 So.3d at 88. The court explained that "the rule is applicable if both actions involve 'substantially similar parties and substantially similar issues,' on a 'single set of facts [such] that resolution of the one case will resolve many of the issues involved in the subsequently filed case.'" *Id*.

While there is a limited exception to this rule, it only applies when the party opposing the stay has made a showing of "extraordinary circumstances," which means a risk of "undue delay" in the related action. *Roche,* 337 So.3d at 89.

Here, both the federal and state actions involve nearly identical facts, namely that McNae and his wife collectively breached the Confidential Settlement Agreement by disparaging Fitzgerald to his employer and other third-parties. The issues and claims in both cases are inextricably intertwined, which is reflected in the fact that Fitzgerald seeks to hold McNae liable in this case for "working in concert with his wife, Ronda McNae, to commit her breaches of the Confidential Settlement Agreement and her lies to Fitzgerald." *See Am. Compl,* ¶ *22(g).*

9

In light of the Third DCA's holding in *Roche*, the *only* way Fitzgerald could avoid a stay is by making an evidentiary showing that the federal action is delayed to such a significant degree that it constitutes an "extraordinary circumstance." Fitzgerald made no such showing, nor could he, as the Federal Action is considerably closer to a final resolution than this related state court action. In fact, trial in the Federal Action is scheduled during the two-week period beginning July 1, 2024.

Accordingly, and should the Court deny McNae's motion to dismiss, McNae requests that the Court grant reconsideration and enter an order staying this action, pending resolution of the related Federal Action.

## IV.    CONCLUSION

Dismissal is required, because Fitzgerald's Amended Complaint falls short of establishing a basis for this Court's long-arm jurisdiction over McNae. While Fitzgerald alleges that McNae breached a contract by failing to fulfill obligations under the Confidential Settlement Agreement in Florida, he fails to specify the nature of these obligations that occurred in this state. The agreement itself imposes no requirement for any action to be taken in Florida—neither payment nor the prohibition against communicating with third parties. Fitzgerald's allegations do not connect the supposed breach with Florida, especially since no act required by the agreement was to occur within the state. Finally, there is a conspicuous lack of allegations that McNae communicated with Fitzgerald's employers in Florida—a claim that, if made, would lack factual basis.

**WHEREFORE**, in view of the foregoing, Defendant requests that the Court enter an order dismissing Plaintiff's Amended Complaint, or alternatively, grant

reconsideration of the February 24, 2024 order and stay this action pending resolution of the related federal action, and that the Court grant any further relief it deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing document was electronically filed and served via Florida Court E-Filing Portal to all counsel and parties registered to receive same this 6th day of March 2024.

> LAW OFFICES OF GOMEZ & GOMEZ
> Attorneys for Defendant
> 4300 Biscayne Boulevard, Suite 305
> Miami, FL 33137
> (Tel.) 305-825-5506
> (Fax) 305-825-2699
> Designated Email:
> Primary: richardgomez@rgpalaw.com
> Secondary: pleadings@rgpalaw.com
>
> BY: /s/ Richard M. Gomez
>     RICHARD M. GOMEZ
>     Fla. Bar No.: 987130

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2023-025855-CA-01
SECTION: CA05
JUDGE: Vivianne Del Rio

**Michael Fitzgerald**

Plaintiff(s)

vs.

**William McNae**

Defendant(s)

_____/

## ORDER DENYING DEFENDANT WILLIAM MCNAE'S MOTION TO STAY PENDING RESOLUTION OF PARALLEL, FIRST-FILED FEDERAL ACTION OR, IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME

**THIS CAUSE,** having come before the Court upon Defendant, William McNae's Motion for Stay Pending Resolution of Parallel, First-Filed Federal Action, or in the Alternative Motion for Extension of Time (the "Motion for Stay"), the Court having heard argument of counsel and being advised in the premises, it is hereby ORDERED and ADJUDGED that:

1. Defendant's Motion for Stay Pending Resolution of Parallel, First-Filed Federal Action, or in the Alternative Motion for Extension of Time is **DENIED**.

2. Defendant shall file a response to Plaintiff's Amended Complaint within ten (10) days of this order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>24th day of February, 2024</u>.

2023-025855-CA-01 02-24-2024 2:01 PM
Hon. Vivianne Del Rio

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Meredith James Gussin, mjg@assoulineberlowe.com
Meredith James Gussin, ko@assoulineberlowe.com
Meredith James Gussin, eo@assoulineberlowe.com
Peter Berlowe, peb@assoulineberlowe.com
Peter Emerson Berlowe, peb@assoulineberlowe.com
Peter Emerson Berlowe, eo@assoulineberlowe.com
Peter Emerson Berlowe, ko@assoulineberlowe.com
Richard M. Gomez, richardgomez@rgpalaw.com
Richard M. Gomez, pleadings@rgpalaw.com
Will J McNae, prose.wmcnae@gmail.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MICHAEL J. FITZGERALD,

      Plaintiff,

v.

WILLIAM MCNAE,

      Defendant.

_____/

CASE NO: 2023-025855-CA-01

### AFFIDAVIT OF WILLIAM MCNAE IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

BEFORE ME, the undersigned authority, personally appeared William McNae, who, after being duly sworn by me, did depose and state as follows:

1. My name is William McNae, I am over the age of eighteen, and I am otherwise competent to testify about the matters set forth herein, which are based on my personal knowledge.

2. I am the Defendant in this action, and I have permanently resided in Washington state since 2000.

3. Since the time the Confidential Settlement Agreement was executed in June 2020, I have not knowingly telephoned or emailed anyone in Florida regarding Mr. Fitzgerald, aside from my communications with representatives of the Miami Beach Police Department.

FURTHER AFFIANT SAYETH NOT.

_____
William McNae

Sworn to and subscribed before me this 06 day of March 2024, by William McNae, who is personally known to me or produced a driver's license as identification.

My commission expires: 07/26/2025

_____
NOTARY PUBLIC

ZEYAN ALI BUTT
Notary Public
State of Washington
Commission # 21022404
My Comm. Expires Jul 26, 2025

ZEYAN ALI BUTT
_____
Typed or Printed Name

3D2024-0715

---

IN THE THIRD DISTRICT COURT OF APPEAL

STATE OF FLORIDA

---

**WILLIAM MCNAE**,

Appellant / Defendant

v.

**MICHAEL J. FITZGERALD**,

Appellee / Plaintiff

---

**APPELLANT'S INITIAL BRIEF**

---

Lower Tribunal Case No: 2023-025855-CA-01

RICHARD M. GOMEZ (FBN 987130)
LAW OFFICES OF GOMEZ & GOMEZ
Attorneys for Appellant
4300 Biscayne Boulevard, Suite 305
Miami, FL 33137
(Tel.) 305-825-5506
(Fax) 305-825-2699
Designated Email:
Primary: richardgomez@rgpalaw.com
Secondary:pleadings@rgpalaw.com

enforcement. *A.47.* Those communications could not form the basis for personal jurisdiction, however, because the Amended Complaint did not allege that they constituted a breach of the Settlement Agreement[2]. *See A.19, ¶ 16, A.20, ¶ 22;* see also *Stonepeak Partners, LP v. Tall Tower Cap., LLC,* 231 So. 3d 548, 552 (Fla. 2d DCA 2017)(noting that specific jurisdiction "requires a causal connection between the defendant's activities in Florida and the plaintiff's cause of action, a requirement known as 'connexity;" and that "[t]he long-arm statute is to be strictly construed in favor of the nonresident defendant.").

In denying McNae's motion to dismiss, the trial court relied on *Internet Solutions Corp. v. Marshall,* 39 So. 3d 1201 (Fla. 2010), where the Court held that the long-arm statute is satisfied "when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida." *Id.* at 1216; see *A.11.*

But *Internet Solutions* dealt with a defamation claim where the plaintiff alleged that long-arm jurisdiction existed under section 48.193(1)(a)(2),

---

[2] In addition, any communications McNae had with local police are exempt under Section 16 of the Agreement and could not form the basis of Fitzgerald's breach of contract claim. *See A.26.*