UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-22171-CIV-MARTINEZ/SANCHEZ

MICHAEL FITZGERALD, and YELANY DE
VARONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT RONDA MCNAE'S MOTION TO SANCTION OPPOSING COUNSEL AND MRS. YELANY DE VERONA-FITZGERALD**

This matter is before the Court on the Motion to Sanction Opposing Counsel and Mrs. Yelany de Verona-Fitzgerald, ECF No. 150, filed by Defendant Ronda McNae. The Defendant's motion asserts that the Plaintiff's counsel violated Florida Rules of Professional Misconduct 4-3.3, 4-4.1, and 4-4.2, and seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure. *Id.* Because the Defendant failed to comply with Rule 11's safe harbor provision, the motion for sanctions should be denied.

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief," (1) the item does not have an improper purpose, such as to harass, (2) the item is supported by existing law or nonfrivolous arguments for modifying or overturning current law and/or establishing new law, (3) factual assertions have evidentiary

support or will likely have evidentiary support after further investigation or discovery, and (4) factual denials are warranted by the evidence or the denials are reasonably based on belief or lack of information. Fed. R. Civ. P. 11(b)(1)-(4). However, when an attorney or unrepresented party files a pleading, written motion, or other paper that is harassing or frivolous or that is without evidentiary support, Rule 11 provides a mechanism to sanction the violating party. Fed. R. Civ. P. 11(c)(2). Here, although the Defendant relies on Rule 11 as the basis for her sanctions motion, she fails to adhere to its procedural requirements.

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." *Id.* Rule 11 requires that any motion for sanctions be served on the non-moving party in accordance with Rule 5 and that service be certified. Fed. R. Civ. P. 11(c)(2); Fed. R. Civ. P. 5(a) and 5(d)(1)(B). Rule 11 also imposes a "safe harbor provision." Fed. R. Civ. P. 11(c)(2); *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1344 (11th Cir. 2022). After serving the motion for sanctions on the non-moving party, the movant must wait at least 21 days before filing the motion with the court to allow the non-moving party to "withdraw[] or appropriately correct[]" the offending filing. Fed. R. Civ. P. 11(c)(2). Only then may a court award sanctions under Rule 11, which "must be limited to what suffices to deter repetition of the [offending] conduct." Fed. R. Civ. P. 11(c)(4).

"The procedural requirements of Rule 11 are 'strictly construed.'" *Paycargo, LLC v. Galbreath*, No. 20-CV-22885-WILLIAMS/TORRES, 2022 WL 21835291, at *1 (S.D. Fla. July 20, 2022) (quoting *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. 2009)); *see also Geico Gen. Ins. Co. v. Hampel*, 2012 WL 204284, at *2 (S.D. Fla. Jan. 6, 2012) ("Courts consistently have held that 'strict compliance with Rule 11 is mandatory.'") (quoting *In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008)), *report and recommendation adopted*, 2012 WL 204176 (S.D.

2

Fla. Jan. 24, 2012). The Defendant's status as a *pro se* party when she filed her motion does not excuse her non-compliance with Rule 11. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)); *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989) ("Rule 11 applies to *pro se* litigants . . . ."). Failure to comply with Rule 11's safe harbor provision demands the denial of a Rule 11 motion. *See, e.g.*, *Paycargo, LLC*, 2022 WL 21835291 (denying Rule 11 motion for sanctions for failing to comply with the 21-day safe harbor provision); *BCJJ, LLC v. Lefevre*, No. 8:09-CV-551-T-17EAJ, 2012 WL 3262866 (M.D. Fla. Aug. 8, 2012) (denying motion for sanctions for failing to comply with Rule 11's procedural requirements, including the safe harbor provision); *Miller v. Relationserve, Inc.*, No. 05-61944-CIV, 2006 WL 5849318, at *5 (S.D. Fla. Dec. 1, 2006) (collecting cases); *Ecbi Warner, LLC v. Toms*, No. 5:21-CV-148 (MTT), 2022 WL 11865491, at *4 (M.D. Ga. Oct. 20, 2022) ("[T]he Court cannot impose the Rule 11 sanctions the defendants seek because the defendants failed to comply with Rule 11's safe harbor requirement."); *see also Huggins*, 39 F.4th at 1346 (explaining that "the safe harbor period is mandatory").

Here, the Defendant did not comply with Rule 11's safe harbor requirement. When she filed her motion on February 13, 2024, she had not served the Plaintiff with a draft of the motion 21 days prior to filing the motion. On the contrary, the Defendant certified that she served the Plaintiff with the motion for sanctions on the same day she filed it—not 21 days, or even one day,

prior. ECF No. 150 at 21; ECF No. 154 at 9. This plainly fails to satisfy Rule 11's mandatory 21-day safe harbor requirement, and denial of the Defendant's motion is therefore required.[1]

In addition, the Defendant failed to comply with Local Rule 7.1(a)(3), which requires a moving party to confer with the non-moving party in a good faith attempt to resolve, without court intervention, the issues to be raised in a motion. S.D. Fla. L.R. 7.1(a)(3). The Defendant's motion for sanctions is not excused from this requirement. *Id.* Consistent with her failure to comply with Rule 11's service requirements, the Defendant also failed to certify that she conferred or attempted to confer with the Plaintiff to resolve the issues identified in her motion for sanctions. *See* ECF No. 150. Failure to comply with Local Rule 7.1(a)(3) provides an independent basis for the dismissal of the Defendant's motion. *See, e.g.*, *Harris v. Virage Capital Mgmt. LP*, No. 23-23803-Civ, 2024 WL 2797400, at *6 (S.D. Fla. Mar. 27, 2024) (denying motion for Rule 11 sanctions for failure to confer, collecting cases where sanctions motions were denied for failing to comply with S.D. Fla. L.R. 7.1(a)(3), and stating that, "with respect to sanctions in a broader Rule 11 or similar context, the failure to comply with conferral rules like ours still warrants the denial of the motion").

Here, the Defendant failed to comply with the procedural requirements of Federal Rule of Civil Procedure 11 and the conferral requirement of Southern District of Florida Local Rule 7.1(a)(3). As a result, the undersigned **RESPECTFULLY RECOMMENDS** that the Defendant's Motion to Sanction Opposing Counsel and Mrs. Yelany de Verona-Fitzgerald, ECF No. 150, be **DENIED**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the

---

[1] Notwithstanding her arguments to the contrary, the Defendant's communications with the Plaintiff's counsel about her underlying grievances did not satisfy Rule 11(c)(2)'s mandatory safe harbor requirement that she serve *her motion* for Rule 11 sanctions 21 days before filing it.

Honorable Jose E. Martinez, United States District Judge.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

    **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 13th day of August 2024.

                                               EDUARDO I. SANCHEZ
                                               UNITED STATES MAGISTRATE JUDGE

cc:     Hon. Jose E. Martinez
        Counsel of Record