UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-22171-CIV-MARTINEZ/SANCHEZ

MICHAEL FITZGERALD, and YELANY DE VARONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT RONDA MCNAE'S MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST PLAINTIFF YELANY DE VARONA PURSUANT TO FLA. STAT. § 768.79**

This matter is before the Court on the Defendant Ronda McNae's Motion for Attorneys' Fees and Costs Against Plaintiff Yelany de Varona Pursuant to Fla. Stat. § 768.79, ECF No. 141.

In this case, Plaintiff Michael Fitzgerald asserted claims for Breach of Contract against Defendant Ronda McNae (Count I); Breach of Contract against Defendant William McNae (Count II); Libel *per se* against Ronda McNae (Counts III-XII); Libel *per se* against William McNae (Counts XIII-XVII); Intentional Infliction of Emotional Distress against both Defendants (Counts XVIII); Malicious Prosecution against Ronda McNae (Count XXI); and a claim for contractual punitive damages. ECF No. 27. Plaintiff Fitzgerald's wife, Plaintiff Yelany de Varona ("Plaintiff de Varona"), also brought a Loss of Consortium claim against both Defendants (Count XX). *Id.*

Ruling on the Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. 39, the Honorable Jose E. Martinez dismissed all but Count I of the Plaintiffs' Amended Complaint, leaving only Plaintiff Fitzgerald's Breach of Contract claim against Defendant Ronda McNae.

ECF No. 100. As part of that ruling, Plaintiff de Varona's sole claim for loss of consortium was dismissed. *Id.*

Prior to the Court's dismissal order, however, Defendant Ronda McNae served a proposal for settlement on Plaintiff de Varona. That proposal provided, in pertinent part, as follows:

1. **PARTY MAKING PROPOSAL:** Defendant RONDA MCNAE.

2. **PARTIES TO WHOM PROPOSAL IS BEING MADE:** Plaintiff YALENY DE VARONA.

3. **CLAIMS THE PROPOSAL ATTEMPTS TO RESOLVE:** All issues and claims for damages asserted against Defendant RONDA MCNAE that would otherwise be awarded in a final judgment in the above captioned case.

4. **TOTAL AMOUNT OF PROPOSAL:** Defendant proposes to resolve all claims for damages against Defendant RONDA MCNAE in exchange for payment by or on behalf of Defendant RONDA MCNAE in the sum of five hundred and 00/100s ($500.00) Dollars.

5. **NON-MONETARY TERMS OF PROPOSAL, IF ANY:** In exchange for the payment, all claims asserted in the lawsuit against Defendant RONDA MCNAE will be dismissed with prejudice, with each party to bear their own fees and costs.

ECF No. 149-1. Plaintiff de Varona did not respond or accept the proposal within thirty days. ECF No. 141 at 2. Defendant Ronda McNae now seeks attorneys' fees and costs against Plaintiff de Varona pursuant to Fla. Stat. § 768.79. ECF No. 141. Because the underlying proposal for settlement presented to Plaintiff de Varona by Defendant Ronda McNae is unenforceable, Defendant Ronda McNae is not entitled to fees under § 768.79, and her motion should therefore be denied.

## I. LEGAL STANDARD

The party seeking attorneys' fees bears the burden of establishing entitlement. *See, e.g.*, *Henley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs a party's entitlement to attorneys' fees." *M&M Sisters, LLC v. Scottsdale Ins. Co.*, No. 21-24081-CIV-MORENO/GOODMAN, 2022 WL

18717403, at *4 (S.D. Fla. Dec. 19, 2022) (citing *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law")).

Section 768.79, Florida Statutes, governs offers of judgment, and Rule 1.442 of the Florida Rules of Civil Procedure implements this statutory provision. Section 768.79 provides, in relevant part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. . . . If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

Fla. Stat. § 768.79; *see Audiffred v. Arnold*, 161 So. 3d 1274, 1277-78 (Fla. 2015). Section 768.79(2) further requires that the offer:

> (a) Be in writing and state that it is being made pursuant to this section.
>
> (b) Name the party making it and the party to whom it is being made.
>
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
>
> (d) State its total amount.

Fla. Stat. § 768.79(2). In addition, Rule 1.442 provides, *inter alia*, that a proposal for settlement must "name the party or parties making the proposal and the party or parties to whom the proposal is being made," that the proposal "may be made by or to any party or parties and by or to any

3

combination of parties properly identified in the proposal," and that a "joint proposal shall state the amount and terms attributable to each party." Fla. R. Civ. P. 1.442(c)(2)(A), (3).

## II. ANALYSIS

In this case, Defendant Ronda McNae, as a sole offeror, made an offer to Plaintiff de Varona, as a sole offeree, pursuant to Fla. Stat. § 768.79 and Florida Rule of Civil Procedure 1.442, and the offer sought to resolve "*all claims* asserted in the lawsuit against Defendant RONDA MCNAE . . . with prejudice," presumably including the claims of Plaintiff Fitzgerald against Defendant Ronda McNae. *See* ECF No. 149-1 at ¶ 5 (emphasis added); *see also id.* at ¶ 3 (proposal attempts to resolve "*[a]ll* issues and claims for damages asserted against Defendant RONDA MCNAE") (emphasis added); *id.* at ¶ 4 ("Defendant proposes to resolve *all* claims for damages against Defendant RONDA MCNAE") (emphasis added).

Although Defendant Ronda McNae's proposal for settlement was only made to Plaintiff de Varona, Plaintiff de Varona's acceptance of the proposal was necessarily "conditioned on the mutual acceptance" of Plaintiff Fitzgerald, who alone could dismiss his claims against Ronda McNae, thereby making Ronda McNae's offer of judgment a "joint proposal" under Fla. Stat. § 768.79; as such, it was invalid and unenforceable. *Audiffred*, 161 So. 3d at 1280 ("[W]hen a single offeror submits a settlement proposal to a single offeree pursuant to section 768.79 and rule 1.442, and the offer resolves pending claims by or against additional parties who are neither offerors nor offerees, it constitutes a joint proposal . . . ."). Although Ronda McNae's proposal for settlement was made and addressed only to Plaintiff de Varona, "if accepted by [de Varona], the offer would have resolved all pending claims by *both* [de Varona] and [Fitzgerald]. Thus, the proposal had the effect of settling claims by *two plaintiffs* against *one defendant*." *Audiffred*, 161 So. 3d at 1279 (emphasis in original). "[T]his *ultimate effect* of the [proposal] requires that it be treated as a joint proposal" for settlement. *Id.* (emphasis added).

4

The Florida Supreme Court has held that joint proposals of settlement that are "conditioned on the mutual acceptance of all of the joint offerees" are "invalid and unenforceable because [they are] conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal." *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 649 (Fla. 2010). Florida Supreme Court precedent "inherently requires that an offer of judgment must be structured such that [an] offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions. Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees." *Id.* at 650. "An offer that cannot be unilaterally accepted to create a binding settlement is an illusory offer." *Id.* at 652. Therefore, a "defendant must differentiate an offer of judgment or a proposal of settlement to multiple plaintiffs such that each party can independently evaluate and act upon the offer or proposal." *Id.* at 651.

Defendant Ronda McNae did not make this differentiation in her proposal for settlement. Although Defendant Ronda McNae's proposal did not contain express language conditioning Plaintiff de Varona's acceptance of the proposal on Plaintiff Fitzgerald's acceptance of the same proposal, the proposal was structured in such a way that Plaintiff de Varona could *only* accept the proposal if Plaintiff Fitzgerald also released his claims against Defendant Ronda McNae. There was no other way to resolve "all claims" against Defendant Ronda McNae and have them all "dismissed with prejudice," as the proposal for settlement required. *See* ECF No. 149-1. The proposal thus had the "ultimate effect" of conditioning Plaintiff de Varona's acceptance on Plaintiff Fitzgerald's acceptance and certainly did not allow Plaintiff de Varona to "independently evaluate and act upon the offer or proposal." *Audiffred*, 161 So. 3d at 1279-80; *Gorka*, 36 So. 3d at 651; *see also, e.g.*, *Bradfield v. Mid-Continent Cas. Co.*, 692 F. App'x 978, 980 (11th Cir. 2017)

5

(affirming denial of attorney's fees under Fla. Stat. § 768.79 because offer of judgment was unenforceable where no offeree could independently accept the offer). As a result, it is an invalid proposal for settlement and unenforceable.

The proposal for settlement is also invalid because it fails to comply with the apportionment requirement for joint proposals in subdivision (c)(3) of the Rule 1.442. *See* Fla. R. Civ. P. 1.442(c)(3). Because the proposal for settlement offered by Defendant Ronda McNae to Plaintiff de Varona had the "ultimate effect" of being a joint proposal, "it was necessary for the amount offered to be apportioned between" Plaintiff de Varona and Plaintiff Fitzgerald. *Audiffred*, 161 So. 3d at 1279; Fla. R. Civ. P. 1.442(c)(3). Ronda McNae's proposal, however,

> does not describe what portion of the amount offered would be applicable to [Plaintiff de Varona] and what portion would be applicable to [Plaintiff Fitzgerald]. As written, the proposal does not clearly convey whether the settlement amount would be divided evenly between [Plaintiff de Varona] and [Plaintiff Fitzgerald], whether one plaintiff would take nothing while the other would receive the full amount offered, or whether some measure between the two was intended.

161 So. 3d at 1280. If Defendant Ronda McNae intended for Plaintiff Fitzgerald not to receive any portion of the settlement amount, the actual language of the proposal is not clear on this matter. *See id.*; ECF No. 149-1. Instead, the proposal states only that upon "payment by or on behalf of Defendant RONDA MCNAE in the sum of five hundred . . . Dollars," "all claims asserted in the lawsuit against Defendant RONDA MCNAE will be dismissed with prejudice." ECF No. 149-1 at ¶ 5. Therefore, based on this "patent ambiguity," the proposal for settlement lacked sufficient clarity to permit Plaintiff de Varona to reach an informed decision with regard to the settlement amount against the pending claims brought by her and Plaintiff Fitzgerald. *Audiffred*, 161 So. 3d at 1280. Accordingly, the settlement proposal was "fatally ambiguous and, therefore, invalid." *Id.* (citing Fla. R. Civ. P. 1.442(c)(2)(C)); *see also Five for Entm't S.A. v. Rodriguez*, No. 11-24142-CIV, 2017 WL 5248488, at *3 (S.D. Fla. Mar. 30, 2017) ("Because the offer of judgment statute

and related rule must be strictly construed, virtually any proposal that is ambiguous is not enforceable.") (quoting *Alamo Financing, L.P. v. Mazoff*, 112 So. 3d 626, 628-29 (Fla. 4th DCA 2013) (quoting *Hibbard ex rel. Carr v. McGraw*, 918 So. 2d 967, 971 (Fla. 5th DCA 2005))).

Because Defendant Ronda McNae's proposal for settlement to Plaintiff de Varona did not allow Plaintiff de Varona to "independently evaluate or settle [] her respective claim by accepting the proposal" or "reach an informed decision with regard to the settlement amount against the pending claims," as well as because it is ambiguous as to apportionment, it is invalid and unenforceable. *Audiffred*, 161 So. 3d at 1280; *Gorka*, 36 So. 3d at 651. As a result, Defendant Ronda McNae is not entitled to fees under section Fla. Stat. § 768.79 and her motion should be denied. *See, e.g.*, *Audiffred*, 161 So. 3d at 1280.

### III. CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant Ronda McNae's Motion for Attorneys' Fees and Costs Against Plaintiff Yelany de Varona Pursuant to Fla. Stat. § 768.79, ECF No. 141, be **DENIED**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 13th day of August 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
     Counsel of Record