UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-22171-CIV-MARTINEZ/SANCHEZ

MICHAEL FITZGERALD and YELANY DE VARONA,

    Plaintiffs,

v.

RONDA MCNAE and WILLIAM MCNAE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR FED. R. CIV. P. 54(D)(2)(C) DETERMINATION AND MOTION FOR EXTENSION OF TIME TO RESPOND TO S.D. FLORIDA LOCAL RULE 7.3(A) REQUIREMENTS (ECF NO. 115) AND DEFENDANT WILLIAM MCNAE'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS (ECF NO. 119)**

This matter is before the Court on the Plaintiffs' Motion for Fed. R. Civ. P. 54(d)(2)(C) Determination and Motion for Extension of Time to Respond to S.D. Florida Local Rule 7.3(a) Requirements ("Bifurcation Motion") (ECF No. 115) and Defendant William McNae's Verified Motion for Attorney's Fees and Costs (ECF No. 119). Having reviewed the parties' motions, their responses, their replies, and the record in this case, the undersigned respectfully recommends that the Plaintiffs' Motion be **GRANTED IN PART AND DENIED IN PART AS MOOT**, and that the Defendant William McNae's Motion be **DENIED**.

    **I.**    **BACKGROUND**

In this case, Plaintiff Fitzgerald brought the following claims: breach of contract against Defendant Ronda McNae ("R. McNae") (Count I); breach of contract against Defendant William McNae ("W. McNae") (Count II); libel per se against R. McNae (Counts III-XII); libel per se against W. McNae (Counts XIII-XVII); intentional infliction of emotional distress ("IIED") against both Defendants (Counts XVIII); malicious prosecution against R. McNae (Count XXI),

1

and a claim for contractual punitive damages. ECF No. 27. Plaintiff Fitzgerald's wife, Plaintiff Yelany de Varona, also brought a Loss of Consortium claim against both Defendants (Count XX). *Id.*

The Defendants filed a Motion to Dismiss the Plaintiffs' Amended Complaint (ECF No. 39), arguing in part that the complaint should be dismissed in its entirety for lack of subject matter jurisdiction because the parties did not satisfy the requirements for diversity jurisdiction. ECF No. 100 at 5 (citing ECF No. 39 at 5-7); *see* 28 U.S.C. § 1332(a). The Court found that the amended complaint satisfied the diversity of citizenship requirement, but it concluded that the Plaintiffs' claims against Defendant W. McNae did not meet the $75,000 jurisdictional threshold. *Id.* at 8-9. The Court accordingly ruled that it did not have subject matter jurisdiction over the claims brought against W. McNae, and it granted the motion to dismiss based on lack of subject matter jurisdiction over W. McNae. *Id.* at 9, 14.[1]

After filing the motion to dismiss but prior to the Court's order, W. McNae served a proposal for settlement on Plaintiff de Varona pursuant to Fla. Stat. § 768.79, which was not

---

[1] Notably, in addressing the non-breach-of-contract claims against R. McNae, the Court also considered the corresponding claims against W. McNae and dismissed them without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 100 at 14; *see also id*. at 9-13. However, when a court dismisses claims against a party for lack of subject matter jurisdiction, the court is without jurisdiction to consider the merits of a Rule 12(b)(6) motion addressing those claims. *See, e.g.*, *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) (vacating district court's alternative ruling that purported to reach merits of complaint and holding that, where claims were subject to dismissal for lack of subject matter jurisdiction, district court was without jurisdiction to consider the merits of the complaint); *Boda v. United States,* 698 F.2d 1174, 1177 n.4 (11th Cir. 1983) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on *only* the jurisdictional grounds. This dismissal is without prejudice.") (emphasis added); *see also Woodson v. Eleventh Judicial Circuit*, 791 F. App'x 116, 118 (11th Cir. 2019) ("Where a claim could be dismissed based on both lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds, and the dismissal is without prejudice."). Thus, given that the Court ruled that it lacked subject matter jurisdiction over the claims against W. McNae, its alternative ruling that the claims against W. McNae were also subject to dismissal without prejudice pursuant to Rule 12(b)(6) is of no moment in the consideration of W. McNae's present motion for attorney's fees and costs.

accepted. *See* ECF No. 119-10.  Following the Court's dismissal of the claims against W. McNae for lack of subject matter jurisdiction, W. McNae prepared a Motion for Attorney's Fees and Costs, and pursuant to Southern District of Florida Local Rule 7.3(b), served a draft of the motion on the Plaintiffs.  ECF No. 119 at 21; ECF No. 115 at 5 ¶ 10; S.D. Fla. L.R. 7.3(b).  In response to receiving W. McNae's draft fees motion, the Plaintiffs filed their Bifurcation Motion, ECF No. 115, seeking to bifurcate the determination of entitlement to attorney's fees and costs from the determination of the amount of such fees and costs and seeking a corresponding extension of time to comply with Local Rule 7.3(a)'s requirement that Plaintiffs' response to the motion for attorney's fees and costs "describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." S.D. Fla. L.R. 7.3(a).  W. McNae then filed with the Court the Verified Motion for Attorney's Fees and Costs that he previously served on Plaintiffs, seeking an award of $273,502.50 in fees and $53,160.54 in costs.  ECF No. 119 at 12.  Both motions are now before the Court.  The undersigned takes each motion in turn.

## II. PLAINTIFFS' BIFURCATION MOTION (ECF NO. 115)

Plaintiffs' Bifurcation Motion seeks two forms of relief: (1) bifurcation by the Court of the issue of entitlement to attorney's fees and the issue of amount, and (2) a corresponding extension of the time allowed under Local Rule 7.3(a) to comply with the requirement that Plaintiffs submit briefing "describ[ing] with reasonable particularity each time entry or nontaxable expense to which it objects . . . as to amount."  S.D. Fla. L.R. 7.3(a); ECF No. 115.  Defendant W. McNae filed a response in opposition (ECF No. 118), and the Plaintiffs filed a reply in support of their motion (ECF No. 124).

Federal Rule of Civil Procedure 54(d)(2)(C) allows courts to "decide issues of liability for fees before receiving submission on the value of services." Fed. R. Civ. P. 54(d)(2)(C).  Similarly,

3

Local Rule 7.3 states that "[p]ursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement [to attorney's fees and costs] prior to submission on the issue of amount." S.D. Fla. L.R. 7.3(a); *Marquez v. Nat'l Fire*, No. 20-cv-22791-BLOOM/Louis, 2023 WL 4017241, at *2 (S.D. Fla. June 14, 2023). Federal Rule of Civil Procedure 42(b), which "establishes the general guidelines regarding when it is appropriate to bifurcate trials," "states the following as valid reasons for bifurcation: 'convenience, to avoid prejudice, or to expedite and economize." *Marquez*, 2023 WL 4017241, at *2 (quoting *Gables Ins. Recovery v. United Healthcare Ins. Co.*, No. 13-CV-21142, 2013 WL 4068786 (S.D. Fla. Aug. 12, 2013)); Fed. R. Civ. P. 42(b). Courts in this district have applied those same guidelines when deciding whether to bifurcate the issue of entitlement to attorney's fees/costs and the issue of amount. *Marquez*, 2023 WL 4017241, at *2. "To justify bifurcation, only one of the previously mentioned reasons needs to be shown." *Gables Ins. Recovery*, 2013 WL 4068786, at *2 (citing *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)).

"Rule 42 confers broad discretion on the district court to permit bifurcation when it furthers convenience." *Hard Rock Cafe Int'l USA, Inc. v. Rockstar Hotels, Inc.*, No. 17-CV-62013, 2019 WL 3412155, at *3 (S.D. Fla. May 20, 2019). "However, 'a decision ordering bifurcation is dependent on the facts and circumstances of each case.'" *Gables Ins. Recovery*, 2013 WL 4068786, at *2 (quoting *Saxion*, 86 F.3d at 556). "Motions to bifurcate are 'granted or . . . denied based on a demonstration that bifurcation is, or is not, warranted under the circumstances of the particular case.'" *Id.* (quoting *Saxion*, 86 F.3d at 556).

The Court recognizes that, "[i]n most cases, '[t]he question of entitlement and amount are routinely decided together without causing prejudice, confusion, or inconvenience.'" *Hard Rock Cafe*, 2019 WL 3412155, at *3 (quoting *Murray v. Playmaker Servs., LLC*, No. 05-CIV-80885, 2007 WL 4563483, at *1 (S.D. Fla. Dec. 19, 2007)). In this case, however, the nature of the issues

4

concerning entitlement to fees and costs and the particular procedural posture in which those issues arise—including that Defendant W. McNae has been dismissed for lack of subject matter jurisdiction, that this case is still proceeding as to Defendant R. McNae, that there is related ongoing state court litigation involving the parties, and that the ongoing state and federal litigation continue to involve claims and issues that underlie the motion for attorney's fees and costs, as well as the underlying attorney work and fees that are the subject of the motion—justify separate consideration of the questions of entitlement and amount "to expedite or economize" the issues before the Court and to avoid the inconvenience that prematurely litigating the issue of amount would create in the unique procedural posture of this case. Fed. R. Civ. P. 42(b); *Gables Ins. Recovery*, 2013 WL 4068786, at *2 ("To justify bifurcation, *only one* of the . . . reasons needs to be shown." (emphasis added)). Given that Plaintiffs timely filed their Bifurcation Motion before W. McNae's motion for fees and costs was filed, given the nature of the issues that must be addressed concerning entitlement to fees and costs, and given the rather unique procedural posture of this case, the undersigned finds that it will be more convenient and more efficient and a better allocation of judicial and party resources to first consider the threshold issue of entitlement prior to addressing the amount of fees. *See Marquez*, 2023 WL 4017241, at *2; S.D. Fla. L.R. 7.3(a) ("Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement *prior to submission on the issue of amount*." (emphasis added)).

### III. DEFENDANT W. MCNAE'S MOTION FOR ATTORNEY'S FEES AND COSTS (ECF NO. 119)

In his Verified Motion for Attorney's Fees and Costs, W. McNae seeks fees "[p]ursuant to Local Rule 7.3, 28 U.S.C. § 1919, Section 23 of the parties' Settlement Agreement, and Florida Statute § 768.79." ECF No. 119 at 2. Specifically, W. McNae asserts: (1) his "just costs are awardable against both Plaintiffs under 28 U.S.C. § 1919"; (2) he is "entitled to recover reasonable attorney's fees and costs against Plaintiff Fitzgerald" under the parties' Settlement Agreement; and

5

(3) he is "entitled to reasonable attorney's fees and costs against Plaintiff De Varona under Fla. Stat. § 768.79." ECF No. 119 at 3. However, because W. McNae is not a "prevailing party" in this litigation, he is not entitled to an award of fees. Because this litigation is ongoing and the Plaintiffs have initiated a parallel state court suit against W. McNae, the undersigned also finds that awarding W. McNae's costs at this juncture would not be "just."

### A. W. McNae Is Not Entitled to Attorney's Fees from Plaintiff Fitzgerald Under the Parties' Settlement Agreement.[2]

The Confidential Settlement Agreement signed by the parties is the basis of W. McNae's fees claim against Plaintiff Fitzgerald. The Plaintiffs attached the parties' Agreement to the First Amended Complaint. *See* ECF No. 27-1. Section 23 of the Agreement provides for attorney's fees as follows:

> **23. ATTORNEYS' FEES.** In connection with any litigation arising out of this Agreement or in any way related to this Agreement, *the prevailing party* shall be entitled to recover all costs incurred including, but not limited to, its reasonable attorneys' fees at any level (trial, appeal, bankruptcy, administrative), including fees spent in litigation over entitlement or amount of such fees.

ECF No. 27-1 at ¶ 23 (emphasis added). Whether this provision applies here turns on whether W. McNae is a "prevailing party" in this litigation, a term left undefined by the parties' Agreement.

"Under Florida law, 'a prevailing party is the one who succeeds "on any significant issue in litigation which achieves some sort of the benefit the parties sought in bringing suit."'"[3] *K3*

---

[2] To the extent that W. McNae also seeks costs under the same provision of the Agreement, *see, e.g.*, ECF No. 119 at 3, he is similarly not entitled to such costs for the reasons explained below.

[3] Florida law governs the interpretation of the Agreement and whether attorney's fees are available pursuant to the Agreement. *See* ECF No. 27-1 ("This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida . . . ."); *see also, e.g., K3 Enter.*, 2022 WL 3345327, at *2 ("Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, we apply the substantive law of the forum state.") (quoting *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014)).

*Enter. v. Luba Sasowski*, No. 20-24441-CIV-CAN, 2022 WL 3345327, at *2 (S.D. Fla. June 13, 2022) (quoting *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1189 (S.D. Fla. 2019) (quoting *Moritz v. Hoyt Enter., Inc.*, 604 So. 2d 807, 810 (Fla. 1992))), *report and recommendation adopted*, 2022 WL 3351990 (S.D. Fla. Aug. 12, 2022). "Florida law looks for '(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties.'" *Id.* (quoting *Dependable Component*, 572 F. App'x at 801 (quoting *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003))). However, "[a] defendant may 'prevail' even where the case is not dismissed on the merits." *Id.* (quoting *Henn v. Ultrasmith Racing, LLC*, 67 So. 3d 444, 445 (Fla. 4th DCA 2011)).

Both federal and Florida law are clear that a dismissal for lack of subject matter jurisdiction must be without prejudice and is not an adjudication on the merits. "Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice." *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024) (citing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam)); *accord Arison Shipping Co. v. Hatfield*, 352 So. 2d 539, 540 (Fla. 3d DCA 1977) ("It is our opinion that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus, not a bona fide termination of the prior civil suit."); *cf. Torruella v. Nationstar Mortg., LLC*, 308 So. 3d 674, 676 (Fla. 5th DCA 2020) ("A dismissal for lack of personal jurisdiction does not confer 'prevailing party' status on the party over whom the trial court lacks jurisdiction because the trial court does not rule on any issue central to the merits of the dispute, and the legal relationship between the parties following such a disposition has not been materially changed."); Fla. R. Civ. P. 1.420(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction* or for

7

improper venue or for lack of an indispensable party, operates as an adjudication on the merits.") (emphasis added).

Further, where the party whose claims have been dismissed is free to refile those claims following their dismissal, there has been no change in the legal relationship between the parties. *See, e.g.*, *Torruella*, 308 So. 3d at 677 (concluding that "the legal relationship between the parties ha[d] not changed" where the plaintiff was "free to refile its action"); *Magdalena v. Toyota Motor Corp.*, 253 So. 3d 24, 27 (Fla. 3d DCA 2017) (noting that, in the *forum non conveniens* context in which a plaintiff remained free to pursue his claims in another forum, "[l]iability ha[d] yet to be determined," and defendants had not yet "achieved a judicially sanctioned change in the legal relationship of the parties") (quoting *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006)). Following the dismissal of his claims against W. McNae for lack of subject matter jurisdiction, Plaintiff Fitzgerald remained free to refile his claims against W. McNae, and, indeed, he did refile those claims in Florida Circuit Court. *See Fitzgerald v. McNae*, No. 2023-025855-CA-01 (Fla. 11th Cir. Ct.); ECF No. 123 at 2-3.

Because the claims against W. McNae were dismissed for lack of subject matter jurisdiction, he has obtained neither an adjudication nor any other relief on the merits, and there has been no change in the legal relationship of the parties. As a result, he is not a "prevailing party" under Florida law, and he is not entitled to attorneys' fees pursuant to the parties' Agreement.

### B. W. McNae Is Not Entitled to Attorney's Fees from Plaintiff de Varona Under Fla. Stat. § 768.79.[4]

W. McNae also claims to be entitled to fees from Plaintiff de Varona pursuant to Fla. Stat. § 768.79. Section 768.79 governs offers of judgment and provides for the award of reasonable costs and attorney's fees to "a defendant [who] files an offer of judgment which is not accepted by

---

[4] To the extent that W. McNae also seeks costs under Fla. Stat. § 768.79, *see* ECF No. 119 at 3, 17, he is similarly not entitled to such costs for the reasons explained below.

the plaintiff within 30 days . . . if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer." Fla. Stat. § 768.79(1). When a "defendant serves an offer which is not accepted by the plaintiff," the Court looks to the "net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced" to determine whether the "judgment obtained" by the plaintiff was statutorily sufficient to award the Defendant their attorney's fees and costs. *Id.* at § 768.79(7).

"The Florida Supreme Court has indicated that the Florida offer of judgment statute does not provide a basis for an award of attorneys' fees and costs unless a dismissal is with prejudice." *Ambrosia Coal & Constr. Co. v. Morales*, No. 99-07677-CIV-HURLEY/LYNCH, 2006 WL 8448087, at *2 (S.D. Fla. Oct. 4, 2006) (citing *MX Investments, Inc. v. Crawford*, 700 So. 2d 640, 642 (Fla. 1997)). In other words, the dismissal or judgment must be on the merits. *Id.* In this case, W. McNae served a proposal for settlement on Plaintiff de Varona pursuant to Fla. Stat. § 768.79, which she did not accept. *See* ECF No. 119-10. However, as discussed above, the Court dismissed the claims against W. McNae "without prejudice" for lack of subject matter jurisdiction, thereby precluding any adjudication or judgment on the merits. ECF No. 100 at 14.

Here, W. McNae has not obtained a dismissal or other adjudication on the merits, nor any judgment whatsoever concerning the claims that were asserted against him, and he is accordingly not entitled to attorney's fees from Plaintiff de Varona pursuant to Fla. Stat. § 768.79.[5]

---

[5] Although the Court need not reach the issue, W. McNae is also not entitled to costs or attorney's fees pursuant to Fla. Stat. § 768.79 because his proposal for settlement to Plaintiff de Varona is invalid and unenforceable. Here, the offer in W. McNae's proposal sought to resolve "all claims for damages against Defendant WILLIAM MCNAE" for $500—not just the claims asserted by Plaintiff de Varona. *See* ECF No. 119-10 at ¶ 4; *see also id.* at ¶¶ 3, 5. The proposal is therefore invalid and unenforceable because it did not allow Plaintiff de Varona to "independently evaluate or settle [] her respective claim by accepting the proposal" or "reach an informed decision with regard to the settlement amount against the pending claims," as well as because it is ambiguous as

### C. An Award of Costs to W. McNae Under 28 U.S.C. § 1919 Would Be Premature and Unjust Under the Existing Circumstances.

Finally, W. McNae seeks an award of his non-taxable costs pursuant to 28 U.S.C. § 1919. According to W. McNae, he is "entitled to just costs because he was dismissed from the case for lack of jurisdiction." ECF No. 119 at 4. Section 1919, however, does not create any *entitlement* to costs. Under § 1919, "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court *may* order the payment of just costs." 28 U.S.C. § 1919 (emphasis added). "A determination whether 'just costs' should be awarded under Section 1919 is a matter within the sound discretion of the district court." *Kat Florence, LLC v. Se*, No. 21-23293, 2023 WL 5917198, at *2 (S.D. Fla. Aug. 21, 2023), *report and recommendation adopted*, 2023 WL 5901229 (S.D. Fla. Sept. 11, 2023). "[T]he statute is permissive in that the Court 'may' grant costs, and the costs themselves are qualified by the word 'just.'" *Ali v. Prestige Window & Door Installation, LLC*, 626 F. Supp. 2d 1259, 1262 (S.D. Fla. 2009). Section 1919's "statutory language alone, then, gives the Court leeway to award costs or not award costs as it sees fit." *Id.*; 28 U.S.C. § 1919.

"While 'just costs' under § 1919 are different than the taxable costs available to the prevailing party under 28 U.S.C. § 1920, courts have found the standards applied under § 1920 are useful in interpreting which costs are 'just.'" *Grigorian v. FCA US, LLC*, No. 18-24364-CIV-COOKE/GOODMAN, 2021 WL 5605542, at *2 (S.D. Fla. Oct. 1, 2021), *report and recommendation adopted*, 2021 WL 5579276 (S.D. Fla. Nov. 30, 2021); *compare* 28 U.S.C. § 1919 *with* 28 U.S.C. § 1920. Section 1920 permits taxation of the following costs: (1) clerk and marshal fees; (2) fees for printed or electronically recorded transcripts "necessarily obtained for use in the

---

to apportionment. *See, e.g.*, *Audiffred v. Arnold*, 161 So. 3d 1274, 1280 (Fla. 2015); *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 651 (Fla. 2010); Fla. R. Civ. P. 1.442(c)(3); *see also* ECF No. 175 (report and recommendation addressing R. McNae's similarly-worded proposal for settlement to Plaintiff de Varona).

case"; (3) fees for printing and witnesses; (4) exemplification fees and copy costs "where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and costs of special interpretation services. 28 U.S.C. § 1920. "While § 1919 can allow broader recovery, the permissive language within the statute also allows the court to award costs more narrowly than it might under § 1920." *Grigorian*, 2021 WL 5605542, at *4.

Here, the costs that W. McNae is seeking involve deposition transcripts, copies, and other items and matters which it appears will be of continuing use in connection with the Florida state court litigation arising from Plaintiff Fitzgerald's re-filed claims—active state litigation involving the same issues and in which the prevailing party is still unknown. While some of the costs that W. McNae is requesting may have some relevance to the jurisdictional issue that led to W. McNae's dismissal from this case for lack of subject matter jurisdiction, the costs were primarily, if not entirely, incurred in connection with the litigation of the merits of the claims asserted by the Plaintiffs. *See, e.g.*, ECF No. 119-1 at ¶¶ 51-56. Under these circumstances, it would be premature and unjust at this time to award W. McNae the costs that he is requesting when the parties are still involved in ongoing litigation in which these depositions and copies will be used and when the party that ultimately prevails on the merits of that litigation should be able to recover its costs. *See, e.g.*, *Callicrate v. Farmland Indus.*, 139 F.3d 1336 (10th Cir. 1998) (vacating district court's award of costs pursuant to § 1919 where the "controversy between [the parties] [wa]s in active litigation in the state court," "the merits of the controversy between [the parties] [wa]s undecided," and the prevailing party in the state litigation could ultimately recover its costs because the § 1919 award was "speculative and premature" and "would be improper under federal law" if the non-movant ultimately prevailed in the state court litigation); *Cawthorn v. Auto-Owners Ins. Co.*, No. 6:16-cv-2240-Orl-28GJK, 2022 WL 1224020, at *4 (M.D. Fla. Jan. 10, 2022) (following

*Callicrate* and concluding that award of costs associated with claim that was still being litigated in state court was not just under § 1919), *report and recommendation adopted*, 2022 WL 1224046 (M.D. Fla. Jan. 31, 2022); *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 11197803, at *3 (S.D. Fla. Sept. 3, 2015) (declining to award costs pursuant to § 1919 where the "majority of the stated costs pertain to the merits of Plaintiffs' claims," the court had not "spoken to the merits of those claims," and the claims might "yet prove meritorious elsewhere"); *Spartan Holdco, LLC v. Cheeburger Cheeburger Rests., Inc.*, No. 2:10-cv-91-FtM-36DNF, 2011 WL 6024487, at * 3 (M.D. Fla. Nov. 18, 2011) ("The costs requested for the depositions and the expert may be used in any subsequent litigation between the parties.  Therefore, the Court recommends that the requests for costs . . . be denied."), *report and recommendation adopted*, 2011 WL 6024417 (M.D. Fla. Dec. 5, 2011); *see also, e.g.*, ECF No. 27-1 at ¶ 23; Fla. Stat. § 57.041; Fla. R. Civ. P. 1.420(d) & 1.525.

Accordingly, the undersigned recommends that W. McNae's request for costs pursuant to 28 U.S.C. § 1919 be denied without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that: (1) Plaintiff's Motion for Fed. R. Civ. P. 54(d)(2)(C) Determination and Motion for Extension of Time to Respond to S.D. Florida Local Rule 7.3(a) Requirements (ECF No. 115) be **GRANTED** as to the issue of bifurcation and **DENIED AS MOOT** as to the requested extension of time to comply with the briefing requirements as to amount under Local Rule 7.3(a); and (2) that Defendant William McNae's Verified Motion for Attorney's Fees and Costs (ECF No. 119) be **DENIED** as set forth in this Report and Recommendation.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the

Honorable Jose E. Martinez, United States District Judge.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

  **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 21st day of August 2024.

                                 _____
                                 EDUARDO I. SANCHEZ
                                 UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
    Counsel of Record