IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO: 2023-025855-CA-01

**MICHAEL J. FITZGERALD,**
individually,

       **Plaintiff,**

v.

**WILLIAM MCNAE, individually,**

       **Defendant.**

_____/

## AMENDED COMPLAINT (Amendment as of Right)

Plaintiff, MICHAEL J. FITZGERALD ("Fitzgerald" or "Plaintiff"), files this Amended Complaint against Defendant, WILLIAM MCNAE ("McNae" or "Defendant"), and alleges:

1. This is an action for damages arising out of Defendant's breach of a contract (the "Confidential Settlement Agreement") with Plaintiff Fitzgerald.[1]

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Fitzgerald is a British citizen who resides in England.

3. Defendant McNae is a United States citizen who is domiciled in Washington State.

4. This Court has subject matter jurisdiction over this action because it involves an actual and ongoing controversy that exceeds $50,000 plus attorneys' fees and costs. In particular, the amount in controversy is at least $657,228.00 in economic damages due as a result of natural and consequential damages to Plaintiff as a result of Defendant's breaches of the contract at issue

---

[1] Plaintiff reserves the right to reassert his defamation and tort claims in the event that the Confidential Settlement Agreement at issue is deemed unenforceable and/or void by this Court.

in this case.

5.  This Court has personal jurisdiction over Defendant pursuant to Florida Statute §48.193 because he has breached a contract in this state by failing to perform acts required by the Confidential Settlement Agreement to be performed in this state.  Furthermore, this Court has jurisdiction over Defendant pursuant to Florida Statute §685.102 because the Confidential Settlement Agreement has a Florida choice of law provision and Defendant has therefore agreed to submit to the jurisdiction of the courts of this state.

6.  Venue in this district is proper because the underlying events related to the Confidential Settlement Agreement occurred in Miami-Dade County, Florida, and Defendant agreed in the Confidential Settlement Agreement that Miami-Dade County, Florida was the exclusive venue for disputes arising out of the agreement.

7.  The Plaintiff has retained the law firm Assouline & Berlowe, P.A., and has agreed to pay the firm its reasonable attorneys' fees and costs in conjunction with representing the Plaintiff in this action.

8.  All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

## FACTS

9.  Fitzgerald and Defendant (along with Defendant's wife, Ronda McNae), both with the aid of qualified attorneys, entered into a Confidential Settlement Agreement on or about June 15, 2020.  A true and correct copy of the Confidential Settlement Agreement is attached hereto as **Exhibit A**.

10.  In accordance with the Confidential Settlement Agreement, Defendant and Fitzgerald were required to keep the terms and conditions of the Confidential Settlement

2

**ASSOULINE & BERLOWE, P.A.**
Miami Tower • 100 SE Second Street, Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576

*Fitzgerald v. William McNae*
Case No. 2023-025855-CA-01

Agreement confidential.  See Exhibit A, ¶16.

11. In accordance with the Confidential Settlement Agreement, Defendant was to have no contact with Fitzgerald's then-employer, SoftwareONE.  See Exhibit A, ¶4B.

12. In accordance with the Confidential Settlement Agreement, Defendant was not supposed to speak or write about Fitzgerald, his nationality, his employer, his country of citizenship, his location of residence, his employer, his job function, his job title, his profession, or reference dates, locations or other persons present at any of the events related to the underlying dispute. See Exhibit A, ¶4A.  Defendant was also prohibited from referring to Fitzgerald indirectly. Id.

13. Under the Confidential Settlement Agreement, Fitzgerald paid a sum of money to Defendant, and Fitzgerald and Defendant each released claims against one another. See Exhibit A, ¶¶3, 13.

14. Under the Confidential Settlement Agreement, Defendant and Fitzgerald agreed not to disparage each other by written or oral word, gesture, or other means, nor would they make disparaging or negative comments about each other, to any person or entity.  See Exhibit A, ¶17.

15. Fitzgerald has complied with all terms and conditions of the Confidential Settlement Agreement.

16. Defendant breached several provisions of the Confidential Settlement Agreement by contacting SoftwareONE (Fitzgerald's then-employer) on July 15, 2022 and by contacting Microsoft (Defendant's employer who used to do business with SoftwareONE) on April 12, 2022; April 20, 2022; May 2, 2022 and July 13, 2022.  Defendant also breached the Confidential Settlement Agreement by contacting others about the existence of the Confidential Settlement Agreement and by disparaging Fitzgerald to others.

17. Defendant's communications constitute breaches of the following provisions of the Confidential Settlement Agreement:

- ¶4B: prohibition against contacting SoftwareONE;

- ¶16: requirement to keep the terms and conditions of the Confidential Settlement Agreement confidential;

- ¶4A: prohibition from speaking or writing about Fitzgerald directly or indirectly, and,

- ¶17: prohibition from disparaging Fitzgerald to others.

See Exhibit A.

18. Plaintiff has been damaged as a result of Defendant's breaches both personally and professionally.

19. Plaintiff has hired the undersigned law firm to prosecute its claim and is obligated to pay it a reasonable fee for its services. Pursuant to Paragraph 23 of the Confidential Settlement Agreement, Plaintiff is entitled to be reimbursed for his attorneys' fees and all costs incurred relating to said enforcement. See Exhibit A, ¶23.

## COUNT I – BREACH OF CONTRACT

20. Plaintiff Fitzgerald adopts by reference, as if set out fully and completely in this Count, Paragraphs 1-19 of this Complaint.

21. The Confidential Settlement Agreement is a binding contract under Florida law.

22. Defendant breached the Confidential Settlement Agreement by:

    A. Not keeping the Confidential Settlement Agreement confidential as required;

    B. Contacting Fitzgerald's then-employer, SoftwareONE;

    C. Disclosing the existence of the Confidential Settlement Agreement to

4

**ASSOULINE & BERLOWE, P.A.**
Miami Tower • 100 SE Second Street, Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576

        Fitzgerald's then-employer, SoftwareONE;

D.     Contacting Defendant's employer, Microsoft, and disclosing the existence of the Confidential Settlement Agreement and the underlying dispute to Microsoft;

E.     By referring to Fitzgerald directly by name and/or likeness, being, nationality, country of citizenship, location of residence, employer, job function, jot title, profession, or in reference to dates, locations, or other persons present;

F.     By disparaging, lying and intentionally seeking to harm Fitzgerald both professionally and personally by wrongfully and falsely accusing him of a crime to others; and

G.     By working in concert with his wife, Ronda McNae, to commit her breaches of the Confidential Settlement Agreement and her lies to Fitzgerald;

23.     Plaintiff has been damaged by Defendant's breaches of the Confidential Settlement Agreement. Such damages include the loss of Plaintiff's job at SoftwareONE due to Defendant's false accusations that Plaintiff assaulted Defendant's wife which led to a prolonged internal investigation into Fitzgerald at SoftwareONE. The internal investigation resulted in Fitzgerald not being able to work in his chosen profession, loss of business contacts and relationships, damage to his professional reputation, loss of stock options, and earned bonuses, among other things. These damages were natural and foreseeable consequences of Defendant's multiple breaches of the Confidential Settlement Agreement.

24.     Pursuant to Section 23 of the Confidential Settlement Agreement, Plaintiff is entitled to be reimbursed for his attorneys' fees and costs.

*Fitzgerald v. William McNae*
Case No. 2023-025855-CA-01

**WHEREFORE**, Plaintiff demands judgment against Defendant, William McNae, for compensatory damages in the amount of $657,228.00, plus post-judgment interest, and continuing until paid in full, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

Date: February 13, 2024

Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
Telephone: 305-567-5576
Facsimile: 305-567-9343

By: */s/ Peter E. Berlowe*
Peter E. Berlowe
Florida Bar No. 143650
peb@assoulineberlowe.com
Meredith J. Gussin
Florida Bar No. 0512303
mjg@assoulineberlowe.com
*Attorneys for Plaintiff Michael Fitzgerald*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email upon all parties listed on the Service List below on this 13th day of February 2024.

By:   /s/ *Meredith J. Gussin*
Meredith J. Gussin

## SERVICE LIST

William McNae
504 11th Place
Kirkland, WA 98033
prose.wmcnae@gmail.com

## Confidential Settlement Agreement

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement" or the "Agreement") is made and entered this __15th__ day of June 2020, by and among MICHAEL J. FITZGERALD ("Fitzgerald"), RONDA MCNAE ("Ronda") and WILL MCNAE ("Will") with Ronda and Will collectively referred to as the "McNaes," and Fitzgerald, Ronda, and Will collectively referred to as the "Parties";

### RECITALS

**WHEREAS,** Ronda and Will are a married couple;

**WHEREAS,** Fitzgerald is a single male;

**WHEREAS,** the McNaes contend that Fitzgerald caused physical injury and mental injury to them in Miami-Dade County, Florida as a result of Fitzgerald's alleged sexual conduct towards Ronda;

**WHEREAS,** for purposes of avoiding the time and costly expenses associated with litigation, and in the interest of economic expediency, the Parties desire to reach a settlement of all claims between and among themselves; and,

**WHEREAS,** the parties wish to resolve all disputes between and among them;

**NOW THEREFORE** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them.

1. **RECITALS.** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts of this Agreement.

2. **NO ADMISSION OF LIABILITY.** The Parties agree to amicably settle all disputes between and among them. The Parties understand that this Agreement is in full and complete compromise of all disputed claims, both as to questions of liability and damages, including any claims for punitive damages, without an admission of liability or any wrongdoing by any of the Parties, any such liability or wrongdoing being expressly denied by each of the Parties.

3. **CONSIDERATION.** In consideration of the execution of this Agreement and the promises herein contained, the Parties agree to the following:

    A. <u>Payment of Settlement Funds</u>.  On or before June 19, 2020, Fitzgerald agrees to remit payment in the amount of Ninety-Seven Thousand Dollars and 00/100 cents ($97,000.00) to Ronda McNae and remit payment in the amount of Ten Thousand Dollars and 00/100 cents to Will McNae (collectively the "Settlement Funds"). The Settlement Funds to

Page 1 of 5

Ronda's Initials: /R/   Will's Initials: WM   Fitzgerald's Initials: /s/

MCNAE 000001

Ronda McNae are paid in consideration of the physical and mental injuries she claims, and the settlement funds to Will McNae are in consideration of his loss of consortium claims due to the physical and mental injuries suffered by his wife Ronda. The Settlement Funds shall be remitted by wire to the Max Meyers Law PLLC Trust Account with the following wiring instructions:

    MAX MEYERS LAW PLLC IOLTA TRUST ACCOUNT WIRE INTRUCTIONS.
    Banner Bank - ABA Routing #■■■1076 and Account #■■■5818

    **4.**     **NON-MONETARY TERMS.** The Parties agree to the following non-monetary terms:

    A.     The McNaes shall remove any prior or current internet posts that reference Fitzgerald by name. The McNaes may speak or write generically about their life events, but in speaking or writing about their life events, the McNaes cannot refer to Fitzgerald's name, likeness, being, nationality, country of citizenship, location of residence, employer, job function, job title, profession, or reference to dates, locations, or other persons present. For instance, Ronda cannot name six people at an event, plus and unnamed person, so that the six people will know who the unnamed person is by process of elimination. Thus, it shall be a breach of this Agreement for the McNaes to indirectly refer to Fitzgerald in a way the McNaes could not do directly.

    B.     The McNaes shall not contact Fitzgerald's employer. If Mr. Fitzgerald's employer contacts either of the McNaes, the McNaes shall respond, "the matter has been resolved and I cannot speak any more about it," or words to that effect.

    C.     Notwithstanding the confidentiality provision in Section 16, below, the Parties may continue discuss the matter with their respective mental health professionals, but will advise the mental health professionals of this existence of this Agreement and those mental health professionals must follow this Agreement, as well.

    D.     The Parties agree to minimize contact upon execution of this Agreement, and they agree to limit such contact as to be only such contact necessary to enforce the terms of this Agreement, with such contact preferably being by the Parties' respective attorneys.

    **5.**     **REPRESENTATIONS AND WARRANTIES.** In making and executing this Agreement, the Parties represent, warrant and agree as follows:

    A.     The Parties have had an opportunity to seek independent legal advice with respect to their rights and asserted rights arising out of the matters in controversy and with respect to the advisability of executing this Agreement.

    B.     The Parties have made such investigation of all matters pertaining to this Agreement as they deem necessary, and do not rely on any statement, promise or representation by the other Parties hereto with respect to this matter.

    **6.**     **NO CHALLENGE TO SETTLEMENT.** The Parties agree that they will take no action, including, but not limited to the institution of a lawsuit or administrative claim, to

challenge any provision of this Agreement or regarding the original matter in controversy.

**7.     NO ADMISSION.** Neither the negotiation nor the execution of this Agreement, nor any of its provisions, are to be construed as an admission by any of the Parties hereto, nor by their respective attorneys, or trustee regarding the truth of any matter alleged relating to the matter of controversy.

**8.     INTEGRATION.** This Agreement constitutes a single, integrated written contract expressing the entire Agreement between the parties. There are no other Agreements, written or oral, expressed or implied, between the parties, except as set forth in this Agreement.

**9.     SEVERABILITY.** Should any part, term or provision of this Agreement be decided by the courts to be illegal, unenforceable or in conflict with any state or federal law or any other applicable law, the validity and enforceability of the remaining portions of this Agreement shall not be affected thereby.

**10.    DOCUMENT PREPARATION.** If it becomes necessary for any reason to construe this Agreement as permitted by the Rules of Evidence of the State of Florida, this Agreement will be construed as being jointly prepared and written. The Parties agree that the terms and conditions contained herein have been negotiated, renegotiated and considered several times by the parties. The fact that one party or the other prepared the actual final draft of this Agreement shall not be construed as having created any ambiguity. Should it become reasonably necessary for the parties to prepare additional documents to carry out the intent of this Agreement, each Party agrees to cooperate in the preparation, execution and delivery of same.

**11.    BINDING EFFECT.** This Agreement shall be binding upon and inure to the benefit of the parties, and their respective successors, heirs, personal representatives and assigns.

**12.    NO WAIVER.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

**13.    MUTUAL GENERAL RELEASE.** The Parties agree that they each on their own behalf and on the behalf of any heirs, assigns, beneficiaries, past or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, trustees, and any other person or entity bearing a legal relationship as a predecessor or successor in interest and anyone claiming any rights derived from any of them, forever release, discharge, and hold each other and each other's past, present or future affiliates, shareholders, parents or subsidiaries, attorneys, sureties or insurers, employees, officers, directors, agents, and any entity bearing a legal relationship as predecessor or successor in interest, harmless of, and from, any all claims, causes of action, suits, debts, agreements, promises, demands, liabilities, contractual rights and/or obligations, or claims arising in tort, or of whatever nature, in law or in equity, arising out of, or related to, the direct claims asserted and any other claims that could be asserted, any counterclaims, any third-party claims, and any claims to attorneys' fees and cost, whether or not the claim was raised, or could have been raised. The Parties agree that this Release is not intended as an admission of any wrongdoing or liability on the part of any Party, and that this Release is not

Page 3 of 5
Ronda's Initials: _____  Will's Initials: _WM_  Fitzgerald's Initials: _____

admissible as evidence in any proceeding as an admission of liability. The Parties warrant that they have not made any assignment of any right, claim, or cause of action covered by this Release to any other person, corporation or other legal entity.

**14.   GOVERNING LAW.**   This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principals of Florida law. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Miami-Dade County, Florida.

**15.   EXECUTION.**   This Agreement may be made effective by means of facsimile signatures executed on several identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**16.   CONFIDENTIALITY.**   The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys and accountants; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately be communicated to counsel for the opposing party telephonically. The McNaes further acknowledge and agree that this provision is a material inducement to the Fitzgerald's agreement to pay the Settlement Funds. Therefore, the McNaes agree and acknowledge that any violation of this section or disclosure of any of the terms of the Settlement Agreement beyond the exceptions identified above in this section shall constitute a material breach of this Agreement.

**17.   NON-DISPARAGEMENT.**   The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

**18.   NO FURTHER OBLIGATIONS.** The Parties agree that, aside from the obligations set forth in this Agreement, no party owes any other party any monies or benefits.

**19.   BINDING NATURE OF AGREEMENT.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit and/or detriment of each party and to their respective heirs, administrators, representatives, executors, successors and assigns.

**20.   MODIFICATION OF AGREEMENT.**   This Agreement may be amended, revoked, changed, or modified only upon written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

**21.   SELECTIVE ENFORCEMENT.**   The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be

Page 4 of 5

Ronda's Initials: _____   Will's Initials: _____   Fitzgerald's Initials: _____

MCNAE 000004

construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

**22.     ENTIRE AGREEMENT.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

**23.     ATTORNEYS' FEES.**     In connection with any litigation arising out of this Agreement or in any way related to this Agreement, the prevailing party shall be entitled to recover all costs incurred including, but not limited to, its reasonable attorneys' fees at any level (trial, appeal, bankruptcy, administrative), including fees spent in litigation over entitlement or amount of such fees.

**24.     HEADINGS.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**25.     COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed in two or more counterparts, each of which may be considered an original, and all of which together shall constitute one and the same document.  Facsimile or scanned copies of signature pages shall be treated as original signature pages.

**IN WITNESS WHEREOF**, this Agreement has been executed by the Parties as of the Effective Date.

_____  6-15-2020          _____  6-15-2020
Ronda McNae              Date                Will McNae               Date

_____  6-16-2020
Michael Fitzgerald       Date
Allan D. Lederman, Trustee

Page 5 of 5
Ronda's Initials: ___   Will's Initials: WM   Fitzgerald's Initials: ___

MCNAE 000005