**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:22-cv-22171-JEM**

**MICHAEL FITZGERALD,**
**Individually, and YELANY DE VARONA,**
**Individually,**

**Plaintiffs,**

**v.**

**RONDA MCNAE, individually, and**
**WILLIAM MCNAE, individually,**

**Defendants.**
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT**
**WILLIAM MCNAE'S OBJECTION TO ECF NO. 178 REPORT & RECOMMENATION**

Plaintiffs, MICHAEL FITZGERALD ("Fitzgerald) and YELANY DE VARONA ("de

Varona"), hereby file this Response in Opposition to Defendant, William McNae's ("W.

McNae") Objection to Report and Recommendation Dated August 21, 2024 (ECF No. 178), and

states:

**PROCEDURAL HISTORY**

1.      W. McNae filed a Motion for Attorneys' Fees and Costs Against Plaintiffs on

December 22, 2023 (ECF No. 119) seeking $273,502.50 in fees and $53,160.54 in costs pursuant

to the Confidential Settlement Agreement, costs pursuant to 28 U.S.C. §1919 and fees and costs

against de Varona pursuant to a deficient offer of settlement under Fla. Stat. §768.79 (the

"Motion for Fees and Costs").

2.      On January 5, 2024, Plaintiffs filed their response in opposition to the Motion for

Fees and Costs (ECF No. 123) (the "Response to Motion for Fees and Costs").

3.      On August 21, 2024, Magistrate Judge Eduardo I. Sanchez issued a Report and

Recommendation on the Motion for Fees and Costs (ECF No. 178) (the "R&R). The R&R recommends that the Motion for Fees and Costs be denied. The basis of the R&R is that W. McNae is not entitled to an award of fees as he is not a "prevailing party" in this litigation, and because there is ongoing litigation in state court, an award of costs at this juncture would not be just. *Id.*

4.      W. McNae objected to the R&R (ECF No. 184) claiming that Magistrate Judge Sanchez erred in determining that W. McNae was not a "prevailing party," that an award of costs is "just" since the state court litigation differs than the federal litigation, and that fees and costs should have been awarded pursuant to the deficient offer of settlement issued to de Varona.

5.      However, for the reasons set forth herein, as well as in the Response to Motion for Fees and Costs (ECF No. 123, which is incorporated by reference as if stated fully herein), and the R&R, W. McNae's arguments are of no merit, and Plaintiffs respectfully request that this Court adopt and affirm the R&R in totality.

## MEMORANDUM OF LAW

**A.      The R&R properly applied the plain meaning of the Confidential Settlement Agreement**

W. McNae objects on the incorrect basis that Magistrate Judge Sanchez did not apply the plain language of the Confidential Settlement Agreement but instead applied case law construing a statutory definition of "prevailing party." W. McNae's argument is simply a red herring; in fact, W. McNae does not even state where in the R&R the Magistrate Judge made such analysis.

W. McNae cites to another case before this Court 20 years ago, in an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Amended/Supplemental Complaint in *Employers Resinsurance Corp. v. School Board of Broward County, Florida,* Case No. 04-61179 (S.D. Fla. Jan. 20, 2006) for the argument that the R&R relied on a statutory definition of the

term "prevailing party." W. McNae's argument is completely misplaced and inapplicable. *Employers Reinsurance Corp.* did not pertain to a prevailing party attorney's fee provision in a contract <u>at all</u> and is completely irrelevant. That case involved a declaration of rights under four excess worker's compensation insurance policies and the court was asked to analyze whether attorney's fees were deemed compensation within the meaning of the Florida Statutes governing workers compensation. *Id.* at *14.

The only relevance *Employers Reinsurance Corp.* has to the presence case is its reliance on well established principles of law that provide "[u]nless ambiguous, contract language must be given its plain meaning." *Id.* at *7 (citing *Langford v. Paravant, Inc.*, 912 So. 2d 359, 360 (Fla. 5th DCA 2004)).   Indeed, it has long been held in Florida, that one is bound by his contract. *Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344, 347 (Fla. 1977). W. McNae's argument is a feeble attempt to avoid the clear and unambiguous terms of his contract that was negotiated at arm's length with the help of competent counsel.

The R&R cites paragraph 23 of the Confidential Settlement Agreement which provides for entitlement to recovery of costs and fees to **"the prevailing party"** in connection with any litigation arising out of the agreement (ECF 178 at *7). The R&R goes on to define "prevailing party" under Florida law as one who has been awarded by the court at least some relief on the merits of this claim *or* a judicial imprimatur on the change in the legal relationship between the parties. *Id.* Magistrate Judge Sanchez's R&R relies on both federal and Florida law to support his analysis that a dismissal for lack of subject matter jurisdiction is <u>not</u> an adjudication on the merits. *Id.* This case involved a dismissal *without prejudice*; thus, there has been no change in the legal relationship between the parties because Fitzgerald could (and did) refile his claims against W. McNae in state court. The R&R is correct in concluding that W. McNae is not

entitled to "prevailing party" status as has not obtained an adjudication on the merits and was, therefore, not a "prevailing party" under Florida law. *Id.* at *8.

W. McNae cites to the same cases he first relied upon in his Motion for Fees and Costs for the proposition that a dismissal on jurisdictional grounds is sufficient to entitle a party to prevailing party status (ECF 184 at p. 3). However, those cases remain inapplicable. In *Kamel v. Kenco/The Oaks at Boca Raton, LP*, 2008 U.S. Dist. LEXIS 61020 (S.D. Fla. Aug. 11, 2008), the Court found the party was entitled to fees under the contract because two of the complaint's counts were dismissed <u>on the merits with prejudice</u>. In *Layne Heavy Civil, Inc. v. Carter & Verplanck, Inc.*, 2019 U.S. LEXIS 238983 (S.D. Fla. Aug. 16, 2019), the Court entered dismissal due to a contractual forum selection clause; however, <u>a forum non conveniences dismissal is a non-merits based decision</u> akin to a dismissal for lack of personal jurisdiction. *See, e.g. Dattner v. Conagra Foods, Inc.*, 458 F. 3d 98, 101 (2nd Cir. 2006). Finally, in *Rinehuls v. Holiday Inn Club Vacations, Inc.*, 2021 U.S. Dist. LEXIS 149344 (M.D. Fla. Aug. 9, 2021), the Court followed Florida law to find that a defendant is the "prevailing party" when the plaintiff <u>voluntarily dismisses</u> an action. Finally, *Overman v. Imico Brickell, LLC,* 2009 U.S. Dist. LEXIS 422 (S.D. Fla. Jan. 6,2009) is also inapplicable as the court dismissed the plaintiff's action because it was barred by the statute of limitations and the court declined to exercise supplemental jurisdiction over the remaining state law claims that would have otherwise predominated over the time-barred federal claims.[1] None of these situations are present here where Fitzgerald's claim was dismissed without prejudice; there was no adjudication on the merits, voluntary dismissal, failure to prosecute or statute of limitations bar that make any of the cases relied upon by W. McNae applicable here.

---

[1] W. McNae's remaining cases cited are factually distinguishable and involve voluntary dismissals or a failure to prosecute. None are applicable here and should be disregarded.

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd Street, Suite 3105, Miami, Florida 33131 - Telephone: 305-567-5576

**B.**     **The R&R is Correct that an Award of Costs Under 28 U.S.C. §1919 is Premature and Unjust**

The R&R recommends a denial of recovery of permissive costs which involve deposition transcripts, copies, and other items and matters which may be of continuing use in connection with Fitzgerald's state law action against W. McNae (ECF 178 at p. 11). W. McNae disagrees on the basis that Fitzgerald's state court action against him is only in contract and not in tort (ECF 184 at p. 4). W. McNae argues that various deposition costs for nine witnesses are not relevant to the breach of contract claim as those witnesses offered no testimony about W. McNae's breach of contract. *Id.* at p. 5.   However, W. McNae conveniently ignores the fact that he asserted affirmative defenses in state court all which attempt to invalidate the Confidential Settlement Agreement and/or provide argument that he and his wife entered the agreement only under duress. W. McNae's affirmative defenses in the state court action include arguments that the contract is void as against public policy, void as violative of Florida's Litigation in the Sunshine Act, lack of consideration, fraud in the inducement, failure to mitigate/successful mitigation of damages, duress, and breach of contract by plaintiffs.

The deponents listed in W. McNae's objections (ECF 184) all go to these affirmative defenses, specifically the consensual nature of Fitzgerald's relationship with Mrs. McNae, and whether or not the Confidential Settlement Agreement is a valid and enforceable agreement under Florida law.  For instance, David Carpenter was told by his brother, W. McNae, that his wife was having another extra marital affair and he contemplated ending his marriage. Tom Wiper also testified that Ronda McNae told him she was in love with Fitzgerald, thereby negating any argument the McNaes have that the relationship was nonconsensual. Plaintiff de Varona testified about her husband's emotional damages, which are recoverable as a foreseeable and consequential result of W. McNae's breaches of the non-disparagement and confidential

provisions of the Confidential Settlement Agreement. Lily Vasquez offered testimony about the fact that Mrs. McNae showed no signs of distress when returning from her night out with Fitzgerald (despite testifying otherwise) and did not ask her to stay or help her until W. McNae arrived. Azaiah Carew and Marisa Carew both testified that Mrs. McNae told them she was in love with Fitzgerald and wanted to leave her husband to pursue a relationship with Fitzgerald. Sirena Herd was listed on the McNae's witness list and was therefore deposed to see what testimony she had as to the McNae's claims and defenses. Matthew Mead was deposed because Ronda McNae told him that she lied to Fitzgerald about being pregnant and wanted to scheme Fitzgerald to get money out of him. Patrice Sanchez was deposed because the McNae's listed her on their witness list as someone who had also been victimized by Fitzgerald; upon being deposed, Ms. Sanchez stated that she had only engaged in consensual sex with Fitzgerald.

W. McNae is trying to distract this court from seeing the big picture – that is, he entered an arm's length contract with Fitzgerald, he breached the contract by violating the confidentiality and non-disparagement provisions of that agreement, and his actions caused extensive damage to Fitzgerald both professionally and personally. W. McNae is trying to avoid the consequences of his breaches by telling the Court the witnesses have nothing to do with the breach of contract claim, when in reality each and every person's testimony goes to the heart of this case – that Mrs. McNae and Fitzgerald were engaged in a consensual relationship and subsequently entered into a Confidential Settlement Agreement that the McNaes then breached.  The McNaes are trying to cover up their misdeeds by pointing the court in the wrong direction. Because W. McNae asserted numerous affirmative defenses in state court that go to whether or not the Confidential Settlement Agreement is valid and enforceable, all the testimony and deposition transcripts are relevant and will likely be used in the state court action for that purpose.

ASSOULINE & BERLOWE, P.A.
Miami Tower, 100 S.E. 2nd Street, Suite 3105, Miami, Florida 33131 - Telephone: 305-567-5576

Additionally, Plaintiff intends to use the same experts in the state court case as he would have used against W. McNae in federal court. A copy of Plaintiff's Witness and Exhibit List, filed in sate court on August 8, 2024 is attached hereto as **Exhibit A**. W. McNae's knows that his statement that Fitzgerald has not stated that he will use the same experts is untrue and continues to lie to this Court in an effort to recover his costs.

**C.     The R&R is Correct that the Offer of Judgment Statute is Inapplicable Where Dismissal is Not on the Merits; the Offer of Judgment is Otherwise Deficient**

W. McNae attempts to argue that he is entitled to fees and costs against de Varona pursuant to his deficient offer of judgment arguing that the dismissal functioned as the equivalent of a dismissal with prejudice (ECF 184 at p. 7). McNae is incorrect. The law is well established that absent a dismissal with prejudice, Florida Statute §768.79 is inapplicable (ECF 178 at p. 9). Moreover, Plaintiffs assert that W. McNae's offer of judgment was incapable of being accepted as drafted, and points to Magistrate Judge Sanchez's Report and Recommendation dated August 13, 2024 (ECF 175) on Ronda McNae's Motion for Fees and Costs Pursuant to Fla. Stat. §768.79 for guidance.  In that R&R, the court argued the identical offer of judgment used by W. McNae by Ronda McNae was deemed an invalid joint proposal of settlement because it did not allow de Varona to " 'independently evaluate or settle []her respective claim by accepting the proposal' or 'reach an informed decision with regard to the settlement amount against the pending claims,' as well as because it is ambiguous as to apportionment, it is invalid and unenforceable." (ECF 175 at p.7).  This Court affirmed and adopted ECF 175 on August 29, 2024 (ECF 183).

Because W. McNae's offer of settlement to de Varona is identical to R. McNae's offer of settlement to de Varona, it is subject to the same scrutiny and same fate; W. McNae is not entitled to fees and costs against de Varona under Fla. Stat. §768.79 for the reasons set forth in ECF 178 and ECF 175.

ASSOULINE & BERLOWE, P.A.
Miami Tower, 100 S.E. 2nd Street, Suite 3105, Miami, Florida 33131 - Telephone: 305-567-5576

## CONCLUSION

For the reasons set forth herein, this Court should adopt and affirm the Report and Recommendation on Defendant William McNae's Motion for Attorney's Fees and Costs (ECF 178) on the basis that W. McNae is not a "prevailing party" under the Confidential Settlement Agreement, an award of costs is premature and unjust, and the offer of judgment statute is inapplicable, and the offer is otherwise deficient and invalid.

WHEREFORE, Plaintiffs Fitzgerald and de Varona seek an Order affirming the R&R entered by this Court on August 21, 2024 (ECF No. 178), and for any other and further relief this Court deems just and proper.

Dated: September 3, 2024.                    Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
Telephone: (305) 567–5576
Facsimile:  (305) 567–9343

By:     /s/ Meredith J. Gussin
        Peter E. Berlowe
        Florida Bar No. 143650
        Meredith J. Gussin
        Florida Bar No. 0512303
        *Attorneys for Plaintiffs*

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd Street, Suite 3105, Miami, Florida 33131 - Telephone: 305-567-5576

# EXHIBIT A

Filing # 204359993 E-Filed 08/08/2024 06:58:27 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO: 2023-025855-CA-01

MICHAEL J. FITZGERALD,
individually

                    Plaintiffs,

v.

WILLIAM MCNAE, individually,

                    Defendants.

_____/

### PLAINTIFF'S WITNESS AND EXHIBIT LIST

Plaintiff, Michael J. Fitzgerald, by and through the undersigned counsel and pursuant to tis

Court's January 1, 2024 Case Management Order, hereby files Plaintiff's Witness and Exhibit List.

### WITNESS LIST

1. Michael Fitzgerald
   c/o Counsel for Plaintiff

2. William McNae
   c/o Counsel for Defendant

3. Ronda McNae
   504 11th Place
   Kirkland, Washington 98033

4. Sheri Fiske Schultz, CPA/ABV/CFF
   Fiske Forensic Accounting
   1250 S. Pine Island Rd., Suite 300
   Plantation, FL 33324

5. Michael J. DiTomasso, Ph.D.
   13834 SW 122 Court
   Miami, FL  33186

1

6.  All witnesses listed on Defendant's Witness List.

7.  Rebuttal and impeachment witnesses.

## EXHIBIT LIST

1.  All pleadings, including exhibits.

2.  The Confidential Settlement Agreement dated June 15, 2020 [McNae 0001-0005].

3.  Email from William McNae to David Totten and Ronda McNae dated March 29, 2022 [WMcNae 00022].

4.  Email from William McNae to Chris Maulden and Ande Ferretti dated April 12, 2022 [McNae 001321 – 1323].

5.  Email from William McNae to Chris Maulden dated April 202, 2022 [McNae 001319-1320].

6.  Email from William McNae to Chris Maulden and Leslie Pickering dated May 2, 2022 [McNae 001317-1318].

7.  Email from William McNae to Chris Maulden dated July 7, 2022 [WMcNae00034-36].

8.  July 13, 2021 Letter from William McNae to Microsoft [McNae 001275-1277].

9.  Email from William McNae to John Wylie, Jenny L. Martinez, John Mayes, Ronda McNae dated July 15, 2022 [McNae 001353-1355].

10. Email from William McNae to David Totten and Chris Maulden dated July 18, 2022 [WMcNae 00023].

11. Recording of phone call/video conference between William McNae and Chris Maulden [W. McNae 268].

12. Recording of phone call/video conference between William McNae and Chris Maulden [W. McNae 269].

13. Recording of phone call/video conference between William McNae and Wendy from CELA [W. McNae 270].

14. Text messages between William McNae and David Totten dated 7/21/2021 to 7/18/2022 [WMcNae 00070-75].

ASSOULINE & BERLOWE, P.A.
Miami Tower • 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

15. Text messages between William Mcnae and Jared Cheney dated 6/26/2021 to 9/2/2022 [WMcNae 00076-85].

16. Text messages between William McNae and Josh Condie dated 5/24/2021 to 4/26/2022 [WMcNae 00212-237].

17. Nexus of work and personal relationship document created and produced at the request of Chris Maulden, Global Employee relations at Microsoft [WMcNae 00024-32].

18. Documents previously produced at W. McNae 0001 through 309.

19. All documents listed in Defendant's Exhibit List.

20. Any and all documents produced in this case pursuant to any request for production of documents.

21. Any documents to be used for rebuttal or impeachment.

Dated: August 8, 2024                                  Respectfully submitted,

                                                       **ASSOULINE & BERLOWE, P.A.**
                                                       Miami Tower
                                                       100 SE 2nd Street, Suite 3105
                                                       Miami, Florida 33131
                                                       Telephone: 305-567-5576
                                                       Facsimile: 305-567-9343

                                               By: */s/ Meredith J. Gussin*
                                                       **Peter E. Berlowe**
                                                       **Florida Bar No. 143650**
                                                       **peb@assoulineberlowe.com**
                                                       **Meredith J. Gussin**
                                                       **Florida Bar No. 512303**
                                                       **mjg@assoulineberlowe.com**
                                                       *Attorneys for Plaintiff*

**ASSOULINE & BERLOWE, P.A.**
Miami Tower • 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email

upon all parties listed on the Service List below on this 8th day of August, 2024.


By:     /s/ *Meredith J. Gussin*
        Meredith J. Gussin


## SERVICE LIST

Richard M. Gomez
Law Offices of Gomez & Gomez
4300 Biscayne Blvd., Suite 305
Miami, Florida 33137
Telephone (305) 825-5506
Facsimile (305) 825-2699
richardgomez@rgpalaw.com