SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:22-cv-22171-JEM

MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

                Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

                Defendants.

_____/

FILED BY _MC_ D.C.
OCT 21 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

Defendant Ronda McNae, acting pro se, seeks to supplement the record with critical, newly uncovered evidence deliberately withheld by Plaintiff Michael Fitzgerald and respondent SoftwareONE. This motion addresses their clear bad-faith discovery violations, which obstructed McNae's ability to present key defenses. By revealing Fitzgerald's preexisting reputational harm, this evidence undercuts Plaintiff's claims of damages caused solely by McNae and highlights discovery misconduct by both Plaintiff and SoftwareONE.

This motion seeks to rectify that injustice by providing the Court with access to all relevant facts from *Jane Doe v. SoftwareONE, Inc.*, 85 Cal. App. 5th 98 (Cal. Ct. App. 2022). The withheld documents demonstrate that Fitzgerald's alleged damages were self-inflicted, stemming from his own conduct and leadership failures. Supplementing the record will not only restore procedural fairness but also ensure the Court has a complete and accurate record necessary for a just resolution of this case. Additionally, Plaintiff's bad-faith litigation tactics warrant sanctions under Rule 37, including dismissal with prejudice or, in the alternative, adverse inferences or monetary relief, to correct the serious procedural prejudice inflicted upon McNae.

## INTRODUCTION

The failure of SoftwareONE and Fitzgerald to disclose these materials during discovery constitutes a serious breach of their legal obligations and prejudiced the Defendant's ability to present a full defense. These documents show that Fitzgerald's reputation was already compromised by internal HR investigations and misconduct within SoftwareONE long before any alleged disclosures by Defendant. This evidence is essential to achieving an equitable resolution and demonstrates improper conduct by both SoftwareONE and Fitzgerald by withholding material information.

This newly discovered information was improperly withheld despite Defendant's subpoenas, interrogatories, and the parties' discovery obligations. After learning of the *Doe v. SoftwareONE* case in May 2024, Defendant repeatedly asked her prior counsel, Richard Gomez, to investigate its relevance, but no meaningful action was taken. When Defendant was ultimately required to appear pro se, she personally uncovered the relevant documents on October 11, 2024, after investing significant time and resources. These delays, caused by circumstances beyond Defendant's control, are directly relevant to the timeliness of this motion.

## FACTUAL BACKGROUND

During the discovery phase, Defendant Ronda McNae served subpoenas on SoftwareONE and interrogatories on Plaintiff Michael Fitzgerald seeking critical documents relating to Fitzgerald's prior misconduct and reputation (Exhibit A & B). Despite these lawful requests, Plaintiff and SoftwareONE withheld key evidence, including internal HR complaints about Fitzgerald's discriminatory behavior and retaliation, crucial to McNae's defense. These subpoenas were designed to uncover documents essential to defending against Fitzgerald's claims of reputational

2

and financial harm.

In June 2023, SoftwareONE escalated its obstruction efforts by filing a lawsuit in Wisconsin to block further subpoenas aimed at uncovering evidence of Fitzgerald's misconduct. This lawsuit, *SoftwareOne Inc. v. McNae*, No. 2:23-mc-00027 (E.D. Wis. 2023), was an attempt to stymie discovery efforts directly related to Fitzgerald's prior behavior and potential reputation damage. Despite these obstacles, McNae remained persistent in her pursuit of these documents (Exhibit C).

By October 2024, after Defendant acted pro se, McNae uncovered a set of crucial documents, including records from the case *Jane Doe v. SoftwareONE*. These documents, which had been deliberately withheld, exposed Fitzgerald's involvement in discriminatory practices, gender bias, and retaliation within the company — misconduct that had a direct impact on his performance reviews, bonus eligibility, and overall reputation long before McNae's alleged breach of contract.

The misconduct and reputational harm that Fitzgerald suffered within SoftwareONE predated any actions by McNae. These behaviors had been actively concealed by SoftwareONE and Fitzgerald through internal maneuvers, confidential settlements, and the deliberate withholding of documents during discovery. The failure to disclose these key details prevented McNae from presenting a robust defense, resulting in a severe procedural disadvantage.

The recent discovery of these documents is crucial to this Court's evaluation of Fitzgerald's claims. By supplementing the record with this new evidence, the Court will have access to facts that contextualize Fitzgerald's preexisting reputational damage and will prevent the Plaintiff from continuing to portray McNae as the sole cause of his alleged harm.

## **LEGAL ARGUMENT**

Under Federal Rule of Civil Procedure 15(d), the Court has broad discretion to permit a party to supplement the record with matters that occurred after the original pleadings were filed.

3

Additionally, Rule 26(e) requires parties to supplement discovery responses when new information renders prior disclosures incomplete or incorrect. This motion is timely because the evidence was only uncovered on October 11, 2024, following Defendant's persistent efforts to obtain it despite Plaintiffs' and SoftwareONE's obstruction during discovery.

Rule 37(c)(1) further authorizes the Court to impose sanctions for failure to disclose evidence as required under Rule 26. Sanctions may include adverse inferences, monetary penalties, or dismissal of the action, depending on the severity of the non-disclosure and its impact on the opposing party.

Courts have emphasized that motions to supplement should be granted unless there is evidence of bad faith, undue delay, or unfair prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In this instance, Defendant acted diligently to uncover the withheld evidence, and any delay is directly attributable to Plaintiffs' obstruction of discovery.

Here, Plaintiff and SoftwareONE violated their obligations under Rule 26(e) by withholding key documents related to Fitzgerald's prior reputational harm and misconduct during his leadership at SoftwareONE. These documents should have been produced in response to McNae's subpoenas, and their concealment undermined the integrity of the discovery process. Sanctions under Rule 37 are necessary to correct the prejudice caused by this misconduct.

### Evidence of Fitzgerald's Reputational Damage and SoftwareONE's Misconduct

**1. Misconduct and Reputational Damage Preceding the Alleged Breach**

The documents from the *Doe v. SoftwareONE* litigation clearly demonstrate that Fitzgerald's reputation was damaged due to his own reckless behavior and exclusionary leadership long before McNae's alleged breach. This evidence contradicts Fitzgerald's claim that McNae's actions were

the sole cause of his reputational harm. The following 10 exhibits from the *Doe v. SoftwareONE* case docket are a small fraction of what is filed and available.

**a. Declaration in Opposition to Motion for New Trial – July 26, 2021 (Exhibits D – H)**

Direct evidence of Fitzgerald's reckless conduct during corporate events, specifically during the 2017 National Sales Kickoff (NSK) event in Cancun, Mexico:

1. *"Mike Fitzgerald, as Global Leader of Solutions Sales Specialist, was out of control and got crazy drunk at one of Patrick Winter's events, ended up in a fight, and then the emergency room. Rules did not apply to Fitzgerald, as he was one of the Boys' Club."* (Will Elliott, Exhibit D)

2. *"In January 2017, there was a National Sales Kickoff meeting organized by SoftwareONE in Mexico. The level of culture on this business trip was outrageous. Some of the leaders were not sobriety to perform their professional duties. The outcome of this meeting was a sexual harassment case filed against SoftwareONE by one of the former female employees."* (Judy Foust, Exhibit E).

3. *"I saw ... Mike Fitzgerald (Global Leader of Sales Solutions Specialists) in their underwear, laying around the pool in the morning after partying all night. The pool area was littered with empty bottles and clothing. In addition to Mike Fitzgerald and Sean Nicholson, these guys were the boys' club that ran SoftwareONE.'"* (John de los Reyes, Exhibit F)

4. *"There is a 'Boys' Club' at SoftwareONE".* (Bob Franklin, Exhibit G)

5. *"There was a 'boys club' culture at SoftwareONE, including Fitzgerald. This lack of diversity, especially within the executive level, was one of the things I hated about SoftwareONE."* (James Brannon, Exhibit H)

**Relevance**: Fitzgerald's reckless behavior at company events demonstrates that his

reputation was already compromised before the events in the current case. This should have been disclosed in discovery, as it directly counters his claim that McNae's actions were solely responsible for his harm.

**b. Declaration of Jane Doe – Motion for New Trial – July 20, 2021 (Exhibit I)**

Fitzgerald's exclusionary behavior and involvement in undermining female employees:

1. *"During the 2017 National Sales Kickoff (NSK) event in Cancun, Mexico, Mr. Fitzgerald, along with other executives, partied all night, drank heavily, and excluded women, including myself, from important meetings."* (Jane Doe, p. 2)

2. *"One evening I waited at a restaurant for a Microsoft meeting with Mike Fitzgerald. I sent him texts verifying the location as I sat waiting. Later that night, he informed me that he already had the meeting."* (p. 5)

**Relevance:** These instances of Fitzgerald's exclusionary behavior and disregard for female colleagues further undermine his claim that McNae's actions were the sole cause of his reputational harm.

## 2. SoftwareONE's Pattern of Bad-Faith Discovery Misconduct

The discovery process in this litigation has been marred by SoftwareONE's repeated failure to produce key documents. The following examples demonstrate a pattern of bad faith in withholding discovery, obstructing evidence, and failing to comply with their legal obligations.

**a. Declaration to Compel Depositions – Nov 6, 2020 (Exhibit J)**

1. Despite numerous attempts to schedule depositions of key witnesses, SoftwareONE refused to produce Patricia Ravencroft and Neil Lomax, citing *"scheduling conflicts"* without good faith efforts to resolve them. (pp.1-5)

**Relevance:** This pattern of delayed and obstructed depositions shows SoftwareONE's intentional attempts to avoid producing testimony that could damage their defense. These discovery tactics illustrate a clear strategy of bad faith obstruction.

**b. Declaration in Support of Reply – July 26, 2021 (Exhibit K)**

1. SoftwareONE's counsel refused to allow further questioning of the PMK witness and asserted that Plaintiff would need to file a motion to compel to continue the deposition, further delaying the discovery process. (pp. 2-5)

**Relevance:** This refusal to cooperate in the deposition process, coupled with SoftwareONE's limited deposition time, further proves their discovery obstruction strategy and demonstrates a pattern of non-compliance that undermines their credibility in this litigation.

**c. Declaration Supporting Motion for New Trial – July 26, 2021 (Exhibit L)**

1. Employees consistently voiced concerns about a 'boys' club' environment where the contributions of women and diverse staff were minimized. Several complaints were made to HR, but no effective action was taken. **(p. 2)**

**Relevance:** Fitzgerald was a central figure in SoftwareONE's problematic corporate culture in his executive role. This was a known issue at SoftwareONE well before McNae's alleged breach of contract.

**d. Declaration Supporting Motion to Compel – Sept 18, 2020 (Exhibit M)**

1. SoftwareONE failed to provide timely, complete, and verified responses to the discovery requests, requiring this motion to compel. (p. 2)

7

**Relevance**: SoftwareONE's failure to comply with discovery obligations and its refusal to produce critical documents further establish a pattern of bad-faith litigation tactics, which have obstructed the fair progression of this case.

This evidence directly implicates Michael Fitzgerald in damaging conduct that predates McNae's alleged breach and shows SoftwareONE's discovery misconduct. These documents are only a small sample of what is available in this case docket. These documents were improperly withheld during discovery and are necessary to provide a complete understanding of Fitzgerald's pre-existing reputational harm and SoftwareONE's bad-faith litigation tactics. The Court should supplement the record with these documents to ensure a fair and complete resolution of this case.

## SUMMARY

From July 2022 through October 2024, McNae engaged in consistent, good-faith efforts to obtain critical documents relating to Fitzgerald's past misconduct and reputation. Despite this, SoftwareONE and Fitzgerald employed systematic obstruction, withholding key personnel files and falsely claiming that records were unavailable. This misconduct not only delayed the discovery process but actively concealed damaging information related to Fitzgerald's pre-existing reputational harm.

SoftwareONE also falsely claimed that critical personnel files were unavailable or corrupted. However, later revelations showed that files were in fact in the possession of SoftwareONE's counsel. Despite these setbacks, in October 2024, McNae, now acting pro se, uncovered key documents revealing that Fitzgerald's misconduct—including discriminatory practices, retaliation, and HR challenges—predated his lawsuit against her (Exhibit N)

In July 2022, after filing this Federal lawsuit against McNae, Fitzgerald was placed on paid

8

leave during an internal investigation by SoftwareONE. As the investigation dragged on, Peter Berlowe, Fitzgerald's attorney, emailed a complaint to SoftwareONE, expressing grave concern over the emotional and reputational damage the *investigation was causing his client*. Berlowe pushed aggressively for an amicable separation, arguing that the ongoing scrutiny was taking a significant personal and professional toll on Fitzgerald, further exacerbating his deteriorating reputation (beyond alleged breach of contract claims by McNae). By February 2023, a confidential separation agreement was reached, allowing Fitzgerald to retain his Performance Share Units (PSUs) and shielding him from significant financial loss. The agreement's confidentiality clauses ensured that the public and the court remained unaware of the investigation's findings or the reasons behind Fitzgerald's departure.

Additionally, Fitzgerald submitted a Data Subject Access Request (DSAR) to SoftwareONE in March 2023, seeking to gather employment-related records. In response, SoftwareONE's HR team falsely claimed that no relevant documents existed in his personnel file. This further supports the claim that SoftwareONE acted in bad faith, attempting to conceal damaging documents during litigation.

Further, in June 2023, SoftwareONE filed a lawsuit in Wisconsin to block subpoenas related to Fitzgerald's misconduct. This lawsuit was quickly terminated after reaching an agreement to provide the requested documents, though this resolution only occurred after months of delay, raising suspicion that SoftwareONE's objective was to prevent damaging disclosures.

In light of these developments, the evidence demonstrates that Fitzgerald's reputation was already damaged due to his own misconduct long before any interaction with McNae. The confidential separation agreement and withholding of documents were deliberate efforts to protect Fitzgerald from the consequences of his actions, while misleading the Court by suggesting that McNae was solely responsible for his reputational harm.

Given these facts, any claim of prejudice by Plaintiff due to the supplementing of the record is misplaced. It was Plaintiff's own bad-faith discovery tactics that delayed the uncovering of this material, and any inconvenience caused to the Plaintiff is outweighed by the need to ensure that the Court has access to the full and truthful record. The supplement is critical to ensure that the case proceeds with the complete and accurate facts necessary for a just resolution.

## ARGUMENT

### A. The Withheld Evidence is Highly Relevant and Critical to a Fair Adjudication

The newly uncovered documents provide essential context, revealing that Fitzgerald's damages were not caused by Defendant but were the result of his own misconduct and HR issues at SoftwareONE. The evidence demonstrates:

1. Internal findings of discriminatory practices and misconduct, reflecting negatively on Fitzgerald's leadership and reputation.
2. The *Doe v. SoftwareONE* lawsuit, which confirms that Fitzgerald was already under HR scrutiny prior to Defendant's actions.

This evidence directly refutes Fitzgerald's claim that only the Defendant's disclosures caused the alleged damages. It also demonstrates that reputational harm had already been self-inflicted.

### B. SoftwareONE's Coordinated Cover-Up to Protect Fitzgerald and Limit Exposure

The concealment of critical documents by SoftwareONE and Fitzgerald severely prejudiced Defendant's ability to build her defense. Under Federal Rule of Civil Procedure 37(c)(1), parties that fail to disclose evidence without substantial justification are subject to sanctions, including adverse inferences, exclusion of evidence, and monetary relief.

The *Doe v. SoftwareONE* lawsuit and internal HR findings were essential to Defendant's

10

defense, as they demonstrate that Fitzgerald's damages were self-inflicted due to his own misconduct. SoftwareONE's efforts to block subpoenas and misrepresent the availability of personnel files further obstructed Defendant's access to these materials. The quick termination of SoftwareONE's Wisconsin lawsuit against William McNae reinforces the conclusion that SoftwareONE sought to prevent damaging disclosures.

**C. The Contract is Void Due to Coercion, Duress, and Concealment**

The contract at the center of this dispute must be declared void because it was signed under coercion, duress, and fraudulent concealment. Fitzgerald, leveraging his position and influence, pressured Defendant into signing the agreement, depriving her of the ability to give free and voluntary consent. Critical material information, such as the *Doe v. SoftwareONE* lawsuit, ongoing internal HR investigations, and prior allegations against Fitzgerald, was intentionally concealed during the negotiation of the contract. These concealed facts were directly relevant to Defendant's understanding of the risks and circumstances, and without this information, her consent was improperly obtained. The deliberate withholding of material evidence created a false impression of the situation, constituting fraud and rendering the agreement fundamentally flawed. A contract secured through coercion, duress, and intentional concealment of essential information is legally unenforceable, as it violates principles of fairness, transparency, and informed consent.

In March – April 2020, McNae also contacted Patricia (Patty) Ravencroft, reporting sexual assault allegations against Fitzgerald shortly after her deposition in the *Doe v. SoftwareONE* case. Despite these serious accusations, Ravencroft and SoftwareONE's HR department took no action, allowing Fitzgerald to remain in his role unchallenged.

**D. Sanctions Are Necessary to Remedy Prejudice and Promote Fairness**

Considering the significant disadvantage caused by SoftwareONE and Fitzgerald's bad-faith discovery violations, the Court should impose appropriate sanctions under Rule 37(c), including:

11

- Adverse inferences presuming that the withheld evidence would have been unfavorable to Fitzgerald and SoftwareONE.

- An award of costs and expenses to compensate Defendant for the significant resources used to uncover the concealed evidence, including document research fees and expenses.

- Any additional sanctions the Court deems necessary to remedy the prejudice caused by these discovery violations and ensure fairness in the litigation process.

These sanctions are essential to restoring fairness and preventing Fitzgerald and SoftwareONE from benefiting from their intentional concealment of key evidence. Rule 37(c) of the Federal Rules of Civil Procedure does not contain a safe harbor provision, unlike Rule 11, although McNae has attempted to confer with Plaintiff's counsel and counsel for SoftwareONE, and Fitzgerald has already responded in opposition (Exhibit O and P).

In *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909 (7th Cir. 2003), the court dismissed a case under Rule 37 due to repeated discovery failures and demonstrated lack of cooperation, finding the misconduct willful and in bad faith. Courts have also held that dismissal can be warranted without prior imposition of lesser sanctions if the misconduct seriously undermines the judicial process. Similarly, the intentional withholding of material evidence, including the *Doe v. SoftwareONE* lawsuit and internal investigation findings—has created a procedural disadvantage that no lesser sanction can cure, irreparably prejudicing Defendant's ability to present a full defense.

Dismissal is the appropriate sanction to prevent Fitzgerald and SoftwareONE from benefiting from their misconduct and to preserve the integrity of the judicial process. If the Court determines that dismissal is not warranted, Defendant alternatively requests the relief outlined below to mitigate the harm caused by Plaintiffs' and SoftwareONE's discovery violations.

### E. This Motion is Not a "Fishing Expedition" but a Legitimate Request for Truth

Opposing counsel may argue that this motion is a fishing expedition" (see DE 226, p. 5). However, the newly uncovered evidence is directly relevant to the claims and defenses in this case and reflects an effort to correct prejudice caused by the withholding of material information. Far from speculative, these documents include internal investigation findings and the *Doe v. SoftwareONE* lawsuit, both of which contain critical information regarding Fitzgerald's misconduct and SoftwareONE's efforts to conceal it.

This motion seeks to supplement the record with facts that were improperly withheld during discovery, despite Defendant's repeated good-faith efforts to obtain them. Courts in this circuit recognize that Rule 15(d) motions are intended to ensure fair adjudication by permitting parties to supplement the record when relevant evidence is discovered after the original filing. Furthermore, Rule 26(e) obligates parties to supplement their discovery responses, and failure to do so may warrant sanctions under Rule 37(c)(1) to correct the prejudice caused by the concealment of key evidence.

Allowing this evidence ensures the Court has the full context needed to resolve the issues on the merits, not based on an incomplete or misleading record. Defendant's request is not only legitimate but necessary to prevent the plaintiffs from benefiting from their bad faith conduct in discovery. To characterize this motion as a fishing expedition would ignore the importance of the concealed evidence and the need for transparency in these proceedings. The truth uncovered by these documents is essential for the Court to deliver a just outcome based on the facts, rather than on incomplete or manipulated information.

### **REQUEST FOR RELIEF**

For the reasons set forth above, Defendant respectfully requests that the Court grant leave

to supplement the record. This motion is timely, as the newly uncovered evidence was only obtained due to Plaintiffs' deliberate concealment, not Defendant's inaction.

Additionally, Plaintiff's intentional concealment of the *Doe v. SoftwareONE* documents warrants sanctions under Rule 37. The severity and deliberate nature of misconduct, combined with the significant prejudice imposed on McNae, justifies the imposition of dismissal with prejudice. Lesser sanctions, such as adverse inferences or monetary penalties, would be insufficient to remedy the procedural harm caused.

Fitzgerald and SoftwareONE knowingly withheld material evidence — including the *Doe v. SoftwareONE* lawsuit and internal investigation findings — despite their clear discovery obligations. These bad-faith actions irreparably prejudiced Defendant's ability to build her defense. No lesser remedy than dismissal can cure the harm, as the withheld evidence is central to the claims and defenses.

If the Court finds that dismissal is not warranted, Defendant alternatively seeks the following relief:

1. Leave to supplement the record with the newly uncovered documents, including the *Doe v. SoftwareONE* lawsuit.
2. Declaration that the disputed contract is void due to coercion, duress, and fraudulent concealment, rendering any claims based on it unenforceable.
3. Sanctions under Rule 37(c) for discovery violations and bad-faith conduct, including:
    - Adverse inferences, presuming the withheld evidence would have been unfavorable to Fitzgerald and SoftwareONE.
    - Monetary relief in the form of costs and expenses incurred by Defendant to uncover the concealed evidence, including research fees and expenses (Exhibit M).
4. Any further relief the Court deems just and appropriate to restore fairness to these

proceedings and remedy the harm caused by Plaintiffs' misconduct.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court grant leave to supplement the record with the newly uncovered documents from *Jane Doe v. SoftwareONE*. These documents are essential to provide the Court with a complete and accurate record of **Fitzgerald's pre-existing reputational harm** and **Plaintiff's bad-faith discovery tactics**.

Furthermore, the Court should impose **sanctions under Rule 37**, including **dismissal with prejudice**, as the Plaintiff's intentional concealment of crucial evidence has caused significant prejudice and violated the principles of fairness in discovery.

Submitted on October 17, 2024.

Respectfully submitted,

By: <u>Ronda Delapina McNae</u>
Pro Se Defendant
504 11th PL Kirkland, WA 98033
Tel: (206) 914-6752
Prose.rmcnae@gmail.com

## CERTIFICATE OF CONFERAL

Pursuant to Local Rule 7.1(a)(3), Defendant has conferred with opposing counsel regarding

this motion in a good faith attempt to resolve the issues presented herein. Opposing counsel for Fitzgerald has indicated that they oppose this motion as of October 14, 2024.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2024, a true and correct copy of the foregoing Motion was delivered via FedEx to the Clerk of the Court at the Miami Courthouse Southern District of Florida, 400 N. Miami Ave, Room 8N09, Miami, FL 33128. Additionally, in compliance with the court's requirements for pro se litigants, a copy of the same document was similarly sent via FedEx to Plaintiff's counsel.

**SERVICE LIST**

Peter E. Berlowe, Esq.
Meredith Gussin, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com
mjg@assoulineberlowe.com

*Counsel for Plaintiffs*

ORIGIN ID:PAEA  (425) 941-7374
WILLIAM HOWE
504 11TH PL
KIRKLAND, WA 98033
UNITED STATES US

SHIP DATE: 17OCT24
ACTWGT: 4.05 LB
CAD: 6570453/RDSA2570

TO  MIAMI COURTHOUSE
    COURT CLERK
    400 N MIAMI AVE
    RM 8N09
    MIAMI FL 33128

REC'D BY_____ D.C.
OCT 21 2024

FedEx Express  E

TRK# 7793 3809 2392
MON - 21 OCT 10:30A
MORNING 2DAY

TS MPBA        33128
         FL-US  MIA