IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:22-cv-22171-JEM

MICHAEL J. FITZGERALD,
Individually, and YELANY DE VARONA,
Individually

        Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

        Defendants.
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT RONDA MCNAE'S MOTION FOR LEAVE TO SUPPLEMENT
THE RECORD TO INCLUDE DEPOSITION OF TREATING THERAPIST**

- and -

**CROSS-MOTION TO STRIKE**

Plaintiff, MICHAEL J. FITZGERALD ("Fitzgerald"), hereby files this Memorandum Of Law in Opposition to Defendant's Motion for Leave to Supplement the Record to Include Deposition of Treating Therapist (ECF No. 224) (the "Motion to Supplement") and Cross-Motion to Strike and states:

**INTRODUCTION**

On October 7, 2024, Defendant Ronda McNae ("McNae") filed the Motion to Supplement seeking leave to include the deposition transcript of her treating therapist, Sarah Dellinger, claiming that Ms. Dellinger's deposition is critical to McNae's affirmative defense of duress (ECF No. 224). It appears that McNae seems is filing a tardy motion in *limine* asking for this Court to include Ms. Delllinger's statement as evidence in the trial of this matter. However, the

deadlines for motions in *limine* to be filed was September 23, 2024 pursuant to this Court's Scheduling Order (ECF No. 168). McNae has not sought leave of Court to extend such deadline.

McNae included as an exhibit to her Motion to Supplement a copy of Ms. Dellinger's deposition transcript. *Id.* By doing so, McNae has continued her public wrongful shaming of Fitzgerald to cover-up the fact that she cheated on her husband a second time and continues to disparage Fitzgerald by accusing him of doing something he did not do. Although McNae is proceeding *pro* se, this Court should not allow McNae to freely file documents on the CM/ECF system without following the rules of the Civil Procedure. This has resulted in continuous damage to Fitzgerald's reputation and will serve as an undue prejudice in this proceeding if it is not rectified.

For the reasons set forth herein, Fitzgerald respectfully requests that this Court deny McNae's Motion to Supplement (ECF No. 224) and files this Cross-Motion to Strike the deposition transcript of Ms. Dellinger from the CM/ECF Database.

## **MEMORANDUM OF LAW**

In her Motion to Supplement, McNae states that Ms. Dellinger has agreed to testify in person at trial (ECF No. 224). Therefore, Fitzgerald is unclear as to why McNae filed Ms. Dellinger's deposition transcript at this time and moves to strike same. Ms. Dellinger's deposition transcript is inadmissible hearsay given that the declarant is available to testify at trial. "Hearsay" means a statement that the declarant does not make while testifying at the current trial or hearing and a party offers in evidence to prove the truth of the matters asserted in the statement. Fed. R. Evid. 801(c).

Ms. Dellinger's deposition transcript does not fall under any applicable hearsay exception under Rule 803, Fed. R. Evid. Fed. R. Evid. 803(3) provides that the following statements are

excluded by the rule against hearsay: "A statement of the declarant's then existing state of mind … or emotional, sensory of physical condition (such as mental feeling, pain or bodily health)…" Fed. R. Evid. 803(4) also excludes from hearsay statements made for medical diagnosis or treatment. However, Ms. Dellinger's deposition transcript does not fall within either of these exclusions because Ms. Dellinger is the declarant, and her state of mind is not relevant for trial. *Calhoun v. Walmart Stores E., LP*, 818 Fed. Appx. 899 (11th Cir. 2020) (physician's deposition testimony was inadmissible hearsay). Further, because the out-of-court statements McNae wishes to introduce are from Ms. Dellinger's deposition testimony, they cannot be considered McNae's descriptions of her injuries to Ms. Dellinger when she was seeking treatment. *Id.* at 904. Although statements made to a physician for purposes of diagnosis and treatment are more reliable in view of a patient's strong motivation to be truthful, that rationale is inapplicable to statements <u>Ms. Dellinger made during her deposition</u>. *Id.* (district court properly precluded witness to testify about a treating physician's out-of-court statements). Finally, Ms. Dellinger's deposition transcript contains hearsay within hearsay, and should not be permitted. Fed. R. Evid. 805.

Although McNae waived confidentiality of her counseling records and consented to the inclusion of her counseling records in the public record, she did not include those records in her Motion to Supplement. *Id.* Rule106, Fed. R. Evid., also known as the rule of completeness, requires that if this Court should allow the deposition of Ms. Dellinger to be admitted, the entire deposition must be included, including all exhibits. Further, to the extent the deposition is to be permitted to be read at trial, the Court must resolve all objections asserted therein.

Fitzgerald opposes McNae's Motion to Supplement since (a) Ms. Dellinger is available to testify in person at the trial of this matter, (b) Ms. Dellinger's deposition transcript is inadmissible hearsay, (c) McNae seems to seek inclusion of the deposition transcript via a tardy

motion in *limine* which deadline has long since passed, and (d) the inclusion of the deposition is incomplete in that none of the exhibits thereto were included.

Fitzgerald cross-moves to strike the transcript of Ms. Dellinger from the CM/ECF database under Federal Rule of Civil Procedure 12(f). Rule 12(f) provides "[u]pon motion made by a party … the court may order stricken from any pleading any insufficient evidence or any redundant, immaterial, impertinent or scandalous matter. *See* Fed. R. Civ. P. 12(f). The deposition transcript of Ms. Dellinger is the out-of-court statement of a treating therapist who was never informed of all of McNae's statements or writings regarding her feelings regarding Fitzgerald and never questioned the truth or falsity of what her patient told her. Thus, Fitzgerald moves to strike the deposition transcript of Ms. Dellinger since it is immaterial, scandalous, unduly prejudicial, inadmissible hearsay evidence. Additionally, Fitzgerald seeks sanctions against McNae for the filing of immaterial, untimely, and inappropriate motions that necessitate Fitzgerald to file responses and are a waste of resources.

WHEREFORE, based upon the foregoing, Plaintiff Michael Fitzgerald respectfully requests that this Court (i) deny Defendant's Motion for Leave to Supplement the Record to Include Deposition of Treating Therapist (ECF No. 224), (ii) strike from the public record the deposition transcript of Sarah Dellinger (ECF No 224-1), (iii) award sanctions to Fitzgerald as a result of Defendant's frivolous Motion to Supplement, and (iv) in the event that this Court does not strike Ms. Dellinger's transcript, issue an order requiring McNae to file all exhibits to the deposition, and (v) and for such other relief as this Court deems just and proper.

4

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd Street, Suite 3105, Miami, Florida 33131 - Telephone: 305-567-5576

*Michael Fitzgerald v. R. McNae*
Case No. 1:22-cv-22171-JEM

Dated: October 24, 2024                  Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
Telephone: (305) 567–5576
Facsimile: (305) 567–9343

By:    /s/ Meredith J. Gussin
       Peter E. Berlowe
       Florida Bar No. 143650
       Meredith J. Gussin
       Florida Bar No. 0512303
       *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 24th day of October 2024 to Defendant Ronda McNae at prose.rmcnae@gmail.com and to Defendant William McNae at prose.wmcnae@gmail.com.

By:    /s/ Meredith J. Gussin
       Meredith J. Gussin