IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:22-cv-22171-JEM

MICHAEL J. FITZGERALD,
Individually, and YELANY DE VARONA,
Individually

        Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

        Defendants.
_____/

**PLAINTIFF'S MEMORNADUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD TO INCLUDE DEPOSITION OF TREATING THERAPIST DR. BROCK WEEDMAN PSYD**

-and-

**CROSS-MOTION TO STRIKE**

Plaintiff, MICHAEL J. FITZGERALD ("Fitzgerald"), hereby files this Memorandum of Law in Opposition to Defendant's Motion for Leave to Supplement the Record to Include Deposition of Treating Therapist Dr. Brock Weedman PsyD (ECF No. 230 (the "Motion to Supplement") and Cross-Motion to Strike and states:

**INTRODUCTION**

On October 18, 2024, Defendant Ronda McNae ("McNae") filed the Motion to Supplement the Record seeking leave to include the deposition transcript of her treating therapist, Dr. Brock Weedman PsyD, claiming that Dr. Weedman's deposition is critical to McNae's affirmative defense of duress (ECF No. 230). McNae included as an exhibit to her Motion to Supplement a copy of Dr. Weedman's deposition transcript. *Id.* By doing so, McNae has

1

continued her wrongful public shaming of Fitzgerald to cover-up the fact that she cheated on her husband a second time and continues to disparage Fitzgerald by accusing him of doing something he did not do. Although McNae is proceeding *pro se*, this Court should not allow McNae to freely file documents on the CM/ECF system without following the rules of Civil Procedure. This has resulted in continuous damage to Fitzgerald's reputation and will serve as an undue prejudice in this proceeding if it is not rectified.

For the reasons set forth herein, Fitzgerald respectfully requests that this Court deny McNae's Motion to Supplement (ECF No. 230) and files this Cross-Motion to Strike the deposition transcript of Dr. Weedman from the CM/ECF Database.

## MEMORANDUM OF LAW

McNae's Motion to Supplement is filed under the authority of Federal Rule of Civil Procedure 15(d). However, Rule 15(d) is inapplicable as this is not a supplemental pleading. McNae seems instead to be filing a tardy motion in *limine* asking for this Court to include Dr. Weedman's statement as evidence in the trial of this matter. However, the deadlines for motions in *limine* to be filed was September 23, 2024 pursuant to this Court's Scheduling Order (ECF No. 168). McNae has not sought leave of Court to extend such deadline.

Dr. Weedman was first identified as an Expert Witness in McNae's Expert Witness Disclosures dated May 15, 2023, a copy of which is attached hereto as **Exhibit A**. McNae stated "Dr. Weedman is expected to present hybrid expert witness evidence in the field of clinical psychology regarding his care and treatment of Ronda McNae" and "Dr. Weedman's testimony will include testimony concerning Mrs. McNae's condition, treatment rendered, causation and prognosis." *Id.* at 2. In the Moton to Supplement, McNae states that Dr. Weedman's deposition testimony is critical to her claim of duress. However, McNae cannot use Dr. Weedman's

testimony for her defense of duress as Fitzgerald did not have an opportunity to cross-examine Dr. Weedman on that issue, as it was not presented as an area of his expertise and scope of testimony.

Fitzgerald cross-moves to strike the transcript of Dr. Weedman from the CM/ECF database under Federal Rule of Civil Procedure 12(f).  Rule 12(f) provides "[u]pon motion made by a party … the court may order stricken from any pleading any insufficient evidence or any redundant, immaterial, impertinent or scandalous matter. *See* Fed. R. Civ. P. 12(f). Fitzgerald moves to strike the testimony of Dr. Weedman on the basis that it is immaterial to the issues raised in McNae's defense.  McNae argues that Dr. Weedman's deposition is essential to Defendant's affirmative defenses and counterclaims, particularly in demonstrating the emotional and psychological distress that she has endured.  However, McNae's counterclaim was dismissed and she has no claims for emotional or psychological distress.  Additionally, the only affirmative defense remaining is duress, pursuant to this Court's Order on Motion to Dismiss Counterclaim and Motion to Strike Affirmative Defenses (ECF No. 179).

With respect to her lone defense, McNae claims that she signed the Confidential Settlement Agreement under duress (ECF No. 105).  The Confidential Settlement Agreement was signed on June 15, 2020. Dr. Weedman was not McNae's therapist during that time.  In fact, as is made clear by Dr. Weedman's deposition, he treated McNae from 2011 through 2014, saw her two times in 2015, one time in 2016, one time in 2018, and then did not treat her again until November of 2022 (ECF No. 230-1 at 28:9).  Therefore, Dr. Weedman will not be able to testify as to whether or not McNae was under duress when she entered the Confidential Settlement Agreement in June of 2020.

Additionally, in her Motion to Supplement, McNae confirms that Dr. Weedman will be present to testify at trial (ECF No. 230 at p.7). Fitzgerald is therefore unsure as to why McNae filed Dr. Weedman's deposition transcript and this time and moves to strike same. Dr. Weedman's deposition transcript is inadmissible hearsay given that the declarant is available to testify at trial. "Hearsay" means a statement that the declarant does not make while testifying at the current trial or hearing and a party offers in evidence to prove the truth of the matters asserted in the statement. Fed. R. Evid. 801(c).

Dr. Weedman's deposition transcript does not fall under any applicable hearsay exception under Rule 803, Fed. R. Evid. Fed. R. Evid. 803(3) provides that the following statements are excluded by the rule against hearsay: "A statement of the declarant's then existing state of mind … or emotional, sensory of physical condition (such as mental feeling, pain or bodily health)…" Fed. R. Evid. 803(4) also excludes from hearsay statements made for medical diagnosis or treatment. However, Dr. Weedman's deposition transcript does not fall within either of these exclusions because Dr. Weedman is the declarant, and his state of mind is not relevant for trial. *Calhoun v. Walmart Stores E., LP*, 818 Fed. Appx. 899 (11th Cir. 2020) (physician's deposition testimony was inadmissible hearsay). Further, because the out-of-court statements McNae wishes to introduce are from Dr. Weedman's deposition testimony, they cannot be considered McNae's descriptions of her injuries to Dr. Weedman when she was seeking treatment. *Id.* at 904. Although statements made to a physician for purposes of diagnosis and treatment are more reliable in view of a patient's strong motivation to be truthful, that rationale is inapplicable to statements <u>Dr. Weedman made during his deposition</u>. *Id.* (district court properly precluded witness to testify about a treating physician's out-of-court statements). Finally, Dr. Weedman's deposition transcript contains hearsay within hearsay, and should not be permitted. Fed. R. Evid. 805.

Although McNae waived confidentiality of her counseling records and consented to the inclusion of her counseling records in the public record, she did not include those records in her Motion to Supplement. *Id.* Federal Rule of Evidence 106, also known as the rule of completeness, requires that if this Court should allow the deposition of Dr. Weedman to be admitted, the entire deposition must be included, including all exhibits. Further, to the extent the deposition is to be permitted to be read at trial, the Court must resolve all objections asserted therein.

Finally, in her Motion to Supplement, McNae blames her former attorney for failing to order the deposition transcript of Dr. Weedman. It is unclear which former attorney McNae claims is responsible, but McNae also represented herself from December 12, 2023 until April 5, 2024, during which time she could have obtained the transcript from Dr. Weedman's July 20, 2023 deposition.

Fitzgerald opposes McNae's Motion to Supplement since (a) Dr. Weedman is available to testify in person at the trial of this matter as both an expert and fact witness, (b) Dr. Weedman's deposition transcript is inadmissible hearsay, (c) McNae seems to seek inclusion of the deposition transcript via a tardy motion in *limine* which deadline has since passed, and (d) the inclusion of the deposition is incomplete in that none of the exhibits thereto were included.

Fitzgerald cross-moves to strike the transcript of Dr. Weedman from the CM/ECF database at ECF No. 230-1 on the basis that it is unduly prejudicial, inadmissible hearsay evidence. Additionally, Fitzgerald seeks sanctions against McNae for the filing of frivolous motions that necessitate Fitzgerald to file responses and are a waste of resources.

WHEREFORE, based upon the foregoing, Plaintiff Michael Fitzgerald respectfully requests that this Court (i) deny Defendant's Motion for Leave to Supplement the Record to Include Deposition of Treating Therapist Dr. Brock Weedman PsyD (ECF No. 230) (ii) strike

from the public record the deposition transcript of Dr. Brock Weedman (ECF No. 230-1), (iii) award sanctions to Fitzgerald as a result of Defendant's frivolous Motion to Supplement, and (iv) in the event that this Court does not strike Dr. Weedman's transcript, issue an order requiring McNae to file all exhibits to the deposition, and (v) and for such other relief as this Court deems just and proper.

Dated: October 24, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**ASSOULINE & BERLOWE, P.A.**
　　　　　　　　　　　　　　　　　　　　Miami Tower
　　　　　　　　　　　　　　　　　　　　100 SE 2nd Street, Suite 3105
　　　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 567–5576
　　　　　　　　　　　　　　　　　　　　Facsimile:  (305) 567–9343

　　　　　　　　　　　　　　　By:　　/s/ Meredith J. Gussin
　　　　　　　　　　　　　　　　　　　　Peter E. Berlowe
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 143650
　　　　　　　　　　　　　　　　　　　　Meredith J. Gussin
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0512303
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 24th day of October 2024 to Defendant Ronda McNae at prose.rmcnae@gmail.com and to Defendant William McNae at prose.wmcnae@gmail.com.

　　　　　　　　　　　　　　　By:　　/s/ Meredith J. Gussin
　　　　　　　　　　　　　　　　　　　　Meredith J. Gussin

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-22171-JEM

MICHAEL J. FITZGERALD,
individually,

    Plaintiff,

v.

RONDA MCNAE, individually,

    Defendant.
_____/

**DEFENDANT RONDA MCNAE'S EXPERT WITNESS DISCLOSURES
UNDER RULE 26(a)(2)(B)&(C)**

Defendant Ronda McNae, by and through her undersigned counsel, hereby serves her Expert Witness Disclosures pursuant Federal Rule of Civil Procedure 26(a)(2)(B)&(C), as follows:

**I.**      **Expert Witnesses Who Must Provide a Written Report (Rule 26(a)(2)(B)).**

    **A.**  James W. Hopper, Ph.D.
        263 Concord Ave.
        Cambridge MA 02138

*(i)*    *A complete statement of all opinions the witness will express and the basis and reasons for them:*

See Report attached as **Exhibit A**.

*(ii)*   *The facts or data considered by the witness in forming them:*

See Report attached as **Exhibit A**.

*(iii)*  *Any exhibits that will be used to summarize or support them:*

See Report attached as **Exhibit A**.

*(iv)*  *The witness's qualifications, including a list of all publications authored in the previous 10 years:*



*See* Report attached as **Exhibit A**.

(v) *A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition:*

*See* Report attached as **Exhibit A**.

(vi) *A statement of the compensation to be paid for the study and testimony in the case:*

*See* Report attached as **Exhibit A**.

II. **Expert Witnesses Who Do Not Provide a Written Report (Rule 26(a)(2)(C)) –** *Hybrid Fact/Expert Witnesses.*

**A.** Dr. Brock Weedman, Psy. D., M.A.
2820 Northup Way, Ste. 105
Bellevue, WA 98004

(i) *The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705:*

Dr. Brock B. Weedman is a clinical psychologist who has provided care and treatment to Ronda McNae at various points from 2011 to the present. Dr. Weedman is expected to present hybrid expert witness evidence in the field of clinical psychology regarding his care and treatment of Ronda McNae.

(ii) *A summary of the facts and opinions to which the witness is expected to testify:*

Dr. Weedman is expected to testify regarding his care and treatment of Ronda McNae as set forth in his records produced in this case as MCNAE 002929-MCNAE 003030, MCNAE 003605-MCNAE 003617, MCNAE 003803-MCNAE 003815, and MCNAE 005382-MCNAE 005392. Dr. Weedman's testimony will include testimony concerning Mrs. McNae's condition, treatment rendered, causation, and prognosis. Dr. Weedman's testimony will be based upon his knowledge, education, training, and experience as well as his care and treatment of Mrs. McNae. A copy of Dr. Weedman's CV is attached here as **Exhibit B**.

Dr. Weedman is also expected to testify that the symptoms and condition that Ronda McNae presented with through the course of her treatment post-October 2019, are consistent with those of a patient who had suffered a significant trauma, such as the sexual assault described by Ronda McNae in the fall of 2019. Additionally, he is expected to testify that Ronda McNae's condition when she returned to treat with him in 2022, was significantly deteriorated from her condition when he last saw her in the summer of 2018. Finally, Dr. Weedman is expected to testify that Ronda McNae will continue to suffer many of the psychological effects of the trauma she suffered for the rest of her life.



      **B.** Dr. James Bhaskar
          11800 NE 128th Street, 5th Floor, Suite 560
          Kirkland, WA 98034

*(i)*    *The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705:*

Dr. Bhaskar is Board Certified in Family Medicine and has provided care and treatment to Ronda McNae as her primary care physician from June 2015 to the present. Dr. Bhaskar is expected to present hybrid expert witness evidence in the field of family medicine regarding his care and treatment of Ronda McNae.

*(ii)*    *A summary of the facts and opinions to which the witness is expected to testify:*

Dr. Bhaskar is expected to testify regarding his care and treatment of Ronda McNae as set forth in his records produced in this case as MCNAE 002394-MCNAE 002845, and MCNAE 004764-MCNAE 005381. Dr. Bhaskar's testimony will include testimony concerning Mrs. McNae's medical condition, treatment rendered, causation, and prognosis. His testimony will be based upon his knowledge, education, training, and experience as well as his care and treatment of Mrs. McNae. Dr. Bhaskar is also expected to testify that Mrs. McNae's autoimmune conditions are exacerbated by stress. He is expected to testify that both Mrs. McNae's anxiety and autoimmune conditions worsened after October, 2019 and after this litigation commenced.

Dated: May 15, 2023.

                              Respectfully submitted,

                              By: */s/Alaina Fotiu-Wojtowicz*
                              Alaina Fotiu-Wojtowicz, Esq.
                              Florida Bar No.: 84179
                              BRODSKY FOTIU-WOJTOWICZ, PLLC
                              *Counsel for Defendant Ronda McNae*
                              200 SE 1st Street, Suite 400
                              Miami, Florida 33131
                              Tel: 305-503-5054
                              Fax: 786-749-7644
                              alaina@bfwlegal.com
                              docketing@bfwlegal.com



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email upon all parties listed on the Service List below, on this 15th day of May, 2023.

/s/*Alaina Fotiu-Wojtowicz*
Alaina Fotiu-Wojtowicz, Esq.

## SERVICE LIST

| | |
|---|---|
| Peter E. Berlowe, Esq.<br>Meredith Gussin, Esq.<br>Assouline & Berlowe, P.A.<br>Miami Tower<br>100 SE 2nd Street, Suite 3105<br>Miami, FL 33131<br>Tel: 305-567-5576<br>Fax: 305-567-9343<br>peb@assoulineberlowe.com<br>mjg@assoulineberlowe.com<br>*Counsel for Plaintiffs* | Stephanie Casey, Esq.<br>COLSON HICKS EIDSON, PA<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Tel: 305-476-7400<br>Fax: 305-476-7444<br>scasey@colson.com<br>*Counsel for Defendant Will McNae* |

