IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22171-JEM



MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

Defendants.

_____/

## NOTICE OF CORRECTION

TO THE HONORABLE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Defendant Ronda McNae, acting pro se, respectfully submits this

Notice of Correction regarding a filing error that occurred in connection with Defendant's Reply

in Support of the Motion to Supplement the Record.

1. **Correction Explanation**

   Due to an oversight, Defendant inadvertently filed the incorrect version of the Reply to

   Plaintiff's Motion in Opposition to Supplement the Record and Cross-Motion to Strike

   filed on October 31, 2024 as (DE 235).

2. This error was due to challenges associated with printing and shipping documents, as

   electronic filing is not permitted for pro se litigants.

3. **Corrected Document Submission**

   The correct version of the Reply is attached hereto as **Exhibit A**.

**4.** **Incorrect Document Submission**

Defendant respectfully requests that the Court substitute this corrected version in place of

the previously filed document for clarity and accuracy in the record (**Exhibit B**).

5. **Request for Relief**

Defendant apologizes for any inconvenience this may have caused and respectfully

requests that the Court accept the corrected document attached as Exhibit A to be

substituted for the previously filed document (Exhibit B). This substitution is intended

solely to ensure that the record accurately reflects the intended arguments and

information relevant to Defendant's Motion to Supplement the Record.

Dated this 31st day of October, 2024.

Respectfully submitted,

By: Ronda Delapina McNae
Pro Se Defendant
504 11th PL Kirkland, WA 98033
Tel: (206) 914-6752
Prose.rmcnae@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2024, a true and correct copy of the foregoing Motion was delivered via FedEx to the Clerk of the Court at the Miami Courthouse Southern District of Florida, 400 N. Miami Ave, Room 8N09, Miami, FL 33128. Additionally, in compliance with the court's requirements for pro se litigants, a copy of the same document was sent via FedEx to Plaintiff's counsel.

### SERVICE LIST

Peter E. Berlowe, Esq.
Meredith Gussin, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com
mjg@assoulineberlowe.com

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22171-JEM

MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

          Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

          Defendants.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD WITH DR. BROCK WEEDMAN, PSYD, DEPOSITION

Defendant Ronda McNae submits this reply in support of her motion for leave to supplement the record with the deposition of her treating trauma therapist, Dr. Brock Weedman, PsyD, and in opposition to Plaintiff's cross-motion to strike the deposition. Plaintiff's arguments lack merit and ignore established legal standards. This deposition is critical, as it satisfies the criteria for admissibility under Federal Rules of Evidence 803(4), 803(3), and 807, ensuring a fair and complete adjudication of Defendant's claims. Defendant respectfully requests that the Court deny Plaintiff's motion to strike and grant Defendant's motion to supplement the record with Dr. Weedman's essential testimony.

## INTRODUCTION

Defendant Ronda McNae submits this Reply in Support of her Motion to Supplement the Record with the deposition of her treating trauma therapist, Dr. Brock Weedman, who has provided

treatment since 2011. This crucial deposition is currently missing from the record due to the neglect of prior counsel, depriving the Court of crucial information that bolsters the defendant's duress argument. Dr. Weedman's testimony documents Defendant's childhood trauma, PTSD diagnosis and on-going trauma symptoms, providing medically substantiated insights into her mental state that corroborate the observations of Dr. James Bhaskar, her primary care physician, and Ms. Sarah Dellinger, her other treating therapist. Together, these professionals offer a comprehensive assessment of the coercive impact of Plaintiff's conduct on Defendant.

This deposition must be included to objectively evaluate the defendant's claims. Admitting Dr. Weedman's deposition serves the interests of justice and permits an accurate evaluation of her response to Plaintiff's accusations in DE 205, as the delay was uncontrollable by the defendant.

Defendant filed her Motion for Leave to Supplement the Record with Dr. Weedman's deposition on October 18, 2024. Plaintiff's counsel opposes this inclusion and, as with the motion involving Ms. Dellinger, mischaracterizes Defendant's intent in seeking a complete record. The deliberate reversal of the event chronology by the plaintiff's counsel seems to be a component of a more extensive strategy that is designed to distort the facts and divert attention from the real issues at hand. The Defendant is committed to resolving these fundamental issues and will not be diverted by the personal opinions of Plaintiff's counsel, Ms. Gussin, or unsubstantiated speculation.

## BACKGROUND

This case centers on Defendant McNae's claims of duress and severe trauma allegedly resulting from Plaintiff Fitzgerald's coercive actions, which have profoundly affected her mental health. McNae asserts that on October 19, 2019, she was subjected to both physical and psychological trauma by Fitzgerald, including physical and sexual assault, while her young

2

daughter, Ella, was asleep in the hotel room. The following day, Ella documented Fitzgerald's injuries, which included three fingerprint-shaped bruises on his left and right biceps and a bite mark on the backside of his left bicep, consistent with McNae's account. This evidence was disclosed during discovery and shared with law enforcement. Defendant has since undergone extensive therapeutic treatment for PTSD and trauma-related symptoms, with Dr. Brock Weedman serving as her primary treating therapist since 2011. Due to gender-based trauma, McNae initially avoided male providers, leading her to begin therapy with Ms. Sarah Dellinger in February 2020. Together, Dr. Weedman and Ms. Dellinger provide continuous, complementary therapeutic support, documenting the ongoing impact of Plaintiff's actions on McNae's mental and emotional state. Their combined testimony is essential for understanding McNae's psychological condition and supports her duress defense.

Following prior counsel's failure to include Dr. Weedman's deposition before the pre- trial and trial deadlines, Defendant promptly filed this motion to supplement the record on October 18, 2024. Including this deposition is vital to a fair and complete adjudication of her defense, as it provides indispensable context for evaluating McNae's mental state and treatment history.

For these reasons, Defendant respectfully requests the Court deny Plaintiff's Cross-Motion to Strike Dr. Weedman's deposition and grant Defendant's Motion to Supplement the Record (DE 225).

## ARGUMENT

### I.     Dr. Weedman's hybrid expert insights as essential support for the duress defense

Dr. Weedman's deposition is indispensable to understanding the psychological and emotional toll of Plaintiff Fitzgerald's alleged actions on Defendant McNae, forming a critical

component of her duress defense. In his capacity as a hybrid expert witness—serving as both a treating therapist and clinical expert—Dr. Weedman's observations complement those of Ms. Sarah Dellinger, McNae's other treating therapist. Together, their testimonies provide a cohesive and comprehensive picture of McNae's mental state, filling essential gaps regarding her psychological condition, trauma response, and treatment needs.

Ms. Dellinger's deposition highlights the initial treatment barriers McNae faced as a result of gender-based trauma, which prevented her from feeling comfortable meeting with male providers. The combined insights of Dr. Weedman and Ms. Dellinger document the coercive effects of Plaintiff's conduct, illustrating its profound psychological impact. Excluding Dr. Weedman's deposition would deprive McNae's defense of essential therapeutic and medical context, undermining her ability to present a full and fair case.

In the interest of compliance and transparency, Defendant McNae is including all exhibits from the deposition which include counseling session notes (Exhibit A – C).

## II.    Federal Rules of Evidence Supporting Admissibility

### a.  Rule 803(4) – statements for medical diagnosis or treatment

Federal Rule of Evidence 803(4) allows for the admissibility of statements made for medical diagnosis or treatment, regardless of whether the witness is an expert or layperson. This rule includes statements made to treating professionals that aid in diagnosing or understanding the patient's medical or psychological condition. As Defendant's treating therapist since 2011, Dr. Weedman's observations and assessments qualify under Rule 803(4), as they were made during treatment specifically addressing Defendant's PTSD and trauma-related symptoms. His testimony

provides critical insight into Defendant's mental state and supports her duress defense by illustrating the psychological effects of the alleged coercion and trauma.

In *Smith v. Texaco, Inc.*, 463 F.2d 1010 (5th Cir. 1972), the court reinforced the admissibility of statements made to treating professionals about a patient's mental state under Rule 803(4), holding that statements concerning a patient's mental and emotional condition are admissible when directly related to diagnosis and treatment. Similarly, Dr. Weedman's testimony about Defendant's PTSD and distress is foundational to his therapeutic diagnosis and crucial for the Court's fair evaluation of her mental condition.

### b. Rule 803(3) – statements reflecting then-existing state of mind

Rule 803(3) permits the admission of statements that reveal a declarant's then-existing mental, emotional, or physical condition, particularly when reflecting their state of mind, intent, or emotional responses. Dr. Weedman's deposition offers key insights into Defendant's mental state, documenting her distress, trauma responses, and PTSD symptoms as they emerged in response to Plaintiff's alleged coercive conduct. His observations provide the Court with direct evidence of Defendant's state of mind during these relevant periods, presenting crucial context for evaluating her responses and decisions under alleged duress.

In *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285 (1892), the Supreme Court established that statements reflecting a person's then-existing mental state are admissible to illustrate intent or psychological condition. Similarly, in *United States v. Pheaster*, 544 F.2d 353 (9th Cir. 1976), the Ninth Circuit upheld the admissibility of statements indicating a person's current state of mind or intentions. Dr. Weedman's testimony regarding Defendant's symptoms, reactions, and expressions of distress during therapy fits squarely within the framework established by *Hillmon* and *Pheaster*.

5

Such statements are not only admissible but essential for the Court to gain a comprehensive understanding of Defendant's psychological condition at the time she allegedly experienced duress.

### c. Rule 807 – residual exception

Rule 807 allows the admission of statements that, while not fitting within other hearsay exceptions, demonstrate substantial trustworthiness, are material to a fact in dispute, and serve the interests of justice. Dr. Weedman's deposition meets these standards, offering reliable insights into Defendant's psychological condition that are unique to his role and cannot be replicated by other sources. His observations, corroborated by additional medical professionals, provide a comprehensive understanding of Defendant's experience and mental state under duress. Excluding this deposition would create a significant evidentiary gap, hindering the Court's ability to fully assess Defendant's claims.

As a hybrid expert witness, Dr. Weedman fulfills Rule 807's criteria of trustworthiness, materiality, and necessity. His dual role as both clinician and treating therapist offers grounded observations essential to understanding Defendant's mental state and capacity to consent. This argument is supported by *United States v. Laster*, 258 F.3d 525 (6th Cir. 2001), where the court admitted statements under Rule 807 due to their reliability and relevance. Similarly, Dr. Weedman's deposition—based on professional therapeutic assessments—provides crucial insights into Defendant's trauma.

In *United States v. Bryce*, 208 F.3d 346 (2d Cir. 1999), the court reinforced Rule 807's reliability requirement, emphasizing that context and trustworthiness are central to admissibility. Dr. Weedman's long-term treatment of Defendant over several years provides the necessary

context and reliability, making his testimony an essential part of a fair adjudication. Under Rule 807, Dr. Weedman's deposition should be admitted as it offers the Court a critical view of Defendant's psychological condition, supporting a fair evaluation of her defense.

**III.    Rule 805 "hearsay within hearsay" does not bar statements made in therapeutic contexts**

Plaintiff's argument of "hearsay within hearsay" disregards Florida case law permitting layered statements in therapy sessions when they are essential to diagnosis and treatment. In *L.L. v. State*, 189 So. 3d 252 (Fla. 3d DCA 2016), the court ruled that statements made within therapy that support mental health assessment are admissible, even if they involve multiple layers of hearsay. Similarly, *In re D.J.W.*, 764 So. 2d 825 (Fla. 2d DCA 2000), affirmed that Rule 805 does not preclude admission of statements that reflect the patient's mental condition, particularly when they are relevant to diagnosis.

*Largo v. State*, 233 So. 3d 452 (Fla. 4th DCA 2018), reinforces this, holding that layered statements in therapeutic contexts are permissible for understanding the patient's psychological condition. Dr. Weedman's deposition provides professional, therapeutic insights into McNae's trauma and mental health and falls squarely within these precedents, which allow admissibility of such statements as part of diagnosis and treatment.

**IV.    Plaintiff's argument of unfair prejudice is unfounded**

Plaintiff argues that admitting Dr. Weedman's deposition would result in undue prejudice; however, excluding this critical evidence would truly prejudice Defendant McNae. Plaintiff's counsel has been aware of McNae's duress defense from the outset and had ample opportunity to cross-examine Dr. Weedman during his deposition. Claims of unfair surprise or prejudice are

therefore unfounded and disingenuous, as Dr. Weedman's testimony, in his role as a hybrid expert witness, provides specialized clinical insights that reinforce and contextualize claims central to this case from the beginning.

Moreover, while Ms. Dellinger's deposition already provides the Court with essential insights into McNae's mental state, Dr. Weedman's testimony as a hybrid expert offers complementary details and unique expertise. His observations bridge critical gaps in treatment, particularly regarding the trauma-related barriers that initially prevented McNae from seeking treatment with male providers. Without Dr. Weedman's deposition, the record would lack a comprehensive therapeutic and expert perspective on McNae's psychological condition, depriving the Court of a fully balanced presentation of her defense.

Including Dr. Weedman's deposition ensures the Court has a well-rounded understanding of McNae's mental state and experiences, as both therapists' testimonies illustrate the sustained impact of the alleged trauma. This inclusion prevents unfair prejudice against Defendant by allowing the Court to evaluate all facts within a comprehensive and clinically supported context.

## V.   Dr. Weedman's availability for trial is uncertain

Plaintiff argues that Dr. Weedman's deposition should be excluded because he may be available to testify in person. However, Dr. Weedman resides in Washington state, and the trial date has been rescheduled multiple times, creating significant logistical uncertainty around his attendance. Courts consistently hold that depositions are admissible when a witness's in-person availability is genuinely uncertain. The Supreme Court in *United States v. Salerno*, 505 U.S. 317 (1992), recognized that depositions preserve essential testimony when logistical issues make in-person testimony unreliable. Excluding Dr. Weedman's deposition based on a speculative

possibility of attendance would thus jeopardize Defendant's ability to present comprehensive evidence.

Furthermore, Dr. Weedman's role as Defendant's long-term therapist provides unique, irreplaceable insights. Courts have emphasized the high probative value of testimony from treating professionals who may not be available in person. In *Baker v. State*, 71 So. 3d 802 (Fla. 2011), the Florida Supreme Court noted that testimony from a treating professional carries increased reliability and relevance due to their direct observation and therapeutic role. Given these logistical and evidentiary considerations, Dr. Weedman's deposition is crucial to ensure the Court has access to his expert insights into Defendant's psychological state.

## VI.   Defendant provides full transparency and compliance with rule 106

Defendant's inclusion of all relevant counseling records referenced in Dr. Weedman's deposition ensures transparency and full compliance with Federal Rule of Evidence 106, the "Rule of Completeness." Rule 106 prevents selective evidence presentation that could mislead the Court by requiring statements be introduced in full context. By submitting the complete set of therapeutic records, clearly labeled to avoid redundancy, Defendant provides the Court with a comprehensive view of her mental health and trauma history.

Courts have consistently applied Rule 106 to ensure fair evidence presentation. In *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988), the Supreme Court emphasized that Rule 106 is essential for avoiding misleading impressions, and *United States v. Sutton*, 801 F.2d 1346 (D.C. Cir. 1986), held that Rule 106 permits additional evidence to clarify or explain context. Defendant's submission of all therapeutic notes ensures that Dr. Weedman's deposition accurately

9

reflects her mental health condition, given the claims of coercion and duress, allowing the Court to fully assess Defendant's mental state in a balanced manner.

## VI.     Impact of Prior Counsel's Failure to Obtain Necessary Depositions

Defendant's request to supplement the record arises directly from prior counsel's failure to procure essential depositions, including that of Dr. Weedman. This deposition should have been included as evidence supporting Defendant's claims of duress and psychological trauma. Due to counsel's oversight, Defendant was left without the full scope of medical and therapeutic evidence necessary to substantiate her defense.

Since proceeding pro se, Defendant has diligently worked to correct these omissions and provide the Court with a complete evidentiary record. Defendant filed this motion promptly upon discovering the oversight, demonstrating her commitment to transparency and fairness. Excluding this testimony based on prior counsel's lapse would result in severe prejudice, depriving Defendant of a full and fair opportunity to present her case.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike the Deposition of Dr. Brock Weedman. Admission of this evidence is essential for a fair trial, providing the Court with a comprehensive understanding of Defendant's state of mind and mental health during the relevant period. Excluding this deposition would hinder Defendant's ability to present a complete and balanced defense.

**RELIEF REQUESTED**

Defendant respectfully requests that the Court:

1. **Deny Plaintiff's Cross-Motion to Strike** the Deposition of Treating Trauma Therapist Dr. Weedman, as his testimony is critical to the full understanding of Defendant's mental state and substantiates the duress defense. Excluding this deposition would result in an incomplete and potentially prejudiced record, depriving Defendant of a fair opportunity to present a comprehensive defense.

2. **Grant Defendant's Motion for Leave to Supplement the Record** with the deposition of Dr. Weedman, ensuring that the Court has a complete and accurate view of Defendant's mental health as relevant to the claims of trauma and duress. The testimony provides essential corroborative evidence consistent with other medical diagnoses, enhancing the integrity and thoroughness of the evidentiary record.

3. **Permit Additional Documentation** as necessary from Dr. Weedman's treatment records that align with Federal Rules of Evidence 803(3) and 803(4), providing context to the Court on Defendant's mental and emotional state throughout the period in question.

Submitted on October 30, 2024.

Respectfully submitted,

By: <u>Ronda Delapina McNae</u>
Pro Se Defendant
504 11th PL Kirkland, WA 98033
Tel: (206) 914-6752
Prose.rmcnae@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of October 2024, a true and correct copy of the foregoing Motion was delivered via FedEx to the Clerk of the Court at the Miami Courthouse

Southern District of Florida, 400 N. Miami Ave, Room 8N09, Miami, FL 33128. Additionally, in compliance with the court's requirements for pro se litigants, a copy of the same document was similarly sent via FedEx to Plaintiff's counsel.

## SERVICE LIST

Peter E. Berlowe, Esq.
Meredith Gussin, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com
mjg@assoulineberlowe.com

*Counsel for Plaintiffs*

12

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22171-JEM

MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

                Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

                Defendants.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD WITH DR. BROCK WEEDMAN, PSYD, DEPOSITION**

Defendant Ronda McNae respectfully submits this Reply in support of her Motion for Leave to Supplement the Record with the deposition of her long-time treating trauma therapist, Dr. Brock Weedman, PsyD, whose professional insights have been crucial in documenting her history of PTSD, trauma symptoms, and responses under duress. The omission of Dr. Weedman's deposition—resulting from prior counsel's neglect—deprives the Court of vital evidence necessary for a full and fair assessment of McNae's mental state and her defense of duress. Including this deposition will enable the Court to accurately evaluate her response to Plaintiff's claims in DE 205.

## INTRODUCTION

Richard Gomez, prior counsel for Defendant McNae, neglected to order four critical deposition transcripts: those of Dr. James Bhaskar, Dr. Jim Hopper, Dr. Brock Weedman, and treating therapist Ms. Sarah Dellinger. This oversight deprived Defendant of essential evidence needed to substantiate her duress defense, leaving a significant gap in the record and preventing a full understanding of the psychological trauma she endured. Due to these substantial lapses, Defendant McNae is now proceeding pro se, navigating compounded setbacks. A forthcoming motion will further outline the disadvantages caused by prior counsel's failures, underscoring the impact on her ability to respond effectively to DE 205.

In this Reply, Defendant seeks to supplement the record with the deposition of her long-term trauma therapist, Dr. Brock Weedman, who has treated her since 2011. Dr. Weedman's testimony provides crucial documentation of McNae's childhood trauma, PTSD diagnosis, and ongoing trauma symptoms, offering medically substantiated insights that align with observations from her primary care physician, Dr. James Bhaskar, and treating therapist, Ms. Sarah Dellinger. Together, these professionals provide a comprehensive assessment of the coercive impact of

2

Plaintiff's conduct on Defendant. Including Dr. Weedman's deposition is essential to justice, allowing for an accurate evaluation of Defendant's responses to Plaintiff's accusations in DE 205.

Despite Plaintiff's attempts to mischaracterize this motion, it was filed in good faith to ensure a complete and accurate record. Plaintiff's counsel's attempt to reverse the timeline of events appears to be part of a broader strategy to distort facts and distract from substantive issues. Defendant remains committed to addressing these core matters and will not be sidetracked by unsupported speculation or the personal opinions of Plaintiff's counsel, Ms. Gussin.

## BACKGROUND

On October 19, 2019, Defendant McNae fled in terror after a physical assault by Fitzgerald, hiding for over an hour until he found her. Tragically, this was followed by a sexual assault while her young daughter, Ella, slept in the next room, moments before McNae's husband, Will, and their son, Liam, arrived. The following day, Ella captured video evidence showing bruises on Michael Fitzgerald's arms—clear signs of the assault. These bruises, including three distinct fingerprint marks on each bicep and a bite mark on the back of his left bicep, were confirmed to be absent before October 19, as documented in discovery.

Ella, now 14, is prepared to testify if required, having witnessed her mother's physical and emotional condition both before and after the assault. Ella's account was pivotal in helping McNae reconstruct this traumatic event, an ordeal so distressing that it drove McNae to the brink of suicide on November 14, 2019. During this period, Fitzgerald continued to manipulate Defendant, intensifying her distress—a fact well-documented in medical and therapeutic records. Additional evidence, including testimonies and severe malnutrition that led to McNae's hospitalization, further supports her claims of ongoing trauma. Despite these circumstances, Fitzgerald and his

3

Counsel focus on a narrow 26-day period after the assault, selectively scrutinizing her trauma responses and cherry-picking elements to support their narrative.

Neither Fitzgerald nor his Counsel address the 79 days leading up to the reported assault in Miami, Florida, during which Fitzgerald fabricated numerous personal stories as a means of manipulation. He created tales of family illness, including his father's battle with Alzheimer's before passing, a bitter custody dispute with his ex-wife over their teenage son Euan, and his mother's need for surgery in the UK for a prolapsed colon. Fitzgerald even disclosed past experiences of alleged child abuse, only after McNae had confided in him and his then-girlfriend, Patrice Sanchez, about her own trauma. In stark contrast to Fitzgerald's claims, McNae's documented history includes her legal petition for out-of-home placement at age 15, verified by King County Superior Court records.

Fitzgerald's influence extended to Will McNae's recent promotion at Microsoft, a fact he repeatedly used to assert his sway over their lives. Throughout this time, McNae was subjected to constant manipulation, with Fitzgerald frequently threatening that "Will would be let go from Microsoft" and reinforcing his own version of the events in Miami on October 18 and 19, 2019. Fitzgerald and his Counsel's selective focus on this 26-day window is a blatant attempt to ignore the substantial evidence of McNae's intense suffering and ongoing trauma. While Fitzgerald's bruises quickly faded, McNae's psychological wounds endured, culminating in a PTSD diagnosis that underscores the severity of the assault. Plaintiff's Counsel, Ms. Gussin, has attempted to mischaracterize this traumatic experience as an "affair," a legally and ethically indefensible stance. Such misrepresentation not only lacks factual basis but also underscores a troubling willingness to downplay verified abuse, evidently aiming to shame and blame the real victim, Defendant McNae. Plaintiff's Counsel had a full and fair opportunity to cross-examine Ms. Dellinger, rendering any

4

claims of prejudice unfounded. Ms. Dellinger's deposition is central to McNae's defense, providing critical evidence that substantiates her psychological duress claims. Including this deposition in the record is essential for McNae to effectively reference this professional and clinical testimony in response to DE 205. Excluding this evidence would severely undermine McNae's right to a fair defense and hinder her ability to respond comprehensively to Plaintiff's claims.

## ARGUMENT

Dr. Brock Weedman has served as McNae's treating therapist since 2011, offering crucial medical documentation and insights into her mental health, childhood trauma, and PTSD symptoms. His detailed observations are instrumental in corroborating the psychological toll of trauma, aligning with the clinical reports of Dr. Bhaskar, her primary care physician, and Ms. Sarah Dellinger, another treating therapist. Each of these professionals provides essential perspectives on the lasting impact of Fitzgerald's alleged actions on McNae. As both a treating therapist and a clinical expert, Dr. Weedman's role as a hybrid expert witness allows him to offer insights into McNae's trauma responses, ongoing treatment needs, and symptoms of distress, all of which complement Ms. Dellinger's testimony. Ms. Dellinger has documented the initial barriers McNae faced in seeking treatment in addition to McNaes discomfort associated with male providers due to gender-based trauma. Together, Dr. Weedman and Ms. Dellinger present a cohesive and comprehensive view of McNae's mental state, her documented trauma responses, and the coercive effects of Fitzgerald's alleged conduct. Excluding Dr. Weedman's deposition would create a significant evidentiary gap, depriving the Court of essential therapeutic and medical context necessary for evaluating McNae's recently permitted duress defense (DE 179). His testimony provides critical context regarding her trauma-related psychological condition, reactions, and

behavior under duress, which are vital to a full understanding of her defense. To ensure transparency and compliance, Defendant McNae includes all relevant deposition exhibits, including counseling session notes (Exhibits A–C), so the Court has complete access to the documented evidence supporting her defense.

## I.      Federal Rules of Evidence Supporting Admissibility

- *Federal Rule of Evidence 803(4) – Statements for Medical Diagnosis or Treatment:* allows for the admission of statements made to treating professionals for medical diagnosis or treatment, regardless of the witness's status as an expert or layperson. As McNae's therapist since 2011, Dr. Weedman's observations fall under Rule 803(4) because they directly document McNae's PTSD and trauma-related symptoms, essential for medical and psychological diagnosis and treatment. His testimony is critical for understanding McNae's mental state and supports her defense of duress by highlighting the psychological effects of the alleged coercion and trauma.
  In *Smith v. Texaco, Inc.*, 463 F.2d 1010 (5th Cir. 1972), the court admitted statements about a patient's mental and emotional condition as relevant to diagnosis and treatment under Rule 803(4). Similarly, Dr. Weedman's testimony provides foundational insight into McNae's PTSD diagnosis and distress, essential for a fair evaluation of her mental condition and her response to Plaintiff's actions.

- *Federal Rule of Evidence 803(3) – Then-Existing Mental Condition:* Rule 803(3) allows statements reflecting a declarant's then-existing mental, emotional, or physical condition, including statements revealing intent or emotional response. Dr. Weedman's deposition captures McNae's distress, trauma responses, and PTSD symptoms in reaction to Plaintiff's alleged coercive conduct, providing key evidence of her mental state at critical

6

times. The standard set in *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285 (1892), supports the admissibility of statements illustrating a person's then-existing mental condition, intent, or emotional response. Similarly, in *United States v. Pheaster*, 544 F.2d 353 (9th Cir. 1976), statements of current state of mind or intent were deemed admissible. Dr. Weedman's documentation of McNae's reactions and distress directly reflect her state of mind under alleged duress, offering insights vital for the Court's comprehensive understanding of her response to Plaintiff's conduct.

- *Federal Rule of Evidence 807 – Residual Exception:* Rule 807 permits the admission of statements not covered by other hearsay exceptions if they are trustworthy, material, and serve justice. Dr. Weedman's long-term observations meet these criteria, providing irreplaceable and credible evidence on McNae's psychological condition that supports her duress defense. His testimony, corroborated by Dr. Bhaskar and Ms. Dellinger, offers the Court a medically reliable and holistic perspective on McNae's mental state under duress. In *United States v. Laster*, 258 F.3d 525 (6th Cir. 2001), statements were admitted under Rule 807 for their reliability and relevance. Similarly, *United States v. Bryce*, 208 F.3d 346 (2d Cir. 1999), upheld Rule 807's reliability requirement, finding that context and trustworthiness justified admissibility. Dr. Weedman's consistent treatment of McNae over several years meets these standards, providing reliable, material evidence for fair adjudication. Excluding his deposition would impair the Court's full assessment of McNae's claims.

- *Federal Rule of Evidence 106 – Rule of Completeness - Compliance and Full Transparency:* Defendant McNae has made every effort to provide the Court with a complete and transparent record, fully complying with Federal Rule of Evidence 106, known as the Rule of Completeness. Rule 106 prevents selective presentation of evidence

7

that could mislead the Court, requiring that statements and records be introduced in their entirety for full context. By including all relevant exhibits from Dr. Weedman's deposition—including counseling session notes (Exhibits A–C)—Defendant ensures the Court has comprehensive access to critical therapeutic records that reflect her mental health and trauma history. In *Beech Aircraft Corp. v. Rainey*, the Supreme Court underscored the importance of Rule 106 in avoiding misleading impressions, affirming that additional evidence must be permitted to clarify or explain context. In alignment with this precedent, Defendant has included the complete therapeutic records, clearly labeled to avoid redundancy. This approach ensures that Dr. Weedman's deposition accurately reflects the mental health challenges that form the basis of her defense, allowing the Court to evaluate her claims in a balanced and accurate manner. By providing this comprehensive and transparent documentation, Defendant fulfills her responsibility to present a full and fair evidentiary record, equipping the Court with all essential insights for a thorough and just evaluation of her defense.

## II.     Plaintiff's argument of unfair prejudice is unfounded

Plaintiff claims that admitting Dr. Weedman's deposition causes undue prejudice, yet excluding this critical evidence would truly prejudice Defendant McNae. Plaintiff's counsel was fully aware of McNae's duress defense from the start and had ample opportunity to cross-examine Dr. Weedman, rendering claims of unfair surprise disingenuous. Dr. Weedman, as a hybrid expert witness, provides specialized clinical insights central to this case.

8

While Ms. Dellinger's deposition sheds light on McNae's mental state, Dr. Weedman's unique expertise complements it by addressing trauma-related barriers that initially hindered McNae's treatment. Excluding his testimony would leave a critical gap in the record, depriving the Court of a complete therapeutic perspective on McNae's psychological condition.

Including Dr. Weedman's deposition ensures a comprehensive view of McNae's experiences, with both therapists' testimonies illustrating the sustained impact of trauma. This inclusion is essential to prevent prejudice against Defendant and provide the Court with a fully supported, balanced context.

## III.   Dr. Weedman's availability for trial is uncertain

Plaintiff argues for excluding Dr. Weedman's deposition on the grounds that he might testify in person. However, Dr. Weedman resides in Washington state, and multiple trial rescheduling has created logistical uncertainties around his attendance. Courts uphold that depositions are admissible when in-person availability is uncertain, as the Supreme Court recognized in *United States v. Salerno*, 505 U.S. 317 (1992). Excluding his deposition based on a speculative appearance could jeopardize Defendant's case by denying essential testimony. Moreover, as Defendant's long-term therapist, Dr. Weedman offers unique insights into her mental health. Courts, including in *Baker v. State*, 71 So. 3d 802 (Fla. 2011), emphasize the high probative value of treating professionals' testimony due to their direct role. Given these logistical and evidentiary factors, admitting Dr. Weedman's deposition is essential for a complete understanding of Defendant's psychological state.

## IV. Impact of Prior Counsel's Failure to Obtain Necessary Depositions

Defendant's request to supplement the record arises directly from prior counsel's failure to obtain essential depositions, including Dr. Weedman's, which are crucial to supporting her duress defense. Without this evidence, Defendant lacks the comprehensive medical and therapeutic context necessary for her case and the ability to respond fully to DE 205 with evidence on the record. Since proceeding pro se, Defendant has acted promptly and transparently to correct these omissions and provide the Court with a complete evidentiary record. Excluding Dr. Weedman's deposition would create a critical gap, depriving the Court of a comprehensive view of the psychological harm and trauma effects central to her defense. Each deposition—from Ms. Dellinger, Dr. Weedman, and Dr. Hopper—offers unique, corroborative insights into these cumulative trauma effects, vital for an accurate and balanced evaluation. Without this testimony, the Court cannot fully assess the compounded effects of trauma relevant to Defendant's case.

Plaintiff's motion to strike Dr. Weedman's deposition is without merit. His testimony is crucial to understanding Defendant McNae's mental state, providing essential context on her childhood trauma, PTSD symptoms, and responses under duress—key elements to assess the psychological impact of Plaintiff Fitzgerald's conduct. Defendant's Motion to Supplement the Record was filed in good faith to correct prior counsel's oversights, not to burden the Court, making sanctions unnecessary. Excluding this deposition would leave a critical gap in evidence, undermining Defendant's ability to fully present her duress defense and impacting the fairness of these proceedings. Dr. Weedman's insights, supported by the testimonies of Dr. Bhaskar and Ms. Dellinger, offer a cohesive view of McNae's psychological state vital to her defense. For these reasons, Defendant respectfully requests the Court deny Plaintiff's motion to strike and include

Dr. Weedman's deposition in the record, essential for a fair evaluation of Defendant's case and the integrity of these proceedings.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike the Deposition of Dr. Brock Weedman and grant Defendant's Motion to Supplement the Record. Admission of Dr. Weedman's testimony is essential not only for a fair adjudication but also to provide the Court with a comprehensive understanding of the context and impact underlying Defendant's duress defense. Excluding this deposition would significantly hinder Defendant's ability to present a balanced and complete case, ultimately compromising the fairness of these proceedings. Dr. Weedman's deposition, along with those of Ms. Dellinger and Dr. Hopper, provides unique perspectives that collectively illustrate the cumulative effects of trauma central to Defendant's defense. These expert insights offer a cohesive narrative of the depth of psychological harm inflicted and are vital for an accurate and balanced evaluation of Defendant's claims. Without these testimonies, the Court would lack the full expert context necessary to understand the pervasive and compounding effects of trauma on Defendant's mental state and responses, directly relevant to her defense.

## RELIEF REQUESTED

1. Deny Plaintiff's Motion to Strike the Deposition of Dr. Brock Weedman, as his testimony is crucial to Defendant's duress defense. Excluding this deposition would leave Defendant without a complete defense and could prejudice the record.

2. Grant Defendant's Motion to Supplement the Record with Dr. Weedman's deposition to ensure a comprehensive understanding of Defendant's mental health, trauma history, and its impact on her duress claims.

3. Permit further documentation from Dr. Weedman's treatment records, consistent with Federal Rules of Evidence 803(3) and 803(4), to provide essential context on Defendant's mental and emotional state throughout the relevant period.

Submitted on October 30, 2024.

Respectfully submitted,

By: Ronda Delapina McNae
Pro Se Defendant
504 11th PL Kirkland, WA 98033
Tel: (206) 914-6752
Prose.rmcnae@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October 2024, a true and correct copy of the foregoing Motion was delivered via FedEx to the Clerk of the Court at the Miami Courthouse Southern District of Florida, 400 N. Miami Ave, Room 8N09, Miami, FL 33128. Additionally, in compliance with the court's requirements for pro se litigants, a copy of the same document was similarly sent via FedEx to Plaintiff's counsel.

## SERVICE LIST

Peter E. Berlowe, Esq.
Meredith Gussin, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com
mjg@assoulineberlowe.com

*Counsel for Plaintiffs*

12





ORIGIN IDPRWA   (425) 941-7374
WILLIAM MCRAE
504 11TH PL

KIRKLAND, WA 98033
UNITED STATES US

SHIP DATE: 31OCT24
ACTWGT: 0.60 LB
CAD: 6970419/WSXA2570

BILL THIRD PARTY

TO MIAMI COURT HOUSE
ATTN COURT CLERK
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128
(000) 000-0000

FedEx
Express

E

TRK#
7796 6260 5120

FRI — 01 NOV 5:00P
STANDARD OVERNIGHT

XG MPBA

33128
FL-US   MIA