fIN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22171-JEM

MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

    Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

    Defendants.
_____/



FILED BY J6 D.C.

JAN 02 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**EMERGENCY MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF
CRITICAL PRE-TRIAL ISSUES AND TO PREVENT IRREPARABLE HARM**

Defendant, Ronda McNae, proceeding pro se, respectfully submits this Emergency Motion to Stay Proceedings, including all pre-trial deadlines, pending resolution of critical pre-trial issues that directly affect trial preparation, the evidentiary record, and procedural fairness. Immediate relief is necessary to prevent irreparable harm and to ensure Defendant's ability to fully and fairly litigate this case.

## I. Nature of the Emergency

Defendant faces imminent harm due to unresolved pre-trial motions, designated Attorney Eyes Only (AEO) materials, and the exclusion of critical evidence due to discovery misconduct, in direct violation of Rule 26(a). Pursuant to Local Rule 7.1(d), Defendant respectfully seeks emergency relief to stay all proceedings, including the submission of the Joint Pre-Trial Stipulation due on **January 6, 2025**, Calendar Call scheduled for **February 6, 2025**, and Trial scheduled for **February 10, 2025**, pending resolution of discovery misconduct issues and multiple critical motions not yet ruled on.

These unresolved issues obstruct Defendant's ability to prepare for trial, depriving her of a meaningful opportunity to present her case — a right protected by the Fifth Amendment.

During a comprehensive review of discovery materials to prepare and collaborate on drafting the joint pre-trial stipulations, Defendant uncovered substantial material omissions and procedural violations implicating Plaintiffs Michael Fitzgerald and Yelany de Varona, as well as non-parties SoftwareONE Inc. and SoftwareONE UK. It is imperative to address and resolve these issues prior to filing the joint pretrial stipulations. Defendant will be filing a motion asking the court to address and remedy these egregious discovery violations in detail. These violations include:

A. **Failure to Disclose Employment with SoftwareONE UK**: Plaintiff Michael Fitzgerald failed to disclose his employment with SoftwareONE UK in his Rule 26(a) disclosures. This employment is directly relevant to assessing his claims of harm and Defendant's alleged breach of contract, particularly regarding financial and reputational damages.

B. **Selective Invocation of Privacy Laws**: Plaintiffs selectively invoked GDPR and UK privacy laws as a shield to withhold internal employment documents, including HR complaints and communications, that are critical to establishing Fitzgerald's credibility and reputation.

C. **Failure to Produce Referenced Attachments**: Plaintiff Yelany de Varona's production referenced 167 images and videos as attachments to text messages, yet these files were never produced. Furthermore, Plaintiffs' counsel failed to provide a Privilege Log, as confirmed by Ms. Gussin in an email dated January 2, 2025, stating, "No privilege log was provided." These attachments are critical for understanding the context of communications central to Plaintiffs' allegations of coercion and Defendant's affirmative defenses. Compounding the issue, Defendant's prior counsel, during discovery, wasn't aware of a way to view communications in the Excel spreadsheet in a manner that reflects the attachments corresponding to the text messages. *(See Below)*

> From: Ronda McNae <prose.mcnae@gmail.com>
> Sent: Thursday, January 2, 2025 4:21:11 AM
> To: Meredith J. Gussin <mjg@assoulineberlowe.com>
> Cc: Peter E. Berlowe <PEB@AssoulineBerlowe.com>
> Subject: Re: Fitzgerald v. McNae: [Draft] Joint Pretrial Stipulation and Jury Instructions
>
> Did you produce a privilege log for Yelany?
>
> From: Meredith J. Gussin <mjg@assoulineberlowe.com>
> Sent: Thursday, January 2, 2025 4:59:00 AM
> To: Ronda McNae <prose.mcnae@gmail.com>
> Cc: Peter E. Berlowe <PEB@AssoulineBerlowe.com>
> Subject: Re: Fitzgerald v. McNae: [Draft] Joint Pretrial Stipulation and Jury Instructions
>
> No privilege log was provided. The communications were produced in accordance with agreement of counsel as to limitations of time frame and word search, who accepted the production when made.

D. **Attorney Eyes Only Designations**: Numerous documents produced in discovery were labeled Attorney Eyes Only (AEO), which precludes Defendant, a pro se litigant, from reviewing them. These designations obstruct Defendant's ability to prepare for trial and evaluate evidence relevant to her defense. (*See Below*)

> From: Ronda McNae <prose.mcnae@gmail.com>
> Sent: Thursday, January 2, 2025 11:38 AM
> To: Meredith J. Gussin <mjg@assoulineberlowe.com>
> Cc: Peter E. Berlowe <PEB@AssoulineBerlowe.com>
> Subject: Re: Fitzgerald v. McNae: [Draft] Joint Pretrial Stipulation and Jury Instructions
>
> Ms. Gussin,
>
> Can you please list all the AEO documents that have been produced? With bates number.
>
> Regards,
>
> Ronda
>
> **Peter E. Berlowe**  9:45 AM (41 minutes ago)
> to me, Meredith
>
> Good morning Mrs. McNae:
>
> Happy New Year.
>
> The documents that are stamped AEO if they are AEO. We do not have a list of pages that are AEO, nor will we take dozens of hours of time to create such a list.
>
> Please focus on providing a redline of the draft Joint Stipulation that is due January 6th.
>
> Sincerely,
>
> **Peter E. Berlowe, Esq.**
> **Business and Intellectual Property Litigation**

E. **Non-Compliance by SoftwareONE Entities**: Non-parties SoftwareONE Inc. and SoftwareONE UK failed to comply with subpoenas seeking employment records and internal investigations involving Plaintiff. These records are central to evaluating Fitzgerald's claims and defenses. Notably, during his deposition, Plaintiff committed to producing these records, yet they remain undisclosed, further exacerbating the prejudice caused to Defendant.

   i. These omissions violate Rule 26(a) and Rule 45 of the Federal Rules of Civil Procedure obligations, depriving Defendant of critical evidence and creating an incomplete evidentiary record. Defendant's ability to prepare for trial is materially prejudiced, especially as a pro se litigant without access to AEO materials or supplemental disclosures.

  ii. Proceeding with pre-trial obligations under these circumstances would result in significant harm to Defendant and undermine the integrity of these proceedings.

Once these deadlines pass, the harm is irreparable. Defendant will forfeit the ability to include or challenge critical evidence, locking her into a trial posture that unfairly favors Plaintiff. Judicial intervention at that stage cannot fully restore fairness or due process.

## II. Grounds for Relief

Courts have discretion to stay proceedings to remedy discovery misconduct and ensure fairness. Under Rule 37, sanctions may include a stay to address violations of discovery obligations. The omissions and improper designations in this case create irreparable harm to Defendant's ability to prepare for trial. Granting a stay will allow the Court to:

- Preserve judicial efficiency by avoiding future disputes over incomplete submissions.

- Ensure both parties proceed to trial on a complete and equitable evidentiary record.

**A. Discovery Misconduct and Resulting Prejudice**

Plaintiff failed to disclose critical evidence, including Michael Fitzgerald's employment with SoftwareONE UK and clearly omitting this entity on Initial Disclosures, in violation of Rule 26(a). The missing 167 images and videos referenced by de Varona highlight the selective and incomplete pattern of Plaintiffs' productions, obstructing Defendant's ability to fully assess claims of coercion and manipulation. Plaintiffs' selective invocation of GDPR and UK privacy laws demonstrates reinforces their pattern of using a shield and sword to withhold relevant materials while producing incomplete and curated records. Counsel for SoftwareONE UK clearly stated in correspondence to Defendant's Barrister Johnathan Cohen:

5

"Your clients seek the voluntary disclosure of documents for the use in the Miami Proceedings. SOUK is not a party to the Miami Proceedings. Your letter seeks sensitive and **personal employment information about Mr. Fitzgerald, who does not join in your request**."

This conduct significantly prejudices Defendant and creates an inequitable evidentiary record. Defendant will be filing a motion for this court's attention to specifically address numerous Rule 26(a) discovery issues and violations separately.

### B. Specific Prejudice from Attorney Eyes Only Designations

The AEO designations compound this prejudice, as they prevent Defendant from reviewing documents that contain critical information for trial preparation. Fitzgerald's control over the narrative through self-serving designations further undermines the fairness of this litigation. Defendant's pro se status exacerbates the prejudice caused by AEO designations. Without access to these materials, Defendant cannot evaluate the evidence to prepare her trial strategy or rebut Plaintiffs' claims effectively. Defendant requests that the Court require Plaintiffs to justify the necessity of these designations under Rule 26(c). If Plaintiffs cannot meet this burden, the designations should be lifted or modified to allow Defendant to review these documents.

### III. Critical Pre-Trial Motions Requiring Resolution

Resolution of the following pending motions is essential before submission of the pre-trial stipulations, as these rulings directly impact the scope of admissible evidence, admissible expert opinions and testimony, trial preparation, and overall fairness. Defendant respectfully requests expedited resolution of the following motions, which are essential to trial effectiveness:

- **Plaintiff's Motion for Partial Summary Judgment (DE 171):** Determines liability for breach of the settlement agreement, which could significantly narrow the issues for trial.

- **Defendant's Motion to Exclude Expert Opinions (DE 188):** Addresses the admissibility of expert testimony, critical for shaping the scope of evidence and trial strategy.

- **Motions In Limine (DE 205, DE 206):** Establish admissibility boundaries, preventing irrelevant or inflammatory claims and streamlining trial strategy.

- **Defendant's Motions for Leave to Supplement the Record (DE 224, 230, 231, 242):** These depositions and expert testimony are vital to Defendant's duress defense and provide critical context for assessing the fairness of the settlement agreement.

- **Defendant's Motion to Correct and Supplement Exhibit D (DE 255) and Motion for Leave to Amend (DE 259):** Address procedural corrections to ensure clarity and compliance in the evidentiary record.

- **Defendant's Motion for Leave to File Errata (DE 260):** Corrects inadvertent errors in legal citations, reinforcing the integrity of Defendant's filings and arguments.

## IV. Irreparable Harm Tied to Due Process

Absent a temporary stay, Defendant will suffer irreparable harm, including the inability to participate fully in trial preparation and proceedings, in violation of her Fifth Amendment right to due process. The unresolved pre-trial motions, discovery misconduct, and Attorney Eyes Only (AEO) designations significantly impede Defendant's ability to build her case and challenge key evidence.

Additionally, Defendant faces significant challenges related to the care of her niece and nephew, which require prior approval from the State of Iowa for extended travel and absences. Iowa state law mandates that such approvals involve input from their legal counsel, Erin Romar,

7

as well as feedback from their educational aids and teachers to evaluate whether the children can miss school for more than three days. While the children's legal counsel had planned to complete an in-person visit at the start of the new year to finalize these approvals, the visit has been delayed by a month. As a result, Defendant remains without the necessary permissions and court approval to travel and facilitate their care during the trial by an approved provider, further hindering her ability to participate fully in court proceedings.

Once the January 6, 2025, deadline for the Joint Pre-Trial Stipulation passes, Defendant will have forfeited the opportunity to include or challenge critical evidence, and no subsequent judicial intervention can fully restore her constitutional right to due process.

**Equitable and Judicial Considerations**

Granting a temporary stay preserves judicial efficiency by preventing future disputes over inadequately prepared submissions, missed evidentiary challenges, or improperly excluded evidence. The balance of hardships strongly favors Defendant, who faces significant prejudice, whereas Plaintiffs and the Court will experience only minimal delay in resolving the pending motions.

### V. Benefits to Plaintiff if Proceedings Are Not Stayed

If this Court declines to stay proceedings pending resolution of critical pre-trial motions, the Plaintiff stands to gain significant procedural and strategic advantages at the expense of the Defendant's constitutional right to due process and a fair trial. These advantages include:

A. **Locking the Defendant into Potential Errors or Omissions:**

- Without clarity on key evidentiary rulings, Defendant may inadvertently omit critical witnesses, exhibits, or arguments from the Joint Pre-Trial Stipulation.

- Once these omissions are made, Plaintiff could exploit them by opposing any post-deadline corrections, leaving Defendant at a procedural disadvantage and effectively excluding key evidence from trial.

B. **Exploiting Attorney Eyes Only (AEO) Restrictions:**

- AEO designations currently deny Defendant access to crucial materials for preparing affirmative defenses, including duress and fraudulent inducement.

- If rulings on AEO classification occur just before trial, Plaintiff retains an informational edge, leaving Defendant scrambling to integrate late-disclosed evidence.

C. **Strategic Leverage in Trial Preparation:**

- The Plaintiff, represented by counsel, can adapt quickly to late rulings on motions in limine, evidentiary challenges, or summary judgment.

- In contrast, Defendant, proceeding pro se, lacks the resources to pivot effectively, creating an already uneven playing field that prejudices her case.

D. **Finalizing Plaintiff's Advantageous Filings:**

- Without a stay, Plaintiff's pre-trial filings, including those that omit or mischaracterize evidence, are less likely to face targeted challenges from Defendant.

- This results in an unfair "lock-in" effect, preserving Plaintiff's trial strategy while limiting Defendant's ability to object or adapt to evidentiary rulings later in the process.

E. **Leveraging Short Timelines:**

- If key motions are decided just days before trial, Defendant will have insufficient time to revise her case theory or trial strategy to accommodate critical rulings.

- The Plaintiff, likely preparing for multiple contingencies, benefits from the inability of a pro se Defendant to respond meaningfully to last-minute changes.

F. **Judicial Economy at the Defendant's Expense:**

- Courts are often reluctant to reopen deadlines or revise pre-trial orders once issued, further reducing Defendant's ability to address procedural or evidentiary gaps.

- This dynamic disproportionately benefits Plaintiff, whose filings and strategy remain largely intact, while Defendant must navigate these challenges without the benefit of legal counsel.

## VI. Request for Oversight on Rectifications of Omissions

To preserve the integrity of the judicial process, Defendant respectfully requests that the Court exercise oversight over any attempts by Plaintiffs or non-party entities to rectify the omissions and deficiencies identified in this motion. While Federal Rule of Civil Procedure 26(e) allows for supplementation of disclosures, the timing and nature of these omissions have already disadvantaged Defendant, particularly as a pro se litigant. Allowing unilateral corrections at this

stage, without Court oversight, would further prejudice Defendant and undermine the purpose of Rule 37, which seeks to ensure meaningful compliance with discovery rules.:

- **Court Approval of Rectifications**: Require Plaintiffs to seek Court approval for any corrections or supplements to their disclosures, with notice to Defendant and an opportunity to object.

- **Preservation of Prejudice Argument**: Prohibit Plaintiffs from using post-motion rectifications to argue against the merit of this motion or to negate the prejudice already caused by their omissions.

- **Restricted Scope of Rectifications**: Limit Plaintiffs' corrections to addressing identified omissions without introducing new claims, theories, or evidence not previously disclosed.

These measures are necessary to preserve the integrity of these proceedings and ensure fairness to Defendant.

## VI. Relief Requested

Defendant respectfully requests that this Court:

1. **Grant a Stay:** Expedite and grant a temporary stay of all pre-trial deadlines and proceedings until the Court resolves pending motions, discovery misconduct issues, and Plaintiffs' omissions. Additionally, the stay should account for Defendant's inability to secure required travel approvals for her niece and nephew, which further restricts her ability to fully participate in trial preparation and proceedings scheduled for February.

2. **AEO Designations:** Mandate Plaintiffs to disclose AEO documents and grant Defendant timely access to critical materials.

3. **Rule on Motions:** Rule on unresolved motions, including but not limited to:

11

    a. DE 171 (Summary Judgment)

    b. DE 188 (Exclude Expert Testimony)

    c. DE 205, 206 (Motions In Limine)

    d. DE 224, 230, 231, 242 (Supplementation of Record)

    e. DE 255, 259, 260 (Corrections and Errata).

4. **Grant Further Relief:** Provide additional relief necessary to preserve procedural fairness and protect Defendant's due process rights.

### VII. Certification of Emergency and Pro Se Filing Limitations

Defendant certifies that this motion presents an emergency requiring immediate Court intervention. The Joint Pre-Trial Stipulation is due on **January 6, 2025**, and unresolved motions and evidentiary uncertainties prevent Defendant from meeting this deadline. As a pro se litigant without access to the Court's e-filing system, Defendant must rely on manual filing methods, which inherently delay the Court's receipt and docketing of filings. These procedural limitations further disadvantage Defendant and underscore the need for an expedited ruling to prevent irreparable harm.

After reviewing the facts and applicable legal principles, Defendant certifies that this motion constitutes a true emergency (as opposed to a matter that may require only expedited treatment). An immediate ruling is necessary because the Court would be unable to provide meaningful relief to address this critical, non-routine issue after the expiration of seven (7) days.

As a pro se litigant, Defendant is unable to electronically file documents via the CM/ECF system, as prescribed by Section 10 of the CM/ECF Administrative Procedures. This limitation

necessitates manual filing, and Defendant respectfully requests that the Court consider this procedural limitation in evaluating any delays caused by the filing process.

Respectfully submitted,

By: *Ronda McNae*
Ronda Delapina McNae
Pro se Defendant
504 11th Pl, Kirkland, WA 98033
Tel: (206) 914-6752
Prose.rmcnae@gmail.com

### Conferral Certification Pursuant to Local Rule 7.1(a)(3) and 7.1(d)

Defendant certifies that she did not confer with opposing counsel regarding this Emergency Motion to Stay Proceedings due to the urgent nature of this matter and the imminent deadlines. Conferral could not be accomplished without risking undue delay, particularly given the January 6, 2025, deadline for the Joint Pre-Trial Stipulation and the February trial calendar.

As a pro se litigant without access to the Court's e-filing system, Defendant faces significant delays in the Court receiving and docketing filings. These procedural challenges exacerbate the harm caused by unresolved discovery issues and require immediate Court intervention.

Opposing counsel has had ample opportunity to address the discovery misconduct and procedural deficiencies identified in this motion but has failed to rectify these issues, necessitating this emergency filing. Accordingly, Defendant submits this motion as a true emergency pursuant to Local Rule 7.1(d).

**CERTIFICATE OF SERVICE**
13

I HEREBY CERTIFY that on January 2, 2025, a true and correct copy of the foregoing Emergency Motion to Stay was shipped via courier service to the Clerk of the Court at the Miami Courthouse, Southern District of Florida, 400 N. Miami Ave, Room 8N09, Miami, FL 33128. Additionally, in compliance with the Court's requirements for pro se litigants, a copy of the same document was shipped to Plaintiffs' counsel on the same date.

**SERVICE LIST**

Peter E. Berlowe, Esq.
Meredith Gussin, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com
mjg@assoulineberlowe.com
*Counsel for Plaintiff*

*By: Ronda McNae*
Ronda Delapina McNae
Pro se Defendant