IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22171-JEM

MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

              Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

              Defendants.



_____/

## DEFENDANT'S REPLY TO DE 269 AND OPPOSE PLANTIFFS REQUEST FOR SANTIONS IN DE 272

Defendant, Ronda McNae ("Defendant"), appearing pro se, respectfully seeks to rebut Plaintiffs' baseless request for sanctions (DE272), address unresolved discovery deficiencies, and request accommodations necessary to allow Defendant to balance her caregiving responsibilities with her participation in this litigation (DE269, Emergency Motion to Stay. Defendant's motion was filed in good faith to address significant logistical and procedural barriers preventing her from fully and fairly participating in this case.

Defendant's Emergency Motion qualifies as an emergency because it seeks to prevent imminent and irreparable harm, including her niece and nephew, who are under her care pursuant to Iowa state court orders. These orders strictly prohibit out-of-state travel without prior judicial approval and limit caregiving arrangements to approved parties. Absent immediate relief from this Court, Defendant would face direct violation of these binding orders, resulting in the children's removal from her custody and placement into Iowa's foster care system. Such an outcome would inflict severe emotional and psychological harm on the children, who have already endured significant trauma and instability before entering Defendant's care. The potential for irreparable harm to their health and safety underscores the time-sensitive and emergent nature of this request.

Additionally, Defendant's inability to meet her state-imposed caregiving obligations without accommodations would place her in legal jeopardy and obstruct her ability to effectively participate in this litigation. Given the imminent and irreversible consequences, the relief sought could not reasonably be obtained through the standard motion calendar and required expedited judicial intervention.

Plaintiffs' characterization of the motion as frivolous is unwarranted and disregards the legitimate and pressing concerns raised by Defendant. Defendant's Emergency Motion and her opposition to Plaintiffs' motion for sanctions (DE 272) represent a good-faith effort to address

these challenges and ensure fairness in the litigation process. Plaintiffs' motion for sanctions under Rule 11 lacks merit, as the record does not support a finding of bad faith or improper purpose. This reply seeks to clarify the basis of the Emergency Motion, rebut Plaintiffs' request for sanctions, and highlight discovery deficiencies and procedural misconduct that necessitate judicial intervention to safeguard fairness and transparency in these proceedings.

## ARGUMENT

Defendant's Emergency Motion to Stay was filed to ensure compliance with Iowa court orders governing the care of Defendant's niece and nephew. These orders impose strict limitations on out-of-state travel and caretaking arrangements without prior judicial approval. As these obligations are mandated by state law, they are non-negotiable and directly impact Defendant's ability to fully participate in these proceedings.

The requested stay would have provided the necessary time to resolve outstanding discovery deficiencies. Courts have long recognized the unique challenges faced by pro se litigants, particularly when balancing complex legal, procedural, and personal obligations. Defendant's request was made in good faith to ensure the proceedings adhered to principles of fairness and procedural justice, not as a tactic to delay resolution of the case.

Sanctions under Rule 11 require a showing of bad faith, improper purpose, or filings made to harass or needlessly increase the cost of litigation. None of these elements are present here. Defendant's filings reflect legitimate efforts to address procedural barriers and unresolved discovery deficiencies, and to seek the Court's guidance in navigating this complex litigation.

## DISCOVERY DEFICIENCIES AND PROCEDURAL MISCONDUCT

1. **Omissions in Disclosures**: Plaintiffs failed to disclose critical information in their Rule 26 disclosures, including the omission of **SoftwareONE UK ("SWOUK")**. While the disclosures mention **SoftwareONE Inc.** (North America), **SoftwareONE AG** (global headquarters in Switzerland), and specific individuals affiliated with these entities, there is no direct mention of **SWOUK** as a distinct business entity. For instance, the disclosures reference individuals such as Alexandra Considine-Tong, who is noted to be located in London but works for the global entity, SoftwareONE AG, and other individuals located in Singapore, Switzerland, and Milwaukee. However, Fitzgerald does not explicitly include **SWOUK** as an entity, nor does he acknowledge it as a separate business unit. This omission is significant because if **SWOUK** played a direct role in events or communications relevant to this case, it creates a material gap in the evidentiary record. The absence of **SWOUK** from the disclosures has prejudiced Defendant's ability to subpoena critical employment records and other relevant evidence to support her affirmative defenses. Under Rule 26, parties are required to disclose all entities or individuals likely to have discoverable information. Plaintiffs' failure to identify **SWOUK** as a distinct entity raises concerns about the completeness and accuracy of their disclosures.

2. **Missing Images and Attachments**: Opposing counsel dismisses Defendant's concerns about missing images and attachments in text message productions as baseless, but these materials are essential for providing context to key communications and ensuring the integrity of the evidentiary record. Contrary to opposing counsel's claims, prior defense counsel, Ms. Alaina Fotiu-Wojtowicz, was **entirely unaware** of the existence of these images during the discovery process, and no waiver or agreement to exclude these attachments occurred during her tenure. Although Plaintiff Yelany De Varona has been dismissed from this case, her prior role as a co-plaintiff does not absolve her of discovery obligations arising from her participation. The omission of key attachments to text messages directly impacts Defendant's ability to challenge

the credibility and completeness of the evidentiary record produced by the remaining parties. Defendant promptly raised this issue upon recognizing its significance, acting in good faith to address these deficiencies despite the challenges of navigating complex litigation pro se. Missing materials are critical to clarifying ambiguous text messages or providing essential context for communications between the parties, directly impacting Defendant's ability to present evidence related to key claims and defenses. Under Rules 26(e) and 37(b) of the Federal Rules of Civil Procedure, parties have a continuing duty to supplement incomplete or inaccurate disclosures[1], and courts have the authority to impose sanctions or reopen discovery to address discovery deficiencies.

3. **Defendant's Inability to Confer Informally Due to Prior Conduct by Opposing Counsel:** Defendant disputes Plaintiff's assertion that she failed to confer in good faith under S.D. Fla. L.R. 7.1. Defendant's hesitancy to engage in informal conferrals stems from her prior experiences during discovery, where opposing counsel's conduct violated professional and ethical standards, as detailed below. These experiences demonstrated a pattern of intimidation and harassment, creating a legitimate concern about engaging in unrecorded or informal communications without oversight.

Specifically, during Defendant's deposition, opposing counsel, Ms. Gussin, engaged in highly invasive and irrelevant questioning about Defendant's personal history, including matters

---

[1] Defendant incorporates by reference **Exhibit A**, which was originally filed by opposing counsel in an earlier filing by Peter Berlowe. This exhibit outlines specific violations of Rule 26 by Plaintiffs, including incomplete and misleading disclosures. These issues remain unresolved and continue to prejudice Defendant's ability to prepare a fair defense. Additionally, Defendant includes **Exhibit B**, highlighting prior disclosures that omit critical entities and individuals with discoverable information, as well as **Exhibit C**, which evidences missing images and attachments from Plaintiffs' text message productions. Defendant further submits **Exhibit D**, which contains Yelany De Varona's subpoena, illustrating her obligation to produce materials relevant to this litigation despite her dismissal as a party. These exhibits collectively demonstrate the Plaintiffs' ongoing failure to comply with discovery obligations, warranting judicial intervention to ensure a fair and transparent resolution of this matter.

entirely unrelated to the claims or defenses in this case, such as Defendant's sexual history. This line of questioning lacked any legitimate purpose and appeared calculated to intimidate and emotionally destabilize Defendant rather than to elicit testimony relevant to the litigation. Defendant includes excerpts of the deposition transcript for the Court's review to demonstrate the inappropriate nature of the questioning. Given this history, Defendant believes that informal telephone conferrals, which lack formal oversight or a clear record, would subject her to further intimidation and harassment. Defendant has acted in good faith by communicating with opposing counsel in alternative formats, such as written correspondence, to ensure transparency and professionalism. Defendant respectfully requests that the Court consider these circumstances when evaluating Plaintiff's assertions regarding conferrals

**Page 22**
Q. Okay. Did you become emancipated from your biological mother?
A. I, when I was 15 years old, filed a petition against King County Superior Court to get legal out-of-house placement.
Q. And why did you do that?
A. Every abuse under the sun.
Q. Who perpetrated the abuse under the sun?
A. Both primary caregivers.
Q. Is that your biological mother and your stepfather?
A. Yes.
Q. So, can you tell me about the abuse perpetrated against you by your biological mother, please?
A. A lot of physical abuse.
Q. Was there sexual abuse by your biological mother?
A. It wasn't sexual abuse.
Q. Was there -- what about the abuse perpetrated against you by your stepfather?
A. Physical and sexual.
Q. And at what age did that start?

**Page 23**
Q. Okay. So, if the sexual abuse started against you around age six, at what age did the sexual abuse perpetrated against you from you stepfather end?

**Page 33**
Q. Okay. Prior to the time that you moved into the dorms at Northwest College, had you been a victim of sexual assault by anyone other than your stepfather?
A. I wasn't know oninstec, but the first time anything happened to me I was eight years old. It was my mother's good friend, her father, who was 66, forced himself on to me.
Q. Can you please tell me whom?
Q. Where were you?
Q. Were you alone with this 66 year old man?
Q. And what did he do to you?

**Page 34**
Q. What did he do to you please?
Q. Did you run away from him?
Q. Did they believe you?

**Page 35**
Q. After that incident when you were eight years old with the 66-year-old man, were you ever sexually assaulted again prior to leaving for Northwest College?

**Page 27**
Q. Did he perpetrate any abuse against you when you moved back home with your mother?
Q. Was it sexual abuse your junior year and senior year of high school?
A. It was more voyeurism.
Q. Can you please explain what means?
A. Watching me take showers when I didn't know.

**Page 28**
Q. Was you sister also sexually abused by your stepfather?
A. There was definitely some grooming things. He touched her one time, and that was it.
Q. And when you say, "grooming things" can you please explain what you mean by that?
A. Sexual predators typically have a period where they figure out how to desensitize a victim.
Q. And how do they desensitize a victim?
A. Touching, having things that are inappropriate around the house, making things seem like it's okay and normal.
Q. So, do you believe your stepfather went through that grooming process with you and your sister?

**Page 29**
Q. Did your stepfather, as far as you know, ever physically or sexually abuse your two younger sisters?
Q. And are you aware whether your stepfather engaged in the same grooming practices with your two younger sisters?

**Page 39**
Q. You were in the park with this gentleman. I'm sorry. You were in a car with him?
Q. And what happened?
Q. How did he force you into the backseat of the car?

**Page 41**
Q. So, when you were in the car when Josh Bean was masturbating, did you try to exit the vehicle?

**Page 51**
Q. Okay. Between Josh Bean and Patrick Hillis, did you have any -- anyone that you dated at Northwest College?
A. I didn't date Josh Bean
Q. Did you have any other incidents of sexual assault before you started dating Patrick Hillis and after the incident with Josh Bean?

**Page 73**

BY MS. GUSSIN:
Q. Okay. Do you ever use your reading glasses?
A. Very rarely.
Q. How many sexual partners have you had in your life?

MS. FOTIU-WOJTOWICZ: I'm sorry, can you say that again?

BY MS. GUSSIN:
Q. How many sexual partners have you had in your life?

MS. FOTIU-WOJTOWICZ: We're really going to go down this road, Meredith?

THE WITNESS: You should have asked Mike that.

MR. BERLOWE: You can object to form.

MS. FOTIU-WOJTOWICZ: Objection to the form, but, you know, this is -- we're -- I'm going to let her answer the question, but we're going to keep an eye on this.

MS. GUSSIN: For what?

MS. FOTIU-WOJTOWICZ: For unnecessarily harassing my client and attempting to slut shame her.

MS. GUSSIN: I'm not doing that. I'm just getting her history.

**Page 74**

MS. FOTIU-WOJTOWICZ: Have you ever in your life in a deposition asked somebody how many sexual partners they've had? I'm not sure how it's relevant to this case. I'll allow her to answer the question, but it's not appropriate.

BY MS. GUSSIN:
Q. Ms. McNae?
A. I would be speculating. Over ten.
Q. And how many of those sexual partners would you deem were consensual?
A. I would say all of them. I either classify it as a consensual relationship where we had sex or it was an assault.
Q. Okay. So, how many non-consensual sexual incidents have you been involved in?

MS. FOTIU-WOJTOWICZ: Object to the form.

A. Are you referring to how many times I have been sexually assaulted or raped?

BY MS. GUSSIN:
Q. Yes.
A. There's been more than five since dating back to when I was eight years old.
Q. I think we're talking about your stepfather; the 66-year-old man; Josh Bean, is he included in that?

**4. Opposing Counsel's Deflection and Failure to Address Procedural Deficiencies:** Opposing counsel's response to Defendant's concerns appears to rely on personal attacks rather than addressing the substantive issues raised in Defendant's motion. Instead of engaging the merits of Defendant's arguments or resolving critical procedural deficiencies, counsel's filings aim to deflect attention from her own conduct while maligning Defendant's character. For instance, opposing counsel has failed to address the omission of SoftwareONE UK from Plaintiffs' disclosures—a matter central to Defendant's claims and defenses. This omission undermines the completeness and transparency required in discovery and remains unresolved, despite its clear relevance for the Court's awareness of the issue. Rather than rectifying this omission, opposing counsel continues to rely on emotionally charged language and unfounded allegations, thereby evading accountability for procedural shortcomings. This approach not only undermines the integrity of the judicial process but also distracts from legitimate concerns regarding discovery deficiencies, procedural missteps, and the invasive deposition tactics described above. Additionally, opposing counsel's accusations characterizing Defendant's actions as "gaslighting" or "chaos-building" appear intended to delegitimize Defendant's self-advocacy and divert attention away from the substantive issues in this case. In contrast, Defendant has consistently focused on presenting evidence-based arguments and adhering to principles of procedural fairness. When errors in filings have occurred, Defendant has

acknowledged and taken responsibility for them. This approach stands in stark contrast to opposing counsel, who often doubles down on omissions or procedural missteps instead of addressing them. This disparity underscores the critical importance of fairness and transparency in these proceedings.

## IMPACT ON DEFENDANT'S PERSONAL AND FAMILY MATTERS

Defendant is the primary caretaker for two young children who endured significant instability and trauma before entering her care. Since June, Defendant has worked to provide them with the stability and support they urgently need. Under Iowa state law, Defendant cannot travel with the children for more than 72 hours without judicial approval or leave them with unapproved caregivers for longer than 48 consecutive hours. These obligations are crucial to the children's well-being and to finalizing their adoption, Defendant's top priority. Defendant's husband, as a required witness by Plaintiff and Defendant, must travel to Miami for trial, leaving no approved caregiver for the children. These circumstances prevent Defendant from meeting her legal and caregiving obligations while fully participating in trial without reasonable accommodation. Defendant respectfully requests the Court's understanding and support in balancing these dual responsibilities.

On January 9, 2025, the Iowa appeals court affirmed the termination of parental rights for Defendant's niece and nephew, marking a major milestone in the adoption process. However, until the adoption is finalized, Iowa laws and court orders continue to restrict Defendant's travel and caregiving arrangements. These restrictions underscore the necessity of the accommodations requested to balance Defendant's legal and family responsibilities.

## CONCLUSION

Defendant acknowledges the Court's denial of her Emergency Motion to Stay but emphasizes that the logistical challenges imposed by Iowa law and the unresolved discovery deficiencies outlined

in the motion remain critical to achieving a fair and equitable resolution of this case. Defendant respectfully urges the Court to address these outstanding issues, including Plaintiffs' discovery deficiencies, to preserve the integrity of these proceedings. Additionally, Defendant requests the Court's consideration of her unique circumstances as the primary caretaker of two young children currently undergoing adoption proceedings. While the trial has been rescheduled, reasonable accommodation is necessary to enable Defendant to balance her caregiving responsibilities with her ability to fully and effectively participate in this litigation.

Defendant also requests that all future conferrals or communications between counsel include the presence of the Court or a Magistrate Judge to ensure professionalism, focus on substantive legal matters, and adherence to ethical standards. Defendant remains committed to participating in these proceedings in good faith and ensuring an equitable resolution of this matter on its merits.

**RELIEF REQUESTED**

Defendant respectfully requests this Court grant the following relief:

1. **Deny Plaintiffs' Motion for Sanctions (DE 272):**

   Defendant requests that the Court find that Plaintiffs have failed to meet the Rule 11 standard for sanctions and deny their motion in its entirety.

2. **Order Full Compliance with Discovery Obligations:**

   Defendant seeks an order compelling Plaintiffs to supplement their discovery responses, including the production of missing images, attachments, and other materials necessary to ensure a complete and accurate evidentiary record.

3. **Establish Professional Standards for Counsel Interactions:**

Defendant respectfully asks the Court to set clear standards for future interactions between counsel, requiring professionalism, respect, and adherence to ethical standards to avoid further harassment or intimidation.

4. **Provide Judicial Oversight for Future Communications:**

Defendant requests that all future conferrals or communications between counsel occur in the presence of the Court or a Magistrate Judge to ensure transparency, professionalism, and a focus on substantive legal matters.

5. **Grant Accommodations for Defendant's Dual Responsibilities:**

Defendant respectfully asks the Court to consider her responsibilities as the primary caretaker of two young children under Iowa state law and the ongoing adoption process. Defendant requests that the Court provide reasonable accommodations to allow her to balance these responsibilities with her participation in this litigation.

6. **Consider Defendant's Forthcoming Motion to Dismiss Pursuant to Rule 37(b), or Alternatively, Reopen Discovery:**

Defendant respectfully notifies the Court of her intent to file a Motion to Dismiss Pursuant to Rule 37(b), or Alternatively, Reopen Discovery, which will address significant procedural and evidentiary deficiencies.

- Due to Defendant's pro se status and lack of access to the Court's e-filing system, the motion will be submitted via FedEx and is expected to arrive within 48 hours. Defendant requests that the Court consider the issues raised in this forthcoming motion as part of its comprehensive evaluation of this case.

- The forthcoming motion seeks remedies for Plaintiffs' failure to comply with discovery obligations under Rules 26(e) and 37(b) of the Federal Rules of Civil

Procedure. It complements the issues raised in DE 272 by addressing broader procedural violations and deficiencies that have prejudiced Defendant's ability to present her case.

- While it does not delay resolution of DE 272, this motion provides essential context for evaluating the fairness and integrity of the discovery process.

Although Defendant intended to file this motion earlier, additional procedural violations were uncovered during a meticulous review of Plaintiffs' production, disclosures, and representations throughout this litigation. These findings, derived from cross-referencing records, disclosures, and counsel's statements, required extensive research and revisions to ensure the motion comprehensively addresses all relevant issues. Defendant remains committed to participating in these proceedings in good faith and respectfully seeks the Court's assistance in ensuring that this case proceeds with fairness, transparency, and adherence to procedural integrity.

Respectfully submitted,

By: *Ronda McNae*
Ronda Delapina McNae
Pro se Defendant
504 11th Pl, Kirkland, WA 98033
Tel: (206) 914-6752
Prose.rmcnae@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2025, a true and correct copy of the foregoing Defendant's Reply to Clarify DE 269 and Oppose DE 272 was shipped via FedEx priority mail to the Clerk of the Court at the Miami Courthouse, Southern District of Florida, 400 N. Miami Ave, Room 8N09, Miami, FL 33128. Additionally, in compliance with the Court's requirements for pro se litigants, a copy of the same document was shipped to Plaintiffs' counsel on the same date.

**SERVICE LIST**

Peter E. Berlowe, Esq.
Meredith Gussin, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com
mjg@assoulineberlowe.com
*Counsel for Plaintiff*

*By: Ronda McNae*
Ronda Delapina McNae
Pro se Defendant

# Exhibit A

# EXHIBIT D-3

## USCS Fed Rules Civ Proc R 26, Part 1 of 5

Current through changes received April 20, 2023.

*USCS Federal Rules Annotated  >  Federal Rules of Civil Procedure  >  Title V. Disclosures and Discovery*

# Rule 26. Duty to Disclose; General Provisions Governing Discovery

**(a) Required Disclosures.**

**(1)** *Initial Disclosure.*

**(A)** In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii)** a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**(iii)** a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**(B)** Proceedings Exempt from Initial Disclosure. The following proceedings are exempt from initial disclosure:

**(i)** an action for review on an administrative record;

**(ii)** a forfeiture action in rem arising from a federal statute;

**(iii)** a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

**(iv)** an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

**(v)** an action to enforce or quash an administrative summons or subpoena;

**(vi)** an action by the United States to recover benefit payments;

**(vii)** an action by the United States to collect on a student loan guaranteed by the United States;

**(viii)** a proceeding ancillary to a proceeding in another court; and

**(ix)** an action to enforce an arbitration award.

**(C)** Time for Initial Disclosures—In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

**(D)** Time for Initial Disclosures—For Parties Served or Joined Later. A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

**(E)** Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)** *Disclosure of Expert Testimony.*

**(A)** In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under *Federal Rule of Evidence 702*, 703, or 705.

**(B)** Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

    **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

    **(ii)** the facts or data considered by the witness in forming them;

    **(iii)** any exhibits that will be used to summarize or support them;

    **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

    **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

**(C)** Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

    **(i)** the subject matter on which the witness is expected to present evidence under *Federal Rule of Evidence 702*, 703, or 705; and

    **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**(D)** Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

    **(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

    **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

**(E)** Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

**(3)** *Pretrial Disclosures.*

**(A)** In General. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

**(i)** the name and, if not already provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii)** an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

**(B)** Time for Pretrial Disclosures; Objections. Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—except for one under *Federal Rule of Evidence 402* or *403*—is waived unless excused by the court for good cause.

**(4)** *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

**(b) Discovery Scope and Limits.**

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

**(A)** When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

**(B)** Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

USCS Fed Rules Civ Proc R 26, Part 1 of 5

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**(3)** *Trial Preparation: Materials.*

**(A)** Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

**(C)** Previous Statement. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

(i) a written statement that the person has signed or otherwise adopted or approved; or

(ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.

**(4)** *Trial Preparation: Experts.*

**(A)** Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

**(B)** Trial-Preparation Protection for Draft Reports or Disclosures. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

**(C)** Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**(D)** Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Peter Berlowe

**(E)** Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:

**(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

**(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

**(5)** *Claiming Privilege or Protecting Trial-Preparation Materials.*

**(A)** Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**(B)** Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**(c) Protective Orders.**

**(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

USCS Fed Rules Civ Proc R 26, Part 1 of 5

**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

**(d) Timing and Sequence of Discovery.**

**(1)** *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

**(2)** *Early Rule 34 Requests.*

**(A)** Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

**(i)** to that party by any other party, and

**(ii)** by that party to any plaintiff or to any other party that has been served.

**(B)** When Considered Served. The request is considered to have been served at the first Rule 26(f) conference.

**(3)** *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

**(A)** methods of discovery may be used in any sequence; and

**(B)** discovery by one party does not require any other party to delay its discovery.

**(e) Supplementing Disclosures and Responses.**

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

**(2)** *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

**(f) Conference of the Parties; Planning for Discovery.**

**(1)** *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b).

**(2)** *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

**(3)** *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

**(A)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**(B)** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**(C)** any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**(D)** any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order under *Federal Rule of Evidence 502*;

**(E)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(F)** any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**(4)** *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

**(A)** require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

**(B)** require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**

**(1)** *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

**(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)** with respect to a discovery request, response, or objection, it is:

**(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

**(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

**(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2)** *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3)** *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

# History

Amended Dec. 27, 1946, eff. March 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; March 30, 1970, eff. July 1, 1970; Apr. 29, 1980, eff. Aug. 1, 1980; Apr. 28, 1983, eff. Aug. 1, 1983; March 2, 1987, eff. Aug.

USCS Fed Rules Civ Proc R 26, Part 1 of 5

1, 1987; Dec. 1, 1993; Dec. 1, 2000; Dec. 1, 2006; Dec. 1, 2007; As amended April 28, 2010, eff. Dec. 1, 2010; April 29, 2015, eff. Dec. 1, 2015.

USCS Federal Rules Annotated
Copyright © 2023 All rights reserved.

**End of Document**

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. <u>1:22-cv-22171-JEM</u>

MICHAEL J. FITZGERALD,
individually,

                                    Plaintiff,

v.

RONDA MCNAE, individually,

                                    Defendant.
_____/

### <u>INITIAL DISCLOSURES OF PLAINTIFF MICHAEL J. FITZGERALD</u>

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff

Michael J. Fitzgerald ("Fitzgerald" or the "Plaintiff"), by and through their undersigned counsel,

submit the following Initial Disclosures:

1.      Pursuant to FRCP 26(a)(1)(A)(i), the following individuals may have discoverable

information that Plaintiffs may use to support their claims and defenses:

    a)  **Michael J. Fitzgerald**: Has discoverable information concerning all allegations in the Plaintiff's Complaint ("Complaint"). (c/o Assouline & Berlowe, P.A., Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, FL 33131) (305-567-5576);

    b)  **Yelany De Varona**: May have discoverable information concerning all allegations in the Complaint. (c/o Assouline & Berlowe, P.A., Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, FL 33131) (305-567-5576);

    c)  **Ronda McNae:** Defendant who has discoverable information concerning the allegations in the Complaint;

    d)  **William McNae**: Defendant's husband who has discoverable information concerning the allegations in the Complaint;

    e)  **Unknown Representative(s) of SoftwareOne AG:** May have discoverable

information concerning the allegations in the Complaint and Defendant's or her husband's contacts with SoftwareOne related to the allegations of the complaint;

f) **Unknown Representative(s) of SoftwareOne Inc. (a/k/a SoftwareOne NORAM):** May have discoverable information concerning the allegations in the Complaint and Defendant's or her husband's contacts with SoftwareOne Inc. related to the allegations of the complaint;

g) **Unknown Representative(s) of Microsoft Corp.:** May have discoverable information concerning the allegations contained in the Complaint and Defendant's or her husband's contacts with Microsoft Corp related to the allegations of the complaint;

h) **John Mays of SoftwareOne AG:** SoftwareOne head of Human Resources that was involved with dealing with multiple communications from Defendant relating to issues raised in the Complaint. (located in Singapore City, Singapore);

i) **Deiter Schlosser of SoftwareOne AG:** SoftwareOne CEO that may have been involved with multiple communications from Defendant relating to issues raised in the Complaint. (located in Singapore City, Singapore).

j) **Jennifer P. Gaines, SoftwareOne Inc.:** General Counsel NORAM for SoftwareOne that may have been involved with multiple communications from Defendant relating to issues raised in the Complaint. (Milwaukee, Wisconsin)

k) **Frank Rossini, SoftwareOne AG:** General Counsel and Board Secretary for SoftwareOne AG that may have been involved with multiple communications from Defendant relating to issues raised in the Complaint. (Switzerland)

l) **Alexandra Considine-Tong, SoftwareOne AG:** Subordinate at SoftwareOne to Plaintiff Fitzgerald that may have knowledge of damage to Plaintiff as a result of Defendant having contacted SoftwareOne. (London, England).

m) **Ashley Gaare, SoftwareOne Inc.:** President of SoftwareOne, North America who had several communications with Defendant and her husband regarding issues raised in the Complaint. (Milwaukee, Wisconsin)

n) **Patty Ravencroft, SoftwareOne Inc.:** SoftwareOne North America head of Human Resources that was involved with dealing with multiple communications from Defendant relating to issues raised in the Complaint. (Milwaukee, Wisconsin)

o) **Jared Cheney, SoftwareOne Inc.:** Software One Vice President of Services who Defendants Husband spoke to about issues raised in the Complaint. (Milwaukee, Wisconsin)

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

p) **Wismar Medina**: Account Manager at Microsoft Corp. responsible for the SoftwareOne Account. May have had communications with Defendant's husband regarding issues raised in the Complaint. (Issaquah, Washington)

q) **Josh Kodie or Josh Kodi:** Defendant's husband's boss at Microsoft who had discussions with Defendant Defendant's husband regarding issues raised in the Complaint. (Washington State)

r) **Thomas Wiper**: May have discoverable information concerning the allegations in the Complaint and defenses Defendant may raise. Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie." Had multiple Instagram messages from Defendant professing her love for Plaintiff; (County Durham, England).

s) **Matthew Wiper**: May have discoverable information concerning the allegations in the Complaint and defenses Defendant may raise. Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

t) **Anthony McMaster:** May have discoverable information concerning the allegations in the Complaint and defenses Defendant may raise. Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

u) **Richard Bestford:** May have discoverable information concerning the allegations in the Complaint and defenses Defendant may raise. Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

v) **Jessica Bergman-Sevillano:** Will have discoverable information concerning allegations in the Complaint and defenses Defendant may raise. Was with the parties in Miami. (Miami, Florida)

w) **Anthony "Tony" Sevillano:** Will have discoverable information concerning allegations in the Complaint and defenses Defendant may raise. Was with the parties in Miami. (Miami, Florida)

x) **Timothy Naeylan:** Will have discoverable information concerning allegations in the Complaint and defenses Defendant may raise. Was with the parties in Miami. (Philadelphia, Pennsylvania)

y) **Dana Lebel**: Will have discoverable information concerning allegations in the Complaint and defenses Defendant may raise. Was with the parties in Miami.

z) **Defendant's Foster Sister #1 (name unknown):** Will have discoverable information concerning allegations in the Complaint and defenses Defendant may

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

raise. Was with the parties in Miami, and can be identified by Defendant in a photo being produced in Plaintiff's initial disclosures. (Miami, Florida)

aa) **Defendant's Foster Sister #2 (name unknown):** Will have discoverable information concerning allegations in the Complaint and defenses Defendant may raise. Was with the parties in Miami, and can be identified by Defendant in a photo being produced in Plaintiff's initial disclosures. (Miami, Florida)

bb) **Friend #1 of Defendant's Foster Sister #2 (name unknown):** Will have discoverable information concerning allegations in the Complaint and defenses Defendant may raise. Was with the parties in Miami, and can be identified by Defendant in a photo being produced in Plaintiff's initial disclosures. (Miami, Florida)

cc) **Friend #2 of Defendant's Foster Sister #2 (name unknown):** Will have discoverable information concerning allegations in the Complaint and defenses Defendant may raise. Was with the parties in Miami, and can be identified by Defendant in a photo being produced in Plaintiff's initial disclosures. (Miami, Florida)

dd) **David Carpenter:** May have discoverable information concerning the allegations in the Complaint;  (Washington State)

ee) **Daughter of David Carpenter (name unknown)**; May have discoverable information concerning the allegations in the Complaint;  (previously San Francisco area, location unknown)

ff) **Defendant's Baby Sitter/Friend (name unknown)**: Watched Defendant's daughter at hotel room in Miami. May have discoverable information concerning the allegations in the Complaint;  (Miami, Florida)

gg) **George Coupet**: May have knowledge of Defendant's Facetime contact with Yelany De Varona. (Fort Lauderdale, Florida)

hh) **Jana Carrero:** Friend of Yelany De Varona that Defendant was contacting through social media to get in touch with Yelany De Varona. May have discoverable information concerning the allegations in the Complaint;  (Miami, Florida)=

ii) **Baoli Miami, restaurant:** May possess CCTV footage of evening in Miami.

jj) **W-Hotel, Downtown San Francisco:** May possess CCTV footage of weekend in San Francisco.

kk) **W-Hotel, Miami Beach:** May possess CCTV footage of evening in Miami.

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

ll) **Unknown Sushi restaurant in San Francisco:** May possess CCTV footage of weekend in San Francisco.

mm)     **San Francisco International Airport:** May possess CCTV footage of weekend in San Francisco.

nn) **AC Hotel, Belvue Washington:** May possess CCTV footage of meeting between Plaintiff and Defendant in Bellevue, Washington.

oo) **Any and all individuals disclosed by Defendant.**

2.      Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiff provides a description by category and location—of all documents, electronically stored information, and tangible things that Plaintiffs have in their possession, custody, or control and may use to support its claims and defenses below:

a.   Correspondence and communications between and Among Plaintiff and Defendant and her husband regarding the allegations in Complaint.  Copies located with Plaintiff in England and located at Plaintiffs' attorney's office at Assouline & Berlowe, P.A., 100 S.E. 2nd St., Suite 3105, Miami, FL 33131;

b.   Correspondence and communications between Defendant and Yelany De Varona.  Copies located in England and at Plaintiffs' attorney's office at Assouline & Berlowe, P.A., 100 S.E. 2nd St., Suite 3105, Miami, FL 33131;

c.   Correspondence and communications between Defendant and Thomas Wiper. Copies located in England and at Plaintiffs' attorney's office at Assouline & Berlowe, P.A., 100 S.E. 2nd St., Suite 3105, Miami, FL 33131;

d.   Defendant's online postings on medium.com. Copies located in England and at Plaintiffs' attorney's office at Assouline & Berlowe, P.A., 100 S.E. 2nd St., Suite 3105, Miami, FL 33131;

e.   Defendant's online postings on Instagram. Copies located in England and at Plaintiffs' attorney's office at Assouline & Berlowe, P.A., 100 S.E. 2nd St., Suite 3105, Miami, FL 33131;

f.   Photos and video of from Miami. Copies located in England and at Plaintiffs' attorney's office at Assouline & Berlowe, P.A., 100 S.E. 2nd St., Suite 3105, Miami, FL 33131;

g.   Photos and video from San Francisco. Copies located in England and at Plaintiffs' attorney's office at Assouline & Berlowe, P.A., 100 S.E. 2nd St., Suite 3105, Miami, FL 33131;

3.      Pursuant to FRCP 26(a)(1)(A)(iii), Plaintiff states that it seeks damages in an amount in excess of $450,0000, plus interest, as well as any other relief that the Court deems fair and just.

4.      Pursuant to FRCP 26(a)(1)(A)(iv), Plaintiff states that he does not have insurance agreements applicable to this action under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

5.      Plaintiff reserves his right to supplement or modify his Initial Disclosures based on his continuing investigation of the facts at issue in this action as the case progresses.

6.      These Initial Disclosures are made without waiver or prejudice to any and all objections Plaintiff may have.

Dated: September 9, 2022                                   Respectfully submitted,

                                                          **ASSOULINE & BERLOWE, P.A.**
                                                          Miami Tower
                                                          100 SE 2nd Street, Suite 3105
                                                          Miami, Florida 33131
                                                          Telephone: 305-567-5576
                                                          Facsimile: 305-567-9343

                                                   By: */s/ Peter E. Berlowe*
                                                          **Peter E. Berlowe**
                                                          **Florida Bar No. 143650**
                                                          **peb@assoulineberlowe.com**
                                                          ***Attorneys for Plaintiff Michael J. Fitzgerald***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy and correct copy of the foregoing has been furnished

via email (but not filed with the Court) on September 9, 2022 to:

Alaina Fotiu-Wojtowicz, Esq.
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com
*Counsel for Defendant Ronda McNae*

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. <u>1:22-cv-22171-JEM</u>

**MICHAEL J. FITZGERALD,**
**individually,**

**Plaintiff,**

**v.**

**RONDA MCNAE, individually,**

**Defendant.**

_____/

## <u>SUPPLEMENTAL INITIAL DISCLOSURES OF PLAINTIFF MICHAEL J.</u>
## <u>FITZGERALD</u>

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff

Michael J. Fitzgerald ("Fitzgerald" or the "Plaintiff"), by and through their undersigned counsel,

submit the following Supplemental Initial Disclosures:

1.      Pursuant to FRCP 26(a)(1)(A)(i), the following individuals may have discoverable

information that Plaintiffs may use to support their claims and defenses:

a) **Michael J. Fitzgerald**: Has discoverable information concerning all allegations
in the Amended Complaint.
(c/o Assouline & Berlowe, P.A., Miami Tower, 100 S.E. 2nd St., Suite 3105,
Miami, FL 33131) (305-567-5576);

b) **Yelany De Varona**: Has discoverable information concerning all allegations in
the Amended Complaint. (c/o Assouline & Berlowe, P.A., Miami Tower, 100
S.E. 2nd St., Suite 3105, Miami, FL 33131) (305-567-5576);

c) **Ronda McNae:** Defendant who has discoverable information concerning the
allegations in the Amended Complaint;

d) **William McNae**: Defendant who has discoverable information concerning the
allegations in the Amended Complaint;

e) **Unknown Representative(s) of SoftwareOne AG:** May have discoverable information concerning the allegations in the Amended Complaint and Defendants' contacts with SoftwareOne related to the allegations of the Amended Complaint;

f) **Unknown Representative(s) of SoftwareOne Inc. (a/k/a SoftwareOne NORAM):** May have discoverable information concerning the allegations in the Complaint and Defendants' contacts with SoftwareOne Inc. related to the allegations of the Amended Complaint;

g) **Unknown Representative(s) of Microsoft Corp.:** May have discoverable information concerning the allegations contained in the Complaint and Defendants' contacts with Microsoft Corp related to the allegations of the Amended Complaint;

h) **John Mays of SoftwareOne AG:** SoftwareOne head of Human Resources that was involved with dealing with multiple communications from Defendants relating to issues raised in the Amended Complaint. (located in Singapore City, Singapore);

i) **Deiter Schlosser of SoftwareOne AG:** SoftwareOne CEO that may have been involved with multiple communications from Defendants relating to issues raised in the Amended Complaint. (located in Singapore City, Singapore).

j) **Jennifer P. Gaines, SoftwareOne Inc.:** General Counsel NORAM for SoftwareOne that may have been involved with multiple communications from Defendants relating to issues raised in the Amended Complaint. (Milwaukee, Wisconsin)

k) **Frank Rossini, SoftwareOne AG:** General Counsel and Board Secretary for SoftwareOne AG that may have been involved with multiple communications from Defendants relating to issues raised in the Amended Complaint. (Switzerland)

l) **Alexandra Considine-Tong, SoftwareOne AG:** Subordinate at SoftwareOne to Plaintiff Fitzgerald that may have knowledge of damage to Plaintiff as a result of Defendants having contacted SoftwareOne. (London, England).

m) **Ashley Gaare, SoftwareOne Inc.:** President of SoftwareOne, North America who had several communications with Defendants regarding issues raised in the Amended Complaint. (Milwaukee, Wisconsin)

n) **Patty Ravencroft, SoftwareOne Inc.:** SoftwareOne North America head of Human Resources that was involved with dealing with multiple communications from Defendants relating to issues raised in the Amended Complaint. (Milwaukee, Wisconsin)

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

o) **Jared Cheney, SoftwareOne Inc.:**  Software One Vice President of Services who Defendant William McNae spoke to about issues raised in the Amended Complaint. (Milwaukee, Wisconsin)

p) **Wismar Medina:**  Account Manager at Microsoft Corp. responsible for the SoftwareOne Account.  May have had communications with Defendant William McNae regarding issues raised in the Amended Complaint.   (Issaquah, Washington)

q) **Josh Kodie or Josh Kodi:**  William McNae's boss at Microsoft who had discussions with Defendant regarding issues raised in the Complaint. (Washington State)

r) **Thomas Wiper**: May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise.  Had multiple facetime communications from Ronda McNae after Miami, where she referred to Plaintiff as her "Bestie."  Had multiple Instagram messages from Defendant professing her love for Plaintiff; has knowledge as to damages caused to Fitzgerald; (County Durham, England).

s) **Matthew Wiper**: May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise.  Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

t) **Anthony McMaster:**  May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise.  Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

u) **Richard Bestford:**  May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise.  Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

v) **Jessica Bergman-Sevillano:**  Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise.  Was with the parties in Miami. (Miami, Florida)

w) **Anthony "Tony" Sevillano:**  Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise.  Was with the parties in Miami. (Miami, Florida)

x) **Timothy Naeylan:**  Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise.  Was with the

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

parties in Miami. (Philadelphia, Pennsylvania)

y) **Dana Lebel**: Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. Was with the parties in Miami.

z) **Azaiah Carew (Ronda McNae's foster sister):** Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. Was with the parties in Miami. (Snohomish, Washington)

aa) **Sirena Herd (Ronda McNae's sister):** Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. (Miami, Florida)

bb) **David Carpenter:** May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise; (Washington State)

cc) **Gretchen Carpenter:** May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise; (Washington State)

dd) **Marissa Carpenter:** May have discoverable information concerning the allegations in the Amended Complaint; (Washington State)

ee) **Ryan Carpenter:** May have discoverable information concerning the allegations in the Amended Complaint; (Washington State)

ff) **Max Meyers, Esq.:** May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise:

gg) **Lily Vasquez (babysitter):** Watched Defendant's daughter at hotel room in Miami. May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise (Miami, Florida);

hh) **George Coupet**: May have knowledge of Defendant's Facetime contact with Yelany De Varona and effects that Defendants' lies have had on Plaintiffs. (Fort Lauderdale, Florida)

ii) **Jana Carrero:** Friend of Yelany De Varona that Defendant was contacting through social media to get in touch with Yelany De Varona. May have discoverable information concerning the allegations in the Amended Complaint and the effects that Defendants' lies have had on Plaintiffs (Miami, Florida);

jj) **Megan Conrad:** Friend of Yelany De Varona that may have discoverable information concerning the allegations in the Amended Complaint and the effects

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

that Defendants' false accusations have had on her (Miami, Florida);

kk) **Baoli Miami, restaurant:** May possess CCTV footage of evening in Miami.

ll) **W-Hotel, Downtown San Francisco:** May possess CCTV footage of weekend in San Francisco.

mm) **W-Hotel, Miami Beach:** May possess CCTV footage of evening in Miami.

nn) **Unknown Sushi restaurant in San Francisco:** May possess CCTV footage of weekend in San Francisco.

oo) **San Francisco International Airport:** May possess CCTV footage of weekend in San Francisco.

pp) **AC Hotel, Belvue Washington:** May possess CCTV footage of meeting between Plaintiff and Defendant in Bellevue, Washington.

qq) **Matthew Hoelscher:** May have discoverable information concerning effects that Defendants' false accusations have had on Plaintiffs (Miami, Florida);

rr) **Stephanie Pattison, Vita Health:** Has discoverable information concerning effects that Defendants' false accusations have had on Plaintiffs (Suffolk, United Kingdom);

ss) **Northwest University:** May have discoverable information about Defendant's history of making allegations of a sexual nature (Kirkland, WA);

tt) **Jimmy Bean:** May have discoverable information about Defendant's history of making allegations of a sexual nature (Oakland, CA);

uu) **Any and all individuals disclosed by Defendants and identified in discovery produced by Defendants.**

2.      Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiff provides a description by category and location—of all documents, electronically stored information, and tangible things that Plaintiff has in their possession, custody, or control and may use to support its claims and defenses below:

a.      Correspondence and communications between and among Fitzgerald and Defendants regarding the allegations in Amended Complaint.

b.      Correspondence and communications between Defendants and Yelany De Varona.

c. Confidential Settlement Agreement between Fitzgerald and the Defendants.

d. Correspondence and communications between Ronda McNae and Thomas Wiper.

e. Correspondence and communications between Fitzgerald and Plaintiff Yelany de Varona.

f. Correspondence and communications between Defendants and SoftwareONE.

g. Correspondence and communications between Defendants and Microsoft.

h. Correspondence and communication between Defendants and third parties regarding the Confidential Settlement Agreement.

i. Defendant Ronda McNae's online postings on medium.com.

j. Defendant Ronda McNae's online postings on Instagram.

k. Photos and video from Miami.

l. Photos and video from San Francisco.

m. Documentation regarding hotel reservations and flights pertaining to Miami and San Francisco.

n. Mental health records and counseling notes pertaining to Plaintiffs' damages.

o. Employment records demonstrating change of status of Plaintiff within SoftwareONE and loss of position, earnings, and status caused by Defendants' false allegations.

p. Documentation from third parties pertaining to allegations in the Amended Complaint and defenses Defendants may raise.

3.     Pursuant to FRCP 26(a)(1)(A)(iii), Plaintiff states that he seeks economic and non-economic damages in an amount in excess of $450,0000, plus attorney's fees, interest and costs, as well as any other relief that the Court deems fair and just.

4.     Pursuant to FRCP 26(a)(1)(A)(iv), Plaintiff states that he does not have insurance agreements applicable to this action under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to

6

satisfy any such judgment.

    5.     Plaintiff reserves his right to supplement or modify his Initial Disclosures based on his continuing investigation of the facts at issue in this action as the case progresses.

    6.     These Supplemental Initial Disclosures are made without waiver or prejudice to any and all objections Plaintiff may have.

Dated: February 27, 2023                      Respectfully submitted,

                                   **ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
Telephone: 305-567-5576
Facsimile: 305-567-9343

                     By: */s/ Peter E. Berlowe*
                          **Peter E. Berlowe**
                          **Florida Bar No. 143650**
                          **peb@assoulineberlowe.com**
                          **Meredith J. Gussin**
                          **Florida Bar No. 0512303**
                          **mjg@assoulineberlowe.com**
                          ***Attorneys for Plaintiff Michael J. Fitzgerald***

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy and correct copy of the foregoing has been furnished via email (but not filed with the Court) on February 27, 2023 to:

Alaina Fotiu-Wojtowicz, Esq.
Brodsky Fotiu-Wojtowicz, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel.: 305-503-5054
Fax: 305-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com
*Counsel for Defendant Ronda McNae*

Stephanie A. Casey, Esq.
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Tel.: 305-476-7400
scasey@colson.com
*Counsel for Defendant William McNae*

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### Case No. 1:22-cv-22171-JEM

**MICHAEL J. FITZGERALD,**
**individually,**

**Plaintiff,**

**v.**

**RONDA MCNAE, individually,**

**Defendant.**

_____/

### SUPPLEMENTAL INITIAL DISCLOSURES OF PLAINTIFF MICHAEL J. FITZGERALD

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff Michael J. Fitzgerald ("Fitzgerald" or the "Plaintiff"), by and through their undersigned counsel, submit the following Supplemental Initial Disclosures:

1.      Pursuant to FRCP 26(a)(1)(A)(i), the following individuals may have discoverable information that Plaintiffs may use to support their claims and defenses:

    a) **Michael J. Fitzgerald**: Has discoverable information concerning all allegations in the Amended Complaint.
(c/o Assouline & Berlowe, P.A., Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, FL 33131) (305-567-5576);

    b) **Yelany De Varona**: Has discoverable information concerning all allegations in the Amended Complaint. (c/o Assouline & Berlowe, P.A., Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, FL 33131) (305-567-5576);

    c) **Ronda McNae**: Defendant who has discoverable information concerning the allegations in the Amended Complaint;

    d) **William McNae**: Defendant who has discoverable information concerning the allegations in the Amended Complaint;

e) **Unknown Representative(s) of SoftwareOne AG:** May have discoverable information concerning the allegations in the Amended Complaint and Defendants' contacts with SoftwareOne related to the allegations of the Amended Complaint;

f) **Unknown Representative(s) of SoftwareOne Inc. (a/k/a SoftwareOne NORAM):** May have discoverable information concerning the allegations in the Complaint and Defendants' contacts with SoftwareOne Inc. related to the allegations of the Amended Complaint;

g) **Unknown Representative(s) of Microsoft Corp.:** May have discoverable information concerning the allegations contained in the Complaint and Defendants' contacts with Microsoft Corp related to the allegations of the Amended Complaint;

h) **John Mays of SoftwareOne AG:** SoftwareOne head of Human Resources that was involved with dealing with multiple communications from Defendants relating to issues raised in the Amended Complaint. (located in Singapore City, Singapore);

i) **Deiter Schlosser of SoftwareOne AG:** SoftwareOne CEO that may have been involved with multiple communications from Defendants relating to issues raised in the Amended Complaint. (located in Singapore City, Singapore).

j) **Jennifer P. Gaines, SoftwareOne Inc.:** General Counsel NORAM for SoftwareOne that may have been involved with multiple communications from Defendants relating to issues raised in the Amended Complaint. (Milwaukee, Wisconsin)

k) **Frank Rossini, SoftwareOne AG:** General Counsel and Board Secretary for SoftwareOne AG that may have been involved with multiple communications from Defendants relating to issues raised in the Amended Complaint. (Switzerland)

l) **Alexandra Considine-Tong, SoftwareOne AG:** Subordinate at SoftwareOne to Plaintiff Fitzgerald that may have knowledge of damage to Plaintiff as a result of Defendants having contacted SoftwareOne. (London, England).

m) **Ashley Gaare, SoftwareOne Inc.:** President of SoftwareOne, North America who had several communications with Defendants regarding issues raised in the Amended Complaint. (Milwaukee, Wisconsin)

n) **Patty Ravencroft, SoftwareOne Inc.:** SoftwareOne North America head of Human Resources that was involved with dealing with multiple communications from Defendants relating to issues raised in the Amended Complaint. (Milwaukee, Wisconsin)

o) **Jared Cheney, SoftwareOne Inc.**: Software One Vice President of Services who Defendant William McNae spoke to about issues raised in the Amended Complaint. (Milwaukee, Wisconsin)

p) **Wismar Medina**: Account Manager at Microsoft Corp. responsible for the SoftwareOne Account. May have had communications with Defendant William McNae regarding issues raised in the Amended Complaint. (Issaquah, Washington)

q) **Josh Kodie or Josh Kodi**: William McNae's boss at Microsoft who had discussions with Defendant regarding issues raised in the Complaint. (Washington State)

r) **Thomas Wiper**: May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise. Had multiple facetime communications from Ronda McNae after Miami, where she referred to Plaintiff as her "Bestie." Had multiple Instagram messages from Defendant professing her love for Plaintiff; has knowledge as to damages caused to Fitzgerald; (County Durham, England).

s) **Matthew Wiper**: May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise. Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

t) **Anthony McMaster**: May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise. Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

u) **Richard Bestford**: May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise. Had multiple facetime communications from Defendant after Miami, where she referred to Plaintiff as her "Bestie"; (County Durham, England).

v) **Jessica Bergman-Sevillano**: Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. Was with the parties in Miami. (Miami, Florida)

w) **Anthony "Tony" Sevillano**: Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. Was with the parties in Miami. (Miami, Florida)

x) **Timothy Naeylan**: Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. Was with the

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

parties in Miami. (Philadelphia, Pennsylvania)

y) **Dana Lebel**:  Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise.  Was with the parties in Miami.

z) **Azaiah Carew (Ronda McNae's adopted sister):**  Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise.  Was with the parties in Miami. (Snohomish, Washington)

aa) **Marisa Carew (Ronda McNae's adopted mother):** Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. (Kirkland, Washington)

bb) **Izabellah Carew (Ronda McNae's adopted sister):** Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. (Bellevue, Washington).

cc) **Abigail Leonard (friend of Azaiah Carew):** Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise. (New York, NY).

dd) **Sirena Herd (Ronda McNae's sister):**  Will have discoverable information concerning allegations in the Amended Complaint and defenses Defendants may raise.  (Miami, Florida)

ee) **David Carpenter:** May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise; (Washington State)

ff) **Gretchen Carpenter:** May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise; (Washington State)

gg) **Marissa Carpenter:** May have discoverable information concerning the allegations in the Amended Complaint;  (Washington State)

hh) **Ryan Carpenter:** May have discoverable information concerning the allegations in the Amended Complaint; (Washington State)

ii) **Max Meyers, Esq.:** May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise:

jj) **Lily Vasquez (babysitter):**  Watched Defendant's daughter at hotel room in Miami.  May have discoverable information concerning the allegations in the Amended Complaint and defenses Defendants may raise (Miami, Florida);

kk) **George Coupet**:  May have knowledge of Defendant's Facetime contact with Yelany De Varona and effects that Defendants' lies have had on Plaintiffs.  (Fort Lauderdale, Florida)

ll)  **Jana Carrero**:  Friend of Yelany De Varona that Defendant was contacting through social media to get in touch with Yelany De Varona.  May have discoverable information concerning the allegations in the Amended Complaint and the effects that Defendants' lies have had on Plaintiffs (Miami, Florida);

mm)  **Megan Conrad:** Friend of Yelany De Varona that may have discoverable information concerning the allegations in the Amended Complaint and the effects that Defendants' false accusations have had on her (Miami, Florida);

nn) **Baoli Miami, restaurant:**  May possess CCTV footage of evening in Miami.

oo) **W-Hotel, Downtown San Francisco:**  May possess CCTV footage of weekend in San Francisco.

pp) **W-Hotel, Miami Beach:**  May possess CCTV footage of evening in Miami.

qq) **Unknown Sushi restaurant in San Francisco:**  May possess CCTV footage of weekend in San Francisco.

rr)  **San Francisco International Airport:**  May possess CCTV footage of weekend in San Francisco.

ss)  **AC Hotel, Bellevue Washington:**  May possess CCTV footage of meeting between Plaintiff and Defendant in Bellevue, Washington.

tt)  **Matthew Hoelscher:** May have discoverable information concerning effects that Defendants' false accusations have had on Plaintiffs (Miami, Florida);

uu) **Stephanie Pattison, Vita Health:**  Has discoverable information concerning effects that Defendants' false accusations have had on Plaintiffs (Suffolk, United Kingdom);

vv) **Northwest University:** May have discoverable information about Defendant's history of making allegations of a sexual nature (Kirkland, WA);

ww)  **Jimmy Bean:** May have discoverable information about Defendant's history of making allegations of a sexual nature (Oakland, CA);

xx) **Chris and Stephanie DiJulio:** May have discoverable information about Defendants (Kirkland, Washington).

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

yy) **Elijah DiJulio:** May have discoverable information about Defendants (Kirkland, Washington).

zz) **Cedar Park Christian Schools:** May have discoverable information about Defendants (Bothell, WA).

aaa)    **Any and all individuals disclosed by Defendants and identified in discovery produced by Defendants.**

2.      Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiff provides a description by category and location—of all documents, electronically stored information, and tangible things that Plaintiff has in their possession, custody, or control and may use to support its claims and defenses below:

a.  Correspondence and communications between and among Fitzgerald and Defendants regarding the allegations in Amended Complaint.

b.  Correspondence and communications between Defendants and Yelany De Varona.

c.  Confidential Settlement Agreement between Fitzgerald and the Defendants.

d.  Correspondence and communications between Ronda McNae and Thomas Wiper.

e.  Correspondence and communications between Fitzgerald and Plaintiff Yelany de Varona.

f.  Correspondence and communications between Defendants and SoftwareONE.

g.  Correspondence and communications between Defendants and Microsoft.

h.  Correspondence and communication between Defendants and third parties regarding the Confidential Settlement Agreement.

i.  Defendant Ronda McNae's online postings on medium.com.

j.  Defendant Ronda McNae's online postings on Instagram.

k.  Photos and video from Miami.

l.  Photos from San Francisco.

m.  Documentation regarding hotel reservations and flights pertaining to Miami and San Francisco.

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

n. Mental health records and counseling notes pertaining to Plaintiffs' damages.

o. Employment records demonstrating change of status of Plaintiff within SoftwareONE and loss of position, earnings, and status caused by Defendants' false allegations.

p. Documentation from third parties pertaining to allegations in the Amended Complaint and defenses Defendants may raise.

3.  Pursuant to FRCP 26(a)(1)(A)(iii), Plaintiff states that he seeks economic and non-economic damages in an amount in excess of $450,0000, plus attorney's fees, interest and costs, as well as any other relief that the Court deems fair and just.

4.  Pursuant to FRCP 26(a)(1)(A)(iv), Plaintiff states that he does not have insurance agreements applicable to this action under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

5.  Plaintiff reserves his right to supplement or modify his Initial Disclosures based on his continuing investigation of the facts at issue in this action as the case progresses.

6.  These Supplemental Initial Disclosures are made without waiver or prejudice to any and all objections Plaintiff may have.

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

Dated: April 19, 2023

Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, Florida 33131
Telephone: 305-567-5576
Facsimile: 305-567-9343

By: */s/ Peter E. Berlowe*
    **Peter E. Berlowe**
    **Florida Bar No. 143650**
    **peb@assoulineberlowe.com**
    **Meredith J. Gussin**
    **Florida Bar No. 0512303**
    **mjg@assoulineberlowe.com**
    *Attorneys for Plaintiff Michael J. Fitzgerald*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy and correct copy of the foregoing has been furnished

via email (but not filed with the Court) on April 19, 2023 to:

Alaina Fotiu-Wojtowicz, Esq.
Brodsky Fotiu-Wojtowicz, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel.: 305-503-5054
Fax: 305-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com
*Counsel for Defendant Ronda McNae*

Stephanie A. Casey, Esq.
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Tel.: 305-476-7400
scasey@colson.com
*Counsel for Defendant William McNae*

**ASSOULINE & BERLOWE, P.A.**
Miami Tower, 100 S.E. 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: (305) 567-5576 • Facsimile: (305) 567-9343

# Exhibit C

| Date/Time | Direction | Number | Name | Content | Filename | Type |
|---|---|---|---|---|---|---|
| 2019-06-06 12:39:51 | Incoming | 17868585212 | Mike | I'm ok. I feel sick but I'm busy and it's keeping my mind | | |
| 2019-11-14 14:32:53 | Outgoing | | | | what does it me | Image |
| 2019-11-14 14:34:50 | Outgoing | | | | what does it me | Image |
| 2020-07-01 12:39:05 | Outgoing | | | | Ureaplasma Cau | Image |
| 2020-02-11 20:44:45 | Outgoing | | | | Screenshot 202 | Image |
| 2020-11-11 22:13:15 | Outgoing | | | | Screenshot 202 | Image |
| 2020-11-11 22:14:05 | Outgoing | | | | Screenshot 202 | Image |
| 2020-07-12 14:02:51 | Outgoing | | | | Rockhouse Con | Attachment |
| 2020-07-22 23:54:51 | Outgoing | | | | Resized_202007 | Image |
| 2019-02-22 12:47:32 | Outgoing | | | | RenderedImage. | Image |
| 2020-05-24 03:13:16 | Outgoing | | | | RenderedImage. | Image |
| 2018-11-01 23:28:52 | Outgoing | | | | RenderedImage. | Image |
| 2019-06-06 12:47:32 | Outgoing | | | | RenderedImage. | Image |
| 2020-11-12 13:05:36 | Incoming | 17868585212 | Mike | | IMG_9991.jpeg | Image |
| 2020-11-12 13:05:36 | Incoming | 17868585212 | Mike | | IMG_9952.jpeg | Image |
| 2020-11-12 13:05:36 | Incoming | 17868585212 | Mike | | IMG_9948.jpeg | Image |
| 2019-11-25 14:19:45 | Outgoing | | | | IMG_8787.HEIC | Image |
| 2019-11-25 14:19:41 | Outgoing | | | | IMG_8785.HEIC | Image |
| 2019-11-14 13:14:14 | Outgoing | | | | IMG_8645.PNG | Image |
| 2019-11-13 13:12:42 | Outgoing | | | | IMG_8633.MOV | Video |
| 2019-11-14 19:21:04 | Incoming | 17868585212 | Mike | | IMG_7962.jpeg | Image |
| 2019-10-03 12:49:33 | Outgoing | | | | IMG_7809.HEIC | Image |
| 2020-11-11 19:56:21 | Outgoing | | | | IMG_4440.jpeg | Image |
| 2020-11-11 19:55:18 | Outgoing | | | | IMG_4438.jpeg | Image |
| 2020-11-11 19:51:53 | Outgoing | | | | IMG_4435.jpeg | Image |
| 2018-11-02 14:37:34 | Outgoing | | | | IMG_4151.HEIC | Image |
| 2018-11-02 14:37:34 | Outgoing | | | | IMG_4151.HEIC | Image |
| 2018-10-16 15:30:09 | Outgoing | | | | IMG_3259.PNG | Image |
| 2018-11-18 14:12:44 | Outgoing | | | | IMG_3250.PNG | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2266.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2266.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2266.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2265.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2265.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2265.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2264.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2264.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2264.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2263.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2263.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2263.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2262.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2262.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2262.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2261.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2261.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2261.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2260.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2260.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2260.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2259.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2259.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2259.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2258.jpeg | Image |

| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2258.jpeg | Image |
|---|---|---|---|---|---|---|
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2258.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2257.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2257.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2257.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2256.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2256.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2256.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2255.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2255.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2255.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2254.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2254.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2254.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2253.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2253.jpeg | Image |
| 2020-03-22 22:49:03 | Incoming | 17868585212 | Mike | | IMG_2253.jpeg | Image |
| 2020-11-12 12:45:50 | Incoming | 17868585212 | Mike | | IMG_1565.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1440.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1439.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1438.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1437.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1436.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1435.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1434.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1433.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1432.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1431.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1430.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1429.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1428.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1427.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1426.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1425.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1424.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1423.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1422.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1421.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1420.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1419.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1418.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1417.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1416.jpeg | Image |
| 2019-11-27 12:42:21 | Incoming | 17868585212 | Mike | | IMG_1415.jpeg | Image |
| 2019-11-26 12:37:37 | Incoming | 17868585212 | Mike | | IMG_1412.jpeg | Image |
| 2019-11-24 06:24:05 | Incoming | 17868585212 | Mike | | IMG_1411.jpeg | Image |
| 2019-09-14 17:49:36 | Incoming | 17868585212 | Mike | | IMG_0886.jpeg | Image |
| 2019-09-14 17:49:36 | Incoming | 17868585212 | Mike | | IMG_0880.jpeg | Image |
| 2019-09-10 14:46:39 | Incoming | 17868585212 | Mike | | IMG_0844.jpeg | Image |
| 2019-09-09 21:20:55 | Incoming | 17868585212 | Mike | | IMG_0840.jpeg | Image |
| 2019-09-08 14:54:07 | Incoming | 17868585212 | Mike | | IMG_0810.JPG | Image |
| 2020-07-22 15:42:14 | Incoming | 17868585212 | Mike | | IMG_0646.jpeg | Image |
| 2019-08-28 16:43:12 | Incoming | 17868585212 | Mike | | IMG_0625.jpeg | Image |
| 2019-08-28 16:43:12 | Incoming | 17868585212 | Mike | | IMG_0623.jpeg | Image |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2020-07-12 14:20:27 | | | | | | | IMG_0433.mov | Video |
| 2019-06-03 12:32:43 | Outgoing | | | | | | IMG_0301.jpeg | Image |
| 2019-07-15 15:42:17 | Incoming | 17868585212 | Mike | | | | IMG_0249.jpeg | Image |
| 2019-06-20 15:44:34 | Incoming | 17868585212 | Mike | | | | IMG_0104.JPG | Image |
| 2019-06-03 15:12:57 | Incoming | 17868585212 | Mike | | | | IMG_0009.jpeg | Image |
| 2019-06-03 15:12:57 | Incoming | 17868585212 | Mike | | | | IMG_0008.jpeg | Image |
| 2019-03-25 14:37:18 | Outgoing | | | | | | Image-1.jpg | Image |
| 2018-11-11 16:54:38 | Outgoing | | | | | | Image-1.jpg | Image |
| 2018-11-11 16:55:01 | Outgoing | | | | | | Image-1.jpg | Image |
| 2019-03-26 02:14:55 | Outgoing | | | | | | Image-1.jpg | Image |
| 2019-08-28 16:45:50 | Outgoing | | | | | | Image-1.jpg | Image |
| 2019-08-28 16:46:20 | Outgoing | | | | | | Image-1.jpg | Image |
| 2019-08-28 16:46:57 | Outgoing | | | | | | Image-1.jpg | Image |
| 2020-03-11 23:13:22 | Outgoing | | | | | | Image-1.jpg | Image |
| 2019-10-02 20:11:37 | Outgoing | | | | | | Image-1.jpg | Image |
| 2018-10-22 19:05:56 | Incoming | 17868585212 | Mike | | | | Image-1.jpg | Image |
| 2018-10-22 19:08:48 | Incoming | 17868585212 | Mike | | | | Image-1.jpg | Image |
| 2018-10-23 21:09:03 | Incoming | 17868585212 | Mike | | | | Image-1.jpg | Image |
| 2019-09-11 19:41:16 | Outgoing | | | | | | Image-1.jpg | Image |
| 2020-02-12 14:56:53 | Incoming | 17868585212 | Mike | | | | Image-1.jpeg | Image |
| 2019-03-25 14:22:13 | Incoming | 17868585212 | Mike | | | | Image-1.jpeg | Image |
| 2019-11-14 14:34:50 | Incoming | 17868585212 | Mike | | | | Image-1.jpeg | Image |
| 2020-03-11 14:42:45 | Incoming | 17868585212 | Mike | | | | Image-1.jpeg | Image |
| 2019-11-14 14:34:50 | Incoming | 17868585212 | Mike | | | | Image-1.jpeg | Image |
| 2019-11-14 14:34:50 | Incoming | 17868585212 | Mike | | | | Image-1.jpeg | Image |
| 2020-02-13 14:18:20 | Incoming | 17868585212 | Mike | | | | image.png | Image |
| 2019-11-14 16:38:18 | Outgoing | | | | | | Hi Yelany, this is | Image |
| 2019-07-16 20:40:07 | Incoming | 17868585212 | Mike | | | | FullSizeRender.j | Image |
| 2019-11-14 13:17:54 | Incoming | 17868585212 | Mike | | | | FullSizeRender.j | Image |
| 2019-11-14 13:20:57 | Incoming | 17868585212 | Mike | | | | FullSizeRender.j | Image |
| 2020-03-12 14:41:07 | Incoming | 17868585212 | Mike | | | | FullSizeRender.j | Image |
| 2019-07-01 14:46:07 | Incoming | 17868585212 | Mike | | | | FullSizeRender.j | Image |
| 2019-11-27 12:50:51 | Incoming | | | | | | FullSizeRender.j | Image |
| 2019-03-25 18:53:13 | Outgoing | | | Current Location | | | CL.loc.vcf | Location |
| 2020-11-12 13:05:36 | Incoming | 17868585212 | Mike | | | | 85186BE1-88F6 | Image |
| 2020-11-12 13:05:36 | Incoming | 17868585212 | Mike | | | | 0B9B50B3-B0B | Image |
| 2020-11-12 13:08:19 | Outgoing | | | | | | 62687928454 | Image |
| 2020-07-12 12:55:40 | Incoming | 17868585212 | Mike | | | | 61624773604 | Image |
| 2020-07-12 12:53:15 | Incoming | 17868585212 | Mike | | | | 61624758649 | Image |
| 2020-07-12 12:52:27 | Incoming | 17868585212 | Mike | | | | 61624754197 | Image |
| 2020-07-01 12:50:58 | Incoming | 17868585212 | Mike | | | | 61529705252 | Image |
| 2020-07-01 12:40:24 | Incoming | 17868585212 | Mike | | | | 61529641526 | Image |
| 2019-11-13 13:14:16 | Outgoing | | | | | | 59534357922 | Video |
| 2019-09-09 16:42:27 | Outgoing | | | | | | 58973651220 | Image |
| 2019-09-09 16:42:09 | Outgoing | | | | | | 58973650460 | Image |
| 2019-07-16 03:46:46 | Outgoing | | | | | | 58493796360 | Video |
| 2019-07-16 03:43:21 | Incoming | 17868585212 | Mike | | | | 58493778909 | Image |
| 2019-07-16 03:42:34 | Outgoing | | | | | | 58493773857 | Image |
| 2019-06-30 07:03:10 | Outgoing | | | | | | 58356738311 | Image |
| 2019-06-30 07:03:10 | Outgoing | | | | | | 58356738311 | Image |
| 2019-06-24 23:16:37 | Incoming | 17868585212 | Mike | | | | 58310738632 | Image |
| 2019-06-11 17:45:18 | Outgoing | | | | | | 58196428618 | Image |
| 2019-06-06 23:23:10 | Outgoing | | | | | | 58155258169 | Image |
| 2019-06-06 23:23:10 | Outgoing | | | | | | 58155258169 | Image |

| 2019-06-06 23:22:03 | Incoming | 17868585212 | Mike | | 58155249283 | Image |
| 2019-06-06 23:22:03 | Incoming | 17868585212 | Mike | | 58155249283 | Image |
| 2019-02-06 22:44:27 | Incoming | 17868585212 | Mike | | 58154980281 | Image |
| 2019-06-06 22:44:27 | Incoming | 17868585212 | Mike | | 58154980281 | Image |
| 2019-03-26 02:03:34 | Incoming | 17868585212 | Mike | | 57525853003 | Image |
| 2018-10-26 20:45:53 | Outgoing | | | | 56227582635 | Image |

# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-22171-JEM

MICHAEL J. FITZGERALD,
individually,

     Plaintiff,

v.

RONDA MCNAE, individually,

     Defendant.

_____/

## <u>NOTICE OF ISSUANCE OF SUBPOENA</u>

PLEASE TAKE NOTICE that the Defendant, Ronda McNae, intends to serve the attached subpoena commanding production of documents, electronically stored information, or tangible things upon:

1. Yelany De Varona
   c/o Peter E. Berlowe, Esq.
   Miami Tower
   100 SE 2nd Street, Suite 3105
   Miami, FL 33131

Respectfully submitted,

By: /s/Alaina Fotiu-Wojtowicz
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No.: 84179
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for Defendant Ronda McNae*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com



BRODSKY FOTIU-WOJTOWICZ

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email upon all parties listed on the Service List below, on this 22nd day of November, 2022.

*/s/Alaina Fotiu-Wojtowicz*
Alaina Fotiu-Wojtowicz, Esq.

## **SERVICE LIST**

Peter E. Berlowe, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com

2

BRODSKY FOTIU-WOJTOWICZ

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| MICHAEL J. FITZGERALD, <br> _Plaintiff_ <br> v. <br> RONDA MCNAE <br> _Defendant_ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No.  1:22-cv-22171-JEM |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Yelany De Varona c/o Peter Berlowe, Esq.
Assouline & Berlow, PA, Miami Tower, 100 SE 2nd St., Ste. 3105, Miami, FL 33131

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A.  Documents may be produced at the location below on the date and time provided. Alternatively, documents may be sent electronically or by mail to counsel for the Defendant at the addresses listed on this subpoena prior to December 27, 2022

| Place: Brodsky Fotiu-Wojtowicz, PLLC <br> 200 SE 1st Street, Suite 400 <br> Miami, FL 33131 | Date and Time: <br><br> 12/27/2022 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11-22-22

CLERK OF COURT

_____
_Signature of Clerk or Deputy Clerk_

OR

_____
_Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendant
Ronda McNae                                                              , who issues or requests this subpoena, are:
Alaina Fotiu-Wojtowicz, BFW Legal, 200 SE 1st St., Ste. 400, Miami, FL 33131, alaina@bfwlegal.com, 305-503-5054

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SCHEDULE A**

### **Definitions**

1.      The term "You" or "Yelany De Varona" refers to Yelany De Varona and any employee, affiliate, officer, agent (including, without limitation, attorneys, accountants, consultants, and investment advisors) and any other persons or entities acting on behalf of, in concert with, or under her control or at her direction

2.      The term "Michael Fitzgerald" shall include Michael J. Fitzgerald, and any employee, affiliate, officer, agent (including, without limitation, attorneys, accountants, consultants, and investment advisors) and any other persons or entities acting on behalf of, in concert with, or under his control or at his direction.

3.      The term "Ronda McNae" shall include Ronda McNae, and any employee, affiliate, officer, agent (including, without limitation, attorneys, accountants, consultants, and investment advisors) and any other persons or entities acting on behalf of, in concert with, or under her control or at her direction.

4.      The term "William McNae" shall include William McNae, and any employee, affiliate, officer, agent (including, without limitation, attorneys, accountants, consultants, and investment advisors) and any other persons or entities acting on behalf of, in concert with, or under his control or at his direction.

5.      The term "Patrice Sanchez" shall include Patrice Sanchez, and any employee, affiliate, officer, agent (including, without limitation, attorneys, accountants, consultants, and investment advisors) and any other persons or entities acting on behalf of, in concert with, or under her control or at her direction.



BRODSKY FOTIU-WOJTOWICZ

6.      The term "document" includes all documents subject to discovery under the Federal Rules of Civil Procedure including e-mails and other electronically stored information.  The term "document" includes social media or other internet posts on Instagram, Twitter, SnapChat, TikTok, Facebook, or any other website or social media platform.

7.      The term "communication" means any form of contact, correspondence, instruction, publication, discussion, report, or written, electronic, or recorded oral exchange between two or more persons.  The term "communication" includes communications via e-mail, text message, WhatsApp, Signal, and via any social media platforms including but not limited to Instagram, Twitter, SnapChat, TikTok or Facebook.

8.      The terms "referring to," and "relating to" mean relating to, referring to, evidencing, reflecting, recording, memorializing, constituting, supporting, mentioning, or concerning in any way, directly or indirectly.

9.      The time frame for all document requests is from January 1, 2019 to the present.

BRODSKY FOTIU-WOJTOWICZ

## **DOCUMENTS REQUESTED**

1.    All communications between You and Michael J. Fitzgerald that refer or relate in any way to Ronda McNae, William McNae, or Patrice Sanchez.

2.    All communications between You and Ronda McNae.

3.    All communications between you and Patrice Sanchez.

4.    All communications between you and William McNae.

5.    All communications between You and any other person or entity that refer or relate in any way to Ronda McNae or William McNae, including but not limited to communications with:

    a.  Your mother "Carrie" (last name unknown);
    b.  Tom Wiper;
    c.  Jana Rose Carrero;
    d.  Ross Graham;
    e.  Barbra Fitzgerald;
    f.  Carrie Figzgerald;
    g.  Brendan Fitzgerald;
    h.  Kerrie Fitzgerald; and
    i.  George (last name unknown).

6.    All social media posts that refer or relate in any way to Ronda McNae, William McNae, or Patrice Sanchez.

7.    All photographs that depict Ronda McNae, William McNae, or Patrice Sanchez in any way.

BFW

BRODSKY FOTIU-WOJTOWICZ