IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22171-JEM

MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

        Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

        Defendants.

_____/



FILED BY_____D.C.

FEB - 6 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## DEFENDANT RONDA MCNAE'S MOTION FOR LEAVE TO STRIKE PLANTIFF'S MOTION FOR A SURREPLY TO DE 275

Defendant Ronda McNae, appearing pro se, respectfully moves this Court to strike Plaintiffs' Motion for Leave to File a Surreply (DE 284) as procedurally improper. Plaintiffs' motion is another example of excessive motion practice and procedural abuse, aimed at controlling the narrative and prolonging litigation. In support, Defendant states as follows:

### I. INTRODUCTION

Plaintiff asserts that Defendant's Reply (DE 283) introduced new arguments which is inaccurate. Each issue Plaintiff seeks to rebut was already raised in Defendant's Motion to Dismiss (DE 275) and supporting exhibits (DE 275-1 & DE 275-2). Plaintiff's motion (DE 284) is not about responding to genuinely new legal arguments—it is a bad-faith attempt to have the last word and gain an unfair litigation advantage against me, a pro se litigant. Plaintiff has a pattern of improper litigation tactics, including:

- Misuse of privilege claims (DE 67),

- Weaponization of the Confidential Settlement Agreement (DE 105), and

- Retaliatory use of the legal system (DE 39).

Now, Plaintiff seeks to contradict his own prior position. When Defendant previously sought leave to file a surreply (DE 104), Plaintiff opposed the motion, arguing:

1. No new arguments were raised in Plaintiff's reply brief justifying such a surreply;

2. Defendant already had a full opportunity to respond; and

3. A surreply would improperly give Defendant "another bite at the apple."

Despite this firm stance, Plaintiff now reverses course and demands a surreply for himself, claiming Defendant's Reply (DE 283) "raises new arguments" and "exceeds the scope" of the response. This procedural gamesmanship cannot be ignored. The Court should apply the same reasoning Plaintiff previously advocated and deny this motion in its entirety.

## II. LEGAL STANDARD

**Surreplies Are Disfavored and Permitted Only in Limited Circumstances**

Plaintiff's Motion for Leave to File a Surreply (DE 284) does not meet the standard for granting a surreply in the Southern District of Florida. Surreplies are not permitted as a matter of right and are only allowed in rare circumstances when a reply brief introduces new legal arguments or evidence that could not have been anticipated in the response. The Southern District of Florida disfavors surreplies, as they "often amount to nothing more than a last-ditch effort to have the final word." Plaintiff's motion fails to meet this standard and serves only to further Plaintiff's bad-faith litigation strategy.

## III. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT'S REPLY DID NOT RAISE NEW ARGUMENTS

### A. Arguments Plaintiff Challenges Were Already Raised in Defendant's Motion to Dismiss (DE 275)

Plaintiff falsely claims that Defendant's Reply (DE 283) introduced new arguments regarding:

1. Alleged SEC violations by SoftwareONE

2. Plaintiff's counsel providing a misleading timeline to experts

3. Social media surveillance of Defendant as harassment

4. A false affidavit from former Co-Plaintiff Yelany De Varona

However, each of these issues was explicitly raised in Defendant's Motion to Dismiss (DE 275) and its supporting exhibits (DE 275-1 & DE 275-2), including:

1. SoftwareONE's Role and SEC Violations[1]

   - Defendant has previously argued that SoftwareONE played a direct role in the misconduct at issue, and its actions may constitute securities law violations.

   - Evidence in DE 275-2 supports the claim that SoftwareONE knowingly engaged in deceptive practices, which are relevant to the claims and defenses in this case.

   - Plaintiff had a full opportunity to respond to these allegations in his Response (DE 282) and cannot now seek a surreply to reframe the discussion.

---

[1] Michael Fitzgerald was likely in a conflict of interest as he remained a member of the Executive Leadership Team while also serving as a shareholder and investor. As Chief Information Officer (CIO) of SWO Inc., he was subject to heightened ethical and fiduciary obligations, particularly given the timing of the company's IPO on October 25, 2019—just six days after the alleged physical and sexual assault that Defendant later reported to SWO in early February 2020, prior to the negotiation of the Confidential Settlement Agreement (CSA) he pressured the McNae's to sign following threats of job loss. Fitzgerald had a hand in Will McNae's promotion in September 2019 so there was a real threat and fear Fitzgerald would retaliate using his influence to get Will McNae let go from Microsoft. Ironically, Will McNae was let go from Microsoft three months after Fitzgerald's Deposition where Fitzgerald stated the CEO of SWO, Deiter Schlosser, called Microsoft and told them "*to get fucked*".

2. Misleading Timeline Provided to Experts

- Defendant previously argued that Plaintiff's counsel selectively omitted key events from case timelines to mislead experts.

- Exhibit B of DE 275-2 contains evidence of these omissions and their impact on the case's factual background.

3. Social Media Surveillance as Harassment

- Defendant previously argued that Plaintiff's legal team and associates monitored her social media as an intimidation tactic.

- Exhibit A of DE 275-1 contains evidence linking Plaintiff's counsel to social media accounts monitoring Defendant's activity.

4. False Affidavit from Yelany De Varona

- Defendant previously raised concerns about Plaintiff's reliance on a false affidavit submitted by Yelany De Varona before the case was even filed.

- Exhibit C of DE 275-1 contains records showing contradictions in Yelany's statements.

Because these issues were already part of the original motion (DE 275), Plaintiff's claim that they are "new arguments" is entirely without merit.

**IV. Supporting Evidence and Legal Grounds for Defendant's Motion to Strike Surreply**

Plaintiffs' counsel has engaged in a sustained pattern of litigation misconduct, including violations of ethical rules, misrepresentation of facts, discovery abuses, and procedural gamesmanship. This conduct not only undermines the integrity of the judicial process but also demonstrates why DE 284 should be stricken. The following sections outline specific instances of misconduct and how they support the relief sought by Defendant.

**1. Violations of Florida Bar Rules & Deceptive Litigation Tactics**

4

Plaintiffs' counsel has repeatedly engaged in unethical conduct, violating multiple Florida Bar Rules to gain an unfair litigation advantage. Their tactics include making false statements, misrepresenting facts, and improperly communicating with represented parties. Although the Court did not grant sanctions in DE 150 due to a procedural error on my part as a pro se litigant, the ruling did not address the merits of the allegations. Rather than seeking to relitigate those individual acts, the following examples illustrate a broader pattern of misconduct by Plaintiffs' counsel.

Key Violations Examples (DE 150 – Motion to Sanction Opposing Counsel):

- Rule 4-3.3 (Candor Toward the Tribunal): Opposing counsel knowingly made false statements in court.

- Rule 4-4.1 (Truthfulness in Statements to Others): Material facts were misrepresented to the Court and opposing parties.

- Rule 4-4.2 (Communication with Represented Parties): Improper contact with represented parties, in violation of ethical obligations.

- Litigation Misconduct: Opposing counsel omitted key facts, altered the procedural background, and filed excessive motions to burden Defendant and prolong litigation.

How This Supports Striking DE 284:

Plaintiffs' counsel has a well-documented history of abusing motion practice by filing misleading and excessive pleadings. DE 284 continues this pattern by seeking unnecessary additional briefing. Given their prior misconduct, the Court should deny further opportunities for Plaintiffs to manipulate the litigation process.

**2. Misrepresentation of Facts & Procedural Misconduct**

Plaintiffs' counsel has distorted facts and misrepresented procedural history to mislead the Court. These deceptive practices have denied Defendant the opportunity to fairly respond and have further delayed proceedings.

Key Violations (DE 155 – Reply in Support of Motion for Sanctions):

- Knowingly misrepresenting case timeline and procedural history.

- Manipulating deposition statements to distort events and mislead the Court.

- Failure to properly confer before filing motions, violating procedural requirements.

- Withholding notice of key filings to prevent Defendant from responding appropriately.

How This Supports Striking DE 284:

DE 284 falsely claims that Defendant's Reply (DE 283) introduced "new arguments" when these issues were already raised in prior motions. Given Plaintiffs' repeated procedural misconduct, their credibility in seeking additional briefing is undermined, warranting the striking of DE 284.

**3. Discovery Misconduct & Withholding Evidence**

Plaintiffs' legal team has engaged in systematic discovery abuses, selectively disclosing documents, withholding exculpatory evidence, and obstructing access to crucial information.

Key Violations:

- DE 231 – Motion to Supplement the Record: Opposing counsel withheld key evidence disproving Fitzgerald's claims of reputational harm and selectively disclosed documents to mislead the Court.

- DE 245 – Additional Motion to Supplement the Record: Plaintiffs' attorneys colluded with SoftwareONE to obstruct discovery, improperly invoked privacy laws to block employment records, and engaged in misrepresentation warranting sanctions.

- DE 252 – Reply in Support of Motion to Supplement the Record: Confidentiality provisions were weaponized to conceal SoftwareONE's internal misconduct investigations, and relief was sought under Rule 60(b)(2) & Rule 60(b)(3) for discovery fraud.

How This Supports Striking DE 284:

Plaintiffs' counsel has a demonstrated history of withholding evidence while falsely asserting procedural fairness. DE 284 represents another attempt to suppress unfavorable arguments and unnecessarily prolong briefing, justifying its removal.

**4. Plaintiffs' Pattern of Using the Legal System as a Weapon**

Plaintiffs have repeatedly leveraged the legal system to suppress Defendant's rights and silence her through procedural manipulation, including improper reliance on a Confidential Settlement Agreement (CSA) to conceal critical allegations.

Key Violations:

- DE 105 – Defendant's Affirmative Defenses:
    - Fitzgerald used the CSA to suppress Defendant's allegations.
    - Fraudulent inducement & duress—Fitzgerald coerced Defendant into signing the CSA under false pretenses.
    - CSA is void under the Florida Sunshine in Litigation Act because it conceals allegations of sexual assault, which constitute a public hazard.
- DE 39 – Motion to Dismiss Amended Complaint:
    - Plaintiff's claims are retaliatory and intended to silence Defendant.
    - The claims are legally baseless and disguised as contract claims to punish Defendant.

How This Supports Striking DE 284:

Plaintiffs' attorneys have repeatedly attempted to suppress key evidence through procedural abuse. DE 284 is yet another effort to weaponize the legal process against Defendant, warranting judicial intervention to strike it from the record.

**5. Plaintiffs' Counsel's Contradictions & Procedural Gamesmanship**

Throughout this litigation, Plaintiffs' attorneys have repeatedly contradicted themselves, mischaracterized discovery matters, and engaged in procedural tactics designed to mislead the Court.

Key Violations (DE 99 – Defendant's Motion for Leave to File Surreply):

- Plaintiff's Reply contained false factual statements and mischaracterizations about discovery.

- Contradictions in Witness Objections: Plaintiffs admitted they were not prejudiced by three of the four witnesses in Defendant's Amended Witness List, directly contradicting their own arguments.

How This Supports Striking DE 284:

Plaintiffs' attorneys have demonstrated a pattern of procedural manipulation and factual inconsistencies. DE 284 is yet another example of these tactics and allowing it to remain would only enable further abuse of the judicial process.

The evidence overwhelmingly demonstrates Plaintiffs' pattern of procedural misconduct, misrepresentation, and unethical litigation tactics. Given their history of filing excessive, misleading, and contradictory motions, DE 284 is merely another attempt to distort the proceedings and should be stricken. The Court should not permit additional briefing when Plaintiffs' counsel has already demonstrated a repeated abuse of motion practice.

## IV. PLAINTIFF'S PRIOR MISUSE OF PRIVILEGE CLAIMS (DE 67) FURTHER DEMONSTRATES PROCEDURAL ABUSE

Plaintiff's counsel has a history of manipulating privilege claims to suppress evidence:

- DE 67 shows that Plaintiff opposed Defendant's challenge to privilege claims regarding key employment documents.

- Plaintiff strategically invoked privilege to block damaging evidence while selectively waiving privilege when it suited his case.

This pattern of procedural manipulation mirrors the same bad-faith litigation tactics present in this motion.

## V. REQUEST FOR SANCTIONS UNDER RULE 37

Given Plaintiffs' ongoing bad-faith litigation tactics, Defendant respectfully requests that this Court:

1. STRIKE Plaintiffs' Motion for Leave to File Surreply (DE 284) as procedurally improper.

2. DENY Plaintiffs' request to file a surreply, as no new issues were introduced in Defendant's Reply (DE 283).

3. IMPOSE SANCTIONS under Rule 37(b) and the Court's inherent authority for Plaintiffs' continued misuse of discovery, procedural abuse, and misrepresentations to the Court.

## VI. CONCLUSION

Plaintiff's Motion for Leave to File a Surreply (DE 284) is procedurally improper and should be denied because:

1. Defendant's Reply (DE 283) did not raise new arguments—all issues were presented in Defendant's Motion to Dismiss (DE 275) and exhibits (DE 275-1 & DE 275-2).

2. Plaintiff's broader litigation strategy relies on bad-faith tactics, including weaponization of the CSA (DE 105), retaliation through the legal system (DE 39), and misuse of privilege claims (DE 67).

3. Allowing a surreply would reward excessive motion practice and delay tactics.

Accordingly, Defendant respectfully requests that this Court DENY Plaintiff's Motion for Leave to File a Surreply (DE 284) in its entirety.

Dated: February 4, 2025

By: <u>Ronda Delapina McNae</u>
Pro Se Defendant
504 11th PL Kirkland, WA 98033
Tel: (206) 914-6752
Prose.mcnae@gmail.com

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Defendant certifies that she engaged in active communication with Plaintiffs' counsel, Meredith Gussin and Peter Berlowe, regarding this motion between January 31 and February 3, 2025 (Exhibit A). During this time, Defendant sought Plaintiffs' position on striking DE 284 as procedurally improper. Despite repeated inquiries, Ms. Gussin refused to provide a definitive answer and instead prolonged the conferral process. Given that Plaintiff historically oppose any motion that does not align with their litigation strategy, and given their refusal to state their position clearly, Defendant assumes Plaintiffs oppose this motion. Accordingly, Defendant submits this motion for the Court's consideration.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2025, a true copy of the foregoing Motion was sent via FedEx to the Clerk of the Court, Southern District of Florida, 400 N. Miami Ave, Room 8N09, Miami, FL 33128, and Plaintiff's counsel, in compliance with pro se litigant requirements.

<u>SERVICE LIST</u>
Peter E. Berlowe, Esq.
Meredith Gussin, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com
mjg@assoulineberlowe.com
*Counsel for Plaintiffs*

# Exhibit A



## Fitzgerald v. McNae Inbox ×

**Meredith J. Gussin**   Jan 31 2025, 3:04 PM (3 days ago)
to me Peter

Ms. McNae,
We are in receipt of your reply brief in Support of your Motion to Dismiss (DE 283). After review, it has come to light that you asserted new arguments that are beyond the scope of what was included in your Motion or our response. Additionally, you included several documents that were produced during discovery that were marked Confidential. Please advise if you would like to meet and confer on this; otherwise, we would like to file a brief 3-4 page surreply. Kindly advise if you have any opposition to us filing same. I look forward to hearing from you.

**Meredith J. Gussin, Esq.**
**Litigation**



## Response to Your Concerns Regarding DE 283

**Ronda McNae** <rose.mcnae@gmail.com>   Fri, Jan 31, 3:44 PM (3 days ago)
to Meredith, Peter

Dear Ms. Gussin,

Thank you for your email regarding DE 283. I appreciate your attention to the details of my reply brief.

To clarify, the arguments raised in DE 283 are not entirely new but are rather expansions on the systemic discovery misconduct that I have consistently referenced throughout these proceedings. My intention was to provide the Court with additional context and evidence demonstrating the pattern of procedural violations and suppression tactics employed.

As for the "Confidential" documents you referenced, please identify specifically which ones you believe were improperly included. To my knowledge, the documents I cited were either supplied without a "Confidential" designation or were provided to your expert, Sheri Fiske, without retaining such designation, effectively removing their confidential status.

That said, I am open to a good-faith discussion to address your concerns. If we cannot resolve this matter informally over email, I would kindly request that you share your specific objections to facilitate a focused and productive exchange. As other bodies are now involved and looking into the matter (that go beyond this immediate litigation), email will have to suffice.

I look forward to your response.

Best regards,
Ronda McNae

12

On Fri, Jan 31, 2025 at 3:54 PM Meredith J. Gussin <mjg@assoulineberlowe.com> wrote:

What other bodies are you referring to?

The documents that were marked confidential are pages 18-20, 22, 24-27 of your reply brief at Exhibit B. Can you advise where you found those documents as the bates labels have been redacted?

As to new arguments those include reference to Neil Lomax and my husband, Grant Gussin; allegations regarding SEC violations, providing a timeline to Dr DiTomasso, and Ms. De Varona's affidavit. These were not included in your initial motion and are, therefore, beyond the scope of what is appropriate in a reply brief.

Get Outlook for iOS

---

**From:** Ronda McNae <erose.rmcnae@gmail.com>
**Sent:** Friday, January 31, 2025 7:08:24 PM
**To:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Cc:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** Re: Response to Your Concerns Regarding DE 283

Ms. Gussin,

A quick review confirms that you are mistaken regarding pages 24-27. I encourage you to carefully review your own production. I will locate the copies I received of pages 18-20 and 22 in the next few hours as I'm home with all the kids. If I inadvertently produced these and they were marked, I will rectify or call the chambers to figure out the best procedure in hopes to make an update immediately.

Additionally, what new arguments are you referring to? If I'm not in agreement with your assertion, I will move to strike your motion.

It is particularly ironic that the very documents you now claim are marked "confidential"—internal HR records I previously shared with Microsoft—have been weaponized against my family. This is especially troubling given that I exercised discretion in their disclosure, aligning with Honorable Magistrate Judge Becerra's guidance regarding overbroad designations.

Regarding other governing bodies, my position was made clear in my most recent filing in response to your premature request for a case management conference.

Regards,

Ronda

## Re: Response to Your Concerns Regarding DE 283          🖶   ⇱

**Ronda McNae** <pro.se.rondac@gmail.com>          Fri, Jan 31, 5:13 PM, 3 days ago   ☆   ☺   ↩   ⋮
to Meredith, Peter ▾

Ms. Gussin,

If your primary concern is the Grant Gussin issue, I am open to discussing a resolution, though I firmly believe it strongly supports my case. I want to approach this matter in good faith.

-Ronda

On Fri, Jan 31, 2025 at 4:10 PM Meredith J. Gussin <mjg@assoulineberlowe.com> wrote:
  If you disclosed those documents to Microsoft that is in violation of the protective order set in place in this case.

  I listed the new arguments in my prior email.

---

**From:** Ronda McNae <pro.se.rmcnae@gmail.com>
**Sent:** Friday, January 31, 2025 11:54:47 PM
**To:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Cc:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** Re: Response to Your Concerns Regarding DE 283

Drafting a motion now, please let me know the reason for the designations for these documents. I'm still searching for the first couple pages as the copies I have were snapshots (hence) not having the designation.

-Ronda

On Fri, Jan 31, 2025 at 8:01 PM Meredith J. Gussin <mjg@assoulineberlowe.com> wrote:
  What sort of resolution do you propose? That is not my primary concern. All the new issues remain equally of issue insofar as they are beyond the scope of your motion.

  Additionally, will you be voluntarily seeking a removal from the docket of the confidential documents? If not, I believe it is proper for the court to rule on the propriety of your inclusion of protected material in direct violation of the protective order which sets forth the procedure to question or challenge any designation. Your belief that the documents are not confidential isn't sufficient.

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Saturday, February 1, 2025 6:09:49 AM
**To:** Ronda McNae <prose.rmcnae@gmail.com>
**Cc:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** Re: Response to Your Concerns Regarding DE 283

The documents were designated as confidential in the discovery process. The documents you provided neither have this designation nor the bates label which raises our concerns.

Filing another motion by you does not answer whether or not you are opposed to plaintiff filing a surreply to address these issues. Can you please advise whether or not you are opposed to us filing a brief surreply at this time? Thank you.

---

**Ronda McNae** <prose.rmcnae@gmail.com>                    Sat, Feb 1, 7:53 AM 2 hours ago    ☆  ☺  ↩  ⋮
to Meredith, Peter (prose.rmcnae) ▾

Ms. Gussin,

I apologize, but I do oppose your motion. I did not raise new arguments; I referenced items from prior filings, as well as in this filing, to provide context and explain the broader issue of misconduct.

Could you please clarify the confidentiality designations for the documents in question? I have noticed some discrepancies and am trying to understand your client's rationale. It seems that a number of documents listed as confidential may no longer qualify under that designation.

This needs to be addressed in the state case considering you have pointed to the discovery in this case with some designations that may no longer apply.


Regards,

Ronda

---

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Friday, January 31, 2025 8:01:06 PM
**To:** Ronda McNae <prose.rmcnae@gmail.com>
**Cc:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** Re: Response to Your Concerns Regarding DE 283

What sort of resolution do you propose? That is not my primary concern. All the new issues remain equally of issue insofar as they are beyond the scope of your motion.

Additionally, will you be voluntarily seeking a removal from the docket of the confidential documents? If not, I believe it is proper for the court to rule on the propriety of your inclusion of protected material in direct violation of the protective order which sets forth the procedure to question or challenge any designation. Your belief that the documents are not confidential isn't sufficient.

**Ronda McNae** rondsa.mcnae@gmail.com   Fri, Jan 31, 8:15 PM (3 days ago)   ☆   ☺   ↩   ⋮
to Meredith Peter ▼

 I understand your concerns and appreciate your communication. I believe the documents included in my filing are highly relevant and directly address the discovery misconduct issues raised. Help me understand the confidentiality designations for the documents you believe are confidential. As you mentioned, there are 14,000 documents, many of which are mine and were produced without any confidentiality designation—and look where that has led us. I have not used any discovery materials outside of this case, which unfortunately cannot be said for Fitzgerald. I will follow court procedures with these documents. With that, please explain the designation for each document please? Including those that have been produced to third parties without designation.

-Ronda

---

**Ronda McNae** rondsa.mcnae@gmail.com   Sat, Feb 1, 1:03 AM (2 days ago)   ☆   ☺   ↩   ⋮
to Meredith Peter and williamcd ▼

Ms. Gussin,

I apologize, but I do oppose your motion. I did not raise new arguments; I referenced items from prior filings, as well as in this filing, to provide context and explain the broader issue of misconduct.

Could you please clarify the confidentiality designations for the documents in question? I have noticed some discrepancies and am trying to understand your client's rationale. It seems that a number of documents listed as confidential may no longer qualify under that designation.

This needs to be addressed in the state case considering you have pointed to the discovery in this case with some designations that may no longer apply.

Regards,

Ronda

**Ronda McNae** <prose.mcnae.@gmail.com>                    Sat, Feb 1, 11:45 AM (2 days ago)    ☆ ☺ ↩ ⋮
to Meredith, Will, Peter ▾

Ms. Gussin,

I found a prior filing that supports why I have copies of some emails that aren't marked confidential. Though you assume otherwise. I will alert the court. You still haven't answered the question below.

Could you please clarify the confidentiality designations for the documents in question? Why do you believe they are still protected? I would like to include in my motion.

Thanks,

Ronda

---

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Saturday, February 1, 2025 11:46:55 AM
**To:** Ronda McNae <prose.mcnae@gmail.com>
**Cc:** Will McNae <prose.mcnae@gmail.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Notice of Court Filing: Fitzgerald v. McNae Case No. 22-22171

What prior filing are you referring to?

The documents are confidential because they were marked confidential when produced in discovery and Plaintiff has not waived his designations.

**Meredith J. Gussin, Esq.**

**Ronda McNae** ‹prose.mcnae.rgmail.com›                    Sat, Feb 1, 12:00 PM (2 days ago)    ☆   ☺   ↩   ⋮
to Meredith, WP, Peter ▾

Ms. Gussin,

With all due respect, you're avoiding my question rather than addressing it directly. I have asked the same question several times now.

Please clarify the specific basis for  why  the confidentiality designations are appropriate, especially given where we are in the case. I am trying to understand your reasoning so I can determine whether any of them should be challenged.


Regards,
Ronda

---

**Ronda McNae** ‹prose.mcnae.rgmail.com›                    Sat, Feb 1, 2:14 PM (2 days ago)    ☆   ☺   ↩   ⋮
to Meredith, Peter, WP ▾

Dear Ms. Gussin,

I am writing to confer with you regarding my request to obtain e-filing privileges in this matter.

As you are aware, I have been required to file all documents manually, which creates unnecessary delays and additional burdens. Given the volume of filings and the need to efficiently litigate this case, I intend to seek leave of Court to file electronically pursuant to Southern District of Florida Local Rule 5.1 and Administrative Order 2023-7.

Please confirm whether you oppose my request for e-filing privileges. If you oppose, please provide your basis so that I may include your position in my motion to the Court.

Additionally, I intend to file a motion regarding the Confidentiality Designations regarding certain documents that have been improperly designated as "Confidential" under the Protective Order. These documents do not contain trade secrets, proprietary business information, or personally sensitive data and have been misused to obstruct discovery and suppress key evidence.

Please advise whether you oppose this motion as well. If you do, I request that you provide your legal basis for maintaining these confidentiality designations so that I may address it in my motion.

I appreciate your prompt response, as I plan to file sometime early next week.

1) Oppose e-filing privileges?

2) Confidentiality Designations? Provide your position and the legal basis please.

Best regards,
Ronda McNae

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Sunday, February 2, 2025 7:10:08 AM
**To:** Ronda McNae <prose.rmcnae@gmail.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>; Will McNae <prose.wmcnae@gmail.com>
**Subject:** Re: Conferral Regarding E-Filing Request

We will provide you with our response by close of business tomorrow. Thank you.

---

**Ronda McNae** prose.rmcnae@gmail.com   Sun Feb 2 3:47 PM (1 day ago)   ☆   ☺   ↩   ⋮
to Meredith, Peter, Will ▾

Ms. Gussin,

To keep this straightforward, do you oppose my Motion to Challenge the Confidentiality Designations? A simple yes or no will suffice.

Additionally, do you oppose my Motion to Request E-Filing Privileges?

I will be filing a Motion to Strike, as I previously mentioned. There are also several issues concerning expert testimony that I intend to bring to the Court's attention, though I am still determining the best course of action.

Furthermore, I have uncovered additional evidence that further supports my concerns regarding harassment and intimidation through Instagram. I will follow up with the motion I intend to file on this issue.

Considering I gave you my position and you deflected any response to my prior emails, please provide your position on these motions by 12PM your time tomorrow.

Regards,

Ronda McNae

**From:** Ronda McNae <prosecrmcnae@gmail.com>

**Sent:** Sunday, February 2, 2025 8:51 PM

**To:** Meredith J. Gussin <mjgussin@assoulineberlowe.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>; Will McNae <prosecrmcnae@gmail.com>

**Subject:** Conferral Regarding Additional Evidence supporting DE 275

Ms. Gussin,

Pursuant to Local Rule 7.1(a)(3), I am reaching out to confer regarding my intent to file a **Notice of Additional Evidence in Support of Defendant's Motion to Dismiss (DE 275)**. Since filing my Reply in Support of the Motion to Dismiss, I have become aware of additional evidence of litigation misconduct that further supports dismissal.

This Notice is intended to ensure the Court has all relevant information before ruling on the pending Motion to Dismiss. Please advise whether you oppose or do not oppose the filing of this Notice.

I kindly request a response by 12PM Tuesday, so I may include your position in the Certificate of Conferral. If I do not receive a response by that time, I will indicate in my filing that a good-faith attempt to confer was made, but no response was received.

Thank you for your time and attention to this matter.

Best regards,
Ronda McNae

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>

**Sent:** Monday, February 3, 2025 4:41 AM

**To:** Ronda McNae <prosecrmcnae@gmail.com>; Meredith J. Gussin <mjgussin@assoulineberlowe.com>; Will McNae <prosecrmcnae@gmail.com>

**Subject:** RE: Conferral Regarding Additional Evidence supporting DE 275

Sure.  Call whenever you have time, so we can have a meaningful meet and confer.

**Peter E. Berlowe, Esq.**

**Sent:** Monday, February 3, 2025 9:51 AM
**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>; Meredith J. Gussin <mjg@assoulineberlowe.com>; Will McNae <prjoeymcnae@gmail.com>
**Subject:** Re: Conferral Regarding Additional Evidence supporting DE 275

Counsel,

I acknowledge your request for a phone conferral. However, given the history of our communications and dynamics, I will only communicate in writing to ensure clarity, accuracy, and a complete record of discussions. I respectfully request that all correspondence be conducted via email or formal court filings.

I will wait until 12:00PM ET Tuesday, before submitting my filings (stayed below) to allow you an opportunity to provide a written response.

For the prior motions I have emailed requesting your sides position, I request a response by 12PM ET today as I have given proper time considering the back and forth email correspondence.

Lastly, I was advised to keep all communications in writing, especially given my recent submission of information to regulatory authorities.

Regards,

Ronda

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, February 3, 2025 7:01:56 AM
**To:** Ronda McNae <prose.mcnae@gmail.com>
**Cc:** Keisha Hall <khall@atlanticintalegal.com>; Meredith J. Gussin <mjg@assoulineberlowe.com>
**Subject:** RE: Conferral Regarding Additional Evidence supporting DE 275

Dear Mrs. McNae:


We cannot confer in any way when you do not give any specifics.  We do not know your arguments.  We do not know the bates numbers of the pages you are referring to.  Meet and confer is not a game of pulling teeth.  We should have to guess what you are trying to argue.  Please provide details.


I am copying Mr. McNae's counsel, because he is represented by counsel in the State Court case, and we do not want to have a communication with someone we know to be represented by counsel.  I would ask that you stop copying him on this case, if you don't want us to copy his counsel on our replies.


Sincerely,


**Peter E. Berlowe, Esq.**

**Ronda McNae**  

Counsel,

I have made multiple good-faith efforts to confer under **Local Rule 7.1(a)(3)** regarding my intent to file the following motions:

1. **Motion for E-Filing Privileges** – Due to the ongoing difficulties of manually filing documents, I am requesting permission from the Court to file electronically through CM/ECF to ensure efficiency and timely filings.
2. **Motion to Challenge Confidentiality Designations** – I have repeatedly requested clarification as to Plaintiffs' confidentiality designations and have not received sufficient justification. As such, I intend to formally challenge certain confidentiality designations that appear improper or selectively applied.

For the above motions, please advise by **12:00 PM ET today** whether you oppose or do not oppose.

Additionally, I am conferring regarding my **Notice of Additional Evidence in Support of Defendant's Motion to Dismiss (DE 275)**, which addresses new evidence of litigation misconduct, including:

- **The withholding of key materials from expert witnesses.**
- **Improper surveillance of my social media accounts (additional individuals)**
- **Selective disclosure of documents to experts.**
- **Discrepancies in the expert witness transcript, raising concerns about accuracy etc.**

Conferral does not require me to provide a full legal brief or Bates numbers, only a reasonable summary of the nature of my filing. I have clearly stated the basis for my filings, and any further details will be provided in the actual motions submitted to the Court.

Please advise by **12:00 PM ET on Tuesday** whether you oppose or do not oppose the filing of this Notice.

If I do not receive a response by the respective deadlines, I will indicate in my filings that I made a good-faith attempt to confer, but opposing counsel failed to provide a position.

Regarding your request that I cease copying Mr. McNae on communications: As I previously stated, the federal court has ordered me to include him on case-related emails, and I will continue to comply with the Court's directive. If you have concerns about this, I suggest you address them with the Court rather than attempt to impose unilateral restrictions. To clarify, the federal court order applies strictly to the federal case and has no impact on the state court action. This order was issued when Will was represented by Richard Gomez in the state matter. Ms. Casey previously informed Will that if Mr. Gomez were representing him in the federal case, then all federal case-related emails would be sent to him. However, we ensured this was not the case.

Advise on your position to the above motions, thank you.

Regards,
Ronda McNae

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, February 3, 2025 8:04:42 AM
**To:** Ronda McNae <ronda_mcnae@gmail.com>
**Cc:** Meredith J. Gussin <mjg@assoulineberlowe.com>; Keisha Hall <khall@allpointslegal.com>
**Subject:** RE: Conferral Regarding Additional Evidence supporting DE 275

Dear Mrs. McNae:

Thank you for your email but it is very light on details.  How can we confer with you on a confidentiality designation if you refuse to give us the bates number of the document?  We cannot read your mind.

How can we confer with you about withholding "key materials" from expert witnesses if you don't tells us what the "key materials" are?

How can we confer with you about this alleged "improper surveillance" of your public social media accounts or identify the individuals?  If your referring to me, yes I recently looked at your account to see whether you are continuing to violate the confidential settlement agreement.  We will continue to monitor your public social media accounts. as there is nothing improper at doing so.

What "selective disclosure" of documents are you referring to?  Which documents?  What bates numbers?

What discrepancies in expert witness transcripts?  Which transcripts?  What line and page should we look at?

Confer in good faith please.

Sincerely,


**Peter E. Berlowe, Esq.**



**Ronda McNae**

See attached

**Meredith J. Gussin**          Jan 31
To You and Peter E. Berlowe

What other bodies are you referring to?

The documents that were marked confidential are pages 18-20, 22, 24-27 of your reply brief at Exhibit B. Can you advise where you found those documents as the bates labels have been redacted?

As to new arguments those include reference to Neil Lomax and my husband, Grant Gussin; allegations regarding SEC violations, providing a timeline to Dr DiTomasso, and Ms. De Varona's affidavit. These were not included in your initial motion and are, therefore, beyond the scope of what is appropriate in a reply brief.

**Get** Outlook for iOS

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Monday, February 3, 2025 8:40 AM
**To:** Ronda McNae <ronda.mcnae@gmail.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Cc:** Keisha Hall <keisha@assoulineberlowe.com>
**Subject:** RE: Conferral Regarding Additional Evidence supporting DE 275

Ronda,

The attached email includes those documents that you produced in your Reply brief that we had disclosed as confidential in discovery. You advised that you received copies of those documents via "snapshot." I am not sure what that means, but if you could provide us with the bates label of the documents you included at pages 18-20, 22, 24-27 of your Reply, we can have a meaningful conferral.

As to your request to e-file, the Administrative Procedures of the Southern District of Florida CM/ECF provides at Section 2c: "Pro se litigants will not be permitted to register as Users at this time and must file their documents in the conventional manner."

This is Court procedure, and it is not something an attorney can agree to. As stated previously, your request is not within our purview to grant.

**Meredith J. Gussin, Esq.**
**Litigation**

**Ronda McNae** <ronda.mcnae.signal.com>

to Meredith, Peter

Counsel,

Regarding e-filing privileges, I have written to the Judicial Conference of the United States to advocate for meaningful reform. While I will (very) soon have counsel appearing in my case (which moots my request for your position), my experience underscores the significant prejudice faced by pro se litigants. My case serves as a compelling example of the systemic disparities, especially for those without legal insurance—unlike myself, who now has two policies—or the financial resources to sustain prolonged litigation.

The substantial costs I have personally incurred in filing and managing this case further highlight the urgent need for reform. I am committed to continuing this advocacy to ensure that future litigants are not subjected to the same inequities.

Lastly, it is counsel for SoftwareONE, not you, Peter, that I have observed lurking around my Instagram account. While my profile is public, a valid account must still be signed in to view my stories, as those are only accessible to signed-in users. This collective behavior is troubling, particularly given my recent reports to regulatory bodies and the concerns surrounding the IPO. It further underscores the broader pattern of concerning conduct in this case.

-Ronda

Align top c



ORIGIN ID:PAEA   (425) 941-7374
WILLIAM MCNAE
504 11TH PL

KIRKLAND, WA 98033
UNITED STATES US

SHIP DATE: 04FEB25
ACTWGT: 1.60 LB
CAD: 6570483/RGSA2610

TO **COURT CLERK**
**MIAMI COURT HOUSE**
**400 N MIAMI AVE**
**ROOM# 8N09**
**MIAMI FL 33128**
(000) 000-0000

REF:

DEPT:

**FedEx**
Express

E

TRK#   **7718 7509 2996**
0201

WED – 05 FEB 12:00P
PRIORITY OVERNIGHT

**X6 MPBA**

RES
**33128**
FL-US   MIA

458-1063
PRIORITY OVERNIGHT

OVERNIGHT

33128-1805-49
MIAMI,FL