IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22171-JEM

MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

          Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

          Defendants.

_____/

FILED BY_____D.C.

FEB - 6 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## **DEFENDANT'S MOTION TO CHALLENGE CONFIDENTIALITY DESIGNATIONS**

Defendant Ronda McNae, appearing pro se, moves this Court to strike the improper confidentiality designations applied by Plaintiff Michael Fitzgerald to certain documents produced in discovery. Plaintiff's misuse of confidentiality designations is part of a broader pattern of discovery misconduct aimed at suppressing unfavorable evidence and obstructing Defendant's ability to present her case. These actions violate both the Agreed Protective Order and Rule 26(c) of the Federal Rules of Civil Procedure. "These designations violate Rule 26(c) of the Federal Rules of Civil Procedure and the **Agreed Protective Order Governing the Use and Disclosure of Protected Material (Exhibit A)** because they:

1. Suppress evidence contradicting Plaintiff's claims regarding his separation from SoftwareONE.

2. Obstruct discovery of SoftwareONE's internal findings, which validate Defendant's prior misconduct reports.

3. Hinder Defendant's ability to litigate fairly by improperly restricting the use of non-confidential materials.

Defendant seeks relief under Paragraph 5 of the Protective Order, which allows challenges to confidentiality designations.

## I. INTRODUCTION

Plaintiff improperly designated documents as Confidential to shield damaging evidence rather than to protect any legitimate business interest. These documents contain:

- Plaintiff's employment and voluntary separation from SoftwareONE.

- SoftwareONE's internal findings regarding Plaintiff's conduct.

No Legitimate Basis for Confidentiality

- The Agreed Protective Order (Paragraph 6) explicitly prohibits the designation of entire document productions as confidential.

- The challenged emails contain no trade secrets, proprietary business information, or personally sensitive data and do not meet the Rule 26(c) standard for confidentiality.

- Plaintiff has already disclosed these emails to expert witnesses, waiving any claim of confidentiality.

- Plaintiff has relied on DE 211 and related filings that incorporate these very documents, further undermining their confidentiality claims.

Accordingly, Defendant respectfully requests that the Court strike these improper confidentiality designations.

## II. BACKGROUND

This motion arises from Plaintiff Michael Fitzgerald's improper designation of certain discovery materials as "Confidential" under the Agreed Protective Order. Rather than serving a legitimate legal or business interest, these confidentiality designations have been strategically applied to suppress unfavorable evidence, obstruct discovery, and disadvantage Defendant Ronda McNae in these proceedings.

During a prior hearing, Honorable Judge Becerra explicitly warned counsel against the improper or overly broad application of confidentiality designations. Honorable Judge Becerra stated, "You can't just say everything in the case is attorneys' eyes only. I've never heard of that." The judge emphasized that confidentiality designations, particularly "attorneys' eyes only," must be narrowly tailored and supported by legitimate reasons under the Agreed Protective Order and Rule 26(c) standards.

Honorable Judge Becerra further cautioned that, "If you're too broad on that brush, I'll hear from you then." The judge highlighted that inappropriate over-designation of documents would result in unnecessary litigation and judicial intervention to resolve disputes. *(See Below)*

> MS. FOTIU-WOJTOWICZ: He's asked for all documents
> produced to be attorneys' eyes only
> THE COURT: Well, there's no way you can have a
> protective order that says that, right? Typically, in a
> protective order, it says things can be marked attorneys' eyes

only

You can't just say everything in the case is attorneys'
eyes only   I've never heard of that, Counsel   But if there's
documents that you're producing and you want to limit it to
attorneys' eyes only and you're too broad on that brush, I'll
hear from you then

You know, if Microsoft is going to produce documents in
this case, then they're going to produce them to the parties
I mean, they're not going to be subject to an attorneys' eyes
only provision as the third party unless you come up with some
other terms to do so

But I caution you to not be too low on the attorneys' eyes
only because these cases typically would require some -- I
could envision documents that would be appropriate for them to
be attorneys' eyes only

Don't broad [sic] them with too broad of a brush, or we're
going to be spending a lot of time together going through
documents and having me rule that they are or not attorneys'
eyes only because -- obviously, we'll do that if the brush
that's painted on them is too broad

Despite explicit warnings from the Court, Plaintiff continues to abuse confidentiality designations by indiscriminately applying them to entire categories of documents without legitimate basis. This improper conduct shields routine business documents and internal investigations from disclosure, creating unnecessary burdens for both the Court and Defendant, and forcing costly and time-consuming challenges that could have been avoided through proper application of the protective order.

**A. Plaintiff Misuses of Confidentiality Designations**

Plaintiff improperly designated routine business communications, investigative findings, and internal correspondence as "Confidential," despite these documents containing no trade secrets, proprietary business information, or privileged legal communications. These documents primarily relate to:

- **Plaintiff's employment and voluntary separation from SoftwareONE.**

- **SoftwareONE's internal investigation into Plaintiff's conduct.**

- **Communications between SoftwareONE leadership concerning allegations against Plaintiff.**

Under Rule 26(c) of the Federal Rules of Civil Procedure, confidentiality protections are limited to materials containing trade secrets, proprietary business practices, or privileged legal

advice. The challenged documents do not meet this standard. Instead, these materials provide critical evidence contradicting Plaintiff's claims and revealing SoftwareONE's independent findings regarding his conduct.

Moreover, SoftwareONE's refusal to provide Fitzgerald with its investigation results demonstrates that these findings were not part of a joint legal strategy and should not be protected under a common legal interest privilege. Courts have repeatedly held that confidentiality cannot be used to shield unfavorable evidence, particularly when the information has already been selectively disclosed to certain parties.

**B. Plaintiff's Selective Use of Confidentiality and Discovery Materials**

Plaintiff's approach to confidentiality designations has been inconsistent and strategically self-serving. On one hand, he seeks to withhold damaging evidence by applying broad and improper confidentiality designations. On the other, he has selectively disclosed materials produced in this federal case in separate state court litigation to gain an unfair advantage.

For example:

1. **Plaintiff has introduced discovery materials from this federal case in a separate lawsuit against Will McNae.**

   - These materials include internal Microsoft HR communications, workplace investigations, and other sensitive employer-employee records.

   - Plaintiff's use of these materials in an unrelated legal proceeding contradicts his claims that similar records in this case should remain confidential.

2. **Plaintiff disclosed select discovery materials to his expert witness while withholding full email threads.**

   - This selective disclosure distorts the evidentiary record and denies access to critical context.

   - Courts have consistently rejected such tactics as improper discovery abuse.

3. **Despite Judge Becerra's prior warnings against over-designation, Plaintiff continues to broadly and unjustifiably apply confidentiality claims.**

- Plaintiff's attorneys have previously been cautioned about excessive confidentiality designations and until now, Defendant has sought to avoid unnecessary litigation costs by not challenging each document individually before Judge Becerra.

- Despite this, Plaintiff continues to abuse confidentiality claims to suppress key documents while simultaneously exploiting non-designated materials in collateral litigation.

These actions highlight the bad-faith nature of Plaintiff's confidentiality designations. Instead of being used to protect legitimate confidential information, these designations serve as a litigation tactic to suppress unfavorable evidence while selectively benefiting from the discovery process.

**C. SoftwareONE's Failure to Log or Disclose Relevant Documents**

Adding to the issue, SoftwareONE has refused to disclose critical documents regarding Plaintiff's employment separation and prior allegations against him. Despite acknowledging the existence of certain records before Judge Becerra, SoftwareONE has:

- Failed to log key investigative findings on its privilege log.

- Improperly withheld documents concerning allegations of misconduct involving Plaintiff.

- Suppressed records related to *Doe v. SoftwareONE*, a prior lawsuit alleging a toxic workplace culture that protected high-level executives such as Plaintiff.

SoftwareONE's refusal to produce these documents raises serious concerns about its compliance with federal discovery rules and further undermines the legitimacy of its confidentiality claims. Courts have repeatedly held that selective non-disclosure and improper confidentiality designations constitute discovery misconduct. Accordingly, this motion seeks to correct these abuses by striking improper confidentiality designations, compelling full disclosure of relevant materials, and ensuring that Plaintiff does not gain an unfair litigation advantage through selective and inconsistent application of confidentiality protections.

**III. LEGAL STANDARD**

Plaintiff and SoftwareONE may attempt to justify their confidentiality designations by invoking the common legal interest doctrine. However, this argument is meritless. Courts have consistently held that for the common legal interest doctrine to apply, the parties must share a current, active, and mutual legal defense strategy—not merely a past relationship or aligned business interest.

## A. Improper Confidentiality Designations Under Rule 26(c)

Plaintiff's misuse of confidentiality designations is part of a broader strategy to suppress unfavorable evidence while engaging in improper surveillance and intimidation tactics outside the discovery process. Defendant has identified clear instances of unauthorized monitoring of her private social media accounts by Plaintiff's counsel and associates, raising serious ethical and procedural concerns. The Court should address this misconduct as part of its ruling on Plaintiff's bad-faith litigation tactics.

- Rule 26(c) limits confidentiality protections to documents containing:

    1. Trade secrets.

    2. Proprietary business information.

    3. Privileged legal communications.

- The *Kaplan v. Nautilus Ins. Co.* decision confirms that routine corporate discussions do not qualify for confidentiality protection.

## B. The Common Legal Interest Doctrine Does Not Apply Here:

1. SoftwareONE conducted an independent internal investigation into Plaintiff's conduct, which ultimately resulted in Fitzgerald voluntarily separating from SoftwareONE UK in February 2023.

2. SoftwareONE refused to provide Fitzgerald with its investigation results, proving there was no shared legal strategy.

3. SoftwareONE's suppression of *Doe v. SoftwareONE* records suggests a deliberate effort to withhold damaging information rather than a legitimate confidentiality interest.

Relevant Case Law:

- *United States v. Patel, 509 F. Supp. 3d 1334, 1344 (S.D. Fla. 2020)* ("A shared desire to see the same outcome in a legal matter is not sufficient to establish a common legal interest.")

- *Del Monte Int'l GMBH v. Ticofrut, S.A., 2017 WL 1709784, at 4 (S.D. Fla. May 2, 2017)* (rejecting a common interest claim when parties no longer had aligned legal goals)

### C. No Ongoing Common Legal Interest Exists

- SoftwareONE conducted an independent internal investigation into Fitzgerald's conduct, which resulted in his voluntary separation in February 2023.

- SoftwareONE refused to provide Fitzgerald with the investigation results, demonstrating that it does not share a privileged legal relationship with him.

- Courts have held that retroactively claiming a common legal interest after legal objectives have diverged is improper. *(\*Del Monte, 2017 WL 1709784 at 7).*

Because SoftwareONE's findings were not developed in coordination with Plaintiff for a joint legal strategy, these confidentiality designations must be stricken.

### IV. PLAINTIFF'S MISUSE OF DISCOVERY MATERIALS

### A. Selective Disclosure to Experts Distorts the Evidentiary Record

- Plaintiff disclosed certain emails to expert witness Sheri Fiske while withholding full email threads from Defendant.

- This violates Rule 26(g), which prohibits misleading discovery practices.

- Selective production waives confidentiality protections for related materials. (United States v. Patel, 509 F. Supp. 3d at 1344).

### B. Plaintiff Has Weaponized Discovery Materials in Unrelated Litigation

- Fitzgerald has improperly used confidential discovery materials from this case in a separate state court lawsuit against Will McNae.

- Confidentiality protections cannot be exploited for an unfair tactical advantage (*Kaplan, 2018 WL 6445886 at 2*).

## C. Public Policy Requires Disclosure

The Sunshine in Litigation Act was enacted to prevent precisely this type of misconduct, where confidentiality designations are weaponized to conceal evidence of wrongdoing and undermine public accountability. Courts in Florida have consistently enforced this policy to ensure fairness and transparency in litigation.

**Public Policy Concerns Under Florida's Sunshine Law** – Florida's Sunshine in Litigation Act (Fla. Stat. § 69.081) prohibits confidentiality agreements or designations that conceal evidence of misconduct or harm to the public. Courts applying this law routinely reject overbroad confidentiality claims that shield evidence of wrongdoing or prevent public awareness of significant issues, such as workplace harassment or misconduct. SoftwareONE's and Plaintiff's improper designations and refusal to produce findings contravene this public policy by suppressing records that:

- Reveal pre-existing allegations against Plaintiff involving workplace misconduct.

- Validate Defendant's concerns about systemic issues at SoftwareONE, including a "boys' club" culture that shielded executives from accountability.

- Contain information critical to understanding the broader context of Plaintiff's reputational damage.

By improperly designating documents and refusing to produce relevant records, Plaintiff and SoftwareONE are attempting to suppress evidence that could benefit not only Defendant but also the public interest. Courts have held that such practices violate the principles of transparency and accountability embedded in Florida's Sunshine Law. Defendant respectfully requests that the Court strike these designations and compel full disclosure to ensure compliance with both the Protective Order and public policy.

- Florida's Sunshine in Litigation Act (Fla. Stat. § 69.081) prohibits confidentiality agreements that suppress evidence of misconduct.

- Courts reject strategic confidentiality designations that conceal misconduct from the public. (Del Monte, 2017 WL 1709784).

D. **Plaintiff's Misue of Microsoft HR Emails** – Plaintiff has improperly weaponized sensitive internal communications between Microsoft's Human Resources department and Will McNae. These communications, obtained solely through discovery in this federal action, were misused in collateral state court litigation to bolster Plaintiff's claims against Will McNae. Such misuse is directly at odds with the principles of fair discovery and violates the Agreed Protective Order. These emails were:

- Highly sensitive and private communications concerning workplace investigations.
- Explicitly limited to this litigation and not intended for use in unrelated legal matters.
- Exploited to create undue prejudice, causing significant harm to Defendant's ability to defend herself and her family in multiple jurisdictions.

This misuse underscores Plaintiffs' strategic manipulation of the discovery process to gain an unfair advantage, in clear violation of the intent and terms of the Protective Order.

E. **Misuse of Highly Sensitive Discovery Materials in Collateral Litigation** – Plaintiff's misuse of highly sensitive discovery materials produced in this federal action to advance his separate state court case against Will McNae is a clear abuse of the discovery process and a violation of the principles underlying judicial efficiency and fairness. Although the documents Plaintiff used in the state court action were not designated confidential at the time of production, Judge Becerra previously cautioned the parties about the over-designation of documents and the burdens associated with challenging each document individually. Defendant, in an effort to avoid unnecessary litigation costs, refrained from challenging the designation of every document before Judge Becerra. Despite this, Plaintiff has now exploited these materials in state court, including sensitive internal workplace communications between Will McNae and Microsoft's Human Resources and investigative team. These documents:

- Were obtained solely through discovery in this federal litigation.

10

- Contain private employer-employee communications that are highly sensitive in nature.

- Have been improperly used to entangle unrelated legal proceedings for a strategic advantage.

Improper Use of Internal Communications – Among the exhibits Plaintiff introduced in state court are internal emails between Microsoft and Will McNae's HR department, which were:

- Not publicly available.

- Only accessed due to the discovery process in this federal action.

- Clearly intended for internal investigative and employment-related matters due to an ongoing investigation.

These communications should have remained protected from misuse in collateral litigation, but Plaintiff weaponized them to bolster his claims against Will McNae, in direct contradiction of the principles of fair discovery.

Plaintiff's Strategic Exploitation of Defendant's Email – Additionally, Plaintiff has introduced an email written by Defendant Ronda McNae as evidence in the state court case against Will McNae.

- Plaintiff's use of this email is a clear attempt to entangle separate legal proceedings and expand litigation beyond the intended scope of this case.

- By doing so, Plaintiff has demonstrated that his litigation strategy is not focused on the merits of his claims but rather on overwhelming Defendants with duplicative, costly, and procedurally abusive tactics.

F. **Plaintiff's Contradictory Position on Confidentiality** – The exploitation of non-confidential but highly sensitive discovery materials in collateral litigation—particularly private HR communications, workplace investigations, and unrelated internal discussions—is fundamentally unfair and a blatant manipulation of the discovery process. Despite Plaintiff's own misuse of discovery materials outside this courtroom, he now seeks to challenge confidentiality designations on documents that are being used exclusively in this case, which he initiated.

Plaintiff has:

- Contradicted his own position on confidentiality by exploiting materials from this federal action in separate litigation.

- Weaponized sensitive internal communications from Microsoft's HR and investigative team to improperly entangle legal proceedings.

- Engaged in procedural gamesmanship by increasing litigation burdens and costs on Defendants, despite claiming to be concerned about improper disclosure.

**G. Plaintiff's Double Standard on Confidentiality** – Plaintiff's actions reveal a blatant double standard regarding the application of confidentiality protections. While Plaintiff seeks to impose sweeping confidentiality designations on documents unfavorable to him— effectively suppressing key evidence needed by Defendant—he simultaneously misuses discovery materials produced in this federal litigation to advance his claims in other jurisdictions. For example:

- Documents designated as "Confidential" are withheld from Defendant in this case, despite containing evidence critical to her defense.
- Plaintiff has used non-designated discovery materials, such as Microsoft HR communications, to litigate in state court, while insisting that similar materials produced in this case remain protected.

This inconsistent application of confidentiality protections undermines the fairness and integrity of these proceedings. As the court noted in *Kaplan v. Nautilus Ins. Co.*, 2018 WL 6445886 (S.D. Fla. 2018), parties cannot use confidentiality as both a sword and a shield. Plaintiff's bad-faith tactics must be curtailed to ensure procedural fairness.

## V. SOFTWAREONE'S PRIVILEGE ABUSE & DISCOVERY MISCONDUCT

SoftwareONE's refusal to log critical documents related to Plaintiff's conduct is a clear violation of Rule 26(b)(5), which requires a privilege log identifying withheld documents. During prior proceedings, SoftwareONE's counsel acknowledged the existence of relevant records, including those connected to "Doe v. SoftwareONE," yet these documents were neither logged nor produced. Courts in this district, including in *Del Monte Int'l GMBH v. Ticofrut, S.A.*, 2017 WL 1709784 (S.D. Fla. May 2, 2017), have consistently held that a failure to log documents constitutes

discovery misconduct. The withheld documents include investigative findings that directly contradict Plaintiff's claims, communications revealing a "boys' club" workplace culture, and evidence of pre-existing reputational harm to Plaintiff. These omissions are not minor oversights but deliberate acts to shield unfavorable evidence. The Court should compel production of these documents and sanction SoftwareONE for its bad faith conduct in discovery.

**A. SoftwareONE's Failure to Log or Disclose Relevant Documents**

Adding to the issue, SoftwareONE has refused to disclose critical documents regarding Plaintiff's employment separation and prior allegations against him. Despite acknowledging the existence of certain records before Judge Becerra, SoftwareONE has:

- Failed to log key investigative findings on its privilege log.

- Improperly withheld documents concerning allegations of misconduct involving Plaintiff.

- Suppressed records related to Doe v. SoftwareONE, a prior lawsuit alleging a toxic workplace culture that protected high-level executives such as Plaintiff.

SoftwareONE's refusal to produce critical documents raises serious concerns about its compliance with federal discovery rules and further undermines the legitimacy of its confidentiality claims. Courts have consistently held that selective non-disclosure and improper confidentiality designations constitute discovery misconduct, especially when such actions appear to be strategically motivated. In this case, the investigation at issue was conducted by Jenny Martinez's firm, based in the United States, whose involvement raises questions about the impartiality of the findings. Furthermore, members associated with this investigation, including Michael McCabe, who has appeared in numerous discovery-related emails, have engaged in intimidating and harassing behavior toward Defendant Ronda McNae via social media. These actions lead Defendant to believe that SoftwareONE and its representatives are monitoring this litigation closely, knowing their conduct and actions are highly relevant to the claims at issue.

The situation is particularly concerning given SoftwareONE's ongoing corporate activity, including its announced plans for a secondary listing in Oslo, its acquisition of Norwegian firm Crayon, and its strategic partnership with ServiceNow to modernize IT solutions in the cloud. These developments highlight the company's significant international business interests, which may further incentivize the concealment of damaging or potentially harmful internal

communications and records. Defendant has reason to believe that the confidentiality designations and non-disclosure tactics are being used not only to obstruct this litigation but also to protect SoftwareONE's public image and business dealings during this critical period of corporate activity.

Defendant is increasingly concerned about retaliation due to the disclosures made in recent filings, particularly in light of SoftwareONE's concerted efforts with Fitzgerald surrounding the company's IPO and post-IPO activities. The information brought to light in this litigation implicates multiple individuals who failed to take corrective action despite being aware of the underlying issues. The conduct of key figures such as Michael McCabe and former SoftwareONE President Neil Lomax, who have actively monitored Defendant's social media account; Instagram, raises serious concerns regarding targeted intimidation and instills fear in the McNae family. The use of improper surveillance, including the creation of fake accounts and the use of third-party accounts to monitor Defendant's private social media activity, underscores Plaintiff's intent to intimidate and gain access to information that has not been lawfully obtained through discovery.

**MICHEAL MCCABE SOFTWAREONE INC. COUNSEL**



**NEIL LOMAX PRESIDENT OF SOFTWAREONE**

Such behavior, combined with SoftwareONE's prior legal maneuvers—including the filing of a retaliatory lawsuit against McNae in Wisconsin after she subpoenaed the company—demonstrates a pattern of attempting to silence and intimidate those seeking accountability. Only known accounts logged in can see Ronda McNae's stories (See Below).



Given these circumstances, Defendant is concerned that documents critical to discovery requests, including those related to workplace culture, investigations into Plaintiff's conduct, and allegations of misconduct, may not have been preserved or produced in compliance with federal discovery obligations. Accordingly, this motion seeks to address these abuses by striking improper confidentiality designations, compelling full disclosure of relevant materials, and ensuring that Plaintiff does not gain an unfair litigation advantage through selective and inconsistent application of confidentiality protections. To protect the integrity of this litigation and prevent further retaliation. Defendant respectfully requests that the Court issue an order[1].

FURTHERMORE, Ms. Gussin's assertion that the public nature of Defendant's Instagram profile eliminates any expectation of privacy is both legally flawed and a selective misrepresentation of the law. This argument ignores key limitations on public Instagram profiles

---

1.   [1] Compelling SoftwareONE to certify that it has preserved all relevant documents, including communications related to internal investigations and IPO-related activities involving Fitzgerald.
2.   Prohibiting any further retaliatory actions against Defendant or her family, including through frivolous legal maneuvers or intimidation tactics.
3.   Requiring SoftwareONE to disclose any communications or actions taken to suppress or retaliate against Defendant in response to her discovery efforts.

In the event of further non-compliance, Defendant reserves the right to file a separate motion to enforce preservation obligations and to seek appropriate sanctions under Federal Rules of Civil Procedure 26 and 37.

and is intended as a distraction from Plaintiff's own misuse of confidentiality designations. The Court should focus on Plaintiff's bad-faith discovery practices and improper confidentiality claims, which have significant implications under Federal Rules of Civil Procedure 26(g) and 37(b). Plaintiff's selective enforcement of confidentiality standards, mischaracterization of social media privacy settings, and contradictory litigation behavior highlight their bad faith tactics. This Court should reject Plaintiff's baseless argument about social media privacy and instead scrutinize their misuse of confidentiality designations and procedural abuses. Plaintiff's litigation conduct warrants further scrutiny for the improper and inconsistent application of legal principles, with consequences under relevant procedural rules.

This isn't the first instance of stalking and harassment that Defendant has faced in this litigation. Previously, Plaintiff's wife, Yelany De Verona, created a fake Instagram account to stalk Defendant. During her deposition, Yelany De Verona initially denied creating the fake account and had multiple opportunities to be forthcoming. However, it was only after a convenient break in her deposition that she admitted to creating the account *(See Below)*. Thankfully, Defendant anticipated such behavior and preserved evidence by taking screenshots.



**YEALNY DE VERONA-FITZGERLADS FAKE ACCOUNT**

Defendant discovered further evidence suggesting that Plaintiff's counsel, Meredith Gussin, utilized Grant Gussin's Instagram account to improperly monitor Defendant's social media activity. Screenshots *(See Below)* demonstrating that Grant Gussin's account has viewed multiple posts and stories on Defendant's private Instagram account, despite the account being restricted and inaccessible to unknown individuals without approval. This conduct appears to bypass Defendant's privacy restrictions, constituting an apparent attempt to intimidate, monitor, or harass

Defendant outside of legitimate discovery procedures. Such actions may also violate ethical rules governing attorneys, particularly Florida's Rules of Professional Conduct, Rule 4-8.4, which prohibits conduct involving dishonesty or fraud. When viewed in the context of Plaintiff's history of retaliatory litigation practices, this evidence underscores the pattern of improper and intrusive methods employed by Plaintiff and his counsel to gain an unfair advantage, including selectively weaponizing discovery materials and engaging in inappropriate online surveillance.

**GRANT GUSSSIN**



## B. SoftwareONE Improperly Withheld the "Doe v. SoftwareONE" Records

- Defendant subpoenaed SoftwareONE for records related to Doe v. SoftwareONE, a known legal matter involving allegations of a "boys' club" culture.

- These records were never produced, despite prior admissions by SoftwareONE's counsel that they existed.

- The failure to log these documents suggests intentional suppression of unfavorable evidence.

As courts have repeatedly held, confidentiality cannot be abused to obstruct discovery or conceal unfavorable information (Del Monte, 2017 WL 1709784). These records likely corroborate longstanding allegations against Plaintiff and directly relate to his claims of reputational harm. By withholding them, SoftwareONE has deprived Defendant of key evidence critical to her defense.

<u>**Sanctions Under Rule 37(b) and Rule 26(g)**</u>

Plaintiffs' and SoftwareONE's conduct in discovery necessitates sanctions under Federal Rules of Civil Procedure 37(b) and 26(g). Rule 37(b) permits sanctions when a party fails to comply with a court order, including a protective order. SoftwareONE's refusal to log, produce, or adequately address withheld documents, coupled with its disregard for the Agreed Protective Order, constitutes noncompliance warranting sanctions. Rule 26(g) further prohibits discovery practices that are inconsistent with good faith, requiring counsel to certify that all discovery responses are accurate, complete, and justified. Plaintiffs' overbroad and unjustified confidentiality designations, as well as their selective disclosure of critical materials, violate this rule and undermine the integrity of the discovery process. Sanctions are necessary to address these abuses, deter future misconduct, and prevent further prejudice to Defendant.

## VI. CONCLUSION AND RELIEF REQUESTED

Plaintiff's misuse of confidentiality designations, combined with retaliatory lawsuits and improper surveillance, demonstrates a concerted effort to obstruct discovery, intimidate Defendant, and gain an unfair advantage. Defendant respectfully requests this Court to strike improper designations, compel full disclosure of relevant documents, and impose sanctions to deter further misconduct. For the foregoing reasons, Plaintiff's improper confidentiality designations and selective misuse of discovery materials constitute a blatant abuse of the discovery process. These actions violate Rule 26(c), the Agreed Protective Order, and public policy as embodied in Florida's Sunshine in Litigation Act. Plaintiff's overbroad designations, coupled with his strategic exploitation of sensitive materials, have obstructed Defendant's ability to fairly litigate this matter while increasing the burdens on the Court and the discovery process. Defendant respectfully requests the Court strike the improper confidentiality designations, compel full production of withheld documents, and impose sanctions under Rules 37(b) and 26(g) to deter further discovery misconduct.

To preserve the integrity of these proceedings and ensure compliance with the Federal Rules of Civil Procedure, Defendant respectfully requests that the Court grant the following relief:

1. **Strike Improper Confidentiality Designations:** Order that all improperly designated documents identified in this motion be reclassified as non-confidential, allowing their full and fair use in these proceedings.

2. **Compel Full Production:** Compel Plaintiff to produce all documents withheld under improper confidentiality designations, including but not limited to the investigative findings and internal communications referenced herein.

3. **Impose Sanctions:** Pursuant to Rules 37(b) and 26(g), sanction Plaintiff for his discovery misconduct, including the improper confidentiality designations, selective disclosures, and misuse of discovery materials. Sanctions should include an award of costs and fees incurred by Defendant in addressing this misconduct, as well as any other measures necessary to deter future violations.

4. **Preclude Use of Improperly Designated Materials:** Preclude Plaintiff from relying on improperly designated documents or selectively disclosed materials in any future motions or at trial.

5. **Cease Improper Surveillance and Monitoring:** Issue an order directing Plaintiffs and their counsel to cease any improper surveillance or monitoring of Defendant's private social media accounts, including the use of fake or third-party accounts, as such actions are intended to intimidate and harass Defendant. While Peter Berlowe asserts that he checks Defendant's social media accounts to monitor for alleged breaches of the CSA, he fails to acknowledge that his client, Michael Fitzgerald, has himself breached the same agreement. This selective enforcement cannot continue to be used as a means to silence Defendant, particularly given that Fitzgerald voluntarily produced the CSA in this case without a confidentiality designation and introduced it in unrelated litigation in Seattle, WA. By doing so, Fitzgerald waived any claim of confidentiality and undermined his own argument. This misuse of the agreement, paired with the continued harassment and surveillance, demonstrates a bad-faith attempt to suppress Defendant's ability to litigate fairly and intimidate her into silence. Such conduct must not be condoned by this Court.

6. **Additional Relief as Appropriate:** Grant any further relief the Court deems just and proper to remedy Plaintiff's bad-faith tactics and ensure procedural fairness.

Defendant seeks the Court's intervention to prevent further abuse of the discovery process, ensure transparency in litigation, and uphold the principles of fairness and justice.

Dated: February 4, 2025

By: <u>Ronda Delapina McNae</u>
Pro Se Defendant
504 11th PL Kirkland, WA 98033
Tel: (206) 914-6752
Prose.rmcnae@gmail.com

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Defendant certifies that she engaged in active communication with Plaintiffs' counsel, Meredith Gussin and Peter Berlowe, regarding this motion between January 31 and February 3, 2025 (**Exhibit B**). During this time, Defendant sought Plaintiffs' position on Challenging the Confidential Designations. Despite repeated inquiries, Ms. Gussin refused to provide a definitive answer and instead prolonged the conferral process. Given that Plaintiffs historically oppose any motion that does not align with their litigation strategy, and given their refusal to state their position clearly, Defendant assumes Plaintiffs oppose this motion. Accordingly, Defendant submits this motion for the Court's consideration.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2025, a true copy of the foregoing Motion was sent via FedEx to the Clerk of the Court, Southern District of Florida, 400 N. Miami Ave, Room 8N09, Miami, FL 33128, and Plaintiff's counsel, in compliance with pro se litigant requirements.

**SERVICE LIST**
Peter E. Berlowe, Esq.
Meredith Gussin, Esq.
Assouline & Berlowe, P.A.
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Tel: 305-567-5576
Fax: 305-567-9343
peb@assoulineberlowe.com
mjg@assoulineberlowe.com
*Counsel for Plaintiffs*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:22-cv-22171-JEM**

**MICHAEL J. FITZGERALD,**
**individually,**

                            **Plaintiff,**

v.

**RONDA MCNAE, individually,**

                            **Defendant.**
_____/

**AGREED PROTECTIVE ORDER GOVERNING**
**THE USE AND DISCLOSURE OF PROTECTED MATERIAL**

        IT IS ORDERED that an Agreed Protective Order Governing the Use and Disclosure of

Protected Material ("Order") is entered as follows:

**GENERAL PROVISIONS**

        1.        **Scope.**        This Order shall govern all Documents, materials, and information

disclosed during the course of this Action in any form including, but not limited to, Documents,

discovery responses, materials, and information produced or provided by a Party or Non-

Party, disclosed through testimony, or contained in pleadings, motions, briefs, or other materials

presented to or filed with the Court that are designated as Protected Materials (defined below)

in this case.

                A.        No person or entity shall use, disclose, make available, transmit, or

                        otherwise communicate Protected Material in any manner whatsoever except

                        for purposes of this Action, including appeals, and then only in a manner

                        consistent with this Order.

B.  A Party's or Non-Party's use for any purpose of its own Documents, information, and testimony which it produces or discloses in the Action shall not be considered a violation of this Order. A Party's own information and testimony does not include information or testimony learned from or based upon any other Party or Non-Party's Protected Material produced in this Action.

2.  **Definitions.**  As used in this Order, the following terms shall have the meanings set forth below:

a.  "Action" shall mean the above-captioned litigation.

b.  "Party" and "Parties" shall mean any and all named parties in this Action.

c.  "Non-Party" shall mean any individual, corporation, association, or other natural person or entity that is not a named Party to the Action.

d.  "Document" is intended to be comprehensive and includes any and all materials and information in the broadest sense, and shall include electronically stored information, software, paper records, transcripts, including all non-identical copies of the foregoing, whether different from the originals by reason of any notation made on such copies or otherwise. Document includes Protected Material (defined below).

e.  "Privilege" shall mean the attorney-client privilege, the work-product doctrine, spousal privilege, the common-interest or joint-defense doctrine, and/or any other privilege, protection, or immunity recognized by applicable law.

f.  "Confidential Material" means any Document, or any portion thereof, which is or contains confidential or proprietary business, commercial, research, personnel, personal health, process, product, or financial information of the producing Party or Non-Party that does not fall within the Attorney's Eyes Only designation.  A Party or Non-Party designating information as Confidential Material shall mark each page of the Document containing such material as "Confidential."  A Party or Non-Party shall not designate pages of a Document that do not contain Confidential Material as "Confidential" and a Party or Non-Party shall not designate entire productions as "Confidential."

g.  "Attorney's Eyes Only Material" means any Document, or any portion thereof, which a Party or Non-Party reasonably believes to be so highly sensitive that it is the subject of reasonable efforts to maintain its secrecy above and beyond the protections provided for Confidential Material, subject to objection by any party and a determination by the Court as to whether the material is appropriately designated as "Attorney's Eyes Only Material."  A Party or Non-Party designating information as Attorney's Eyes Only Material shall mark each page of the Document containing such material as "Highly Confidential—Attorney's Eyes Only."  A Party or Non-Party shall not designate pages of a Document that do not contain Attorney's Eyes Only Material as "Highly Confidential—Attorney's Eyes Only" and a Party or Non-Party shall not designate entire productions as "Highly Confidential—Attorney's Eyes Only."

h.   "Protected   Material"   means   Confidential   Material,   Attorney's   Eyes
Only Material, or Foreign Private Data, collectively.

## DISCLOSURE OF PROTECTED MATERIAL

3.      **Confidential Material.**   Subject to all other terms of this Order, Confidential
Material may be disclosed only to:

a.      the Parties;

b.      if the Confidential Material was produced by a Non-Party, then the Non-
Party that produced the Confidential Material;

c.      the attorneys for the Parties and/or Non-Parties involved in this Action,
including the partners, associates, paralegals, and clerical personnel
working under the direct supervision of such counsel and that are
directly involved in or assisting with this Action;

d.      the Court and all persons assisting the Court in the Action, including
special masters, mediators, court reporters taking testimony involving such
information, and necessary stenographic and clerical personnel thereof, in
accordance with the procedures set forth in this Order;

e.      persons retained as consultants, experts or support personnel (such as
litigation support vendors) by any Party and/or Non-Party for the purposes
of this Action and the principals and employees associated with those
firms and who are directly involved and assisting in this Action;
provided that the procedures set forth in paragraph 7 below have been
followed;

  f.  persons whom the Confidential Material itself indicates were the author, source, or recipient of the Document;

  g.  any other person hereafter designated by written stipulation between the Parties, or with a Non-Party; and

  h.  any person noticed or called to testify as a witness at a deposition, hearing, or trial in the Action, subject to the protections of paragraphs 11, and 13.

**4. Attorney's Eyes Only Material.** Subject to all other terms of this Order, Attorney's Eyes Only Material may be disclosed only to:

  a.  The Parties' attorneys involved in this Action, including the partners, associates, paralegals, and clerical personnel working under the direct supervision of such counsel and that are directly involved in or assisting in this Action;

  b.  The Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in accordance with the procedures set forth in this Order:

  c.  Any person who is retained by a Party or its attorneys of record in this litigation as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Order:

  d.  Persons whom the Attorney's Eyes Only Material itself indicates were the author, source, or recipient of the Document;

  e.  any person called to testify as a witness at a deposition, hearing, or trial in the Action, subject to the protections of Paragraph 11 and 13.

     f.   Any other person hereafter designated by written stipulation between the Parties, or with a Non-Party, or by further order of the Court.

**5.**    **Limited Disclosure of Protected Material.** Any Document, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as "Confidential" or "Highly Confidential— Attorney's Eyes Only" are to be treated as such by the Party receiving the Document and shall be utilized by such Party only for the prosecution or defense of this case. No Party is obligated to challenge the propriety of any information designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, and a failure to do so in this Action does not preclude a subsequent attack on the propriety of the designation. In the event that any Party to this Action disagrees at any stage of the proceedings with the designation of information as "Confidential" or "Highly Confidential—Attorney's Eyes Only," the Party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the Party challenging the confidentiality of the information may apply for appropriate relief from this Court. Each Party or the producing Non-Party shall be given notice and reasonable time (not less than three (3) business days) to respond to the requested relief. The Party or producing Non-Party claiming confidentiality shall have the initial burden of establishing confidentiality.

**6.**    **Designating Documents and Information as Protected Material.** Any Party or producing Non-Party may designate as "Confidential" or "Highly Confidential— Attorney's Eyes Only" Documents or responses to interrogatories, requests for admission, or requests for production of documents by stamping or labeling the document or response as "Confidential" or "Highly Confidential—Attorney's Eyes Only." Documents or responses

shall not be treated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" pursuant to this Order unless they are stamped or labeled as such. The inadvertent failure to designate material as "Confidential" or "Highly Confidential—Attorney's Eyes Only" does not preclude a Party or Non-Party from subsequently making such a designation, and, in that case, the material is to be treated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" only after being properly designated. The Parties and their counsel shall not photocopy any Protected Material unless such photocopies are needed as part of this litigation. Documents produced by Non-Parties shall be treated as Confidential or Attorney's Eyes Only for an initial period of twenty (20) days to allow either Party the opportunity to review documents and make additional designations, where necessary. Subject to paragraph 14, after the period of twenty (20) days from the date of the Non-Parties' production of documents, all documents not designated as Protected Material by the Non-Party or either Party will be deemed not to be Confidential or Attorney's Eyes Only Material.

7.      **Obtain Acknowledgement.** Prior to disclosure of any Protected Material to any person identified in paragraphs 3(e), (g) or 4(c) such person shall be given a copy of this Order and shall certify via a written acknowledgement, that he/she has read and understands this Order and agrees to comply with its terms. The Party providing Protected Material to such person shall retain the signed statement of each such person. Such statements shall be produced to counsel for the opposing party or the producing Non-Party upon written request.

## USE OF PROTECTED MATERIAL

8.      **Use of Protected Material.** Protected Material shall be used only in connection with this Action and any appeals arising therefrom. No Protected Material shall be disclosed to any other person, entity, agency, print or electronic media, social media or anyone outside of

this proceeding, for any purpose, other than as set forth in this Order.  No Party shall directly or indirectly post any Confidential or Attorneys Eyes Only Material or content contained therein on the internet or otherwise subject such material to public disclosure. ***Doing so may be sanctionable conduct, in the discretion of the Court.     Provided that*** nothing in this Order shall preclude any Party or Non-Party from providing Protected Material that is evidence of unlawful or criminal behavior to the relevant law enforcement authorities.  Absent further Court Order, the fact that Protected Material has been provided to law enforcement does not otherwise remove its designation as Protected Material or allow for any additional disclosure except for as provided in this Order.

9.        **Maintaining Confidentiality.**  The recipient of any Protected Material provided pursuant to this Order shall maintain such Protected Material in a secure and safe area.  The recipient shall take care that any such information or the content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than persons described in Paragraphs 3 and 4 herein.

10.        **Filing Confidential Information.**  In the event a Party wishes to use any Protected Material in affidavits, declarations, briefs, memoranda of law, or other papers filed in this Action, the Party shall do one of the following: (1) obtain the consent of the producing Party or Non-Party; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information  under  seal  or with  confidentiality  protection  as  provided  by  the  Court under Southern District of Florida Local Rule 5.4(b)(1).

**11.     Protected Material in Depositions.**  Any Party shall have the right to use Protected Material during depositions, provided that no third parties to whom such Protected Material is not permitted to be disclosed are present during such depositions.

**12.**     At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" whenever counsel for a Party deems that a question and/or the answer to any question has resulted in the disclosure of Protected Material, the deposition (or portions) may be designated by the affected Party as containing Protected Material subject to the provisions of this Order.  When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties described in Paragraph 3 and 4 for Confidential Information and Attorneys' Eyes Only Information, respectively, and the information contained shall be used only as specified in this Order. Parties (and deponents) may, within thirty (30) days after receiving the transcript of a deposition, designate portions of the transcript (and exhibits thereto) as Protected Material. Protected Material within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are "Confidential" or "Highly Confidential—Attorney's Eyes Only." Until expiration of the 30-day period, the entire transcript will be treated as Confidential Material under this Order.  If no Party or deponent timely designates Protected Material in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as Protected Material.  There shall be no need to redesignate documents or exhibits which have been previously designated as Protected Material.

**13.     Protected Material at Trial.**  Subject to the Federal Rules of Evidence, Protected Material may be offered in evidence at trial or any Court hearing. Any Party or producing

Non-Party may move the Court for an Order that Protected Material receive additional protections.

**14.     Inadvertent Failure to Designate Confidential Materials.**   The inadvertent failure of a Party or Non-Party to designate discovery materials as Confidential Information, Attorneys' Eyes Only Information, or Foreign Private Data as such (whether in the form of documents, interrogatories, testimony, or otherwise) shall not be deemed, by itself, to be a waiver of the Party's or Non-Party's right to so designate such discovery materials as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information. Immediately upon learning of any such inadvertent failure, the producing Party or Non-Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it.  Disclosure by a receiving party of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this paragraph shall not violate the terms of this Order.  However, immediately upon being notified by a producing Party or Non-Party of an inadvertent failure to designate, the receiving party shall treat such information as though properly disclosed and take any actions necessary to prevent further disclosure.

**15.     Inadvertent Production of Privileged Materials.** Pursuant to Fed. R. Evid. 502, there is no waiver of Privilege or work-product in this matter or any other matter in any other jurisdiction for the inadvertent or unintentional production of documents or information containing information which should have been designated as privileged if the producing Party or Non-Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error. The producing Party or Non-Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that Party or Non-Party utilized

attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools or other reasonable means in screening for Privilege, work product or other protection. The producing Party or Non-Party shall be deemed to have taken reasonable steps to rectify the error if, within thirty (30) days of discovery, the producing Party or Non-Party notifies the receiving Party of the inadvertent disclosure and instructs the receiving Party to promptly return all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such notice, the receiving Party shall return all copies of such information to the producing Party or Non-Party within seven (7) business days of such request unless the receiving Party intends to challenge the producing Party's or Non-Party's assertion of Privilege or immunity. If a receiving Party objects to the return of such information within the seven (7) business day period described above, the producing Party or Non-Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope (if document is produced in physical form) and shall not make any use of such information.

16. **Data Privacy.** This matter is also subject to a Data Privacy Order. (Exhibit A). The Data Privacy Order governs the designation and treatment of "Private Foreign Data," defined therein. The Data Privacy Order is incorporated herein by reference, and the procedures contained in the Data Privacy Order not explicitly addressed by this Protective Order shall control how Foreign Private Data shall be treated in this proceeding.

17. **Return of Protected Material.** Upon the final determination of this Action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise, and after a request from the opposing Party or producing Non-Party:

a.      Counsel of record for each Party receiving Protected Material shall, within sixty (60) days, destroy or return to the designating Party or Non-Party all such documents containing Protected Material and all notes, memoranda, copies, abstracts, excerpts, or other parts, except that all materials constituting work product of such counsel shall be destroyed by the Party in possession; and

b.      Counsel of record for each Party shall confirm in writing that all Protected Material, documents and things, together with all notes, copies, abstracts, memoranda, excerpts, or other parts, have been returned to the producing Party or Non-Party or destroyed in accordance with the terms of this Order.

## MISCELLANEOUS PROVISIONS

18.      **Information Not Confidential.**   The Parties will not designate as Protected Material any Documents or materials that they have reason to believe, or should have reason to believe, was generally known or readily available to the public prior to its designation, or is not properly designated as Protected Material under this Order. Moreover, in the event that a designating party becomes aware that a Document or material designated as Protected Material is or has become generally known to the public through no fault of the receiving party, or that it was known to the receiving party prior to its designation, or that it was disclosed to the receiving party without restrictions, or that it was developed by the receiving party without reference to the disclosures by the designating party, then the designating party will immediately rescind its designation and give notice of such rescission to the other parties.

19.      **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

20.    **No Waiver of Privilege.**  This Order will not prejudice the right of any Party or Non-Party to oppose production of any information on the ground of Privilege.

21.    **Other Actions and Proceedings.**  If a receiving party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Order, seeking discovery materials which were produced or designated as Protected Material pursuant to this Order, the receiving party shall give prompt actual written notice by hand or facsimile transmission to counsel of record for such producing Party or Non-Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the producing Party or Non-Party with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  Should the person seeking access to the Confidential Information or Attorneys' Eyes Only Information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party shall respond to the extent permissible under applicable law by setting forth the existence of this Order.

DONE and **ORDERED** in Chambers at Miami-Dade County, Florida on this 2nd day of December, 2022.

_____
HONORABLE JACQUELINE BECERRA

13

**Exhibit A**

**DATA PRIVACY ORDER**

Plaintiff Michael Fitzgerald and Defendant Ronda McNae stipulate and agree that the terms and conditions of this Data Privacy Order shall govern the handling of Foreign Private Data, as defined herein, disclosed in connection with this matter, and for good cause, IT IS HEREBY ORDERED AS FOLLOWS:

1.      This matter is subject to an Agreed Protective Order Governing the Use and Disclosure of Protected Material (the "Protective Order"). The Protective Order governs the designation and treatment of "Confidential Material," defined therein. The Protective Order is incorporated herein by reference, and the procedures contained in the Protective Order not explicitly addressed by this Data Privacy Order shall control how Foreign Private Data shall be treated in this proceeding.

2.      "Foreign Private Data" means any personal or private information or third-party business secret that a producing Party or Non-Party believes in good faith to be subject to foreign (i.e., non-U.S.) data protection laws or other foreign privacy or third-party business secrecy obligations, and that would be protected from discovery by a well-founded conclusion that producing the private or personal or third-party business secrecy information would violate such laws or obligations.

3.      "Discovery Material" is all written material, electronic data, videotapes and all other tangible items, produced during this dispute, in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

4.      Discovery Material that contains Foreign Private Data shall be subject to the protections set forth in the Protective Order designated as Confidential Material, if it is not otherwise designated under that Protective Order. Discovery Material that a producing Party or Non-Party considers to be Foreign Private Data shall be marked as such in addition to any other designation under the Protective Order.

5.      Any producing Party or Non-Party may redact from any Discovery Material any Foreign Private Data that the producing Party or Non-Party claims in good faith is required to be redacted under any foreign data protection laws or foreign privacy or third-party business secrecy obligations. Any redactions of Foreign Private Data shall be marked "Private Foreign Data" or "FPD." *Provided that* no Foreign Private Data of Plaintiff Michael Fitzgerald will be redacted, and any such document will be treated as Protected Material and only filed under seal if needed.

6.      The receiving party shall maintain any Discovery Material that is provided under the Protective Order or under this Data Privacy Order and which contains Foreign Private Data that has not been redacted in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under the Protective Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, or dissemination of such information as is exercised by the receiving party with respect to its own proprietary information.

7.      All documents and materials filed on the Court's docket that contain Foreign Private Data that has not been redacted, including, inter alia, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings that are comprised of or contain Foreign Private Data or information taken therefrom, shall be filed under seal.

8.      The unintentional production of Discovery Material containing Foreign Private Data that has not been redacted shall not constitute a waiver of the protections authorized by this Order, or any other order of this Court, provided that the producing Party or Non-Party reasonably promptly notifies the receiving party, in writing, of the production after its discovery of the same. If the producing Party or Non-Party so notifies the receiving party, the receiving party shall treat the unintentionally produced Foreign Private Data as Confidential Material and apply the procedures set forth in the Protective Order.

9.      The right to challenge and the process for challenging the designation or redactions of Foreign Private Data shall be the same as the right to challenge and the process for challenging Discovery Material designated as Protected Material, as set forth in the Protective Order.

10.      Entry of this Order shall not prejudice the right of any Party or Non-Party to seek other or further relief from this Court or any other court, including, but not limited to, other protections necessary to produce Foreign Private Data or to comply with federal, state, or foreign data protection laws or other non-disclosure obligations.

# Exhibit B

## Fitzgerald v. McNae   Inbox ×

**Meredith J. Gussin**   Jan 31, 2025, 3:24 PM (3 days ago)   ☆  ☺  ↰  ⋮
to me, Peter ▾

Ms. McNae,

We are in receipt of your reply brief in Support of your Motion to Dismiss (DE 283). After review, it has come to light that you asserted new arguments that are beyond the scope of what was included in your Motion or our response. Additionally, you included several documents that were produced during discovery that were marked Confidential. Please advise if you would like to meet and confer on this; otherwise, we would like to file a brief 3-4 page surreply. Kindly advise if you have any opposition to us filing same. I look forward to hearing from you.

**Meredith J. Gussin, Esq.**
**Litigation**

---

## Response to Your Concerns Regarding DE 283

**Ronda McNae** <prose.rmcnae@gmail.com>   Fri, Jan 31, 3:44 PM (3 days ago)   ☆  ☺  ↰  ⋮
to Meredith, Peter ▾

Dear Ms. Gussin,

Thank you for your email regarding DE 283. I appreciate your attention to the details of my reply brief.

To clarify, the arguments raised in DE 283 are not entirely new but are rather expansions on the systemic discovery misconduct that I have consistently referenced throughout these proceedings. My intention was to provide the Court with additional context and evidence demonstrating the pattern of procedural violations and suppression tactics employed.

As for the "Confidential" documents you referenced, please identify specifically which ones you believe were improperly included. To my knowledge, the documents I cited were either supplied without a "Confidential" designation or were provided to your expert, Sheri Fiske, without retaining such designation, effectively removing their confidential status.

That said, I am open to a good-faith discussion to address your concerns. If we cannot resolve this matter informally over email, I would kindly request that you share your specific objections to facilitate a focused and productive exchange. As other bodies are now involved and looking into the matter (that go beyond this immediate litigation), email will have to suffice.

I look forward to your response.

Best regards,
Ronda McNae

23

On Fri, Jan 31, 2025 at 3:54 PM Meredith J. Gussin <mjg@assoulineberlowe.com> wrote:
What other bodies are you referring to?

The documents that were marked confidential are pages 18-20, 22. 24-27 of your reply brief at Exhibit B. Can you advise where you found those documents as the bates labels have been redacted?

As to new arguments those include reference to Neil Lomax and my husband, Grant Gussin; allegations regarding SEC violations, providing a timeline in to Dr DiTomasso, and Ms. De Varona's affidavit. These were not included in your initial motion and are, therefore, beyond the scope of what is appropriate in a reply brief.

Get Outlook for iOS

---

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Friday, January 31, 2025 7:08:24 PM
**To:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Cc:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** Re: Response to Your Concerns Regarding DE 283

Ms. Gussin.

A quick review confirms that you are mistaken regarding pages 24-27. I encourage you to carefully review your own production. I will locate the copies I received of pages 18-20 and 22 in the next few hours as I'm home with all the kids. If I inadvertently produced these and they were marked, I will rectify or call the chambers to figure out the best procedure in hopes to make an update immediately.

Additionally, what new arguments are you referring to? If I'm not in agreement with your assertion, I will move to strike your motion.

It is particularly ironic that the very documents you now claim are marked "confidential"—internal HR records I previously shared with Microsoft—have been weaponized against my family. This is especially troubling given that I exercised discretion in their disclosure, aligning with Honorable Magistrate Judge Becerra's guidance regarding overbroad designations.

Regarding other governing bodies, my position was made clear in my most recent filing in response to your premature request for a case management conference.

Regards,

Ronda

## Re: Response to Your Concerns Regarding DE 283

 

**Ronda McNae** <prose.rmcnae@gmail.com>                    Fri, Jan 31, 5:56PM (3 days ago)    ☆   ☺   ↩   ⋮
to Meredith Peter ▾

Ms. Gussin,

If your primary concern is the Grant Gussin issue, I am open to discussing a resolution, though I firmly believe it strongly supports my case. I want to approach this matter in good faith.

-Ronda

On Fri, Jan 31, 2025 at 4:10 PM Meredith J. Gussin <mjg@assoulineberlowe.com> wrote:
   If you disclosed those documents to Microsoft that is in violation of the protective order set in place in this case.

   I listed the new arguments in my prior email.

---

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Friday, January 31, 2025 11:54:47 PM
**To:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Cc:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** Re: Response to Your Concerns Regarding DE 283

Drafting a motion now, please let me know the reason for the designations for these documents. I'm still searching for the first couple pages as the copies I have were snapshots (hence) not having the designation.

-Ronda

On Fri, Jan 31, 2025 at 8:01 PM Meredith J. Gussin <mjg@assoulineberlowe.com> wrote:
   What sort of resolution do you propose? That is not my primary concern. All the new issues remain equally of issue insofar as they are beyond the scope of your motion.

   Additionally, will you be voluntarily seeking a removal from the docket of the confidential documents? If not, I believe it is proper for the court to rule on the propriety of your inclusion of protected material in direct violation of the protective order which sets forth the procedure to question or challenge any designation. Your belief that the documents are not confidential isn't sufficient.

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Saturday, February 1, 2025 6:09:49 AM
**To:** Ronda McNae <prose.rmcnae@gmail.com>
**Cc:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** Re: Response to Your Concerns Regarding DE 283

The documents were designated as confidential in the discovery process. The documents you provided neither have this designation nor the bates label which raises our concerns.

Filing another motion by you does not answer whether or not you are opposed to plaintiff filing a surreply to address these issues. Can you please advise whether or not you are opposed to us filing a brief surreply at this time? Thank you.

---

**Ronda McNae** <prose.rmcnae@gmail.com>          Sat, Feb 1, 7:53 AM (2 days ago)   ☆  ☺  ↩  ⋮
to Meredith, Peter, bcc: allmcnae ▾

Ms. Gussin,

I apologize, but I do oppose your motion. I did not raise new arguments; I referenced items from prior filings, as well as in this filing, to provide context and explain the broader issue of misconduct.

Could you please clarify the confidentiality designations for the documents in question? I have noticed some discrepancies and am trying to understand your client's rationale. It seems that a number of documents listed as confidential may no longer qualify under that designation.

This needs to be addressed in the state case considering you have pointed to the discovery in this case with some designations that may no longer apply.

Regards,

Ronda

---

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Friday, January 31, 2025 8:01:06 PM
**To:** Ronda McNae <prose.rmcnae@gmail.com>
**Cc:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** Re: Response to Your Concerns Regarding DE 283

What sort of resolution do you propose? That is not my primary concern. All the new issues remain equally of issue insofar as they are beyond the scope of your motion.

Additionally, will you be voluntarily seeking a removal from the docket of the confidential documents? If not, I believe it is proper for the court to rule on the propriety of your inclusion of protected material in direct violation of the protective order which sets forth the procedure to question or challenge any designation. Your belief that the documents are not confidential isn't sufficient.

**Ronda McNae** · prose.mcnae@gmail.com ·                    Fri, Jan 31, 8:15 PM (3 days ago)    ☆  ☺  ↩  ⋮
to Meredith, Peter ▾

I understand your concerns and appreciate your communication. I believe the documents included in my filing are highly relevant and directly address the discovery misconduct issues raised. Help me understand the confidentiality designations for the documents you believe are confidential. As you mentioned, there are 14,000 documents, many of which are mine and were produced without any confidentiality designation—and look where that has led us. I have not used any discovery materials outside of this case, which unfortunately cannot be said for Fitzgerald. I will follow court procedures with these documents. With that, please explain the designation for each document please? Including those that have been produced to third parties without designation.

-Ronda

---

**Ronda McNae** · prose.mcnae@gmail.com ·                    Sat, Feb 1, 1:53 AM (2 days ago)    ☆  ☺  ↩  ⋮
to Meredith, Peter and Al mcnae ▾

Ms. Gussin,

I apologize, but I do oppose your motion. I did not raise new arguments; I referenced items from prior filings, as well as in this filing, to provide context and explain the broader issue of misconduct.

Could you please clarify the confidentiality designations for the documents in question? I have noticed some discrepancies and am trying to understand your client's rationale. It seems that a number of documents listed as confidential may no longer qualify under that designation.

This needs to be addressed in the state case considering you have pointed to the discovery in this case with some designations that may no longer apply.

Regards,

Ronda

27

**Ronda McNae** <prose.rmcnae@gmail.com>
to Meredith, Will, Peter ▾
Sat, Feb 1, 11:45 AM (2 days ago) ☆ ☺ ↩ ⋮

Ms. Gussin,

I found a prior filing that supports why I have copies of some emails that aren't marked confidential. Though you assume otherwise. I will alert the court. You still haven't answered the question below.

Could you please clarify the confidentiality designations for the documents in question? Why do you believe they are still protected? I would like to include in my motion.

Thanks,

Ronda

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Saturday, February 1, 2025 11:46:55 AM
**To:** Ronda McNae <prose.rmcnae@gmail.com>
**Cc:** Will McNae <prose.rmcnae@gmail.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Subject:** RE: Notice of Court Filing: Fitzgerald v. McNae Case No. 22-22171

What prior filing are you referring to?

The documents are confidential because they were marked confidential when produced in discovery and Plaintiff has not waived his designations.

**Meredith J. Gussin, Esq.**

**Ronda McNae** · prose.rmcnae@gmail.com ·                    Sat, Feb 1, 12:00 PM (2 days ago)    ☆  ☺  ↰  ⋮
to Meredith, Will, Peter ▾

Ms. Gussin,

With all due respect, you're avoiding my question rather than addressing it directly. I have asked the same question several times now.

Please clarify the specific basis for  why  the confidentiality designations are appropriate, especially given where we are in the case. I am trying to understand your reasoning so I can determine whether any of them should be challenged.


Regards,
Ronda

---

**Ronda McNae** · prose.rmcnae@gmail.com ·                    Sat, Feb 1, 2:14 PM (2 days ago)    ☆  ☺  ↰  ⋮
to Meredith, Peter, Will ▾

Dear Ms. Gussin,

I am writing to confer with you regarding my request to obtain e-filing privileges in this matter.

As you are aware, I have been required to file all documents manually, which creates unnecessary delays and additional burdens. Given the volume of filings and the need to efficiently litigate this case, I intend to seek leave of Court to file electronically pursuant to Southern District of Florida Local Rule 5.1 and Administrative Order 2023-7.

Please confirm whether you oppose my request for e-filing privileges. If you oppose, please provide your basis so that I may include your position in my motion to the Court.

Additionally, I intend to file a motion regarding the Confidentiality Designations regarding certain documents that have been improperly designated as "Confidential" under the Protective Order. These documents do not contain trade secrets, proprietary business information, or personally sensitive data and have been misused to obstruct discovery and suppress key evidence.

Please advise whether you oppose this motion as well. If you do, I request that you provide your legal basis for maintaining these confidentiality designations so that I may address it in my motion.

I appreciate your prompt response, as I plan to file sometime early next week.

1) Oppose e-filing privileges?

2) Confidentiality Designations? Provide your position and the legal basis please.

Best regards,
Ronda McNae

29

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Sunday, February 2, 2025 7:10:08 AM
**To:** Ronda McNae <prose.rmcnae@gmail.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>; Will McNae <prose.wmcnae@gmail.com>
**Subject:** Re: Conferral Regarding E-Filing Request

We will provide you with our response by close of business tomorrow. Thank you.

---

**Ronda McNae** prose.rmcnae@gmail.com                    Sun, Feb 2  3:41 PM (1 day ago)    ☆  ☺  ↩  ⋮
to Meredith, Peter, Will ▾

Ms. Gussin,

To keep this straightforward, do you oppose my Motion to Challenge the Confidentiality Designations? A simple yes or no will suffice.

Additionally, do you oppose my Motion to Request E-Filing Privileges?

I will be filing a Motion to Strike, as I previously mentioned. There are also several issues concerning expert testimony that I intend to bring to the Court's attention, though I am still determining the best course of action.

Furthermore, I have uncovered additional evidence that further supports my concerns regarding harassment and intimidation through Instagram. I will follow up with the motion I intend to file on this issue.

Considering I gave you my position and you deflected any response to my prior emails, please provide your position on these motions by 12PM your time tomorrow.

Regards,

Ronda McNae

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Sunday, February 2, 2025 8:51 PM
**To:** Meredith J. Gussin <mjg@assoulineberlowe.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>; Will McNae <prose.rmcnae@gmail.com>
**Subject:** Conferral Regarding Additional Evidence supporting DE 275

Ms. Gussin,

Pursuant to Local Rule 7.1(a)(3), I am reaching out to confer regarding my intent to file a **Notice of Additional Evidence in Support of Defendant's Motion to Dismiss (DE 275)**. Since filing my Reply in Support of the Motion to Dismiss, I have become aware of additional evidence of litigation misconduct that further supports dismissal.

This Notice is intended to ensure the Court has all relevant information before ruling on the pending Motion to Dismiss. Please advise whether you oppose or do not oppose the filing of this Notice.

I kindly request a response by 12PM Tuesday, so I may include your position in the Certificate of Conferral. If I do not receive a response by that time, I will indicate in my filing that a good-faith attempt to confer was made, but no response was received.

Thank you for your time and attention to this matter.

Best regards,
Ronda McNae

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, February 3, 2025 4:41 AM
**To:** Ronda McNae <prose.rmcnae@gmail.com>; Meredith J. Gussin <mjg@assoulineberlowe.com>; Will McNae <prose.rmcnae@gmail.com>
**Subject:** RE: Conferral Regarding Additional Evidence supporting DE 275

Sure.  Call whenever you have time, so we can have a meaningful meet and confer.

**Peter E. Berlowe, Esq.**

**Sent:** Monday, February 3, 2025 9:51 AM

**To:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>; Meredith J. Gussin <mjg@assoulineberlowe.com>; Will McNae <wasey.cmcnae@gmail.com>

**Subject:** Re: Conferral Regarding Additional Evidence supporting DE 275

Counsel,

I acknowledge your request for a phone conferral. However, given the history of our communications and dynamics, I will only communicate in writing to ensure clarity, accuracy, and a complete record of discussions. I respectfully request that all correspondence be conducted via email or formal court filings.

I will wait until 12:00PM ET Tuesday, before submitting my filings (stayed below) to allow you an opportunity to provide a written response.

For the prior motions I have emailed requesting your sides position. I request a response by 12PM ET today as I have given proper time considering the back and forth email correspondence.

Lastly, I was advised to keep all communications in writing, especially given my recent submission of information to regulatory authorities.

Regards,

Ronda

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, February 3, 2025 7:01:56 AM
**To:** Ronda McNae <prose.rmcnae@gmail.com>
**Cc:** Keisha Hall <khall@allpointslegal.com>; Meredith J. Gussin <mjg@assoulineberlowe.com>
**Subject:** RE: Conferral Regarding Additional Evidence supporting DE 275

Dear Mrs. McNae:


We cannot confer in any way when you do not give any specifics.  We do not know your arguments.  We do not know the bates numbers of the pages you are referring to.  Meet and confer is not a game of pulling teeth.  We should have to guess what you are trying to argue.  Please provide details.


I am copying Mr. McNae's counsel, because he is represented by counsel in the State Court case, and we do not want to have a communication with someone we know to be represented by counsel.  I would ask that you stop copying him on this case, if you don't want us to copy his counsel on our replies.


Sincerely,


**Peter E. Berlowe, Esq.**

**Ronda McNae** · ronae.mcnae.@gmail.com ·
to Peter, Meredith, Will ▾

7:54 AM (10 hours ago)   ☆   ☺   ↩   ⋮ 

Counsel,

I have made multiple good-faith efforts to confer under **Local Rule 7.1(a)(3)** regarding my intent to file the following motions:

1. **Motion for E-Filing Privileges** – Due to the ongoing difficulties of manually filing documents, I am requesting permission from the Court to file electronically through CM/ECF to ensure efficiency and timely filings.
2. **Motion to Challenge Confidentiality Designations** – I have repeatedly requested clarification as to Plaintiffs' confidentiality designations and have not received sufficient justification. As such, I intend to formally challenge certain confidentiality designations that appear improper or selectively applied.

For the above motions, please advise by **12:00 PM ET today** whether you oppose or do not oppose.

Additionally, I am conferring regarding my **Notice of Additional Evidence in Support of Defendant's Motion to Dismiss (DE 275)**, which addresses new evidence of litigation misconduct, including:

- **The withholding of key materials from expert witnesses.**
- **Improper surveillance of my social media accounts (additional individuals)**
- **Selective disclosure of documents to experts.**
- **Discrepancies in the expert witness transcript, raising concerns about accuracy etc.**

Conferral does not require me to provide a full legal brief or Bates numbers, only a reasonable summary of the nature of my filing. I have clearly stated the basis for my filings, and any further details will be provided in the actual motions submitted to the Court.

Please advise by **12:00 PM ET on Tuesday** whether you oppose or do not oppose the filing of this Notice.

If I do not receive a response by the respective deadlines, I will indicate in my filings that I made a good-faith attempt to confer, but opposing counsel failed to provide a position.

Regarding your request that I cease copying Mr. McNae on communications: As I previously stated, the federal court has ordered me to include him on case-related emails, and I will continue to comply with the Court's directive. If you have concerns about this, I suggest you address them with the Court rather than attempt to impose unilateral restrictions. To clarify, the federal court order applies strictly to the federal case and has no impact on the state court action. This order was issued when Will was represented by Richard Gomez in the state matter. Ms. Casey previously informed Will that if Mr. Gomez were representing him in the federal case, then all federal case-related emails would be sent to him. However, we ensured this was not the case.

Advise on your position to the above motions, thank you.

Regards,
Ronda McNae

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Monday, February 3, 2025 8:04:42 AM
**To:** Ronda McNae <ronda.mcnae@gmail.com>
**Cc:** Meredith J. Gussin <mjg@assoulineberlowe.com>; Keisha Hall <khall@allpointslegal.com>
**Subject:** RE: Conferral Regarding Additional Evidence supporting DE 275

Dear Mrs. McNae:

Thank you for your email but it is very light on details.  How can we confer with you on a confidentiality designation if you refuse to give us the bates number of the document?  We cannot read your mind.

How can we confer with you about withholding "key materials" from expert witnesses if you don't tells us what the "key materials" are?

How can we confer with you about this alleged "improper surveillance" of your public social media accounts or identify the individuals?  If your referring to me, yes I recently looked at your account to see whether you are continuing to violate the confidential settlement agreement.  We will continue to monitor your public social media accounts, as there is nothing improper at doing so.

What "selective disclosure" of documents are you referring to?  Which documents?  What bates numbers?

What discrepancies in expert witness transcripts?  Which transcripts?  What line and page should we look at?

Confer in good faith please.

Sincerely,


**Peter E. Berlowe, Esq.**



**Ronda McNae** <ronda.rmcnae.gmail.com> ⟨ 8:07 AM (10 hours ago) ☆ ☺ ↩ ⋮
to Peter, Meredith, Will ▾

See attached

---

**8:07**

**Meredith J. Gussin**                    Jan 31
To You and Peter E. Berlowe

What other bodies are you referring to?

The documents that were marked confidential
are pages 18-20, 22, 24-27 of your reply brief
at Exhibit B. Can you advise where you found
those documents as the bates labels have been
redacted?

As to new arguments those include reference
to Neil Lomax and my husband, Grant Gussin;
allegations regarding SEC violations, providing
a timeline to Dr DiTomasso, and Ms. De
Varona's affidavit. These were not included in
your initial motion and are, therefore, beyond
the scope of what is appropriate in a reply
brief.

**Get** Outlook for iOS

36

**From:** Meredith J. Gussin <mjg@assoulineberlowe.com>
**Sent:** Monday, February 3, 2025 8:40 AM
**To:** Ronda McNae <rmcnae@gmail.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Cc:** Keisha Hall <kmh@assoulineberlowe.com>
**Subject:** RE: Conferral Regarding Additional Evidence supporting DE 275

**Ronda,**

The attached email includes those documents that you produced in your Reply brief that we had disclosed as confidential in discovery. You advised that you received copies of those documents via "snapshot." I am not sure what that means, but if you could provide us with the bates label of the documents you included at pages 18-20, 22, 24-27 of your Reply, we can have a meaningful conferral.

As to your request to e-file, the Administrative Procedures of the Southern District of Florida CM/ECF provides at Section 2c: "Pro se litigants will not be permitted to register as Users at this time and must file their documents in the conventional manner."

This is Court procedure, and it is not something an attorney can agree to. As stated previously, your request is not within our purview to grant.

**Meredith J. Gussin, Esq.**
**Litigation**

37

**Ronda McNae** broder.honda.egmail.com    11:16 AM (7 hours ago)    ☆  ☺  ↩  ⋮
to Meredith, Peter, Will ▾

Counsel,

Regarding e-filing privileges, I have written to the Judicial Conference of the United States to advocate for meaningful reform. While I will (very) soon have counsel appearing in my case (which moots my request for your position), my experience underscores the significant prejudice faced by pro se litigants. My case serves as a compelling example of the systemic disparities. especially for those without legal insurance—unlike myself, who now has two policies—or the financial resources to sustain prolonged litigation.

The substantial costs I have personally incurred in filing and managing this case further highlight the urgent need for reform. I am committed to continuing this advocacy to ensure that future litigants are not subjected to the same inequities.

Lastly, it is counsel for SoftwareONE. not you, Peter. that I have observed lurking around my Instagram account. While my profile is public, a valid account must still be signed in to view my stories. as those are only accessible to signed-in users. This collective behavior is troubling. particularly given my recent reports to regulatory bodies and the concerns surrounding the IPO. It further underscores the broader pattern of concerning conduct in this case.


-Ronda

