# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. <u>1:22-cv-22171-JEM</u>

**MICHAEL J. FITZGERALD,**
**individually,**

                **Plaintiff,**

v.

**RONDA MCNAE, individually,**

                **Defendant.**

_____/

## AGREED PROTECTIVE ORDER GOVERNING
## THE USE AND DISCLOSURE OF PROTECTED MATERIAL

IT IS ORDERED that an Agreed Protective Order Governing the Use and Disclosure of Protected Material ("Order") is entered as follows:

### GENERAL PROVISIONS

**1. Scope.** This Order shall govern all Documents, materials, and information disclosed during the course of this Action in any form including, but not limited to, Documents, discovery responses, materials, and information produced or provided by a Party or Non-Party, disclosed through testimony, or contained in pleadings, motions, briefs, or other materials presented to or filed with the Court that are designated as Protected Materials (defined below) in this case.

    A. No person or entity shall use, disclose, make available, transmit, or otherwise communicate Protected Material in any manner whatsoever except for purposes of this Action, including appeals, and then only in a manner consistent with this Order.

B. A Party's or Non-Party's use for any purpose of its own Documents, information, and testimony which it produces or discloses in the Action shall not be considered a violation of this Order. A Party's own information and testimony does not include information or testimony learned from or based upon any other Party or Non-Party's Protected Material produced in this Action.

2. **Definitions.** As used in this Order, the following terms shall have the meanings set forth below:

   a. "Action" shall mean the above-captioned litigation.

   b. "Party" and "Parties" shall mean any and all named parties in this Action.

   c. "Non-Party" shall mean any individual, corporation, association, or other natural person or entity that is not a named Party to the Action.

   d. "Document" is intended to be comprehensive and includes any and all materials and information in the broadest sense, and shall include electronically stored information, software, paper records, transcripts, including all non-identical copies of the foregoing, whether different from the originals by reason of any notation made on such copies or otherwise. Document includes Protected Material (defined below).

   e. "Privilege" shall mean the attorney-client privilege, the work-product doctrine, spousal privilege, the common-interest or joint-defense doctrine, and/or any other privilege, protection, or immunity recognized by applicable law.

2

f. "Confidential Material" means any Document, or any portion thereof, which is or contains confidential or proprietary business, commercial, research, personnel, personal health, process, product, or financial information of the producing Party or Non-Party that does not fall within the Attorney's Eyes Only designation. A Party or Non-Party designating information as Confidential Material shall mark each page of the Document containing such material as "Confidential." A Party or Non-Party shall not designate pages of a Document that do not contain Confidential Material as "Confidential" and a Party or Non-Party shall not designate entire productions as "Confidential."

g. "Attorney's Eyes Only Material" means any Document, or any portion thereof, which a Party or Non-Party reasonably believes to be so highly sensitive that it is the subject of reasonable efforts to maintain its secrecy above and beyond the protections provided for Confidential Material, subject to objection by any party and a determination by the Court as to whether the material is appropriately designated as "Attorney's Eyes Only Material." A Party or Non-Party designating information as Attorney's Eyes Only Material shall mark each page of the Document containing such material as "Highly Confidential—Attorney's Eyes Only." A Party or Non-Party shall not designate pages of a Document that do not contain Attorney's Eyes Only Material as "Highly Confidential—Attorney's Eyes Only" and a Party or Non-Party shall not designate entire productions as "Highly Confidential—Attorney's Eyes Only."

      h.    "Protected Material" means Confidential Material, Attorney's Eyes Only Material, or Foreign Private Data, collectively.

## DISCLOSURE OF PROTECTED MATERIAL

3.    **Confidential Material.**  Subject to all other terms of this Order, Confidential Material may be disclosed only to:

    a.    the Parties;

    b.    if the Confidential Material was produced by a Non-Party, then the Non-Party that produced the Confidential Material;

    c.    the attorneys for the Parties and/or Non-Parties involved in this Action, including the partners, associates, paralegals, and clerical personnel working under the direct supervision of such counsel and that are directly involved in or assisting with this Action;

    d.    the Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in accordance with the procedures set forth in this Order;

    e.    persons retained as consultants, experts or support personnel (such as litigation support vendors) by any Party and/or Non-Party for the purposes of this Action and the principals and employees associated with those firms and who are directly involved and assisting in this Action; provided that the procedures set forth in paragraph 7 below have been followed;

  f. persons whom the Confidential Material itself indicates were the author, source, or recipient of the Document;

  g. any other person hereafter designated by written stipulation between the Parties, or with a Non-Party; and

  h. any person noticed or called to testify as a witness at a deposition, hearing, or trial in the Action, subject to the protections of paragraphs 11, and 13.

 **4.** **Attorney's Eyes Only Material.** Subject to all other terms of this Order, Attorney's Eyes Only Material may be disclosed only to:

  a. The Parties' attorneys involved in this Action, including the partners, associates, paralegals, and clerical personnel working under the direct supervision of such counsel and that are directly involved in or assisting in this Action;

  b. The Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in accordance with the procedures set forth in this Order:

  c. Any person who is retained by a Party or its attorneys of record in this litigation as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Order:

  d. Persons whom the Attorney's Eyes Only Material itself indicates were the author, source, or recipient of the Document;

  e. any person called to testify as a witness at a deposition, hearing, or trial in the Action, subject to the protections of Paragraph 11 and 13.

  f. Any other person hereafter designated by written stipulation between the Parties, or with a Non-Party, or by further order of the Court.

  5. **Limited Disclosure of Protected Material.** Any Document, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as "Confidential" or "Highly Confidential—Attorney's Eyes Only" are to be treated as such by the Party receiving the Document and shall be utilized by such Party only for the prosecution or defense of this case. No Party is obligated to challenge the propriety of any information designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, and a failure to do so in this Action does not preclude a subsequent attack on the propriety of the designation. In the event that any Party to this Action disagrees at any stage of the proceedings with the designation of information as "Confidential" or "Highly Confidential—Attorney's Eyes Only," the Party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the Party challenging the confidentiality of the information may apply for appropriate relief from this Court. Each Party or the producing Non-Party shall be given notice and reasonable time (not less than three (3) business days) to respond to the requested relief. The Party or producing Non-Party claiming confidentiality shall have the initial burden of establishing confidentiality.

  6. **Designating Documents and Information as Protected Material.** Any Party or producing Non-Party may designate as "Confidential" or "Highly Confidential—Attorney's Eyes Only" Documents or responses to interrogatories, requests for admission, or requests for production of documents by stamping or labeling the document or response as "Confidential" or "Highly Confidential—Attorney's Eyes Only." Documents or responses

shall not be treated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" pursuant to this Order unless they are stamped or labeled as such. The inadvertent failure to designate material as "Confidential" or "Highly Confidential—Attorney's Eyes Only" does not preclude a Party or Non-Party from subsequently making such a designation, and, in that case, the material is to be treated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" only after being properly designated. The Parties and their counsel shall not photocopy any Protected Material unless such photocopies are needed as part of this litigation. Documents produced by Non-Parties shall be treated as Confidential or Attorney's Eyes Only for an initial period of twenty (20) days to allow either Party the opportunity to review documents and make additional designations, where necessary. Subject to paragraph 14, after the period of twenty (20) days from the date of the Non-Parties' production of documents, all documents not designated as Protected Material by the Non-Party or either Party will be deemed not to be Confidential or Attorney's Eyes Only Material.

7. **Obtain Acknowledgement.** Prior to disclosure of any Protected Material to any person identified in paragraphs 3(e), (g) or 4(c) such person shall be given a copy of this Order and shall certify via a written acknowledgement, that he/she has read and understands this Order and agrees to comply with its terms. The Party providing Protected Material to such person shall retain the signed statement of each such person. Such statements shall be produced to counsel for the opposing party or the producing Non-Party upon written request.

## USE OF PROTECTED MATERIAL

8. **Use of Protected Material.** Protected Material shall be used only in connection with this Action and any appeals arising therefrom. No Protected Material shall be disclosed to any other person, entity, agency, print or electronic media, social media or anyone outside of

this proceeding, for any purpose, other than as set forth in this Order. No Party shall directly or indirectly post any Confidential or Attorneys Eyes Only Material or content contained therein on the internet or otherwise subject such material to public disclosure. ***Doing so may be sanctionable conduct, in the discretion of the Court.*** ***Provided that*** nothing in this Order shall preclude any Party or Non-Party from providing Protected Material that is evidence of unlawful or criminal behavior to the relevant law enforcement authorities. Absent further Court Order, the fact that Protected Material has been provided to law enforcement does not otherwise remove its designation as Protected Material or allow for any additional disclosure except for as provided in this Order.

9. **Maintaining Confidentiality.** The recipient of any Protected Material provided pursuant to this Order shall maintain such Protected Material in a secure and safe area. The recipient shall take care that any such information or the content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than persons described in Paragraphs 3 and 4 herein.

10. **Filing Confidential Information.** In the event a Party wishes to use any Protected Material in affidavits, declarations, briefs, memoranda of law, or other papers filed in this Action, the Party shall do one of the following: (1) obtain the consent of the producing Party or Non-Party; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal or with confidentiality protection as provided by the Court under Southern District of Florida Local Rule 5.4(b)(1).

11.     **Protected Material in Depositions.** Any Party shall have the right to use Protected Material during depositions, provided that no third parties to whom such Protected Material is not permitted to be disclosed are present during such depositions.

12.     At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" whenever counsel for a Party deems that a question and/or the answer to any question has resulted in the disclosure of Protected Material, the deposition (or portions) may be designated by the affected Party as containing Protected Material subject to the provisions of this Order.  When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties described in Paragraph 3 and 4 for Confidential Information and Attorneys' Eyes Only Information, respectively, and the information contained shall be used only as specified in this Order. Parties (and deponents) may, within thirty (30) days after receiving the transcript of a deposition, designate portions of the transcript (and exhibits thereto) as Protected Material. Protected Material within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are "Confidential" or "Highly Confidential—Attorney's Eyes Only." Until expiration of the 30-day period, the entire transcript will be treated as Confidential Material under this Order.  If no Party or deponent timely designates Protected Material in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as Protected Material.  There shall be no need to redesignate documents or exhibits which have been previously designated as Protected Material.

13.     **Protected Material at Trial.**  Subject to the Federal Rules of Evidence, Protected Material may be offered in evidence at trial or any Court hearing. Any Party or producing

Non-Party may move the Court for an Order that Protected Material receive additional protections.

14. **Inadvertent Failure to Designate Confidential Materials.** The inadvertent failure of a Party or Non-Party to designate discovery materials as Confidential Information, Attorneys' Eyes Only Information, or Foreign Private Data as such (whether in the form of documents, interrogatories, testimony, or otherwise) shall not be deemed, by itself, to be a waiver of the Party's or Non-Party's right to so designate such discovery materials as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information. Immediately upon learning of any such inadvertent failure, the producing Party or Non-Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure by a receiving party of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this paragraph shall not violate the terms of this Order. However, immediately upon being notified by a producing Party or Non-Party of an inadvertent failure to designate, the receiving party shall treat such information as though properly disclosed and take any actions necessary to prevent further disclosure.

15. **Inadvertent Production of Privileged Materials.** Pursuant to Fed. R. Evid. 502, there is no waiver of Privilege or work-product in this matter or any other matter in any other jurisdiction for the inadvertent or unintentional production of documents or information containing information which should have been designated as privileged if the producing Party or Non-Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error. The producing Party or Non-Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that Party or Non-Party utilized

attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools or other reasonable means in screening for Privilege, work product or other protection. The producing Party or Non-Party shall be deemed to have taken reasonable steps to rectify the error if, within thirty (30) days of discovery, the producing Party or Non-Party notifies the receiving Party of the inadvertent disclosure and instructs the receiving Party to promptly return all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such notice, the receiving Party shall return all copies of such information to the producing Party or Non-Party within seven (7) business days of such request unless the receiving Party intends to challenge the producing Party's or Non-Party's assertion of Privilege or immunity. If a receiving Party objects to the return of such information within the seven (7) business day period described above, the producing Party or Non-Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope (if document is produced in physical form) and shall not make any use of such information.

16.     **Data Privacy.** This matter is also subject to a Data Privacy Order. (Exhibit A). The Data Privacy Order governs the designation and treatment of "Private Foreign Data," defined therein. The Data Privacy Order is incorporated herein by reference, and the procedures contained in the Data Privacy Order not explicitly addressed by this Protective Order shall control how Foreign Private Data shall be treated in this proceeding.

17.     **Return of Protected Material.**  Upon the final determination of this Action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise, and after a request from the opposing Party or producing Non-Party:

      a.    Counsel of record for each Party receiving Protected Material shall, within sixty (60) days, destroy or return to the designating Party or Non-Party all such documents containing Protected Material and all notes, memoranda, copies, abstracts, excerpts, or other parts, except that all materials constituting work product of such counsel shall be destroyed by the Party in possession; and

      b.    Counsel of record for each Party shall confirm in writing that all Protected Material, documents and things, together with all notes, copies, abstracts, memoranda, excerpts, or other parts, have been returned to the producing Party or Non-Party or destroyed in accordance with the terms of this Order.

## MISCELLANEOUS PROVISIONS

**18. Information Not Confidential.** The Parties will not designate as Protected Material any Documents or materials that they have reason to believe, or should have reason to believe, was generally known or readily available to the public prior to its designation, or is not properly designated as Protected Material under this Order. Moreover, in the event that a designating party becomes aware that a Document or material designated as Protected Material is or has become generally known to the public through no fault of the receiving party, or that it was known to the receiving party prior to its designation, or that it was disclosed to the receiving party without restrictions, or that it was developed by the receiving party without reference to the disclosures by the designating party, then the designating party will immediately rescind its designation and give notice of such rescission to the other parties.

**19. No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

**20.     No Waiver of Privilege.**  This Order will not prejudice the right of any Party or Non-Party to oppose production of any information on the ground of Privilege.

**21.     Other Actions and Proceedings**.  If a receiving party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Order, seeking discovery materials which were produced or designated as Protected Material pursuant to this Order, the receiving party shall give prompt actual written notice by hand or facsimile transmission to counsel of record for such producing Party or Non-Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the producing Party or Non-Party with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  Should the person seeking access to the Confidential Information or Attorneys' Eyes Only Information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party shall respond to the extent permissible under applicable law by setting forth the existence of this Order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 2nd day of December, 2022.

_____
HONORABLE JACQUELINE BECERRA

**Exhibit A**

**DATA PRIVACY ORDER**

Plaintiff Michael Fitzgerald and Defendant Ronda McNae stipulate and agree that the terms and conditions of this Data Privacy Order shall govern the handling of Foreign Private Data, as defined herein, disclosed in connection with this matter, and for good cause, IT IS HEREBY ORDERED AS FOLLOWS:

1. This matter is subject to an Agreed Protective Order Governing the Use and Disclosure of Protected Material (the "Protective Order"). The Protective Order governs the designation and treatment of "Confidential Material," defined therein. The Protective Order is incorporated herein by reference, and the procedures contained in the Protective Order not explicitly addressed by this Data Privacy Order shall control how Foreign Private Data shall be treated in this proceeding.

2. "Foreign Private Data" means any personal or private information or third-party business secret that a producing Party or Non-Party believes in good faith to be subject to foreign (i.e., non-U.S.) data protection laws or other foreign privacy or third-party business secrecy obligations, and that would be protected from discovery by a well-founded conclusion that producing the private or personal or third-party business secrecy information would violate such laws or obligations.

3. "Discovery Material" is all written material, electronic data, videotapes and all other tangible items, produced during this dispute, in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

4.      Discovery Material that contains Foreign Private Data shall be subject to the protections set forth in the Protective Order designated as Confidential Material, if it is not otherwise designated under that Protective Order. Discovery Material that a producing Party or Non-Party considers to be Foreign Private Data shall be marked as such in addition to any other designation under the Protective Order.

5.      Any producing Party or Non-Party may redact from any Discovery Material any Foreign Private Data that the producing Party or Non-Party claims in good faith is required to be redacted under any foreign data protection laws or foreign privacy or third-party business secrecy obligations. Any redactions of Foreign Private Data shall be marked "Private Foreign Data" or "FPD."  *Provided that* no Foreign Private Data of Plaintiff Michael Fitzgerald will be redacted, and any such document will be treated as Protected Material and only filed under seal if needed.

6.      The receiving party shall maintain any Discovery Material that is provided under the Protective Order or under this Data Privacy Order and which contains Foreign Private Data that has not been redacted in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under the Protective Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, or dissemination of such information as is exercised by the receiving party with respect to its own proprietary information.

7.      All documents and materials filed on the Court's docket that contain Foreign Private Data that has not been redacted, including, inter alia, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings that are comprised of or contain Foreign Private Data or information taken therefrom, shall be filed under seal.

8. The unintentional production of Discovery Material containing Foreign Private Data that has not been redacted shall not constitute a waiver of the protections authorized by this Order, or any other order of this Court, provided that the producing Party or Non-Party reasonably promptly notifies the receiving party, in writing, of the production after its discovery of the same. If the producing Party or Non-Party so notifies the receiving party, the receiving party shall treat the unintentionally produced Foreign Private Data as Confidential Material and apply the procedures set forth in the Protective Order.

9. The right to challenge and the process for challenging the designation or redactions of Foreign Private Data shall be the same as the right to challenge and the process for challenging Discovery Material designated as Protected Material, as set forth in the Protective Order.

10. Entry of this Order shall not prejudice the right of any Party or Non-Party to seek other or further relief from this Court or any other court, including, but not limited to, other protections necessary to produce Foreign Private Data or to comply with federal, state, or foreign data protection laws or other non-disclosure obligations.