UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-cv-22171-MARTINEZ

MICHAEL FITZGERALD, and
YELANY DE VARONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE*

**THIS MATTER** comes before the Court on Plaintiff Michael Fitzgerald's Motion *in limine* ("Motion"), (ECF No. 205). This Court has reviewed the Motion *in limine*, pertinent portions of the record, and is otherwise fully advised of the premises. After careful consideration, the Motion *in limine* is **GRANTED** for the reasons set forth herein.

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *accord Sprint Commc'ns, LLC v. Calabrese*, No. 18-60788-CIV, 2022 WL 4767092, at *1 (S.D. Fla. Mar. 31, 2022) (quoting *Luce*, 469 U.S. at 40 n.2). "Motions *in limine* are generally disfavored." *Sprint Commc'ns*, 2022 WL 4767092, at *1 (citing *United States v. Amor*, No. 14-20750-CR, 2015 WL 6438479, at *1 (S.D. Fla. Oct. 23, 2015)). But they enable courts to rule in advance of trial on "the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mowbray v. Carnival Corp.*, No. 08-20931-CIV-ALTONAGA/Brown, 2009 WL 10667070, at *2 (S.D. Fla.

Apr. 13, 2009) (quoting *Bowden v. Wal-Mart Stores, Inc.*, No. 99-D-880, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)).

The burden of demonstrating that certain evidence is inadmissible on all potential ground rests with the movant. *Peace United*, 2022 WL 2802796, at *1 (citing *Mowbray*, 2009 WL 10667070, at *2). To be sure, motions *in limine* do not offer parties "a second chance to resolve or narrow substantive issues for trial or to test issues of law." *XTEC, Inc. v. Cardsmart Techs., Inc.*, No. 11-22866-CIV, 2014 WL 10250973, at *1 (S.D. Fla. Dec. 2, 2014) (emphasis added) (citing *Royal Indem. Co. v. Liberty Mut. Fire Ins.*, No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). Rather, a court's power to exclude evidence before trial is limited to circumstances "when [that] evidence is clearly inadmissible on all potential grounds." *Sprint Commc'ns*, 2022 WL 4767092, at *1 (citing *Mowbray*, 2009 WL 10667070, at *2). "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce*, 469 U.S. at 41–42.

Plaintiff moves *in limine* to exclude evidence that he raped or committed sexual assault against Defendant Ronda McNae and that he committed rape or sexual assault against anyone else. (Mot. at 2). Plaintiff argues that such evidence should be excluded because "(a) these statements are untrue, and (b) the prejudicial effect will far outweigh any probative value." (*Id.* at 4–5). This Court agrees. Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Even thought Defendant McNae filed incident reports claiming she was raped, no probable cause charges have been brought against Plaintiff. (*Id.* at 4). Any evidence or statements alleging Plaintiff Fitzgerald raped Defendant McNae would be

prejudicial and not relevant as to what damages resulted from her breach of the Settlement Agreement.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion *in limine*, (ECF No. 205), is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12 day of March, 2025.

                                                                                                             */s/ Jose E. Martinez*

Copies provided to:  
All Counsel of Record  
                                          JOSE E. MARTINEZ  
                                          UNITED STATES DISTRICT JUDGE