UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 22-cv-22171-MARTINEZ

MICHAEL FITZGERALD, and
YELANY DE VARONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court upon Defendant Ronda McNae's Emergency Motion for Reconsideration and Clarification (the "Motion"), (ECF No. 328). Having reviewed the Motion, pertinent portions of the record, and is otherwise fully advised of the premises, the Court **DENIES** the Motion.

In the Motion for Reconsideration, Defendant seeks reconsideration of this Court's Order Denying Motion to Withdraw (the "Court's Order"), (ECF No. 236). Plaintiff asserts that the Court's Order "overlooks critical information regarding paragraphs 4 and 7." (Mot. at 1). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 Fed. Appx. 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations

omitted)). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted).

Defendant fails to meet the legal standard for reconsideration. The Motion for Reconsideration does not demonstrate a change in the law or clear error and does not present newly discovered evidence that would justify a reconsideration. Moreover, parties "cannot use a . . . motion [for reconsideration] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F/3d 757, 763 (11th Cir. 2005); *Oscar v. United States*, no. 18-21368-Civ, 2018 WL 3946475, at *1 (S.D. Fla. Aug. 16, 2018).

Additionally, the Motion repeatedly references the Rules Regulating the Florida Bar in support of withdrawal but overlooks Rule 4-1.16(c), which states in relevant part that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." *See* Rules Regulating the Florida Bar, Rule 4–1.16.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration, (ECF No. 328), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25 day of March 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record