IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:22-cv-22171-JEM

MICHAEL J. FITZGERALD,
Individually, and YELANY DE VARONA,
Individually

        Plaintiffs,
v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

        Defendants.
_____/

**PLAINTIFF FITZGERALD'S RESPONSE IN OPPOSITION TO DEFENDANT MCNAE'S MOTION FOR RECONSIDERATION and MOTION TO STRIKE EXHIBIT**

    Plaintiff, MICHAEL J. FITZGERALD ("Fitzgerald"), by and through undersigned counsel, hereby files this Response in Opposition to Defendant Ronda McNae's ("McNae") Motion for Reconsideration (ECF NO. 322) and Motion to Strike Exhibit, and in support hereof states as follows:

**INTRODUCTION**

    On March 5, 2025, this Court entered an Order granting Plaintiff Fitzgerald's Motion for Partial Summary Judgment as to Liability (ECF No. 310) (the "Order"). McNae now seeks reconsideration of that Order and argues that the Order overlooked critical disputed issues and misapplies Florida contract law concerning damages. However, McNae's arguments do not support reconsideration as she is merely trying to relitigate matters that have already been litigated and raise argument or evidence that could have been raised prior to the entry of the Order. For these reasons, McNae's Motion for Reconsideration does not meet the legal standard

for reconsideration and must be denied. Further, Fitzgerald requests the Court strike the Joshua Condie declaration (ECF 322-1) and direct the Clerk of Court to seal the record of this case in that regard.

## LEGAL STANDARD

There are two rules of civil procedure that provide an avenue for a losing party to seek relief from a judgment. First, Federal Rule of Civil Procedure 59(e) allows for a motion to alter or amend a judgment to be filed no later than 28 days after the entry of a judgment. *See* Fed. R. Civ. P. 59(e). Relief is proper under Rule 59(e) <u>*only if*</u> the party presents newly discovered evidence or demonstrates a manifest error of law or fact. *Marques v. JP Morgan Chase, N.A.,* 805 F. App'x 668, 670 (11th Cir. 2020). A Rule 59(e) motion cannot be used to relitigate old mattes, raise argument or present evidence that could have been raised prior to the entry of judgment. *Arthur v. King,* 500 F. 3d 1335, 1343 (11th Cir. 2007). Courts in this district have defined "manifest error" as "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Knight v. Jones*, 2018 U.S. Dist. LEXIS 251335 at *1 (S.D. Fla. July 25, 2018); *Blackmon v. Jones*, 2019 U.S. Dist. LEXIS 230983 at *1 (S.D. Fla. Jan. 11, 2019). It is well settled that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Watkins v. BSO Deputy,* 2019 U.S. Dist. LEXIS 8430 (S.D. Fla. Jan. 17, 2019).

Second, Federal Rule of Civil Procedure 60(b) allows courts to relieve a party from a judgment or order on several grounds, including: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other relief that justified relief. *Marques*, 805 F. App'x at 671; Fed. R. Civ. P. 60(b). A motion for relief from judgment based on newly discovered evidence "requires all of the following:"

(1) The evidence must be newly discovered since the summary judgment order:

(2) The movant must have exercised due diligence in discovering the new evidence;

(3) The evidence cannot be merely cumulative or impeaching;

(4) The evidence must be material; and

(5) The new evidence must be such that it would produce a different outcome in the underlying action.

*Williams v. N. Fla. Reg'l Med. Ctr., Inc.*, 164 F. App'x 896, 898-99 (11th Cir. 2006).

For a Rule 60(b) motion for relief to be successful under the catchall provision, Rule 60(b)(6), the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is… a matter for the district court's sound discretion.' " *Cano v. Baker*, 435 F. 3d 1337, 1342 (11th Cir. 2006). McNae has not met the legal standard to warrant reconsideration under either Rule 59(e) or Rule 60(b).

Moreover, a party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States,* 516 F.3d 1235, 1243 (11th Cir.2008) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48,

106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson,* 477 U.S. at 247–48).

Fitzgerald, as the moving party, shouldered the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff,* 549 F.3d 1342, 1343 (11th Cir.2008). His burden being satisfied, McNae, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.,* 327 F. App'x 819, 825 (11th Cir.2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). To defeat summary judgment, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in his favor. *Shiver,* 549 F.3d at 1343. A mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F. 3d 1243, 1247 (11th Cir. 2004). There must be a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F. 2d 1573, 1577 (11th Cir. 1990).

As shown more fully below, and applying the above standards, McNae has not presented newly discovered evidence or demonstrated a manifest error of law or fact. She has likewise failed to point to any extraordinary circumstances justifying relief with regard to the Court's Order granting partial summary judgment as to liability (ECF No. 310). In short, McNae has not met her legal burden and denial of McNae's Motion is required.

*Michael Fitzgerald v. R. McNae*
Case No. 1:22-cv-22171-JEM

## ARGUMENT

McNae argues that the Court misapplied Florida contract law and that Plaintiff failed to demonstrate that any damages resulted from McNae's breaches (ECF No. 322). McNae also tries to submit new evidence to support her motion, i.e. the Declaration of Joshua Condie (the "Condie Declaration")[1] (ECF No. 322-1). Neither McNae's argument, nor the Condie Declaration, are sufficient to justify reconsideration. *Watkins v. BSO Deputy*, 2019 U.S. Dist. LEXIS 8430 (S.D. Fla. Jan. 17, 2019) (reconsideration of a previous order is an extraordinary remedy to be employed sparingly). First, McNae has not argued that the Court committed a manifest error of law or fact. *James River Ins. Co. v. R.I.C., Inc.*, 2025 U.S. Dist. LEXIS 42167, *3 (S.D. Fla. March 7, 2025). Second, McNae's purported "new evidence" was available to her prior to the entry of summary judgment and would not have otherwise affected the outcome of the Court's Order. Notably, the Condie Declaration does not support McNae's position of reversal <u>but instead fully supports Fitzgerald's claims that McNae caused him reputational harm</u>.

Reconsideration is <u>only</u> justified where there is an intervening change in the controlling law, there is new evidence available, or there is a need to correct clear error or prevent manifest injustice. *Watkins*, 2019 U.S. Dist. LEXIS 8430 at *1. McNae's motion for reconsideration is merely another effort to reverse the course of this litigation and rehash matters that have already been fully litigated. However, she has not proven that reconsideration is warranted as she is simply trying to relitigate old matters and present evidence that could have been raised prior to the entry of judgment. *James River*, 2025 U.S. Dist. LEXIS 42167, *3. Moreover, McNae has not demonstrated any extraordinary circumstances to warrant relief. *Id.* at *4.

---

[1] As noted *infra* Section E, Fitzgerald moves to strike the Condie Declaration on the basis that it is harassing, unduly prejudicial, and scandalous, and would not have changed the outcome of this Court's summary judgment ruling had it been presented to the Court in a timely manner.

In her Motion, McNae makes <u>four</u> arguments all of which are incorrect and have already been litigated. First, she argues that Fitzgerald failed to prove damages. Second, she argues that genuine issues of material fact exist regarding damages and liability. Third, she argues that the Confidential Settlement Agreement should be invalidated due to duress. Fourth, she argues that the Confidential Settlement Agreement did not prohibit McNae from discussing events that occurred between her and Fitzgerald in California.

The first three arguments were fully briefed in Plaintiff's Motion for Partial Summary Judgment (ECF No. 171), Defendant's Response in Opposition to the Motion for Partial Summary Judgment (ECF No. 191), Plaintiff's Reply (ECF No. 201), as well as Defendant's Surreply (ECF N0. 251). In addition to these briefs, Plaintiff filed a Statement of Material Facts in Support of Motion for Partial Summary Judgment with twenty-three (23) exhibits (ECF NO. 172), and Defendant filed her Response to Plaintiff's Statement of Material Facts with eleven (11) exhibits (ECF No. 192). McNae's attempt to relitigate these arguments is improper.

Here, the Court has ruled that Fitzgerald met all elements for a breach of contract claim – contract, breach and damages (ECF No. 310). The Court held that a plaintiff moving for summary judgment as to liability *only* does not need to prove the specific amount of damages to prevail. *Id.* (citing *AmeriPath, Inc. v. Wetherington*, 2011 WL 1303804 at *5 (S.D. Fla. Apr. 4, 2011)). The Court held that McNae's allegations of duress fail as a matter of law and do not render the contract void (ECF No. 310 at 8-10). The Court ordered the case to proceed to trial to determine the amount of damages. *Id.* at 10.

McNae's fourth argument has been waived as McNae had ample opportunity to address this argument before the Court issued its Order granting Plaintiff's Motion for Partial Summary Judgment as to Liability. Nonetheless, even had McNae made this argument earlier, it would have

no impact on the outcome of this Court's Order. For the reasons set forth herein, denial of McNae's Motion for Reconsideration is required.

### A.     Under Florida Law, Damages are Presumed in the Event of a Breach of Contract

McNae's argument that Fitzgerald failed to establish *actual* damages resulting from her ten (10) breaches is incorrect. Under Florida law, once a breach has been established, at least nominal damages are presumed. *Walter Int'l Prods., Inc. v. Salinas*, 650 F. 3d 1402, 1418 (11th Cir. 2011). Therefore, McNae incorrectly argues that Fitzgerald has not provided concrete evidence of economic harm, career setbacks, or reputational damages resulting from McNae's breaches. That "concrete evidence" will be presented at the trial on the amount of damages and it is up to the jury to determine the exact amount of Fitzgerald's actual damages.

These issues have already been litigated. Fitzgerald reasserts and incorporates the legal arguments already fully briefed in his Motion for Partial Summary Judgment as to Liability (ECF No. 171) and his Reply (ECF No. 201) as if fully asserted herein. Therefore, rearguing those very same arguments here is simply rehashing the identical legal arguments, and does not merit re-briefing beyond incorporation of the prior arguments by reference.

In his motion, Fitzgerald established that McNae caused him damage (ECF No. 171, 201) in the form of personal and professional harm, including damage to his reputation and mental health. Thus, Fitzgerald's motion supports that at the very minimum, Fitzgerald is entitled to nominal damages. At trial, Fitzgerald will testify as to the professional and personal harm he has suffered due to McNae's breaches, the damage to his career, the harm to his reputation, and significant personal harm to his mental health and emotional wellbeing. These will be factors for the jury to consider in determining the amount of damages to award Fitzgerald. Since a "plaintiff moving for summary judgment as to *liability only* does not need to prove the specific amount of

damages to prevail," the Court did not commit any manifest errors of law in granting summary judgment as to liability and there is, therefore, no basis to warrant a reconsideration. *Id.* (citing *AmeriPath, Inc. v. Wetherington,* 2011 WL 1303804 at *5 (S.D. Fla. Apr. 4, 2011)). Since damages are presumed upon the finding of a breach of contract under Florida law, McNae's arguments fail as a matter of law. *Sevens v. Cricket Club Condo., Inc.*, 784 So. 2d 517, 519 (Fla. 3d DCA 2001).

Likewise, under Florida law, damages for defamation *per se* are presumed. Defamation of a private person requires publication of a defamatory statement that is false and causes its subject actual damages. *Clowdus v. Am. Airlines, Inc.*, 2023 U.S. App. LEXIS 20232 at *8 (11th Cir. Aug. 7, 2023). In an action for defamation *per se*, a plaintiff need not prove special damages because *per se* defamatory statements are "so obviously defamatory" and "damaging to reputation" that their publication "gives rise to an absolute presumption of malice and damage." *Id.* (citing *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973). Here, McNae's disparaging statements falsely accused Fitzgerald of committing a heinous crime, and such statements are *per se* defamation where damages are presumed. Partial summary judgment is appropriate and mandated.

Reconsideration is, therefore, improper given that Fitzgerald has already established that he suffered damage as a direct result of McNae's breaches of the contract and McNae simply seeks to relitigate the same issues. Accordingly, for this reason plus the fact there was no manifest error by the Court, this Court should deny McNae's Motion.

**B.      McNae is Attempting to Relitigate Issues of Liability**

McNae's second argument is an attempt to relitigate the causation of Fitzgerald's damages. McNae is arguing that that no one believed her accusations that Fitzgerald sexually

assaulted her and he, therefore, did not suffer reputational harm (ECF No. 322 at 3). However, this argument negates Florida law that Fitzgerald suffered nominal damages at a minimum, and the fact that McNae was *contractually obligated* to cease all discussions about Fitzgerald, and expressly contracted not to contact Fitzgerald's then-employer, SoftwareONE, but did so anyway (ECF No. 171, 201). The fact that McNae had made similar accusations prior to the entry of the Confidential Settlement Agreement has no effect on the fact that she agreed to keep her mouth shut as of June 15, 2020, yet ignored her own promises and caused Fitzgerald substantial harm by repeating and reiterating her baseless accusations to the same *and new* people after her contractual agreement to cease such communications. *Id.* By digging up her two-year-old accusations, McNae put into motion a series of events, including an internal investigation by SoftwareONE, which ultimately led to, *and was the proximate cause of*, the end of Fitzgerald's career at SoftwareONE, significant damage to his reputation, emotional distress, and financial ruin. *Id.*

McNae's argument that there are disputed facts regarding whether any economic or reputational harm can be attributed to McNae's breaches ignores established Florida law that Fitzgerald did not need to prove the specific amount of damages to prevail as to liability. *Walter Int'l Prods., Inc.*, 650 F. 3d at 1418. Again, the extent of damages is an issue triable by the jury and Fitzgerald carries the burden of establishing the dollar value as to the amount of economic and reputational harm.

As stated *supra*, McNae relies on the Condie Declaration for reconsideration. However the Condie Declaration, if admissible, would be direct evidence in favor of Fitzgerald's case, not McNae's. It evidences that due to McNae's disparaging comments, Fitzgerald's reputation was harmed with a senior Microsoft executive. *See* ECF No. 322-1. Mr. Condie was William McNae's manager at Microsoft, who worked with Fitzgerald and SoftwareONE. Mr. Condie's

statement that he believed McNae's allegations that Fitzgerald raped McNae (which Fitzgerald adamantly denies and McNae's own journal writings directly contradict as a consensual relationship, *See* ECF No. 172-3; 172-4; 172-5; 172-6; Fitz 0004-0005; McNae 1132), and that "…this was the criminal behavior of a very sick and dangerous man (Fitzgerald)" is proof certain of the reputational harm Fitzgerald suffered as a direct result of McNae's disparaging statements. *See* ECF No. 322-1. Mr. Condie's statements that Fitzgerald committed a horrible and horrific crime, that he engaged in predatory behavior, and needs to be prevented from victimizing more women in the future is direct proof that McNae's statements are defamatory *per se* and caused Fitzgerald actual damage.

*Per se* defamatory statements are so "damaging to [one's] reputation" that they "give rise to an absolute presumption both of malice and damage." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014) (accusing someone of committing a felony is defamation *per se* which impugns one's trade and profession). A statement that a person has committed a crime – such as rape – is one of the classic defamation *per se* categories – that is, the pleader need not allege specific damages to state a cause of action. *Scott v. Busch*, 907 So. 2d 662, 667 (Fla. 5th DCA 2005).

McNae's inclusion of the Condie Declaration contradicts her own argument that Fitzgerald has not proven that his damages were directly caused by McNae and supports denial of McNae's Motion for Reconsideration. Indeed, Mr. Condie, a senior executive at Microsoft who has worked in the technology industry since 2017, is the *exact* type of person whose knowledge of McNae's accusations has negatively affected Fitzgerald's career. Mr. Condie's public filing in the docket of this case, which states his belief that Fitzgerald is a dangerous and sick man goes to the very heart of Fitzgerald's damage claim and is direct proof that McNae has utterly and

permanently ruined Fitzgerald's reputation (and career). McNae's defamatory remarks – in direct violation of the Confidential Settlement Agreement – harmed Fitzgerald and his reputation. *Lawnwood Med. Ctr. V. Sadow*, 43 So. 3d 710 (Fla. 4th DCA 2010) (finding defendant acted willfully and with express malice to harm doctor when he engaged in pattern and practice of destroying doctor's reputation). The damages to Fitzgerald's reputation were natural and foreseeable by McNae. *William Scott, P.E. v. Rolling Hills Place*, 1997 F. App. Lexis 1386 (Fla. 5th DCA 1997). Fitzgerald is entitled to recover damages resulting from McNae's breaches. *Bird Lakes Development Corp. v. Meruelo*, 626 So. 2d 234 (Fla. 3d DCA 1993). Reconsideration must be denied.

### C. McNae's Duress Defense Fails as a Matter of Law

McNae's third argument in her Motion to Reconsideration is that the Settlement Agreement is invalid due to Duress. This argument has been addressed *ad nauseam*. A Motion for Reconsideration cannot be used to relitigate old matters. *MacPhee v. MiMedx Grp., Inc.*, 73 F. 4th 1220 (11th Cir. 2023). McNae has not argued that the Court committed a manifest error of law and has not presented new evidence justifying reconsideration.

McNae has failed to demonstrate as a matter of law that her alleged duress justified setting aside the Confidential Settlement Agreement aside (ECF No. 201). McNae did not sign the Confidential Settlement Agreement involuntarily, nor did she face improper external pressure. *Id.* McNae was represented by competent counsel, the agreement was negotiated extensively and was shared with her friends and confidants. *Id.* at 9-11. Importantly, it was <u>McNae</u> who first suggested signing a non-disclosure agreement in the first place. *Id.* McNae has not met the legal standard to establish that her anxiety and PTSD established duress. *Id.* Finally, McNae also was aware that she had

alternatives other than entering the Confidential Settlement Agreement, but chose to forego those options. *Id.* This is direct proof that McNae was not under any duress whatsoever.

McNae's argument in her Motion for Reconsideration now focuses on the alleged financial distress she was under. This is ironic. In Plaintiff's Motion for Partial Summary Judgment as to Liability, Fitzgerald argued that McNae's arguments that she could not afford therapy was insufficient to establish financial duress (ECF No. 171). Fitzgerald argued that the "mere fact that one is in a difficult bargaining position due to their financial circumstances does not support a defense of economic duress." *Id.* at 21 (citing *Fla. Assocs. Capital Enters., LLC v. Sundale, Ltd.*, 2010 Bankr. LEXIS 3642 at *55 (S.D. Fla. Bankr. 2010)).

In her response in opposition to Plaintiff's Motion for Partial Summary Judgment as to Liability, McNae emphasized that her duress defense was largely due to her alleged PTSD and anxiety not her financial stress (ECF No. 191). McNae's attempt now in her Motion for Reconsideration to reassert the financial duress argument comes too late. Reconsideration is inappropriate where the losing party had the opportunity to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Arthur v. King,* 500 F. 3d 1335, 1343 (11th Cir. 2007). Courts will not address new arguments or evidence that the moving party could have raised before the decision was issued. *Banister v. Davis,* 590 U.S. 504, 508 (2020). McNae waived her "financial duress" argument and cannot make them in her motion for reconsideration. McNae's Motion must be denied as she is simply trying to rehash the arguments that were already, or could have already been, made.

D.   **<u>McNae Was Prohibited From Discussing Fitzgerald, Period.</u>**

McNae is trying to argue that the Confidential Settlement Agreement did not cover their second extra-marital relations in California in November of 2019. This argument is nonsensical.

*Michael Fitzgerald v. R. McNae*
Case No. 1:22-cv-22171-JEM

The Confidential Settlement Agreement completely prohibited McNae from discussing Fitzgerald to anyone, anywhere, anytime and anyhow from June 15, 2020 into infinity. That McNae is now claiming that the jury should apportion damages to communications that pertained to the Florida affair from communications that pertained to the California affair makes no sense. Nevertheless, this argument was available to McNae prior to the entry of the Order and asserting same here is inappropriate.

McNae's Motion for Reconsideration on this fourth ground must be denied, as a motion for reconsideration cannot be used to address arguments that the moving party could have raised before the decision was issued. *Banister*, 590 U.S. at 508; *James* River, 2025 U.S. Dist. LEXIS 42167 *3; Abbott *v. Austal USA, LLC*, 2025 U.S. Dist. LEXIS 19474 at *3 (S.D. Ala. 2025).

**E.**     **Fitzgerald Requests this Court Strike the Condie Declaration and Seal the Docket**

Fitzgerald moves to strike the Condie Declaration from the CM/ECF database (and seal the docket) on the basis that the proffered evidence is unduly prejudicial, scandalous, inadmissible hearsay evidence. By filing the proffered declaration in the public record, McNae carries on her tirade against Fitzgerald, further damaging his reputation and seeking out every opportunity to taint the record and the public against him. McNae's inclusion of the Condie Declaration – against her counsel's advice – can potentially cause future harm to Fitzgerald. Moreover, the Condie Declaration should not be relied upon in considering McNae's Motion for Reconsideration as it does not contain any new information and was available to McNae prior to the Court's Order granting Plaintiff's Motion for Summary Judgment as to Liability (ECF No. 310). In short, the Condie Declaration is inadmissible, harmful, unduly prejudicial and irrelevant. Including the Condie Declaration is more prejudicial than probative of any matter related to this

case, and thus Fitzgerald respectfully requests that this Court strike the Condie Declaration at ECF No. 322-1 from the docket of this matter, sealing the record in this regard.

## CONCLUSION

McNae's Motion for Reconsideration does not meet the legal standard necessary to justify such extraordinary relief. McNae has failed to present newly discovered evidence or demonstrate a manifest error of law or fact. *Marques v. JP Morgan Chase, N.A.,* 805 F. App'x 668, 670 (11th Cir. 2020). It merely attempts to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. *Arthur v. King*, 500 F. 3d 1335 (11th Cir. 2007). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. Watkins, 2019 U.S. Dist. LEXIS 8430 at *1.

Motions that simply 'rehash' the losing party's failed arguments or that attempt to rescue failed positions by introducing new arguments are routinely and summarily rejected as being outside the proper scope of the limited relief available under a motion for reconsideration. *Abbott,* 2025 U.S. Dist. LEXIS 19474 at *4 (citing 2 Steven S. Gensler, *Fed. R. Civ. P. Rules and Commentary Rule 59 (2024)).* Rules 59(e) and 60(b) do not provide relief here. McNae's Motion for Reconsideration must be denied. Additionally, the Condie Declaration should be stricken from the docket of this matter (sealing the record) as it is unduly prejudicial, irrelevant, harmful, inadmissible hearsay.

**WHEREFORE**, for the foregoing reasons, Plaintiff Michael Fitzgerald respectfully requests that this Court enter an order (a) denying Defendant Ronda McNae's Motion for Reconsideration, (b) striking the Condie Declaration at ECF No. 322-1 from the docket of this matter and directing the Clerk to Seal the Record as to ECF No. 322-1, and (c) for such further and additional relief as this Court deems just and proper.

*Michael Fitzgerald v. R. McNae*
Case No. 1:22-cv-22171-JEM

Dated: March 26, 2025    Respectfully submitted,

                                                      **ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3650
Miami, Florida 33131
Telephone: (305) 567–5576
Facsimile: (305) 567–9343

By:  /s/ Meredith J. Gussin
Peter E. Berlowe
Florida Bar No. 143650
Meredith J. Gussin
Florida Bar No. 0512303
*Attorneys for Plaintiff*