UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-cv-22171-MARTINEZ

MICHAEL FITZGERALD, and
YELANY DE VARONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RONDA MCNAE'S MOTIONS *IN LIMINE*

**THIS MATTER** comes before the Court on Defendant Ronda McNae's Motions *in limine*. (ECF No. 206). This Court has reviewed the Motions *in limine*, pertinent portions of the record, and is otherwise fully advised of the premises. After careful consideration, the Motions *in limine* are **GRANTED in part and DENIED in part** for the reasons set forth herein.

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *accord Sprint Commc'ns, LLC v. Calabrese*, No. 18-60788-CIV, 2022 WL 4767092, at *1 (S.D. Fla. Mar. 31, 2022) (quoting *Luce*, 469 U.S. at 40 n.2). "Motions *in limine* are generally disfavored." *Sprint Commc'ns*, 2022 WL 4767092, at *1 (citing *United States v. Amor*, No. 14-20750-CR, 2015 WL 6438479, at *1 (S.D. Fla. Oct. 23, 2015)). But they enable courts to rule in advance of trial on "the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mowbray v.*

*Carnival Corp.*, No. 08-20931-CIV-ALTONAGA/Brown, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) (quoting *Bowden v. Wal-Mart Stores, Inc.*, No. 99-D-880, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)). "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce*, 469 U.S. at 41–42.

Defendant Ronda McNae moves to exclude certain evidence at trial. This Court shall address each Motion *in limine* in turn.

**Motion *in limine* No. 1**: Defendant moves to exclude any evidence or testimony related to Fitzgerald's claims of non-economic damages, such as reputational harm and emotional distress. (Mot. at 3–4). "Florida follows the general rule that, to be recoverable, damages for breach of contract 'must arise naturally from the breach, or have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach.'" *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1532 n.11 (11th Cir. 1985) (quoting *Hobbley v. Sears, Roebuck & Co.*, 450 So. 2d 332, 333 (Fla. 1st DCA 1984)). "Moreover, concerning foreseeability, Florida law does not require that the parties have contemplated the precise injuries which occurred; rather, damages are recoverable so long as the actual consequences of breach of the contract could have reasonably been expected to flow from the breach." *T.D.S. Inc.*, 760 F.2d at 1532 n.11 (citing *Nat. Kitchen, Inc. v. Am. Transworld Corp.*, 449 So. 2d 855, 860 (Fla. 2d DCA 1984)). Therefore, "under Florida law, consequential damages like reputational harm may be recovered in breach of contract actions. *K3 Enterprises, Inc. v. Sasowski*, No. 20-24441-CIV, 2022 WL 17987272, at *2–3 (S.D. Fla. Sept. 8, 2022).

Here, the parties entered into the Settlement Agreement which prohibited Defendants from contacting Plaintiff's employer SoftwareONE, writing about Plaintiff directly and indirectly, and

disparaging Plaintiff. Defendant Ronda McNae breached the settlement Agreement by, amongst other ways, disparaging Plaintiff, going to the very heart of the agreement. Plaintiff's reputational damages could have reasonably been expected to flow from Defendant Ronda McNae's breach of the non-disparagement provision of the agreement. This Motion *in limine* is therefore **DENIED** as to excluding reputational damages.

As to emotional distress, "these damages are not available for a breach of contract claim under Florida law." *Marchisio v. Carrington Mortg. Servs.*, LLC, 919 F.3d 1288, 1314 (11th Cir. 2019). "[A]s a general rule, damages for mental distress caused by a breach of contract are not allowed under Florida law unless the breach amounts to an independent, willful tort." *Id.* (citing to *Gellert v. E. Air Lines, Inc.*, 370 So.2d 802, 805 (Fla. 3d DCA 1979)). Indeed, "where the gravamen of the proceeding is breach of contract, even if such breach be willful and flagrant, there can be no recovery for mental pain and anguish resulting from such breach." *Floyd v. Video Barn, Inc.*, 538 So.2d 1322, 1325 (Fla. 1st DCA 1989). This Court has already dismissed all tort claims in this case because of the independent tort doctrine. (ECF No. 100 at 9–100; (*see also id.* at 13) (dismissing punitive damages claim because "there is no independent tort present here."). Accordingly, this Motion *in limine* is **GRANTED** as to excluding emotional damages.

**Motion *in limine* No. 2**: Defendant moves to exclude any evidence, testimony, or reference to the DiJulios and their disputes with the McNaes. (Mot. at 4–5). Because such evidence is not relevant as to determining damages, this Motion *in limine* is **GRANTED**.

**Motion *in limine* No. 3**: Defendant moves to exclude all evidence concerning her extramarital affair that occurred years before the issues in this case arose. (Mot. at 5). Because such evidence is not relevant as to determining damages, this Motion *in limine* is **GRANTED**.

**Motion *in limine* No. 4**: Defendant moves to exclude any reference to Ronda McNae's autoimmune disorders or medical treatment. (Mot. at 6). Because such evidence is not relevant as to determining damages, this Motion *in limine* is **GRANTED**.

**Motion *in limine* No. 5**: Defendant moves to exclude any evidence regarding the nature of the marital relationship between Ronda and William McNae. (Mot. at 6). Because such evidence is not relevant as to determining damages, this Motion *in limine* is **GRANTED**.

**Motion *in limine* No. 6**: Defendant moves to exclude any evidence or reference to allegations concerning her false statements to Fitzgerald that she was pregnant. (Mot. at 7–8). Because such evidence is not relevant as to determining damages, this Motion *in limine* is **GRANTED**.

**Motion *in limine* No. 7**: Defendant moves to exclude any testimony from Plaintiff Michael Fitzgerald regarding additional damages he allegedly sustained but did not testify to during his deposition. (Mot. at 9). Plaintiff Fitzgerald shall be allowed to testify as to ongoing damages he has sustained due to Defendant Ronda McNae's breaches of the Settlement Agreement. Therefore, this Motion *in limine* is **DENIED**.

**Motion *in limine* No. 8**: Defendant moves to exclude any evidence or argument concerning punitive damages. (Mot. at 9–10). Although "[t]he general rule is that punitive damages are not recoverable for breach of contract" in Florida, it may recognize them "where the acts constituting a breach of contract also amount to a cause of action in tort." *Griffith v. Shamrock Vill., Inc.*, 94 So.2d 854, 858 (Fla. 1957). In such cases, the underlying tort must be based on "an intentional wrong, willful or wanton misconduct, or culpable negligence, the extent of which amounts to an independent tort . . . ." *S. Bell Tel. & Tel. Co. v. Hanft*, 436 So.2d 40, 42 (Fla. 1983). Because this Court has already dismissed Plaintiff's claim for punitive damages, this Motion *in limine* is

GRANTED. (*See* ECF No. 100 at 13) (dismissing punitive damages claim because "there is no independent tort present here.").

**Motion *in limine* No. 9**: Defendant moves to exclude any evidence or reference to attorneys' fees and costs incurred by Plaintiff in litigating this matter. (Mot. at 10). Fitzgerald may testify that his damages include costs of litigation, therefore, the Motion *in limine* is **DENIED** in this regard. However, attorney's fees are determined by the Court, not the jury, so the Motion *in limine* is **GRANTED** in this respect.

**Motion *in limine* No. 10**: Defendant moves to exclude any evidence regarding Fitzgerald's lost business opportunities based on a stipulation. (Mot. at 10–11). According to Fitzgerald, no stipulation was ever agreed to, and the negotiations were between counsel for Plaintiff and counsel for William McNae, not Ronda McNae. (Resp. at 13, ECF No. 212). Moreover, Fitzgerald shall be permitted to testify that he suffered lost business opportunities due to his alleged reputational harm caused by Defendant's breach of the Settlement Agreement. Accordingly, this Motion *in limine* is **DENIED**.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motions *in limine*, (ECF No. 206), are **GRANTED in part and DENIED in part**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ＿ day of March, 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record