UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-22171-CIV-MARTINEZ/SANCHEZ

MICHAEL FITZGERALD, and YELANY DE VERONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO CHALLENGE CONFIDENTIALITY DESIGNATIONS**

This matter is before the Court on the Motion to Challenge Confidentiality Designations filed by the Defendant, Ronda McNae, which seeks to challenge and strike the confidentiality designations made to unspecified documents that "primarily relate to" Plaintiff Michael Fitzgerald's "employment and voluntary separation from SoftwareONE"; "SoftwareONE's internal investigation into Plaintiff's conduct"; and "[c]ommunications between SoftwareONE leadership concerning allegations against Plaintiff." ECF No. 288 at 4; *see also id.* at 2, 18-19.[1] The Defendant's motion also seeks sanctions. *See id.* at 18-19.

The Agreed Protective Order Governing the Use and Disclosure of Protected Material ("Protective Order"), ECF No. 23, governs confidentiality designations of protected materials disclosed in this case. *See* ECF No. 23. The Protective Order also provides a mechanism for challenging a confidentiality designation. *See id.* While the party "claiming confidentiality shall have the initial burden of establishing confidentiality," any party that disagrees with a designation

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the Defendant's motion to the undersigned. *See* ECF No. 304.

"shall first try to resolve the matter on an informal basis" before "apply[ing] for appropriate relief from this Court." *Id.* at ¶ 5.

In addition to the conferral requirement in the Protective Order, the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and the undersigned's posted Discovery Procedures all provide that parties must confer in good faith and attempt to resolve discovery disputes before bringing them to the Court's attention. *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, *7 (S.D. Fla. Sept. 4, 2013) (citing Fed. R. Civ. P. 37(a)(1) and S.D. Fla. L.R. 7.1(a)(3)); Discovery Procedures for Magistrate Judge Sanchez § I(A), https://www.flsd.uscourts.gov/sites/flsd/files/Discovery Procedures for Judge Sanchez.pdf; *see also* ECF No. 23 at ¶ 5; S.D. Fla. L.R. 7.1(g)(1). Significantly, when a party seeks to challenge confidentiality designations that were made pursuant to a protective order, "the general rule requires a targeted challenge, not a blanket demand to re-review all documents produced and designated."[2] *Procaps*, 2013 WL 4773433 at *8 (citing *Giddy Up, LLC v. Prism Graphics, Inc.*, No. 3-06-CV-0948, 2007 WL 2460646, at *2 (N.D. Tex. Aug. 29, 2007) (protective order on confidentiality implicitly requires party challenging a designation "to identify the *specific* documents at issue so that the attorneys can attempt to negotiate an acceptable resolution of the matter," and rejecting "blanket request to reclassify all documents designated as 'attorneys eyes only'")). Indeed, unless the "challenging party *specifies* which documents it is challenging," "[t]here is no practical way for the parties to have a meaningful dialogue, as required, about the propriety of the designations." *Id.* at *7 (emphasis in original).

---

[2] Here, the Court finds that the Defendant's motion has not established any basis for deviating from the general rule.

Here, the Defendant's motion does not identify which specific documents are the subject of her confidentiality-designation challenge. *See* ECF No. 288. At best, the Defendant's motion lists categories of documents that she appears to challenge, but the motion does not attach, describe, or list the Bates numbers of any specific documents that were designated as confidential in discovery, nor does the motion identify any discovery response or responses in which the challenged documents were produced. *See id.* While it appears from the Court's review of the emails attached as Exhibit B to the instant motion that the Defendant may possibly be seeking to challenge the confidentiality designations of pages 18-20 and 22 of the Defendant's reply in support of her motion to dismiss, ECF No. 283, the Defendant's motion never actually states that the Defendant wishes to challenge those designations, nor does the Defendant's motion identify any other particular document whose designation the Defendant wishes to challenge. *See* ECF No. 288.[3] Without the Defendant specifying precisely which documents she wishes to challenge, there would have been "no practical way for the parties to have a meaningful dialogue, as required, about the propriety of the designations." *Procaps*, 2013 WL 4773433 at *7. The emails the Defendant attaches to her motion demonstrate that the parties did not, in fact, have a meaningful conferral as to the disputed confidentiality designations because the Defendant did not provide the Plaintiff with the Bates numbers of the documents that she is challenging and did not otherwise identify the documents that are the subject of her motion. *See* ECF No. 288 at 38-55.

Accordingly, the Court finds that the Defendant has not complied with the conferral requirements of the Protective Order, Federal Rule of Civil Procedure 37(a)(1), Local Rule 7.1(a)(3), or this Court's posted Discovery Procedures, and the Defendant's motion is therefore

---

[3] Notably, it appears that the Defendant's position has been that pages 18-20 and 22 were not designated as confidential rather than that those pages were improperly designated as confidential.

premature. *See Procaps*, 2013 WL 4773433 at \*1, \*8. Compliance with the Local Rules is mandatory, and the Defendant's failure to comply with Local Rule 7.1(a)(3) is grounds for denial of her motion. *See, e.g.*, *Taveras v. Fla. DOT*, No. 22-CV-23745-SCOLA/GOODMAN, 2023 WL 5428488, at \*2 (S.D. Fla. Aug. 23, 2023); *Starship 1, LLC v. Sky Support, LLC*, No. 22-20090-CIV, 2023 WL 5231807, at \*1 (S.D. Fla. June 14, 2023). Denial of the Defendant's motion is appropriate on this basis alone. *See, e.g.*, *Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318, 1320 n.1 (S.D. Fla. 2021) ("Plaintiffs' inadequate good-faith certification [under Local Rule 7.1(a)(3)] is an independent basis for denying this Amended Motion."). Moreover, without identification of the documents that the Defendant wishes to challenge, the Court cannot conduct the necessary document-specific analysis and provide the specific "targeted" relief that is required when addressing a challenge to confidentiality designations.[4] *See Procaps*, 2013 WL 4773433 at \*8.

---

[4] Although the Court does not reach the merits of any confidentiality designations because of the Defendant's failure to identify the documents that are the subject of her challenge, the Court notes that a number of grounds raised by the Defendant to challenge confidentiality designations do not appear to support her request. For example, Defendant complains that Plaintiff Fitzgerald disclosed confidential documents to his experts. However, providing experts with materials that have been designated as confidential does not violate the Protective Order, which expressly provides for the disclosure of confidential materials to a party's expert. ECF No. 23 at ¶ 3(e). Defendant also contends that Fla. Stat. § 69.081 prohibits the Plaintiff's confidentiality designations, *see* ECF No. 288 at 9-10, but her reliance on that Florida statute is unavailing; Fla. Stat. § 69.081 is a state procedural rule that is inapplicable to and does not govern this federal proceeding. *See Ronque v. Ford Motor Co.*, No. 91-622-CIV-J-16, 1992 WL 415427, at \*1 (M.D. Fla. May 19, 1992). Defendant also complains that Plaintiff used certain sensitive communications that were "[e]xplicitly limited to this litigation and not intended for use in unrelated legal matters" in state court litigation against Will McNae. ECF No. 288 at 10. She acknowledges, however, that the pertinent documents "were not designated confidential at the time of production." ECF No. 288 at 10-11. Under the circumstances identified in her motion, Defendant has not established how the disclosure of information that she deems sensitive but that was not designated as confidential under the Protective Order furnishes a basis for challenging otherwise appropriate confidentiality designations concerning different documents. Defendant additionally complains that non-party SoftwareONE failed to disclose certain documents and produce a privilege log, *see, e.g.*, ECF No. 288 at 6, 7, 12-13, 17-18, and that she was the subject of improper monitoring of

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Motion to Challenge Confidentiality Designations, ECF No. 288, is **DENIED WITHOUT PREJUDICE**. If, after the Defendant engages in the required conferral about the confidentiality designations of specific documents that she wishes to challenge, the Defendant still wishes to file a motion to challenge any confidentiality designations, she may do so. Any such motion challenging confidentiality designations must identify (by Bates number or other unique document-identifying information) the specific documents that the Defendant is challenging, and Plaintiff must file such documents as an exhibit to her motion. The challenged documents, as well as the motion if it includes information designated as confidential, must be filed in accordance with Paragraph 10 of the Protective Order and Southern District of Florida Local Rule 5.4.

**ORDERED AND ADJUDGED** in Chambers in Miami, Florida, on this 28th day of March, 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Counsel of Record

---

her social media accounts, *see, e.g.*, ECF No. 288 at 7, 13-17. Such allegations, however, provide no basis for challenging confidentiality designations made under the Protective Order. Moreover, to the extent that the Defendant is now seeking to compel discovery and obtain sanctions from non-party SoftwareONE more than 18 months after discovery closed, without providing the Court with any of the discovery requests with which SoftwareONE allegedly failed to comply, and without any indication that she engaged in the requisite conferral with SoftwareONE before filing her request to compel discovery and for sanctions, *see* ECF No. 288 at 13, 18, her request for discovery and sanctions is denied.