UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-cv-22171-MARTINEZ

MICHAEL FITZGERALD, and
YELANY DE VARONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.

_____/

### ORDER ON DEFENDANT'S MOTION TO EXCLUDE EXPERT OPINIONS

**THIS MATTER** comes before the Court on Defendant Ronda McNae's Motion to Exclude Expert Opinions of Sheri Fiske, Dr. Michael DiTomasso, and Dr. Kim Fromme, ("Motion"), (ECF No. 188). This Court has reviewed the Motion, pertinent portions of the record, and is otherwise fully advised of the premises. After careful consideration, the Motion is **GRANTED in part and DENIED in part** for the reasons set forth herein.

### BACKGROUND

On June 15, 2020, Plaintiff Fitzgerald and Defendants Ronda and Will McNae entered into a Settlement Agreement in which Plaintiff paid money in exchange for releases from Defendants of their claims arising from an alleged rape and sexual assault, and prohibited Defendants from contacting Plaintiff's employer SoftwareONE, writing about Plaintiff directly and indirectly, and disparaging Plaintiff. The only claim remaining in this case is a single breach of contract claim asserted by Plaintiff Fitzgerald against Defendant Ronda McNae for breach of the Settlement Agreement. On March 5, 2025, this Court entered its Order Granting Plaintiff Fitzgerald's Motion

for Partial Summary Judgment as to Liability, finding that Defendant Ronda McNae breached the Settlement Agreement. (ECF No. 310). This case is soon proceeding to trial to determine damages Plaintiff has sustained from Defendant Ronda McNae's breach of the Settlement Agreement.

Plaintiff Fitzgerald disclosed three experts in connection with this case. First, he disclosed Sheri Fiske, a certified public accountant, who will testify to Fitzgerald's purported economic damages. (Mot. at 1). Second, Plaintiff disclosed Dr. Michael DiTomasso, a forensic psychologist, to testify as to his non-economic, reputational damages. (*Id*. at 2). Third, Plaintiff disclosed Dr. Kim Fromme, a clinical psychologist to testify that Defendant Ronda McNae's memory of having been raped and assaulted is false, and that the parties engaged in consensual sexual relations. (*Id*.). Defendant Ronda McNae seeks to exclude the expert opinions of these three expert witnesses pursuant to Federal Rule of Evidence 702.

## LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. *Daubert v. Merrell Dow Pharms., Inc.*, implementing Rule 702, requires district courts to ensure that any and all scientific testimony or evidence admitted is both relevant and reliable. 509 U.S. 579, 589–90 (1993). This gatekeeping function is "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation 'expert testimony.'" *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005).

2

The Eleventh Circuit "requires trial courts acting as gatekeepers to engage in a 'rigorous three-part inquiry,' assessing whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010). These three requirements are commonly referred to as the "qualifications" prong, the "reliability" prong, and the "helpfulness" prong. *Milana v. MSC Cruises*, S.A., No. 20-21482-Civ, 2022 WL 4767701, at *3 (S.D. Fla. Aug. 8, 2022) (citing *Clena Invs., Inc. v. XL Speciality Ins. Co.*, 280 F.R.D. 653, 660 (S.D. Fla. 2012)). The burden is on the proponent of the expert testimony to show, "by a preponderance of the evidence, that the testimony satisfies each prong." *Hendrix*, 609 F.3d at 1194 (citation omitted).

## **DISCUSSION**

Defendant Ronda McNae moves to exclude the testimony of Plaintiff Fitzgerald's three expert witnesses, Sheri Fiske, Dr. Michael DiTomasso, and Dr. Kim Fromme. This Court shall address each expert in turn.

### **A. Sheri Fiske**

Defendant first argues that Fiske's calculations of lost quarterly and annual bonuses are unreliable and unhelpful. (Mot. at 3–7). Specifically, Defendant argues that Fiske could not properly and reliably ascertain how much Fitzgerald would have earned as a target bonus without knowing SoftwareONE's performance targets and what percentage of those targets were met. (Mot. at 4–5). Plaintiff argues that Defendant ignores the 2022 Salary Review Letter which was not contingent upon the company's performance targets and whether Fitzgerald met those targets. (Resp. at 8; ECF No. 211-4). Instead, the 2022 Salary Review Letter makes clear that Fitzgerald

would be receiving a salary increase as well as a guarantee of 100,000 Great Britain Pound ("GBP") in quarterly bonuses and 120,000 GBP in an annual bonus. (*Id.*) Accordingly, the Motion is **DENIED** as to this aspect.

Next, Defendant argues that Fiske's calculations of the lost value of performance share units (PSU) are unreliable. (Mot. at 7–10). Specifically, Defendant argues that Fiske's initial calculation was incorrect. Although Fiske first estimated that Fitzgerald lost 23,555 PSUs, she then updated her estimate prior to her deposition to reflect a lower, more conservative estimate of lost PSUs in the amount of 17,739, which was based on more recent information provided to Fiske from SoftwareONE dated June 6, 2023, which Fiske received after issuing her May 15, 2023 Damages Report but before her deposition on June 7, 2023. (Resp. at 10–11). Nonetheless, Defendant still seeks to exclude the supplemental report arguing that Fiske does not know the basic facts to allow her to express a reliable opinion about the PSUs. According to Plaintiff:

> When Fiske received the updated information from SoftwareONE, Fiske compared the number of PSUs Fitzgerald actually received to the number he was promised, and determined that as a result of McNae's actions, he did not receive 17,739 PSUs. *See* Exhibit B. Fiske multiplied that number of PSUs by the value in Swiss Francs as of May 10, 2023 and estimated the loss value 234,864 in Swiss Francs. *Id*. Fiske then converted the figure in Swiss Francs to U.S. Dollars and applied a discount rate, a discount period and a present value factor which reduced the total value of the loss PSUs to $300,732. *Id*.

(Resp. at 11). For these reasons, the Motion is **DENIED** as to this aspect.

Third, Defendant argues that Fiske's testimony as to calculation of the full contract amount is not helpful and would mislead the jury. (Mot. at 10–11). The Court defers ruling on this issue. Should Plaintiff seek to introduce such testimony that Defendant moves to exclude, the parties shall argue this issue to the Court outside the presence of the jury.

Lastly, Defendant argues that Fiske should not be permitted to testify about facts and evidence that are irrelevant to her purported calculations. (Mot. at 12). The Court defers ruling on

4

this issue. Should Plaintiff seek to introduce such testimony that Defendant moves to exclude, the parties shall argue this issue to the Court outside the presence of the jury.

### B. Dr. Michael DiTomasso

Plaintiff Fitzgerald "seeks damages for the reputational harm caused by McNae both in the industry he spent his life working in, and at SoftwareONE, which he dedicated his professional life building" and "seeks damages due to the personal harm he has suffered to his mental health, emotional wellbeing, and enjoyment of life." (Resp. at 15). Defendant argues that Dr. DiTomasso is unqualified to offer an opinion on damages, specifically because he is not board certified, is not an expert in the technology market, and is not an occupational therapist. (Mot. at 13–14). This Court agrees with Defendant that Dr. DiTomasso is unqualified to testify as to reputational damages. When asked what qualifications he has to opine on the amount of damages that should be awarded in this case, Dr. DiTomasso himself stated "none." (Mot. at 13–14). As to emotional damages, this Court held in its Order Granting in Part and Denying in Part Defendant Ronda McNae's Motions *in Limine* that any evidence or testimony related to emotional distress will be excluded. (ECF No. 340 at 3). Accordingly, the Motion is **GRANTED** in this regard.

### C. Dr. Kim Fromme

Defendant seeks to exclude Dr. Fromme's testimony arguing it is unreliable, unhelpful, and that the issue of whether a rape occurred is for the determination of the jury. (Mot. at 17–20). However, Dr. Kim Fromme's testimony will be necessary only if the defense of duress is permitted. (Mot. at 17; Resp. at 19). Since this Court ruled in its Order Granting Plaintiff's Motion for Summary Judgment that Defendant Ronda McNae's duress defense will not be permitted, this issue is moot. (ECF No. 310 at 8–10).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Ronda McNae's Motion to Exclude Expert Opinions, (ECF No. 188), is **GRANTED in part and DENIED in part**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of April 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record