

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-22171-JEM

MICHAEL FITZGERALD,
individually, and YELANY DE VARONA,
individually,

        Plaintiffs,

v.

RONDA MCNAE, individually, and
WILLIAM MCNAE, individually,

        Defendants.

_____/

## NOTICE OF CLARIFICATION AND SUPPLEMENT TO RESPONSE TO DE 366
*(Preservation of Appellate Rights and Request for Pro Se Status)*

TO THE HONORABLE COURT:

    I, Ronda McNae, respectfully submit this notice to clarify and supplement my position regarding DE 366 (Motion to Withdraw) and to preserve my appellate rights considering the Court's denial of that motion. This filing is made in good faith to ensure the record accurately reflects my concerns, attempted objections, and supporting facts.

**1. Mischaracterization of Court's Summary Judgment Order (DE 310)**

    On March 5, 2025, this Court issued its Order on Summary Judgment (DE 310), granting partial summary judgment on the issue of breach of contract. I acknowledge the Court's ruling. However, opposing counsel has since circulated written correspondence stating: *"Judge Martinez issued an Order... acknowledging that Mrs. McNae's claims of rape or sexual assault are false."* This is demonstrably inaccurate.

The Court made **no factual finding** regarding the truth or falsity of my sexual assault allegations. The ruling focused exclusively on contract interpretation. The mischaracterization of this ruling—especially in writing—has had real implications on both perception and litigation posture and should be corrected on the record. (*See Below*)

---

**From:** Peter E. Berlowe <PEB@AssoulineBerlowe.com>
**Sent:** Wednesday, March 12, 2025 3:56 PM
**To:** Althea Bryan Farr; Meredith J. Gussin
**Cc:** APL Assistant; ABF Legal Assistant; Keisha Hall
**Subject:** RE: Emailing: DE 310 - Order Granting Plaintiff's Motion for Summary Judgment as to Liability (00422311xA4579).PDF

Good afternoon again Althea:

[redacted]

You may not be aware, but Federal Judge Martinez issued an Order today acknowledging that Mrs. McNae's claims of rape or sexual assault are false.

[redacted]

Sincerely,

Peter E. Berlowe, Esq.
Business and Intellectual Property Litigation

**ASSOULINE & BERLOWE**
**THE BUSINESS LAW FIRM**

ASSOULINE & BERLOWE, P.A.
Miami Tower
100 SE 2nd Street, Suite 3650
Miami, Florida 33131
Telephone: 305-567-5576

---

This is particularly troubling considering that Plaintiff's counsel is aware that the Miami Beach Police Department has reassigned a new detective to the active criminal investigation. As confirmed in a March 23, 2025 email from Detective David Alvarez of MBPD's Sexual Battery

2

Unit, my case is under continued review and will soon be presented to the Division Chief at the State Attorney's Office for further action. (*See Below*)



## 2. False Affidavit and Active Criminal Investigation

While in Miami, I filed a supplemental police report with the Miami Beach Police Department (MBPD) regarding the false affidavit submitted by Plaintiff Yelany De Varona-Fitzgerald. In her deposition in this matter, Ms. De Varona testified under oath that she submitted the affidavit to MBPD. However, MBPD Officer Cano (Extension #7860) confirmed that there is no record of the affidavit ever being received by the department. He strongly suggested it was instead submitted directly to the State Attorney's Office—a fact that directly contradicts her sworn deposition.

Officer Cano further opined that this type of submission—routing the affidavit directly to prosecutors rather than police—could have the effect of halting a criminal investigation, if true, by bypassing standard protocol. He raised this concern in light of the prolonged delay in determining whether criminal charges would be pursued.

In early March, I submitted additional documentation to the Chief of Police concerning the affidavit. Shortly thereafter, I was informed that a new detective had been assigned to investigate the matter considering the new evidence. A March 23, 2025 email from Detective David Alvarez confirms that the investigation is active and that the case will be presented to the Division Chief of the State Attorney's Office once all evidence is reviewed.

While at the MBPD, my daughter, Ella McNae, also submitted a sworn written statement in her own words. She did so voluntarily and independently, without coaching, to ensure her memory and account were preserved before any exposure to external conversations or influence. Her statement is now part of the active investigation and reinforces the timeline and facts relevant to the broader inquiry.

It is also worth noting that the officer remarked that the contradiction between Ms. De Varona's sworn deposition and the actual point of affidavit submission may constitute a separate false statement under oath. The affidavit itself—and Ms. De Varona's false testimony about it—helped form the foundation of the amended complaint (DE 27) in this case. That same complaint was subsequently repurposed in two separate state proceedings in a manner designed to tip the scales. The affidavit is now under active scrutiny for being knowingly false and strategically used to obstruct justice across multiple jurisdictions. I intend to pursue justice on this matter.

### 3. Shared Legal Counsel and Conflicts of Interest

Both Plaintiffs—Michael Fitzgerald and Yelany De Varona-Fitzgerald—are represented by the same law firm, Assouline & Berlowe. This is concerning because:

- The false affidavit from Ms. De Varona was used to initiate or support this lawsuit;
- The same counsel now seeks to recover damages based on elements of that affidavit;
- And their client is simultaneously under active criminal investigation based on the same document.

4

This overlap of representation further complicates the integrity of this case and highlights procedural abuses that have gone unaddressed.

**4. Legal Insurance Interference and Judicial Recognition in Related Case**

My ability to defend myself in this matter was significantly compromised by interference from ARAG Legal Insurance. ARAG denied me uninterrupted, independent counsel and imposed restrictions that limited pretrial preparation, legal strategy, and procedural consistency. These concerns are not speculative. In the related federal matter *McNae v. ARAG Insurance*, Case No. 2:24-cv-00211-TL, Judge Tana Lin of the Western District of Washington formally acknowledged that the case raised **overlapping civil, legal, and criminal issues**—including questions of due process, attorney interference, and witness credibility.

Judge Lin granted a stay in that case precisely because she recognized that ongoing proceedings in other jurisdictions involved the same set of operative facts, witnesses, and documentary evidence—including the false affidavit and criminal misconduct now under investigation in Miami. Her decision reflects the reality that ARAG's conduct, and the actions of other parties connected to my legal insurance plan, are intertwined with the procedural and ethical concerns raised in this litigation

**5. Prior Counsel's Refusal to Inform the Court**

I repeatedly asked the attorney, Ms. Womble, to inform this Court of the false affidavit, the pending criminal investigation, the legal insurance interference, and the misstatements made about DE 310 by Mr. Berlowe. She refused. Her silence on these critical matters has severely undermined my defense. That is why I supported her motion to withdraw after trial concluded (DE 366) and am now requesting to proceed pro se.

## 6. Violation of July 2023 Discovery Agreement Regarding SoftwareONE Employees and Counsel's Failure to Object

At trial, Plaintiff's witness Jessica Bergman—a former SoftwareONE employee—was permitted to testify, despite a documented **agreement reached in July 2023** between all parties, including SoftwareONE, Plaintiffs, and Defendants, in which **all parties agreed not to seek additional information from SoftwareONE, Inc., its affiliates, or their current or former employees**. The agreement explicitly noted that this restriction did not limit Defendants' ability to seek discovery from Mike Fitzgerald. (*See Below*)

**From:** Jenny L. Martinez <jmartinez@munckwilson.com>
**Sent:** Wednesday, July 19, 2023 12:00 PM
**To:** Casey, Stephanie <scasey@colson.com>
**Cc:** Alaina Fotiu-Wojtowicz <alaina@bfwlegal.com>; Peter E. Berlowe <PEB@AssoulineBerlowe.com>; Meredith J. Gussin <mjg@assoulineberlowe.com>; Roberto, Michelle <michelle@colson.com>; Heather Shatzel <heather@bfwlegal.com>; Michael McCabe <mmccabe@munckwilson.com>
**Subject:** RE: Ronda McNae Second Subpoena to SoftwareONE

Good morning, Stephanie.

SoftwareOne, Inc. will agree to withdraw its privilege challenge for the 2 emails at issue in exchange for the following: (1) Defendants agree that SoftwareOne, Inc. has fully complied with the subpoena dated 9/21/2022; (2) all parties agree not to seek additional information from SoftwareOne, Inc., its affiliates, or their current or former employees (with the obvious exception that this agreement does not impact Defendants' ability to seek discovery from Mike Fitzgerald); (3) all parties agree that the withdrawal of SoftwareOne, Inc.'s privilege challenge relates to these 2 emails only and no other communications; (4) all parties agree that the withdrawal of the privilege challenge for these 2 emails does not constitute a subject matter waiver or any other waiver of privilege with respect to any other communication; and (5) all parties agree that SoftwareOne, Inc. is not waiving any other rights or defenses.

Sincerely,

**Jenny Martinez**
Partner

**MUNCK WILSON MANDALA**
TRIALS. TRANSACTIONS. TECHNOLOGY.

Despite the clear limitations set forth in that agreement, Ms. Bergman was subpoenaed and allowed to testify. Her statements far exceeded what could reasonably be categorized as "personal knowledge." Ms. Bergman gave detailed accounts and commentary about:

- Fitzgerald's hiring process and internal decision-making criteria;

6

- Company performance and stock prices;
- Customer engagement meetings involving major clients;
- Business practices developed with third-party vendors such as VMware and Amazon Web Services (AWS);
- Her impressions of Mr. Fitzgerald's reputation, including **statements based on internal rumors and what other SoftwareONE employees allegedly told her**, rather than firsthand experience or direct observation;
- And the circumstances surrounding Mr. Fitzgerald's termination.

Ms. Bergman also referenced not only the Confidential Settlement Agreement between Mr. Fitzgerald and the McNae family, but an additional Settlement Agreement relating to his amicable separation from SoftwareONE—information she indicated she had learned under the advice of counsel. This content was clearly drawn from her role and access within SoftwareONE—not independent personal experience.

I brought this issue to Ms. Womble's attention, both before and during trial, and she refused to object. I later confirmed with my former counsel, Alaina Fotiu-Wojtowicz, that Ms. Bergman's testimony **violated the July 2023 agreement**. Still, Ms. Womble declined to take action, instead asserting that opposing counsel asserted the witness's knowledge was "personal," despite the obvious internal and organizational nature of her testimony.

**This was precisely why I spoke up in court when I did.** I had no other choice. My counsel refused to protect the record or preserve my rights. My husband, who was present in court, also clearly heard Ms. Bergman testify about topics that should never have entered the courtroom under the agreed terms. This testimony was a material violation of a mutually agreed restriction which had I known would not be honored, would have called upon current SoftwareONE employees to testify on my behalf regarding Mr. Fitzgerald's reputation and perceived damages. It not only prejudiced my case but tainted the integrity of the trial itself.

7

### 7. Unprofessional Conduct and Undermining of My Appellate Rights

Ms. Womble arrived late or unprepared in open court on two occasions. She made no apology to this Court or to opposing counsel, in violation of Your Honor's standing orders on courtroom conduct. Most recently, she questioned the legitimacy of my appellate counsel's license. I had to send her a copy of his Eleventh Circuit bar certification to resolve her baseless concern.

These lapses, coupled with her refusal to address critical procedural violations, leave me with no confidence that my rights will be preserved. Her final filings—submitted over my objection—do not represent my position and do not preserve the record adequately.

### 8. Relative Prejudice and the Need for Judicial Intervention

Plaintiff's counsel opposes Ms. Womble's withdrawal on the grounds that it would allegedly prejudice their client. But in light of the broader context—including interference from my legal insurance provider, the submission and use of a false affidavit now under criminal investigation, improper testimony in violation of a written agreement, and my attorney's repeated refusal to preserve issues for appeal—**it is difficult to understand how Plaintiff could possibly be more prejudiced than I have been** throughout these proceedings.

Even more concerning is that opposing counsel's objection to the withdrawal does not merely assert prejudice; it **includes overt praise for Ms. Womble's representation**—a highly unusual and inappropriate gesture in the context of a contested litigation. In fact, **Exhibit A** to Ms. Womble's own Motion to Withdraw (DE 366) consists of an email from Plaintiff's counsel complimenting her performance and conduct.

Given that this is an adversarial proceeding, I find it deeply troubling that my opponent's counsel would go out of their way to affirm the adequacy of my attorney's representation—

8

especially when key objections have gone unpreserved, sworn contradictions have gone unchallenged, and critical misrepresentations about this Court's ruling remain unaddressed.

The only reasonable conclusion is that opposing counsel recognizes that my attorney has not been advocating for me with the necessary diligence, objectivity, or strategic rigor. This dynamic further undermines the fairness of the proceedings and reinforces the urgency of either granting pro se status or ordering substitute representation to protect the record for appeal.

**9. Failure to Object to Fabricated Testimony Regarding "GoatPath Collapse"**

During trial, Plaintiff Fitzgerald offered testimony suggesting that SoftwareONE's alleged downturn—and his claimed reputational damages—stemmed directly from his "forced leave" and the subsequent failure of GoatPath. However, Defendant's counsel failed to object, conduct effective cross-examination, or present readily available rebuttal evidence to contradict this speculative and misleading narrative.

In reality, public records confirm that GoatPath was already underperforming and being phased out, with its intended functionality ultimately replaced by the SoftwareONE Client Portal—a more robust and successful platform led by Max Kuzkin. Despite this, Plaintiff was permitted to offer unchallenged testimony portraying himself not only as central to GoatPath's success, but also as a critical executive whose departure allegedly derailed a broader growth strategy for the company. Trial counsel failed to object to these unsupported causation claims or to challenge the absence of financial documentation, internal communications, or strategic planning materials to substantiate the alleged damages.

This omission deprived the Court of critical context and allowed Plaintiff to construct a false narrative that exaggerated his role and the impact of his departure. The failure to object or rebut materially prejudiced Defendant McNae's ability to contest damages, and further

9

demonstrates that counsel failed to zealously advocate for her interests or preserve her rights on appeal.

Given my counsel's repeated refusal to preserve critical issues for the record—including failures to object to improper testimony, correct factual misstatements, or inform the Court of the active criminal investigation concerning Plaintiff Yelany De Varona-Fitzgerald's affidavit and deposition testimony—I am gravely concerned that irreversible harm may result, including the waiver of appellate rights, forfeiture of evidentiary objections, and mischaracterization of key facts.

In addition to the ongoing investigation, I have also been notified of an **upcoming meeting with the State Attorney's Office regarding matters involving Mr. Michael Fitzgerald**, which further underscores the seriousness and materiality of these overlapping legal issues. I respectfully raise these concerns now to ensure the record is complete, and that my ability to seek justice through proper post-trial and appellate channels is not lost. In a prior filing, this Court allowed me to object to counsel's withdrawal at a critical stage after I contacted chambers to raise the urgency of the issue, and my objection was permitted under the circumstances. This situation is no different, and I respectfully ask that similar consideration be extended here to protect the integrity of the record and my due process rights.

I respectfully raise these concerns now to ensure the record is complete, and that my ability to seek justice through proper post-trial and appellate channels is not lost.

**WHEREFORE, I respectfully request:**

- That my response to DE 366 be accepted into the record despite the denial of the motion to withdraw;

- That, above all, my appellate rights be preserved given the denial of the motion to withdraw and the ongoing inability of counsel to adequately raise or protect the full scope of objections and factual issues critical to the fairness of this proceeding;
- Alternatively, should the Court require Ms. Womble to remain as counsel of record, that she be expressly ordered to act in good faith and in active collaboration with me to preserve my appellate rights—including but not limited to raising relevant objections, incorporating material evidence, and addressing disputed issues of fact and law—instead of limiting her involvement to perfunctory or minimal filings that risk waiving or forfeiting those rights;
- And for any other relief this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of APRIL 2025.
Respectfully submitted,

By: *Ronda McNae*
Ronda Delapina McNae
Pro se Defendant
504 11th Pl, Kirkland, WA 98033
Tel: (206) 914-6752
Prose.rmcnae@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been distributed via email to the Court and all counsel to ensure timely notice, as a hard copy may take several days to reach the Court. I respectfully request that the Court consider this submission as a good faith effort to ensure my voice is on the record in light of the circumstances and the denial of counsel's withdrawal. All parties will receive a copy through the Court's CM/ECF system once the filing is accepted. As I am not officially recognized as pro se until the Court grants the motion, this document is submitted in anticipation of that status.

**SERVICE LIST**

| | |
|---|---|
| Peter E. Berlowe, Esq. | Miami, Florida 33131 |
| Meredith J. Gussin, Esq. | Email: PEB@assoulineberlowe.com |
| ASSOULINE & BERLOWE, P.A. | Email: MJG@assoulineberlowe.com |
| 100 SE 2nd Street, Suite 3650 | Counsel for Plaintiff |

Nichelle Lynn Womble, Esq.  
Amethyst Law Group  
100 South Ashley Drive, Suite 600  
Tampa, FL 33602  
Email: nichelle@amethystlawgroup.com  
(Current Counsel for Defendant)