UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 22-cv-22171-MARTINEZ**

MICHAEL FITZGERALD, and
YELANY DE VARONA,

      Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

      Defendants.

_____/

**ORDER DENYING DEFENDANT RONDA MCNAE'S MOTION TO
ALTER OR AMEND JUDGMENT UNDER RULE 59(e) AND FOR
RELIEF FROM FINAL JUDGMENT UNDER RULE 60(b)(1), (3), and (6)**

**THIS MATTER** comes before the Court on Defendant Ronda McNae's Motion to Alter
or Amend Judgment Under Rule 59(e) and For Relief from Final Judgment Under Rule 60(b)(1),
(3), and (6) ("Motion"). (ECF No. 375). This Court has reviewed Plaintiff Michael Fitzgerald's
Response, (ECF No. 386), Defendant's Reply (ECF No. 392), the record, and applicable law,
and is otherwise duly advised in the premises.

Defendant Ronda McNae seeks to alter, amend, or vacate the Final Judgment entered on
April 17, 2025[1] pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6).
The only grounds for granting a Federal Rule of Civil Procedure 59(e) motion are newly
discovered evidence or manifest errors of law or fact. *MacPhee v. MiMedx Grp., Inc.*, 73 F. 4th
1220, 1250 (11th Cir. 2023). Defendant McNae has not met her burden under Rule 59(e) as
there is no newly discovered evidence relevant to the issue of Plaintiff's damages and this Court
did not commit any manifest errors of law or fact.

---

[1] On April 30, 2025, the Final Judgment was amended to include certain phrases and references
that are typically required in order to have Sheriffs and Marshals execute final judgments. (*See*
ECF No. 380).

Similarly, a Federal Rule of Civil Procedure 60(b)(1), (3) or (6) motion may be granted based on mistakes in the application of law, in the presence of fraud, misrepresentation or misconduct by any opposing party, or for any other reason that justifies relief. McNae has not met her burden under Rule 60(b) as this Court did not make any mistakes in the application of the law, nor did Plaintiff or his counsel commit fraud, misrepresentation, or misconduct. Further, McNae has failed to present "extraordinary circumstances" to justify the reopening of a final judgment. *Id.* at 1251.

As to the testimony of fact witness, Jessica Bergman, this Court does not find that the witness' testimony was in violation of a discovery related stipulation between the parties, as the plain language of the stipulation did not preclude the taking of trial testimony from any SoftwareONE former employees. The stipulation between McNae and SoftwareONE came after McNae issued its second subpoena seeking documents from SoftwareONE (a non-party) during the discovery period in this case. (Resp. at 4). The plain language of the parties' agreement states that "all parties agree not to seek additional information from SoftwareONE, Inc., its affiliates, or their current or former employees (with the obvious exception that this agreement does not impact Defendants' ability to seek discovery from Mike Fitzgerald)." (*See* ECF No. 375 at 25-26). Defendant was aware that Ms. Bergman's testimony could pertain to any of the allegations set forth in the Complaint, including damages. (*See* Plaintiff's Initial Disclosures at ECF No. 16-3).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Ronda McNae's Motion, (ECF No. 375), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _13_ day of May, 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
Ronda McNae, *pro se*