UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-cv-22171-MARTINEZ

MICHAEL FITZGERALD, and
YELANY DE VARONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO STRIKE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

**THIS MATTER** comes before this Court on Defendant Ronda McNae's ("McNae") Motion for Leave to Strike Plaintiff's Motion for Attorney's Fees and Costs and for Sanctions Due to Violation of Local Rule 7.3(b), (the "Motion"). (ECF No. 396). This Court has reviewed the Motion, Plaintiff Michael Fitzgerald's Response, (ECF No. 399), the record, and applicable law, and is otherwise duly advised in the premises.

    Pursuant to Southern District Local Rule 7.3, a motion for attorney's fees and costs must be filed within sixty days of the entry of final judgment. *See* S.D. L.R. 7.3(a)(1). Under the Local Rules, a draft of the prevailing party's motion for fees and costs must be served at least thirty (30) days prior to the deadline for filing. Fitzgerald timely served a draft motion for fees to McNae on April 25, 2025 and requested a conferral under Local Rule 7.3(b). (*See* ECF No. 396 at 11-12.) McNae stated that she would provide her conferral in writing by May 6, 2025. (*Id.* at 16.) However, instead of providing her written conferral as promised, on May 6, 2025, McNae filed a Notice of Objection to Premature Fee Proceedings and Preservation of Position Under Local Rule 7.3 (the "Notice of Objection"), (ECF No. 387).

    McNae was obligated under the Legal Rules to describe with reasonable particularity each time entry or nontaxable expense to which she objects, both as to issues of entitlement and as to

1

amount, and to provide supporting legal authority. *See* S.D. L.R. 7.3(a). McNae failed to comply with her obligation under the rules and instead arbitrarily decided that she would not respond until her pending Motion to Alter or Amend Judgment, (ECF No. 375), was decided upon, which was denied on May 13, 2025. (ECF No. 393).

McNae's Notice of Objection did not constitute a Rule 7.3 conferral, as the rule makes clear that a respondent *must* "describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide legal authority." *See* S.D. L.R. 7.3(a). Similarly, McNae's May 7, 2025 email to counsel for Fitzgerald did not constitute a proper conferral as she again failed to describe with particularity each time entry to which she objected, as required, nor provide legal authority for any such objection, also as required. (*See* ECF No. 396 at 27-28.) Indeed, McNae stated in no uncertain terms that she refused to engage in further conferral. (*Id.*) Following her refusal to comply with the conferral requirement, Fitzgerald filed his Motion for Attorney Fees and Costs on May 8, 2025. (ECF No. 389).

Local Rule 7.3 requirements are not optional, but mandatory. *Chabad Chayil v. Sch. Bd. Fla.*, 2021 U.S. Dist. LEXIS 156399 (S.D. Fla. 2021). McNae's refusal to engage in a meaningful conferral was a violation of the Rules. McNae is incorrect that her email to counsel for Fitzgerald constituted a meaningful conferral, as it lacked the required particularity necessary to objectionable time entries with supporting legal authority. *See* S.D. L.R. 7.3(a). It is undisputed that McNae failed to describe in writing which entries or expenses to which she objected, or provide legal authority for her objections, in violation of Local Rule 7.3(b). *See e.g., Taverna Imps, Inc. v. A&M Wine & Spirits, Inc.*, 2019 U.S. Dist. LEXIS 238644 at *12 (S.D. Fla. Oct. 2, 2019) (finding no due process violation where respondent failed to respond to the draft motion in violation of Local Rule 7.3(b)).

McNae's failure to comply with Local Rule 7.3(b) results in a waiver of objections to Fitzgerald's fee request. *Perez v. Praetorian Ins. Co.*, 2019 U.S. Dist. LEXIS 31643 at *14 (S.D. Fla. Feb. 26, 2019) (respondent's failure to engage in the mandatory conferral process forecloses ability to assert objections as to hourly rates or time spent). "The Court is not so lenient when a party flippantly disregards the Local Rules – especially rules that are designed to conserve the Court's resources – and finds that [respondent] waived their objections to the [movant's] fee request … by failing to comply with Local Rule 7.3(b)." *Club Madonna, Inc. v. City of Miami*

*Beach*, 2015 U.S. Dist. LEXIS 126629 at *30 (S.D. Fla. Sept. 22, 2015); *Bonsignore v. Qbe Specialty Ins. Co.*, 2024 U.S. Dist. LEXIS 225136 at *3 (S.D. Fla. Dec. 11, 2024) ("[t]he failure 'to engage in the conferral process provides independent grounds to find that [the respondent] has waived objections to the [m]otion.'"). McNae cannot sidestep the Local Rule's mandatory conferral requirements and reserve her rights to object at a later date.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Leave to Strike Plaintiff's Motion for Attorney's Fees and Costs and for Sanctions Due to Violation of Local Rule 7.3(b), (ECF No. 396), is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of May, 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
Ronda McNae, *pro se*