UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-cv-22171-MARTINEZ

MICHAEL FITZGERALD, and
YELANY DE VARONA,

    Plaintiffs,

v.

RONDA MCNAE, and WILLIAM MCNAE,

    Defendants.

_____/

## OMNIBUS ORDER ON DEFENDANT'S MOTION TO VACATE JUDGMENT, REQUEST FOR INDICATIVE RULING AND MOTION FOR CLARIFICATION

**THIS CAUSE** came before the Court upon Defendant Ronda McNae's ("Defendant") Motion to Vacate Judgment (the "Motion to Vacate") (ECF No. 442), Request for Indicative Ruling (the "Request for Ruling") (ECF No. 450), and Motion for Clarification (ECF No. 454) (the "Motion for Clarification"), (collectively the "Motions"). Upon careful consideration of the Motions, Plaintiff Michael Fitzgerald's ("Plaintiff") Response in Opposition to the Motion to Vacate, (ECF No. 444), Defendant's Supplemental Evidence in Support of the Motion to Vacate, (ECF No. 445), and Reply, (ECF No. 449), Plaintiff's Response in Opposition to the Request for Ruling, (ECF No. 451), Defendant's Reply, (ECF No. 455), Plaintiff's Response in Opposition to the Motion for Clarification (ECF No. 457), and Defendant's Reply (ECF No. 461), and being otherwise fully advised in the premises, the Motions are **DENIED WITH PREJUDICE**.

Rule 62.1(a) provides, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if

the court of appeals remands for that purpose or that the motion raises a substantial issues." Fed. R. Civ. P. 62.1(a). This is a limited exception to the general rule that filing a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) (citations omitted). Defendant filed her Notice of Appeal from Final Judgment on May 14, 2025. (ECF No. 397). Defendant's Request for Ruling on her Motion to Vacate is one of "those aspects of the case involved in the appeal", *see Showtime*, 895 F.2d at 713, which this Court lacks the authority to grant because of Defendant's pending appeal. Therefore, the Request for Ruling is denied.

Moreover, Defendant has already sought post-judgment relief under Rule 60, *see* (ECF Nos. 375, 381, 382, 388), as well as post-judgment relief on other grounds, *see* (ECF Nos. 405, 430, 440), in addition to the present Motions. This Court previously denied Defendant's claims for relief under Rule 60, holding that "[Defendant] has not met her burden under Rule 60(b) as this Court did not make any mistakes in the application of the law, nor did Plaintiff or his counsel commit fraud, misrepresentation, or misconduct. Further, [Defendant] has failed to present 'extraordinary circumstances' to justify the reopening of a final judgment." (ECF No. 393 at 2). In the present Motions, Defendant attempts to make the same "fraud on the court" arguments already denied by this Court. *See e.g.*, (ECF Nos. 442, 454). For the same reasons explained in this Court's previous Order, (ECF No. 393), Defendant's Motions are denied with prejudice.

The Court is "authorized to restrict access to vexatious and abusive litigants." *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (citation omitted); *see also Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (recognizing federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which

impairs their ability to carry out Article III functions" (citation omitted)). Further, such litigants only require "fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Daker v. Owens*, No. 22-12830, 2024 WL 2796400, at *6 (11th Cir. May 31, 2024) (quotation marks omitted; quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 n.14 (11th Cir. 2022)); *see also Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1311 (11th Cir. 2021) (explaining "[d]ue process requires that the [litigant] be given fair notice that his conduct may warrant sanctions and the reasons why" (alterations added; quotation marks and citation omitted)). Defendant's filing of duplicative post-judgment relief motions clogs this Court's docket and warrants cautioning Defendant that if she continues to file repetitive motions, the Court will be left with no choice but to impose sanctions on her. *See Daker*, 2024 WL 2796400 at *6.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Vacate Judgment, (ECF No. 442), Request for Indicative Ruling, (ECF No. 450), and Motion for Clarification, (ECF No. 454), are **DENIED WITH PREJUDICE**.

2. Within **seven (7) days** from the date of this Order, Defendant must show cause why further sanctions, such as requiring Defendant to seek leave of court to file any further post-judgment relief motions, should not be imposed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8 day of August, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
Ronda McNae, *pro se*